George A. Hanson
Eric L. Dirks
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone:     (816) 714-7100
Facsimile:     (816) 714-7101
ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE WELLS FARGO LOAN PROCESSOR OVERTIME PAY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL Docket No. 1841<br><br>**JOINT REPORT OF THE PARTIES AND [PROPOSED] CASE MANAGEMENT ORDER** |

At the May 18, 2007 Case Management Conference, the Court suggested that the parties reconvene after the Judicial Panel on Multidistrict Litigation ruled on Wells Fargo's motion for MDL consolidation pursuant to 28 U.S.C. § 1407. The Court instructed the parties to submit a joint status report after the JPML made its ruling. On June 22, 2007, the JPML transferred the two cases to this Court, and the parties hereby submit the following report and proposed Case Management Order.

The parties hereby incorporate their May 7, 2007 Joint Case Management Statement which remains in effect unless modified herein.

The parties anticipate the completion of private mediation in September 2007. Wells Fargo has suggested that briefing regarding class and collective action certification and Cal. Bus. & Prof. Code §17000 issues should commence in December of 2007, after discovery on these issues is commenced and completed following private mediation, and that such briefing be finalized in the Spring of 2008. Plaintiff is agreeable to these dates, but only if the parties enter into a tolling agreement, or this Court orders tolling, so that the FLSA claims of potential plaintiffs do not expire during the discovery and briefing schedule. The parties are currently negotiating a potential tolling agreement.

If the parties are unable to reach a tolling agreement, Plaintiffs request a more expedited scheduling order (as outlined in footnotes 1 and 2) where discovery related to class and collective action certification and §17200 issues will be completed by the end of September and the briefing will commence in October to be completed in November.

The parties will be prepared to report to the Court whether they have entered a tolling agreement or not at the upcoming July 30, 2007 status conference.

## [PROPOSED] CASE MANAGEMENT ORDER

MARILYN HALL PATEL, United States District Judge:

AND NOW, on this ____ day of _____, it appearing that the cases captioned *Bowne v. Wells Fargo Home Mortgage*, D. Kan., No. 06-2020 and *Basore v. Wells Fargo Home Mortgage, et al.,* N.D. Cal. 07-4, having been filed / or transferred to this Court by an Order entered on June 22, 2007 by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407, it is hereby ORDERED, as follows:

### CONSOLIDATION

1. The cases captioned *Bowne v. Wells Fargo Home Mortgage*, D. Kan., No. 06-2020 and *Basore v. Wells Fargo Home Mortgage, et al.,* N.D. Cal. 07-461 are consolidated for pretrial proceedings (the "Consolidated Action"). This order does not constitute a determination that these actions shall be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance wit the Federal Rules of Civil Procedure.

2. Orders, pleadings, motions, and other documents will bear a caption similar to that of this order. If generally applicable to all consolidated actions, the documents shall include in its caption the notation that it relates to "ALL CASES" and be filed and docketed only in the master file. A document intended to apply only to a particular case will indicate in its caption the case number of the case(s) to which it applies, and extra copies shall be provided to the clerk to facilitate filing and docketing both in the master case file and the specified individual case file.

### SUBSEQUENTLY FILED AND TRANSFERRED RELATED CASES

3. The terms of this order, including pretrial consolidation and the organizational structure of Plaintiffs' counsel, shall apply automatically to Related Cases (as defined by Civ. L.R. 3-12(a)), later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407). Objections to such consolidation or other terms of this order shall promptly be filed, with a copy served on liaison counsel for Plaintiffs and Defendants as noted herein.

### PREVIOUSLY FILED PAPERS

4. All papers previously filed and served to date in *Bowne* and *Basore* are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

### FILING OF THE ORDER

5. This Order shall be filed in file number MDL-1841 and the entry of the Order shall be docketed in each of the consolidated actions. All papers filed by Plaintiffs and Defendants under the above-consolidated caption shall be filed only in action No. MDL-1841.

### COORDINATION OF PLEADINGS AND OTHER PAPERS

6. The Coordinated Action is subject to the Electronic Case Filing ("ECF") requirements of Local Rule 5-4, and General Order 45. Papers in this case shall be deemed filed and served on all parties when submitted pursuant to the ECF procedures. All counsel for the parties in the Coordinated Action are ordered to register for ECF if they have not already done so.

### ORGANIZATION OF COUNSEL

7. <u>Lead Counsel</u>: The Court designates the following firm to act as lead counsel on behalf of all Plaintiffs with responsibilities hereinafter described:

**Stueve Siegel Hanson LLP**
George A. Hanson
Eric L. Dirks
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7115
Facsimile: (816) 714-7101
hanson@stuevesiegel.com
dirks@stuevesiegel.com

George A. Hanson and Eric L. Dirks shall have responsibility for the management of all Plaintiffs.

The Court designates the following firm to act as lead counsel on behalf of Defendants:

**Spencer Fane Britt & Browne LLP**
Denise K. Drake
Eric P. Kelly
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
ddrake@spencerfane.com

ekelly@spencerfane.com

8. Duties of Lead Counsel for Plaintiffs: Lead Counsel for Plaintiffs shall have the following responsibilities and duties, to be carried out exclusively by Lead Counsel for Plaintiffs, or by other Plaintiffs' counsel as designated by Lead Counsel for Plaintiffs:

A. To speak for Plaintiffs at hearings and conferences;

B. To present the position of Plaintiffs on matters arising during pre-trial proceedings;

C. To file a consolidated complaint;

D. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

E. Conduct settlement negotiations on behalf of Plaintiffs;

F. Communicate with and enter into stipulations with opposing counsel necessary for the conduct of the litigation;

G. Prepare and distribute to the Plaintiffs periodic status reports;

H. Maintain adequate time and disbursement records covering services of Lead Counsel for Plaintiffs;

I. To act as liaison among all parties, including coordinating briefing and appearances and being available for communications from the court; and

J. Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

9. Attorneys appointed as Lead Counsel who are admitted to practice before this court, including those admitted *pro hac vice*, need not associate local counsel.

**INITIAL BRIEFING SCHEDULE**
**(IN THE EVENT THE PARTIES AGREE TO TOLLING)**

10.  <u>Initial Briefing and Discovery</u>: The following briefing and discovery schedule is not intended to indicate any parties' or the Court's position regarding the propriety of any motions relating to these issues or the need for or propriety of any discovery. The dates established herein for the completion of discovery on certain issues do not preclude the parties from engaging in discovery on other issues.

11.  <u>Section 17200 and Related Issues</u>: Defendants have raised the possibility of early determination of certain legal issues pertaining to the applicability of California Business & Professional Code §§ 17200 et seq. to the claims raised in *Basore v. Wells Fargo Home Mortgage, et al.,* N.D. Cal. 07-461. In the event the Parties agree to tolling, the briefing schedule for these 17200 Issues is as follows:[1]

- 17200 Issues discovery will be completed (responses due and depositions completed) by November 30, 2007.
- 17200 Issues moving papers filed and served by December 7, 2007.
- 17200 Issues opposition papers due by December 21, 2007.
- 17200 Issues reply papers due by January 7, 2008.
- 17200 Issues hearing on January 21, 2008 at 2:00 PM.

12.  <u>Rule 23 Class Certification and 216(b) Collective Action Motions</u>: In the event the Parties agree to tolling, Plaintiffs shall file their intended Rule 23 class certification motion and a separate motion authorizing collective action notice pursuant to 29 U.S.C. § 216(b), (collectively, "Certification Issues") both according to the following briefing schedule:[2]

- Certification Issues discovery will be completed (responses due and depositions completed) by December 31, 2007.
- Certification Issues moving papers filed and served by January 31, 2008.

---

[1] In the event there is no tolling, Plaintiffs request that discovery on § 17200 issues be completed by September 28, 2007; Initial Brief served by October 12, 2007; Opposition Brief served by November 2, 2007; Reply Brief served by November 16, 2007; Hearing December 3, 2007.

[2] In the event there is no tolling, Plaintiffs request that discovery on class and collective action certification issues be completed by September 28, 2007; Initial Brief served by October 12, 2007; Opposition Brief served by November 2, 2007; Reply Brief served by November 16, 2007; Hearing December 3, 2007.

SSH-0513-75373                                          6

- Certification Issues opposition papers due by February 21, 2008.
- Certification Issues reply papers due by March 6, 2008.
- Certification Issues hearing on March 24, 2008 at 2:00 PM.

## **OTHER ISSUES**

13.     <u>Mediation</u>:  The parties' deadline to mediate these actions is hereby extended to September 31, 2007.

Dated: _____

                                          Marilyn Hall Patel
                                          United States District Judge

| **STUEVE SIEGEL HANSON LLP** | **SPENCER FANE BRITT & BROWNE** |
|---|---|
| /s/ Eric L. Dirks | /s/ Eric P. Kelly |
| George A. Hanson | Denise K. Drake |
| Eric L. Dirks | Eric P. Kelly |
| 460 Nichols Road, Suite 200 | 1000 Walnut, Suite 1400 |
| Kansas City, Missouri 64112 | Kansas City, MO 64106 |
| Telephone: (816) 714-7100 | Telephone: (816) 474-8100 |
| Facsimile: (816) 714-7101 | Facsimile: (816) 474-3216 |
| hanson@stuevesiegel.com | ddrake@spencerfane.com |
| dirks@stuevesiegel.com | ekelly@spencerfane.com |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANTS** |