George A. Hanson
Eric L. Dirks
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Telephone:  816-714-7100
Facsimile:   816-714-7101
ATTORNEYS FOR PLAINTIFFS

Denise K. Drake
Eric P. Kelly
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut, Suite 1400
Kansas City, MO  64106
Telephone:  816-474-8100
Facsimile:   816-474-3216

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE WELLS FARGO LOAN PROCESSOR OVERTIME PAY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL Docket No. 1841<br><br>**STIPULATION TO AMEND CASE MANAGEMENT ORDER AND EXTEND TOLLING AGREEMENT** |

**STIPULATION TO AMEND CASE MANAGEMENT**
**ORDER AND EXTEND TOLLING AGREEMENT**

THIS STIPULATION AND AGREEMENT, pursuant to Local Rule 6-2, is made and entered into by and between Plaintiffs and Defendants Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., and Wells Fargo Bank, N.A., and applies to the lawsuit captioned *In Re Wells Fargo Loan Processor Overtime Pay Litigation,* MDL 1841.  The parties, by and through their counsel, jointly declare the following:

1.      Plaintiffs and Defendants proposed a Case Management Order which this Court entered on November 13, 2007. [Doc. 12].  That Case Management Order, among other matters, set forth an Initial Briefing Schedule for discovery and briefing of legal issues pertaining to the applicability of California Business and Professional Code §§ 17200 ("17200 Issues") to claims

alleged by Plaintiffs and class certification in *Basore v. Wells -Fargo Home Mortgage et al.*, N.D. Cal. 07-461.

2.  Pursuant to the Initial Briefing Schedule, discovery for the 17200 Issues was to be completed by December 31, 2007, with the Defendant's moving papers to be filed and served by January 8, 2008, and Plaintiffs' opposition papers to be filed and served by January 22, 2008. Defendant's reply papers were to be filed and served by February 7, 2008, with a hearing on the 17200 issues scheduled for February 25, 2008 at 2:00 P.M.

3.  Pursuant to the Initial Briefing Schedule, discovery for the Certification Issues was to be completed by January 31, 2008, with the Plaintiff's moving papers to be filed and served by March 3, 2008, and Plaintiffs' opposition papers to be filed and served by March 24, 2008. Defendant's reply papers were to be filed and served by April 7, 2008, with a hearing on the Certification Issues scheduled for April 21, 2008 at 2:00 P.M.

4.  Since entry of the Case Management Order, the parties have engaged in significant discovery but have not completed the necessary discovery. Defendants have conducted nine depositions (of eight Plaintiffs and a third-party witness) and produced nearly 11,000 pages of documents in response to Plaintiffs' interrogatories and requests for production. Seven Plaintiffs have responded to interrogatories and requests for the production of documents from Defendants. Plaintiffs, after conferring with Defendants, conducted a deposition pursuant to Fed. R. Civ. P. 30(b)(6) on January 31, 2008, and have scheduled an additional deposition pursuant to Fed. R. Civ. P. 30(b)(6) on February 7, 2008. The parties are also working to supplement discovery responses as necessary. Counsel for Defendants have conferred with Plaintffs' counsel regarding the scheduling of several additional depositions related to Certification Issues; counsel is working to schedule these depositions for mutually convenient times and locations.

5. On December 31, 2008, the parties filed a stipulation to amend the Case Management Order regarding the discovery and briefing schedule for the 17200 Issues, for the reasons and as set forth therein. [Doc. 15].

6. After further consideration and evaluation of the schedule for Certification Issues set forth in the Case Management Order, the parties stipulate and agree that additional time is necessary to complete discovery and brief the Certification Issues fully, which will follow the briefing of the 17200 Issues completed pursuant to the stipulation of the parties on December 31, 2007. [Doc. 15]. In particular, counsel for the parties face several scheduling challenges and/or conflicts. For example, Plaintiffs' counsel prepared and has been engaged in trial that began on January 28, 2008 (*Overlap, Inc. v. A.G. Edwards & Sons, Inc.*, Case No. 03-cv-201858, Jackson County, Missouri). Defendants' counsel has a trial presently set to begin on March 25, 2008 (*Werth v. The Guidance Center et al.*, Case No. 06-60, Jefferson County, Kansas).

7. Accordingly, to afford the parties an opportunity to complete the necessary discovery and fully brief the requisite issues, the parties stipulate and agree to further amend the Case Management Order on the Certification Issues as follows.

- Certification Issues discovery will be completed by March 31, 2008.
- Certification Issues moving papers filed and served by April 15, 2008.
- Certification Issues opposition papers due by April 29, 2008.
- Certification Issues reply papers due by May 6, 2008.
- Certificaiton Issues hearing on May 19, 2008 at 2:00 PM.

8. To date, the parties have stipulated to one extension and modification of the Case Management Order entered by the Court. [Doc. 15].

9. These amendments to the Case Management Order have not and will not unduly delay these proceedings; rather, these amendments are necessary to assess and brief fully the 17200 Issues and Certification Issues presented in this multidistrict proceeding. In particular,

3

WA 945453.1

this stipulation reschedules the due dates for various papers on <u>Certification Issues</u> by approximately forty-five days.

10. Defendants have agreed to extend the tolling agreement previously entered by the parties, [Doc. 13], an additional forty-five days to accommodate these stipulated amendments to the Case Management Order.

11. Accordingly, the parties agree and stipulate that the running of the statute of limitations applicable to claims that may be asserted through the collective action brought pursuant to 29 U.S.C. § 216(b) of the FLSA shall be tolled from July 30, 2007 through March 16, 2008.

Signed and agreed to this 1st day of February, 2008.

| STUEVE SIEGEL HANSON LLP | SPENCER FANE BRITT & BROWNE LLP |
|---|---|
| s/ Eric L. Dirks | s/ Eric P. Kelly |
| George A. Hanson | Denise K. Drake |
| hanson@stuevesiegel.com | ddrake@spencerfane.com |
| Eric L. Dirks | Eric P. Kelly |
| dirks@stuevesiegel.com | ekelly@spencerfane.com |
| Stueve Siegel Hanson LLP | Spencer Fane Britt & Browne LLP |
| 460 Nichols Road, Suite 200 | 1000 Walnut, Suite 1400 |
| Kansas City, Missouri, 64112 | Kansas City, MO 64106 |
| Telephone: (816) 714-7100 | Telephone: 816-474-8100 |
| Facsimile: (816) 714-7101 | Facsimile: 816-474-3216 |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANT |

**PURSUANT TO STIPULATION OF THE PARTIES, IT IS SO ORDERED.**

Dated: _____

_____
Marilyn Hall Patel
United States District Judge