# EXHIBIT

# 17

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE WELLS FARGO LOAN PROCESSOR
OVERTIME PAY LITIGATION

MDL Docket No. 1841

## ALL PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANT WELLS FARGO'S MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407

### INTRODUCTION

It is undisputed that Wells Fargo violated its own "policy" and has failed to pay a large number of loan processors the overtime they earned. Two separate actions – one in Kansas and one in California – have been filed in order to ensure that *all* eligible loan processors are paid the overtime that even Wells Fargo admits they are entitled to. Ignoring the inarguable fact that Wells Fargo is dead to rights on its failure to comply with the law and its own policies, the theme of Wells Fargo's motion is an ill-advised attack on the motives of plaintiffs' counsel, as well as an attempt to recast the specious and merits-based arguments propounded in Defendants' failed attempt to avoid collective action certification. Those arguments served Wells Fargo poorly the first time around, and they are entirely inappropriate in the context of the pending motion for transfer. The sole issue before this Panel is whether Wells Fargo has met its substantial burden under 28 U.S.C. § 1407 to transfer and consolidate these two cases to a single forum. A review

of the background facts and procedural posture of both cases, and applying the applicable legal standards, makes plain that an MDL is unnecessary in these circumstances.

*Only two cases* involving the same plaintiffs' counsel are pending. The first case, *Bowne et al. v. Wells Fargo Home Mortgage, A Division of Wells Fargo Bank, NA*, No. 06-2020 CM (D. Kan.) is an FLSA-only opt-in action pending before the District of Kansas ("*Bowne*" or "the Kansas case"). The parties in *Bowne* stipulated to collective action notice to a limited group of Wells Fargo loan processors. 68 processors filed their consents to join the Kansas case. The focus of the California filing, *Basore, et al. v. Wells Fargo Home Mortgage, A Division of Wells Fargo Bank et al.*, No. 07-0461 MHP (N.D. Cal.) is (1) a statewide Rule 23 class action premised on California state labor law, and (2) a nationwide Rule 23 class action premised on California unfair competition law.[1]

The California case is much broader in scope than the Kansas case because the California case involves a putative opt-out class of potentially thousands of plaintiffs, while the Kansas case only involves 68 plaintiffs. Critically, the California action *specifically excludes* the FLSA claims of those plaintiffs who consented to join the Kansas case. As a result, there is no overlap of claims between the California and Kansas plaintiffs. Further, despite the admitted factual similarities between the cases, the legal theories are, for the most part, distinct as the California action focuses on application of state labor and unfair competition law while the Kansas action asserts a single FLSA claim. As a result, this is not the type of case for which § 1407 transfer is necessary.

But if this Panel were to determine that transfer is required, the Northern District of California is the appropriate transferee court. First, Wells Fargo's own worldwide headquarters is located in the Northern District of California's own boundaries. Second, the California case is

---

[1] The California case also includes an FLSA claim to ensure that the full panoply of procedural and substantive rights and remedies are available to putative class members.

ALL PLAINTIFFS' RESPONSE TO MOTION FOR TRANSFER AND COORDINATION                                2

a much larger case involving a California state law class action, California state law claims and many more potential plaintiffs. Third, there is already an MDL involving overtime pay for Wells Fargo *loan originators* that was recently transferred by the JPML to the Northern District of California. *See In re Wells Fargo Home Mortgage Overtime Pay*, MDL # 1770. Judge Patel of the Northern District of California is now handling that loan originator MDL. Judge Patel is also assigned to the California case at issue here (*Basore*). The loan originator and loan processor cases are substantially similar, and it only makes sense for them to efficiently proceed in the same district before the same judge.

In light of the above, any MDL should proceed before Judge Patel of the Northern District of California who is already familiar with the parties, their attorneys, and many of the issues that will be at issue in these two loan processor cases.

## PROCEDURAL BACKGROUND

Wells Fargo filed its Motion to Transfer for Coordinated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 on or about February 20, 2007. Wells Fargo proposed that this Panel should transfer the cases to the District of Kansas, where one of the actions is currently pending. This response to Wells Fargo's Motion to Transfer is on behalf of all plaintiffs who have already joined either of the relevant lawsuits, *Bowne* and *Basore,* and all those similarly situated.

***Bowne v. Wells Fargo***, No. 06-2020 CM (D. Kan.) is an FLSA-only action pending before the District of Kansas. Several months ago, at the urging of Wells Fargo, and as an alternative to further prosecution of plaintiffs' motion for FLSA certification, the parties stipulated to conditional certification notice to a limited class of plaintiffs. The motivation for agreeing to certification of a limited class was (1) acknowledgment by Wells Fargo that a significant number of loan processors worked unpaid overtime in violation of the company's own written policy, and (2) representations by Wells Fargo that its non-compliance was isolated

to certain retail branches. As a result of these representations, two sub-classes of potential plaintiffs were identified to receive notice of their right to join the Kansas action. The stipulated conditional classes were defined as:

> 1. All current and former retail "loan processors" employed by Wells Fargo within the previous three years from the date of the filing of this stipulation who were employed in the United States whose records show they recorded overtime, but whose records also show they were not paid for in excess of five (5) hours of that overtime; and
>
> 2. All current and former retail "loan processors" employed by Wells Fargo within the previous three years from the date of the filing of this stipulation who were employed in Region 10.

Subclass 1 was intended to reach those people who Wells Fargo's own records showed they worked overtime, but were not paid for their overtime – it is undisputed that these class members are owed overtime back pay. Subclass 2 was intended to reach workers in "Region 10" (which includes portions of Kansas, Missouri, Iowa, and Illinois) where the original plaintiffs were located.

Despite Wells Fargo's representation about the limited scope of its non-compliance, plaintiffs counsel was soon contacted by numerous loan processors whose personal knowledge revealed that Wells Fargo's wage and hour violations were far more widespread than initially represented. Specifically, it became clear that "operations" and "fulfillment" centers (which – based on Wells Fargo's representations – were previously excluded from the lawsuit by agreement of the parties) were also subject to Wells Fargo's illegal pay practices. It also rapidly became apparent that the Wells Fargo's failure to comply with the law extended well beyond the boundaries of "Region 10." Finally, loan processors working out of California contacted plaintiffs' counsel and expressed an interest in asserting their legal right to fair compensation.

California-based loan processors, as is universally recognized, enjoy significantly more expansive procedural and substantive remedies through application of California state labor law.

As a result of the new evidence and new California clients, and in order to ensure that *all* eligible loan processors will be paid the wages to which they are entitled, plaintiffs' counsel was compelled to filed the California action seeking class certification of a nationwide class based on California state law, a California statewide class action based on state law remedies for California residents. The case was captioned ***Basore v. Wells Fargo***, No. 07-0461MHP (N.D. Cal.). Wells Fargo, in its Memorandum in Support of its Transfer Motion, incorrectly characterizes the California action as an "end run" around the more limited Kansas action (which was limited by agreement). As an initial matter, it should be noted that the stipulation for a limited (as opposed to nationwide) class was based on Wells Fargo's own representations – representations now revealed as false. In addition, discussions leading to the stipulation were express, and in writing, that plaintiffs were not foreclosed from expanding the class beyond the stipulated limitation in the event additional evidence came to light. The California case is not an "end run" around the Kansas case, it is an attempt to resolve the claims of *all* those workers who were not paid for their overtime hours worked.

## ARGUMENT

**A.     Transfer and Coordinated Pretrial Proceedings Are Not Merited**

There are simply too few cases with a too limited cast of characters to merit MDL transfer. Two cases, involving the same plaintiffs' counsel, is not the type of situation contemplated for transfer under § 1407. And importantly, this Panel has ruled that when there are only a few cases, the standard to obtain transfer and consolidation is a high one. This Panel instructs:

> to demonstrate that the just and efficient conduct of the litigation would be promoted by transfer *where only a minimal number of actions are involved, the moving party bears a strong burden* to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience of the party whose action is being transferred and its witnesses.

*In re Interstate Medicaid Patients at Good Samaritan Nursing Center,* 415 F. Supp. 389, 391 (JPML 1976) (*citing In re Scotch Whiskey Antitrust Litig.,* 299 F. Supp. 543, 544 (JPML 1969)) (emphasis added); Manual for Complex Litigation, Fourth Edition § 20.131 (noting that those parties advocating transfer *"bear a heavy burden of persuasion when there are only a few actions, particularly those involving the same parties and counsel"*). *See also In re Boeing Co. Employment Practices Litigation,* 293 F. Supp. 2d 1382, 1383 (JPML 2003) (ruling the party seeking transfer and coordination could did not satisfy its burden "[g]iven the minimal number of actions involved in this docket"). Here, there is no overlap between the classes of plaintiffs. As a result, there is no need for an MDL because the legal theories and the classes of plaintiffs in the two cases are distinct. Further, the same counsel is involved in both cases, and to the extent any discovery overlaps, it would be coordinated in an efficient and non-duplicative manner. In light of all these circumstances, Wells Fargo has not met its burden, and transfer under § 1407 is unnecessary.

**B.    If the Motion to Transfer is Granted, Venue is Preferable in the Northern District of California.**

Venue is most appropriate in the Northern District of California for multiple reasons. While the Panel uses no single factor to select a transferee district, multiple factors point to the Northern District of California. The Northern District of California, among other things: (1) has a related action pending on its docket; (2) has the most complex lawsuit at issue; (3) has the only lawsuit involving California state law claims; (4) is the largest case; (5) is the home venue of Defendant Wells Fargo; and (6) has a similar Wells Fargo MDL already pending before it.

- **N.D. Cal. has a related action pending on its docket** – One of the two actions, *Basore*, is currently pending in the Northern District of California. As a result, the Northern District of California is an appropriate venue.

- **N.D. Cal. has the lawsuit that is the most complex and is the only case involving state law** – The California case is much more complex than the Kansas case. The Kansas case is an FLSA-only lawsuit involving only 68 plaintiffs. By contrast, the California case has three different "classes": a nationwide class under California unfair competition law, a statewide class under California labor law; and a nationwide FLSA collective action class. The legal issues in the California case – in particular the California-specific legal issues – makes it preferable for the California judge to manage the MDL.

- **N.D. Cal. has the largest case** – The California case involves a nationwide and statewide class of plaintiffs. The Kansas case only involves 68 plaintiffs. The Northern District of California is a preferable venue, because it is the California action case that will determine the rights of the vast majority of the plaintiffs.

- **N.D. Cal. is the home venue of Wells Fargo** – Wells Fargo itself has its headquarters in San Francisco, California. Wells Fargo could not complain to have the MDL located in its back yard.

- **N.D. Cal. has a similar Wells Fargo MDL already pending before it** – Perhaps most importantly, this Panel transferred a substantially similar MDL to Judge Patel of the Northern District of California. The loan originator MDL, *In re Wells Fargo Home Mortgage Overtime Pay*, MDL #1770, is a case alleging that Wells Fargo failed to pay its loan originators overtime. This case involves loan processors (a job in the same field of mortgage loan origination and underwriting). Thus, the legal issues overlapping the cases will be many and frequent. One judge handling both cases will be more efficient.

C.   **Transfer to The District of Kansas is Less Appropriate Than Transfer to The Northern District of California**

The District of Kansas is a less appropriate venue for several reasons, chief of which is the fact that the prosecution of these two consolidated cases would primarily involve the application of California state law. The interpretation of these California state law issues is more appropriately handled by the California court. Further, the California state law opt-out class action could potentially involve thousands of loan processors, while the Kansas case simply involves the FLSA claims of only 68 individuals. As a result, the Northern District of California, having the larger case, the more complex case, and the state-law specific case, is a more

appropriate venue. Because the *Basore* action is so bound up with California law, and the Kansas case only involves federal law, a California judge is a more appropriate choice. Further, Judge Patel of the Northern District of California is already presiding over another overtime pay MDL involving Wells Fargo that will have several similarities and overlapping issues. The JPML found the Northern District of California an appropriate choice in that case because, *inter alia*, it is an accessible venue that is well equipped for complex cases. The same reasoning applies here in this very similar case.

## CONCLUSION

Plaintiffs respectfully request that this Panel deny the Motion for Coordinated Pre-trial Proceedings in full. In the alternative, Plaintiffs request that the Panel transfer the pending cases to the Northern District of California.

Dated: March 16, 2007

                                                Respectfully submitted,

                                                STUEVE SIEGEL HANSON WOODY LLP

                                                George A. Hanson
                                                Eric L. Dirks
                                                330 West 47th Street, Suite 250
                                                Kansas City, Missouri 64112
                                                816/714-7100 (office)
                                                816/714-7101 (fax)
                                                hanson@sshwlaw.com

                                                **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16th, 2006, a true and correct copy of the foregoing was served by United States mail, postage prepaid, to the following:

| Attorney / Firm | Represented Party |
|---|---|
| Eric P. Kelly<br>ekelly@spencerfane.com<br>Denise K. Drake<br>ddrake@spencerfane.com<br>1000 Walnut, Suite 1400<br>Kansas City, MO 64106<br>PH:   816-474-8100<br>FAX: 816-474-3216 | Wells Fargo Home Mortgage, A Division of Wells Fargo Bank, NA, and Wells Fargo Bank, National Association |

_____
George A. Hanson
Attorney for Plaintiffs, Individually and on behalf of all others similarly situated

## SUPPLEMENTAL SCHEDULE OF ACTIONS

| Name of Action | District Court (Division) | Civil Action No. | Judge |
|---|---|---|---|
| *Varteny Andekian; Kristen Andersen; Andrew Bagley; Erin Berry-Devanja; Joel Bomia; Trudy Bowne; Victoria Buller; Crissy Campos; Susi Christman; Michelle Cortez; Lisa D'Annunzio; Terri Defosset; Maureen Dixon-Sullivan; Nichole Ecsedy; Kristen Estrada; Pamela Filipponio; Jeni Fisher; Juanita Fullen; Sherri Gast; Nicole Gering; Kim Graves; Susan Hardy; Kathyrn Harlow; Jamie Hejlik; Amy Henneman; Elishia Hesterberg; Crystal Hudson; Jaime Huff; Sarah Ille; Trisha Imbler; Adina Ionica; Judy Jenison; Stephanie Kechter; Carol Keesee; Joanne Khoumphonphakdy; Julie Kim; Alexandra Leon; Jennifer Lopes; Amie Lovrien; Aendy Dawn Maokhamphiou; Andrea Marx; Lisa Meador; Heather Meyer; Rhiannon Mooney; Brandi Mrozinski; Denise Opocensky; Joan Parrotta; Patricia Paul; Betty Phu; Deborah Pierce; Tina Pippens Thomas; Roberta Porpiglio; April Porter; Brandi Putney; Paris Ragin; Susan Rannells; Stephanie Ricke; Pamela Sanderson; Luis Maria Schroeder; Bryan Soo; Jody Stoll; Maya Swan; Heather Turner; Justin Whitney; Michelle Williams; Anita Yarbrough; Tsang Fung Yeung; Britt Zehnle v. Wells Fargo Home Mortgage, A Division of Wells Fargo Bank, NA* | D. Kan. | No. 06-2020 CM (D. Kan.) | Murguia |
| *Mary Basore; Brenda McMillian v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank et al.* | N.D. Cal. | No. 07-0461 MHP (N.D. Cal.) | Patel |

## Judicial Panel on Multidistrict Litigation – Panel Attorney Service List

Page 1

Docket: 1841 - In re Wells Fargo Loan Processor Overtime Pay Litigation
Status: Pending on / /
Transferee District:   Judge:

Printed on 03/09/2007

| ATTORNEY – FIRM | REPRESENTED PARTY(S) |
|---|---|
| Hanson, George A.<br>Stueve, Siegel, Hanson, Woody, LLP<br>330 West 47th Street, Suite 250<br>Kansas City, MO 64112 | ⇒ Phone: (816) 714-7100  Fax: (816) 714-7101<br>Andekian, Varteny*; Andersen, Kristen*; Basore, Mary*; Bowne, Trudy*; Campos, Crissy*; Christman, Susie R.*; Cortez, Michelle*; D'Annunzio, Lisa*; DeFosset, Terri*; Deranja, Erin Berry*; Ecsedy, Nichole*; Estreda, Kristen*; Fisher, Jeni L.*; Fullen, Juanita*; Gast, Sherri K.*; Gering, Nicole*; Graves, Kim L.*; Hardy, Susan P.*; Harlow, Kathryn D.*; Hejlik, Jamie*; Henneman, Amy*; Hesterberg, Elishia*; Hudson, Crystal L.*; Ionica, Adina*; Jenison, Judy*; Kechter, Stephanie*; Khoumphonphakdy, Joanne*; Kim, Julie*; Lopes, Jennifer*; Lovrien, Amie*; McMillian, Brenda*; Meador, Lisa M.*; Mooney, Rhiannon*; Mvozinski, Brandi*; Parrotta, Joan*; Phu, Betty J.*; Pierce, Deborah M.*; Pippens, Tina R.*; Putney, Brandy*; Ragin, Paris*; Rannells, Susan*; Ricke, Stephanie*; Sanderson, Pam*; Schroeder, Luis Maria*; Swan, Maya*; Whitney, Justin*; Zehnle, Britt* |
| Kelly, Eric P.<br>Spencer, Fane, Britt & Browne, LLP<br>1000 Walnut Street<br>Suite 1400<br>Kansas City, MO 64106 | ⇒ Phone: (816) 474-8100  Fax: (816) 474-3216<br>Wells Fargo Bank, N.A.*; Wells Fargo Home Mortgage (Division of Wells Fargo Bank National Association)* |

## SUPPLEMENTAL ATTORNEY PANEL SERVICE LIST

**Judicial Panel on Multidistrict Litigation – UPDATED Panel Attorney Service List**    page 1

Docket 1841 – In re Wells Fargo Loan Processor Overtime Pay Litigation

    Status: Pending on / /

    Transferee District:                                   Judge:

| ATTORNEY – FIRM | REPRESENTED PARTY |
|---|---|
| Hanson, George A.<br>Stueve Siegel Hanson Woody LLP<br>330 W. 47th Street, Suite 250<br>Kansas City, MO 64112 | **Phone: (816) 714-7100  Fax: (816) 714-7101**<br>Case No. 06-2020 CM: Varteny Andekian; Kristen Andersen; Andrew Bagley; Erin Berry-Devanja; Joel Bomia; Trudy Bowne; Victoria Buller; Crissy Campos; Susi Christman; Michelle Cortez; Lisa D'Annunzio; Terri Defosset; Maureen Dixon-Sullivan; Nichole Ecsedy; Kristen Estrada; Pamela Filipponio; Jeni Fisher; Juanita Fullen; Sherri Gast; Nicole Gering; Kim Graves; Susan Hardy; Kathyrn Harlow; Jamie Hejlik; Amy Henneman; Elishia Hesterberg; Crystal Hudson; Jaime Huff; Sarah Ille; Trisha Imbler; Adina Ionica; Judy Jenison; Stephanie Kechter; Carol Keesee; Joanne Khoumphonphakdy; Julie Kim; Alexandra Leon; Jennifer Lopes; Amie Lovrien; Aendy Dawn Maokhamphiou; Andrea Marx; Lisa Meador; Heather Meyer; Rhiannon Mooney; Brandi Mrozinski; Denise Opocensky; Joan Parrotta; Patricia Paul; Betty Phu; Deborah Pierce; Tina Pippens Thomas; Roberta Porpiglio; April Porter; Brandi Putney; Paris Ragin; Susan Rannells; Stephanie Ricke; Pamela Sanderson; Luis Maria Schroeder; Bryan Soo; Jody Stoll; Maya Swan; Heather Turner; Justin Whitney; Michelle Williams; Anita Yarbrough; Tsang Fung Yeung; Britt Zehnle<br><br>Case No: 07-0461 MHP: Mary Basore; Brenda McMillian |
| Kelly, Eric P.<br>Spencer, Fane, Fritt & Browne LLP<br>1000 Walnut Street<br>Suite 1400<br>Kansas City, MO 64106 | **Phone: (816) 474-8100  Fax: (816) 474-3216**<br>Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage (Division of Wells Fargo Bank National Association) |