# EXHIBIT

# 19

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1991-92 Regular Session

SB 1586 (Presley)
As amended May 4
Hearing date: May 5, 1992
Business and Professions Code
GWW/elm

S B 1 5 8 6

UNFAIR COMPETITION VIOLATIONS

HISTORY

Source:   California Retailers Association

Prior Legislation:  None

Support:  ACTR; California Agricultural Commissioners and Sealers Association

Opposition:  No known (as amended May 4)


KEY ISSUE

SHOULD THE LAW PROHIBITING UNFAIR COMPETITION BE CLARIFIED, AS SPECIFIED, AND AMENDED TO CODIFY A STANDARD SET FORTH IN PEOPLE v. SUPERIOR COURT (OLSON) FOR DETERMINING THE NUMBER OF VIOLATIONS RESULTING FROM A SINGLE PUBLICATION OF A MEDIA ADVERTISEMENT?

SHOULD THE AUTHORIZATION FOR COUNTY BOARDS OF SUPERVISORS TO CHARGE AN ANNUAL WEIGHT DEVICE REGISTRATION FEE TO COVER THE COSTS OF INSPECTING AND TESTING WEIGHT AND MEASURMENT DEVICES BE EXTENDED THREE ADDITIONAL YEARS, UP UNTIL JANUARY 1, 1996?

PURPOSE

1.  Existing law prohibits any act or acts of unfair competition and provides for civil penalties for each violation. In People v. Superior Court (Forest E. Olson) (1979) 96 Cal.App.3d 181, the Fourth District Court of Appeal held that a single

(More)

publication of a newspaper advertisement constitutes a minimum of one violation with as many additional violations as there were persons who read the advertisement, or who responded to the advertisement by purchasing the advertised product or service, or by making inquiries concerning the product or service. The court also noted, in dicta, that the methods by which the number of violations may be proved may include expert testimony and circumstantial evidence.

This bill would codify the <u>Forest E. Olson</u> standard for determining the number of violations resulting from a publication or broadcast of a media advertisement. It would also codify the <u>Olson</u> dicta and provide that the methods for determining the number of violations in any media advertising may include, among others, expert testimony and circumstantial evidence.

Further, the bill would provide that the unfair competition laws apply to a person who violates the chapter "by performing, proposing to perform, or having performed an act of unfair competition in this state."

2. Existing law authorizes until January 1, 1993, county boards of supervisors to charge an annual weight device registration fee to recover the costs of inspecting or testing weight and measurement devices.

This bill would extend that authorization for three additional years to January 1, 1996.

The purpose of this measure is to clarify the application of the unfair competition law as it pertains to media advertisements.

COMMENT

1. <u>Recent amendments remove opposition of prosecutors</u>

As introduced, SB 1586 provided that a prevailing defendant in an unfair competition complaint would be entitled to recover its litigation expenses if the court found that the action brought or the amount of civil penalty sought was without substantial justification. The measure was heavily opposed by county district attorneys, local governments, and the State Attorney General's Office. They all expressed concern that the change would practically eliminate their ability to effectively enforce the unfair competition laws.

Following a meeting between the sponsors and opponents, SB 1586 has been amended to the mutual satisfaction of both groups. As amended, it would codify case law for determining the number of

(More)

violations flowing from a single publication of a media advertisement. As amended, the prosecutors are "neutral" on the bill.

(The Olson case standard was itself a compromise. Prosecutors had argued in Olson that the number of violations should be determined by the number of persons to whom the misrepresentations were made. In the case of a false newspaper advertisement, it was urged that the circulation of the newspaper should be the measure of the number of violations. In contrast, the business had urged that each appearance of an advertisement in a single edition of a newspaper was only a single violation, notwithstanding the circulation numbers. The Olson court rejected both arguments and presented its middle ground.)

2. <u>Possible unintended narrowing of unfair competition laws</u>

Both sides state that it is not the sponsor's intent to change the present unfair competition laws which hold that a violation is determined on a "per-victim" basis. (See <u>People</u> v. <u>Superior Court</u> (<u>Jayhill Corp</u>.) (1973) 9 Cal.3d 283, and <u>People</u> v. <u>Superior Court</u> (<u>Olson</u>), <u>supra</u>.)

However, the new language may be read to change the law. The language reads in relevant part (Amended language underlined. Key words in bold.): "Any person who **violates** any provision of this chapter <u>by performing, proposing to perform, or having performed</u> **an act** of unfair competition **in this state** shall be liable for a civil penalty . . . for each violation."

(a) <u>Interpreting "an act" to be the violation would narrow law</u>

A possible interpretation of the new language is that the law is violated by an act of unfair competition. If the act is then read to constitute the violation, then case law holding that a violation is determined on a per-victim basis is undermined. For example, a retailer has an in-store promotion or advertisement which is misleading and violates the unfair competition law. The retailer claims that his violation was a single act which, if the new language is read literally, is punishable by a civil penalty for each violation. At the very least, the new language appears ambiguous and could invite litigation.

To preclude this result, language could be added which states that "an act of unfair competition may result in one or more violations, depending on the circumstances of the act."

SHOULD NOT THIS ISSUE BE CLARIFIED?

(More)

(b) <u>Prosecutors question additional requirement of "in this state"</u>

Prosecutors have questioned the reason for requiring that the act be performed "in this state."

WOULD THE REQUIREMENT LIMIT PROSECUTIONS WHERE THE ACT, SUCH AS A PREPARATION AND MAILING OF A MAIL-ORDER CATALOG OR A PROSPECTUS, IS PERFORMED WHOLLY OUT-OF-STATE?

3. <u>Extension of county authorization to collect fees</u>

Proponents assert that this provision is necessary to allow counties to continue their inspection and testing program. The extension is a non-controversial issue.

\*\*\*\*\*\*\*\*

SB 1586



## California State Senate

SACRAMENTO ADDRESS
STATE CAPITOL
95814
(916) 445-9781

DISTRICT OFFICE
3600 LIME STREET
SUITE 111
RIVERSIDE, CA 92501
(714) 782-4111

STATE SENATOR
**ROBERT PRESLEY**
THIRTY-SIXTH SENATORIAL DISTRICT
CHAIRMAN
SENATE COMMITTEE ON APPROPRIATIONS

COMMITTEES
APPROPRIATIONS (CHAIRMAN)
JUDICIARY
AGRICULTURE AND WATER
RESOURCES

JOINT COMMITTEES
PRISON CONSTRUCTION AND
OPERATIONS (CHAIRMAN)
LEGISLATIVE ETHICS
(VICE CHAIRMAN)
LEGISLATIVE AUDIT
REVISION OF THE PENAL CODE

SELECT COMMITTEES
CHILDREN AND YOUTH (CHAIRMAN)
MOBILEHOMES
PACIFIC RIM (VICE CHAIRMAN)
BUSINESS DEVELOPMENT
FAIRS & RURAL ISSUES
PLANNING FOR CALIFORNIA'S
GROWTH

SPECIAL COMMITTEES
SOLID & HAZARDOUS WASTE
THE GREENHOUSE EFFECT
OZONE DEPLETION &
ATMOSPHERIC POLLUTION

July 23, 1992

The Honorable Pete Wilson
Governor, State of California
State Capitol, First Floor
Sacramento, California 95814

Dear Governor Wilson:

You have before you for signature my Senate Bill 1586 relating to unfair competition.

SB 1586 is the product of many hours of intense discussions and negotiations between the sponsors, the California Retailers Association, and representatives of the California District Attorney's Association. SB 1586 is the first step in reform of California's civil penalty laws to give retailers and law enforcement the flexibility to differentiate between inadvertent errors and more serious consumer fraud.

SB 1586 will enact three important changes in the law. The first is to add specific definitions regarding mass media advertisement, so the law now will deal with those truly affected by a faulty advertisement rather than simply the frequency of publication. This bill codifies the <u>Forest E. Olson</u> standard for determining the number of violations resulting from a publication or broadcast of a media advertisement. In addition, SB 1586 codifies the <u>Olson</u> dicta and provides that the methods for determining the number of violations in any media advertisement may include, among others, expert testimony and circumstantial evidence.

Second, this bill amends Business & Professions Code Section 17206 to conform to other sections of the law dealing with unfair competition. Third, SB 1586 continues the funding authority for Boards of Supervisors to support local weights and measures enforcement.

This measure was introduced in response to problems that have arisen with respect to the current increase in the number of cases filed by district attorneys. Specifically, the business and

The Honorable Pete Wilson
July 23, 1992
Page Two

retail industries in California have been unfairly penalized by civil penalty actions filed against them by local district attorneys or the Attorney General's Office. The civil penalties awarded in these cases result in costly fines or settlements and harmful publicity for alleged violations, which often are unintentional and minor. It is the intent of SB 1586 to minimize the number of <u>unfair penalties</u> awarded against <u>unintentional</u> actions by retailers, while leaving all consumer protections in place.

I urge your signature on SB 1586.

Sincerely,

ROBERT PRESLEY
State Senator

RP:nca:mw

# Legislative Counsel of California

**BION M. GREGORY**

Jack I. Horton
Ann Mackey
  Chief Deputies
James L. Ashford
John T. Studebaker
Jimmie Wing
David D. Alves
John A. Corzine
C. David Dickerson
Robert Cullen Duffy
Robert D. Gronke
James A. Marsala
Robert G. Miller
Verne L. Oliver
Tracy O. Powell II
Marguerite Roth
Michael H. Upson
Daniel A. Weitzman
Christopher Zirkle
  Principal Deputies

State Capitol, Suite 3021
Sacramento, CA 95814-4996
(916) 445-3057
Telecopier: (916) 324-6311

Gerald Ross Adams
Martin L. Anderson
Paul Antilla
Charles C. Asbill
Joe J. Ayala
Raneene P. Belisle
Lara K. Bierman
Diane F. Boyer-Vine
Ann M. Burastero
Eileen J. Buxton
Gwynnae L. Byrd
Emilia Cutrer
Ben E. Dale
Jeffrey A. DeLand
Clinton J. deWitt
Frances S. Dorbin
Maureen S. Dunn
Sharon R. Fisher
John Fossette
Harvey J. Foster
Clay Fuller
Patricia R. Gates
Debra Zidich Gibbons
Alvin D. Gress
Maria H. Hanke
Jana T. Harrington
Baldev S. Heir
David B. Judson

Michael R. Kelly
Michael J. Kersten
L. Douglas Kinney
S. Lynne Klein
Eve B. Krotinger
Aubrie LaBrie
Victoria K. Lewis
Diana G. ___
Jennifer L. ___
Romulo I. Lopez
Kirk S. Louie
Francisco A. Martin
Peter Melnicoe
John A. Moger
Donna L. Neville
Sharon Reilly
Michael B. Salerno
Keith Schulz
William K. Stark
Ellen Sward
Mark Franklin Terry
Jeff Thom
Elizabeth M. Warf
Richard B. Weisberg
Thomas D. Whelan
Belinda Whisett
Jack G. Zorman

Deputies

Sacramento, California
August 6, 1992

Honorable Pete Wilson
Governor of California
Sacramento, CA 95814

Senate Bill No. 1586

Dear Governor Wilson:

Pursuant to your request, we have reviewed the above-numbered bill authored by Senator Presley and, in our opinion, the title and form are sufficient and the bill, if chaptered, will be constitutional. The digest on the printed bill as adopted correctly reflects the views of this office.

Very truly yours,

Bion M. Gregory
Legislative Counsel

By
John A. Corzine
Principal Deputy

JAC:wld

Two copies to Honorable Robert Presley pursuant to Joint Rule 34.

|  | Analyst Name: Gale Baker |
|---|---|
| STATE AND CONSUMER SERVICES AGENCY | Phone Number: 323-0399 |
| DEPARTMENT | ENROLLED BILL REPORT |
| CONSUMER AFFAIRS | AUTHOR: Presley | BILL NUMBER: SB 1586 |

### Bill Summary

This bill would make various clarifying and interpretive changes to Business and Professions Code §§ 17200 et seq., dealing with unfair competition, and §§ 17500 et seq., dealing with false and misleading advertising. The changes are described in Specific Findings.

### Background

This bill is sponsored by the California Retailers Association and California Grocers Association. The original purpose of the bill was to decrease defendants' potential liability for the civil penalties under Business and Professions Code §§ 17200 et seq. (up to $2,500 per violation). As enrolled, the bill merely codifies existing case law concerning how the amount of the civil penalties is to be determined, and makes other clarifying changes that also reflect existing practice.

### Specific Findings

1) Business and Professions Code §§ 17200 et seq. authorize civil penalties, injunctive relief, and misdemeanor penalties for acts of "unfair competition." Section 17200 defines "unfair competition" to include "unlawful, unfair or fraudulent business practice."

This bill would revise that definition to instead read "any unlawful, unfair or fraudulent business act or practice."

Comment: Adding "any" is a grammatical change. Adding "act" clarifies that a single act of unfair competition is actionable; i.e., prosecutors need not wait to take action until the act has become a "practice" (until the act is done more than once). This is a clarifying change (e.g., § 17203 already allows injunctive relief for "an act" of unfair competition).

2) Section 17203 allows injunctive relief against anyone "performing or proposing to perform an act of unfair competition within this state."

This bill would revise that language to instead allow injunctive relief against anyone who "engages, has engaged, or proposes to engage in unfair competition."

| VOTE: Assembly | | | | | VOTE: Senate | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Floor: | Aye | 76 | No | 0 | Floor: | Aye | 32 | No | 0 |
| Policy Committee: | Aye | 9 | No | 0 | Policy Committee: | Aye | 6 | No | 0 |
| Fiscal Committee: | Aye | n/a | No | — | Fiscal Committee: | Aye | n/a | No | — |

| RECOMMENDATION TO GOVERNOR: | SIGN [X]  VETO ___ | DEFER TO OTHER AGENCY |
|---|---|---|
| DEPARTMENT DIRECTOR: _(signature)_ DATE: 7/22/92 | | AGENCY SECRETARY: _(signature)_ DATE: 7/23/92 |

SB 1586
Page 2

Comment: "An act" is deleted here because it is being included with the revised definition of unfair competition, above, so it is not necessary in this section. "Within this state" is redundant since California prosecutors do not have authority to take action against persons who engage in unfair competition outside of this state. "Engage" means substantially the same thing as "perform" and so it is a semantical change. The only other change clarifies that injunctive relief may be sought against someone who "has engaged" (as opposed to someone who is currently engaging or is proposing to engage) in unfair competition.

3) Section 17206 authorizes the Attorney General, district attorney and specified local prosecutors to sue for civil penalties of up to $2,500 per violation against anyone who "violates any provision of this chapter" (meaning the prohibitions against unfair competition).

This bill would instead permit those penalties against anyone who "engages, has engaged or proposes to engage in unfair competition."

Comment: This change clarifies that a "violation" of the unfair competition prohibition means past, present and proposed (for sure) acts of unfair competition. This change reflects existing law and practice.

4) The bill would require the court to impose the above civil penalty for each violation. In assessing the amount of the penalty, the court would be required to consider relevant circumstances including the nature and seriousness of the misconduct, number of violations, persistence of the misconduct, length of time the misconduct occurred, willfulness of the misconduct, and defendant's assets, liabilities and net worth. The bill would incorporate these requirements also into § 17536, which makes anyone who engages in false and misleading advertising (§§ 17500 et seq.) liable for a civil penalty of up to $2,500 per violation.

Comment: These changes codify case law concerning the factors to be considered by courts when determining the amount of civil penalties to be assessed defendants in unfair competition actions. The bill would declare legislative intent to this effect.

5) Existing law permits counties to charge an annual device registration fee to recover the county sealer's costs in inspecting or testing weighing and measuring devices. This law is scheduled to be repealed on January 1, 1993.

This bill would continue that law to January 1, 1996.

Comment: These provisions do not impact the department or consumers. We defer to the Office of Planning and Research and/or Department of Food and Agriculture for comment on this provision.

Fiscal Impact

None to the department.

Argument

Proponents:   California Grocers Association (sponsor)
              California Retailers Association (sponsor)
              J.C. Penney Co.
              Attorney General

SB 1586
Page 3

Opponents:   None

Neutral:     California District Attorneys Association

No Concerns: Department of Consumer Affairs
             Consumers Union

This bill, as enrolled, was developed by the California Retailers Association and California Grocers Association in cooperation with the California District Attorneys Association (CDAA). The CDAA supplied the language for the current version, which codifies decisional law (Forest v. Olson 96 Cal.App.3d 181) concerning what circumstances courts should consider in apportioning civil penalties under § 17200 et seq.

Recommendation

The Department of Consumer Affairs recommends that the Governor SIGN Senate Bill 1586.

765.4

# ENROLLED BILL REPORT

| DEPARTMENT OF FOOD AND AGRICULTURE | BILL NUMBER: SB 1586 |
| --- | --- |
| | AUTHOR: PRESLEY |

## SUMMARY

This bill extends the sunset date for local weights and measures jurisdictions to charge an annual device registration fee. It also makes amendments to the Business and Professions Code relating to the liability of a person in civil litigation involving unfair competition.

## ANALYSIS:

Existing law authorizing counties to charge an annual device registration fee for commercially used weighing and measuring devices is set to sunset on January 1, 1993. This bill will extend the expiration date to January 1, 1996.

Existing law provides that violators of the unfair competition statutes are subject to civil penalties. This bill restricts violations of these statutes to specified conditions; defines what constitutes a violation involving advertisement; clarifies that an act of unfair competition may result in one or more violations, depending on the circumstances of the act; and provides that any person performing, proposing to perform or having performed an act of unfair competition is liable for civil penalties.

## PRO:

Currently, local weights and measures jurisdictions obtain a portion of their revenue from fees charged to owners of commercially used weighing and measuring devices. Statewide, the revenue generated from device fees in fiscal year 90/91 was approximately $1.9 million. Removing this authority from local weights and measures jurisdictions will, in many instances, reduce the enforcement of weights and measures laws below an acceptable level.

Since that portion of the bill that addresses civil unfair competition laws is not within the scope of the Department, it is not part of this Enrolled Bill Report.

## CON:

To our knowledge, there is no known opposition to that portion of the bill dealing with local weights and measures funding.

Vote: Assembly Ayes 76 Noes 0   Senate Ayes 32 Noes 0

RECOMMENDATION: ☒ SIGN   ☐ VETO   DEFER TO

DEPARTMENT DIRECTOR   DATE 7/20/92

SB 1586
Page Two

**FISCAL IMPACT:**

None to the Department.

**BACKGROUND:**

In 1982, legislation was passed authorizing counties to collect fees on certain weighing and measuring devices (Chapter 1380). The original legislation included a sunset date which has been extended several times since 1982.

AB 2510 (Kelley) also extends the repeal date authorizing counties to charge a device registration fee to January 1, 1996. AB 2510 is sponsored by the California Agricultural Commissioners and Sealers Association (CACASA).

**RECOMMENDATION:**

The Department recommends that the Governor sign this bill. The CACASA has worked closely with the affected members of industry in resolving the county's current funding difficulties. Without such revenue, Californians can expect a reduction in services involving weights and measures matters at the local level.

NO ENROLLED BILL REPORT REQUIRED

Business, Transportation and Housing Agency

| DEPARTMENT | AUTHOR | BILL NUMBER |
|---|---|---|
| B.T.& H | Presley | SB 1586 |

☐ Technical bill - No program or fiscal changes to existing program. No analysis required. No recommendation on signature.

☐ Bill as enrolled no longer within scope of responsibility or program of this Department.

☒ Comments: No Concern

**RECOMMENDATION**

No Concern

| DEPARTMENT | DATE | AGENCY | DATE |
|---|---|---|---|
| | | VJ | 7-21-92 |

SPECIAL CONSENT

| | |
|---|---|
| **SENATE RULES COMMITTEE**<br>Office of<br>Senate Floor Analyses<br>1020 N Street, Suite 524<br>445-6614 | Bill No.: SB 1586<br>Author: Presley (D)<br>Amended: 6/25/92<br>Vote Required: 21 |

Committee Votes:

| COMMITTEE: JUDICIARY | | |
|---|---|---|
| BILL NO.: SB 1586 | | |
| DATE OF HEARING: 5-5-92 | | |
| SENATORS: | AYE | NO |
| Calderon | | |
| Leslie | ✓ | |
| Marks | | |
| Petris | ✓ | |
| Presley | | |
| Roberti | ✓ | |
| Royce | ✓ | |
| Torres | | |
| Watson | | |
| Davis (VC) | ✓ | |
| Lockyer (Ch) | ✓ | |
| TOTAL: | 6 | 0 |

Senate Floor Vote: Page 6118, 5/22/92

**Senate Bill 1586**—An act to amend Sections 12246 and 17206 of the Business and Professions Code, relating to unfair competition.
Bill read third time, passed, and ordered transmitted to the Assembly.
The names of the absentees were called and the measures on the Consent Calendar passed by the following vote:
AYES (32)—Senators Alquist, Ayala, Bergeson, Beverly, Boatwright, Calderon, Davis, Dills, Cecil Green, Bill Greene, Hart, Hill, Johnston, Keene, Kopp, Leonard, Leslie, Lewis, Lockyer, Maddy, Marks, McCorquodale, Mello, Morgan, Petris, Presley, Rosenthal, Royce, Russell, Thompson, Torres, and Vuich.
NOES (0)—None.

Assembly Floor Vote: 76-0, 7/7/92
(Passed Assembly on Consent)

**SUBJECT:** Unfair Competition

**SOURCE:** California Retailers Association

**DIGEST:** This bill would clarify the law prohibiting unfair competition as specified, and to codify a standard set forth in People v. Superior Court (Olson) for determining the number of violations resulting from a single publication of a media advertisement.

The bill would extend the authorization for county boards of supervisors to charge an annual weight device registration fee to cover the costs of inspecting and testing weight and measurement devices three additional years, until January 1, 1996.

**Assembly Amendments:**

1) Made technical, grammatical changes.

2) Authorizes the court to impose civil penalties.

**ANALYSIS:** Existing law prohibits any act or acts of unfair competition and provides for civil penalties for each violation. In People v. Superior Court (Forest E. Olson) (1979) 96 Cal.App.3d 181, the Fourth District Court of Appeal held that single publication of a newspaper advertisement constitutes a minimum of one violation with as many additional violations as there were persons who read the advertisement, or who responded to the advertisement by purchasing the advertised product or service, or by making inquiries concerning the product or service. The

CONTINUED

court also noted, in dicta, that the methods by which the number of violations may be proved may include expert testimony and circumstantial evidence.

This bill would codify the Forest E. Olson standard for determining the number of violations resulting from a publication or broadcast of a media advertisement. It would also codify the Olson dicta and provide that the methods for determining the number of violations in any media advertising may include, among others, expert testimony and circumstantial evidence.

Further, the bill provides that any person who engages, has engaged or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.

The court would be required to impose a civil penalty for each violation.

Existing law authorizes until January 1, 1993, county boards of supervisors to charge an annual weight device registration fee to recover the costs of inspecting or testing weight and measurement devices.

This bill would extend that authorization for three additional years to January 1, 1996.

The purpose of this measure is to clarify the application of the unfair competition law as it pertains to media advertisements.

**FISCAL EFFECT:**   Appropriation: No   Fiscal Committee: No   Local: No

**SUPPORT:**   (Verified 7/7/92)

California Retailers Association (source)
ACTR
California Agricultural Commissioners and Sealers Association
Advocation, Inc.

**ARGUMENTS IN SUPPORT:**   Proponents assert that the provision extending the counties authorization to collect fees is necessary to allow counties to continue their inspection and testing program. The extension is a non-controversial issue.


RJG:nf 7/8/92 Senate Floor Analyses

SECRETARY OF STATE, DEBRA BOWEN
The Original of This Document is in
CALIFORNIA STATE ARCHIVES
1020 "O" STREET
SACRAMENTO, CA 95814

Govt Ch. 430    1972
SB 1586