# EXHIBIT

# 1

Employee Salary Information

Page 1 of 1

Home > Administer Workforce > Administer Workforce (GBL) > Inquire > Employee Salary Information New Window

### Employee Salary Information

#### PERSONAL INFORMATION

| | | | |
|---|---|---|---|
| EMPLID: 00000528805 | COMPANY: B10 | HIRE DT: | 09/16/2002 |
| NAME: BOWNE,TRUDY J | DEPT: 0000000089 HOME MRTG | REHIRE DT: | |
| CORP HIRE DATE: 09/16/2002 | F/P: Reg-Time | REG/TEMP: | Regular |
| | TERM EFFDT: 02/18/2005 VO | | |
| | LOA: | | |
| | LAST DAY WORKED: 02/17/2005 | ACQ CODE: | |

#### JOB INFORMATION

| | | | |
|---|---|---|---|
| POSITION: 00521044 MORTGAGE LOAN SPEC 2 | AU: | 035022 | |
| ENTRY DT: 09/16/2002 | FLSA STATUS: | Nonexempt | |
| JOB CODE: 517027 MORTGAGE LOAN SPEC 2 | | | |
| JOB CLASS: 2 | STD HOURS: | 40.00 | |

#### CURRENT SALARY INFORMATION

| ANNUAL | MONTHLY | HOURLY | SAL PLAN | C/R | MIDPOIN |
|---|---|---|---|---|---|
| 33600.00 | 2800.00 | 16.15 | 002 | 0.93 | 36000.00 |

#### ADDITIONAL PAY

| BEGIN DATE | END DATE | DRAW CODE | DRAW AMOUNT |
|---|---|---|---|
| 04/01/2004 | 07/01/2004 | 700 | 1000.00 |
| 07/01/2004 | 09/16/2004 | 701 | 833.00 |

#### EMPLOYEE SALARY INFORMATION

| Effective Date | Effective Sequence | Compensation Frequency | SALARY | Change Percent | CHANGE (AMT) | Reason Code |
|---|---|---|---|---|---|---|
| 09/16/2004 | 1 | A | 33600.00 | 0.000 | 33600.00 | O |
| 04/01/2004 | 1 | A | 0.00 | -100.000 | -33600.00 | P |
| 03/01/2004 | 0 | A | 33600.00 | 5.000 | 1600.00 | M |
| 03/01/2003 | 0 | A | 32000.00 | 6.667 | 2000.00 | M |
| 09/16/2002 | 0 | A | 30000.00 | 0.000 | 0.00 | HIR |

| REVIEW DATE | REVIEW RTG | REVW TYPE |
|---|---|---|
| 03/01/2005 | 4 | Performnce |
| 03/01/2004 | 3 | Performnce |
| 03/01/2003 | 3 | Performnce |

Employee Information          Employee History Information          Benefit Summary

Return to Search

WF000004

WF000023

# Employee Profile

**Confidential**

Position Requisition: Complete sections A, B, D & K.   Hire: Complete sections A through F & K.

## A. Description of Action - Check all that apply.

Effective Date of Action: ___/___/___

- ☐ New Hire:
- ☐ Position/Job Change
- ☐ Performance Review
- ☐ Transfer from Financial
- ☐ Rehire
- ☐ Termination

| Position Requisition Date: | ☐ Position Change |
| --- | --- |
| ☐ Same Co. Move | ☐ Co. Transfer |
| ☐ Salary/Draw Change | ☐ Acquisition: |
| ☐ Other: | |

## B. Reports to position

| Supvr Position No: | 50BE13 |
| --- | --- |
| Supvr Name: | MOXNESS, JASON D |
| Job Title: | SUPRBRMGR2 |
| Department: | WF HM MRTG |
| MAC: | M3408-011 |

New Hire Address: Street Address, City, State, Zip Code
(Dotted Line for PCS only,l)
Work phone:  913/319-7901
Dotted Line Position:
Dotted Line Name:

## C. Employee Information

| Name | Social Security Number | Employee Number | Corporate hire date | Company hire date |
| --- | --- | --- | --- | --- |
| BOWNE, TRUDY J | | 528805 | 09-16-02 | 09-16-02 |

## D. Position / Job Information

Position Action - Replace or Eliminate

- ☐ Replace Name:

| P. i Number | Position Date | Reason | Job Title | Company Number | Name | Facility Number | (Building) Name |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 521044 | 09-16-02 | HIR | 089 | WF HM MRTG | 2197 | OVERLAND71 |

☐ Eliminate Position Number

| AU | Job number | Job Title | Emplmt Class: | Area Ofri ttrl | Threshold | Market reference point | Maximum | Minimum | Ex/Non | Date in Job |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2320 | 549012 | MORTGAGE SALES ASSOCIATE | REGULAR | 002 | 0.00 | 0.00 | 0.00 | 0.00 | N | 09-16-02 |

| Work phone | | | Shift code: | | | | | | | |
| 913/319-7956 | | MAC M3408-011 | 1 | ☐ Regular (30 - 40 hrs) | ☐ First | ☐ Part-time (17.5 - 29 hrs) | ☐ Second | ☐ Flexible ☐ Third | | Standard hrs: 40.00 |

## E. Salary Information

| Effective Date: 03-01-03 | | Expected review date: | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Salary reason | Rate | Salary | Amount of change | % of change | C/R | |
| A | M | 32,000.00 | 2,000.00 | 6.66 | 0.00 | |

## F. Draw Information

## G. Performance

| Ref. | Date | Job title | LOA Type | Salary | Ex/Non Company | Term |
| --- | --- | --- | --- | --- | --- | --- |
| 3 | 03-01-03 | HIR MORTGAGE SALES ASSOC | | 30,000.00 | N WF HM MRTG | |

## H. Leave of Absence (LOA) (Changes made by Leave Processing Only!)

| LOA Type | Begin date | End date | Expected return date | LOA Type | Begin date | End date |
| --- | --- | --- | --- | --- | --- | --- |

## I. Termination Information

| Term code | Term date |
| --- | --- |
| Paid time off to be paid: ☐ Days:   -or-   ☐ Hours: | |

## J. Work History

| Effective date 09-16-02 | Reason HIR MORTGAGE SALES ASSOC | Job title | Salary 30,000.00 | Ex/Non Company N WF HM MRTG | Term |
| --- | --- | --- | --- | --- | --- |

## K. Approvals

| | First level | Second level | Additional Appv | HR Approval | |
| --- | --- | --- | --- | --- | --- |
| Ext. | | | | | Date |
| Ext. | | | | | Date |
| Ext. | | | | | Date |

## L. Comments

For Payroll Use Only:
Previous Information: Emplmt Class: (Regular, Part-time, Flexible)   Shift: (1, 2, 3)   Exempt/Non: (E/N)   Salary:     Override ID     Profile date
02-27-03

WF000025

Confidential

# Employee Profile

## A. Description of Action : Check all that apply

Effective Date of Action: ___/___/___

☐ New Hire  ☐ Transfer from Financial  ☐ Co. Transfer  ☐ Same Co. Move
☐ Position/Job Change  ☐ Rehire  ☐ Salary/Draw Change  ☐ Acquisition:
☐ Performance Review  ☐ Termination  ☐ Other: ___

Position Requisition Date: ___/___/___

## B. Reports to position

Supvr Position No: 508513
Supvr Name: NOXNESS, JASON D
Job title: SUBS SL SNGR
Department: WF HM MRTG
MAC: M3408-011

(Dotted Line for PCS only)
Work phone: 913/319-7901
Dotted Line Position:
Dotted Line Name:

## C. Employee Information

Name: BOWNE, TRUDY J

| Social Security Number | Employee Number | Corporate hire date | Company hire date |
|---|---|---|---|
| | 528805 | 09-16-02 | 09-16-02 |

New Hire Address: Street Address, City, State, Zip Code

Work phone: 913/319-7900

## D. Position / Job Information

Position Action: Replace or Eliminate
☐ Replace ☐ Eliminate Position Number

Date:

| volts/unit | Number | Position Date | Reason | MAC | Job Title | Company Number | Name | Department Number | Name | Facility Number | (Building) Name |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2320 | 521044 | 09-16-02 | HIR | M3408-011 | MORTGAGE SALES ASSOCIATE | 089 | WF HM MRTG | 89 | WF HM MRTG | 2197 | OVERLAND71 |

Job Number: 549012

Empl Class: REGULAR  Shift code: 1

| Area OdHit | Threshold | Market reference point | Maximum | Ex/Non | Date in Job |
|---|---|---|---|---|---|
| 002 | 18,400.00 | 24,800.00 | 31,200.00 | N | 09-16-02 |

☐ Regular (30 - 40 hrs.)  ☐ Part-time (17.5 - 29 hrs.)  ☐ Flexible
☐ First  ☐ Second  ☐ Third

☐ Eliminate Position Number

## E. Salary Information

Effective Date: 09-16-02

| Salary reason | Rate | Salary | Reason | Amount of change | % of change | C/R | Standard hrs. |
|---|---|---|---|---|---|---|---|
| HIR | A | 30,000.00 | HIR | | | 120.96 | 40.00 |

Expected review date:

## F. Draw Information

Draw code
Start date
Semi mo $
Stop date

## G. Performance

| Effective date | Date | Salary | Job title |
|---|---|---|---|

## H. Leave of Absence (LOA) (Changes made by Leave Processing Only)

| LOA Type | Begin date | End date |
|---|---|---|

Draw code
Start date
Semi mo $
Stop date

Expected return date

## I. Termination Information

Term code

Paid time off to be paid: ☐ Days: ___ -or- ☐ Hours: ___

Term date

## K. Approvals

| | Ext. | Date |
|---|---|---|
| First level | | |
| Second level | | |
| Additional Appr | | |
| HR Approval | | |

Comments:

## Work History

| Effective date | Reason | Job title | Salary | Term |
|---|---|---|---|---|

## For Payroll Use Only

| Operator ID | Ext. | Profile date |
|---|---|---|
| | | 09-19-02 |

Employee Salary Information

Home > Administer Workforce > Administer Workforce (GBL) > Inquire > Employee Salary Information   New Window

## Employee Salary Information

### PERSONAL INFORMATION

| | | |
|---|---|---|
| **EMPLID:** 00000515299 | **COMPANY:** B10 | **HIRE DT:** 04/29/2002 |
| **NAME:** HESTERBERG,ELISHIA A | **DEPT:** 0000000089 HOME MRTG | **REHIRE DT:** |
| **CORP HIRE DATE:** 04/29/2002 | **F/P:** Reg-Time | **REG/TEMP:** Regular |
| | **TERM EFFDT:** 08/10/2004 PR | |
| | **LOA:** | |
| | **LAST DAY WORKED:** 08/09/2004 | **ACQ CODE:** |

### JOB INFORMATION

| | | |
|---|---|---|
| **POSITION:** 00521774 MORTGAGE LOAN SPEC 2 | **AU:** 035022 | |
| **ENTRY DT:** 04/29/2002 | **FLSA STATUS:** Nonexempt | |
| **JOB CODE:** 517027 MORTGAGE LOAN SPEC 2 | | |
| **JOB CLASS:** 2 | **STD HOURS:** 40.00 | |

### CURRENT SALARY INFORMATION

| ANNUAL | MONTHLY | HOURLY | SAL PLAN | C/R | MIDPOIN |
|---|---|---|---|---|---|
| 30284.00 | 2523.67 | 14.56 | 002 | 0.84 | 36000.00 |

### EMPLOYEE SALARY INFORMATION

| Effective Date | Effective Sequence | Compensation Frequency | SALARY | Change Percent | CHANGE (AMT) | Reason Code |
|---|---|---|---|---|---|---|
| 03/01/2004 | 0 | A | 30284.00 | 3.997 | 1164.00 | M |
| 03/01/2003 | 0 | A | 29120.00 | 4.000 | 1120.00 | M |
| 04/29/2002 | 0 | A | 28000.00 | 0.000 | 0.00 | HIR |

| REVIEW DATE | REVIEW RTG | REVW TYPE |
|---|---|---|
| 03/01/2004 | 3 | Performnce |
| 03/01/2003 | 3 | Performnce |

Employee Information        Employee History Information        Benefit Summary

Return to Search

WF000120

WF000123

# Employee Profile

Confidential

Position Requisition: Complete sections A, B, D & K. Hire: Complete sections A through F & K.

## A: Description of Action : Check all that apply

Effective Date of Action: ___ / ___ / ___

- ☐ New Hire:
- ☐ Position/Job Change
- ☐ Performance Review
- ☐ Transfer from Financial:
  - ☐ Co. Transfer
  - ☐ Rehire
  - ☐ Salary/Draw Change
  - ☐ Termination
- ☐ Same Co. Move
- ☐ Acquisition: ___
- ☐ Other: ___

Position Requisition Date: ___ / ___ / ___

## B: Reports to position

| | |
|---|---|
| Supvr Position No: | 50B513 |
| Supvr Name: | MOXNESS,JASON D |
| Job Title: | SUBPRBNGR2 |
| Department: | WF HM MRTG |
| MAC: | M3408-011 |

(Dotted Line for PCS only)
Work phone: 913/319-7901
Dotted Line Position:
Dotted Line Name:

## C: Employee Information

| Name | Social Security Number | Employee Number | Corporate hire date | New Hire Address: Street Address, City, State, Zip Code |
|---|---|---|---|---|
| HESTERBERG,ELISHIA A | 515299 | 04-29-02 | | |

## D: Position / Job Information

☐ Position Action - Replace or Eliminate
☐ Replace: Name: ___
Date:

| Pos Number | Position Date | Reason | Job Title | Company Number | Name | Area DiMrkt | Department Number | Name | ☐ Eliminate Position Number |
|---|---|---|---|---|---|---|---|---|---|
| 521774 | 06-29-02 | HIR | MORTGAGE LOAN SPEC 2 | 089 | WF HM MRTG | 002 | 89 | WF HM MRTG | Facility Number (Building) Name |
| | | | | | | | | | 2197 OVERLAND71 |

| AU | Job Number | MAC | Emplmt Class | Er/Non Company / Name | Threshold | Market reference point | Maximum | Er/Non | Date in job |
|---|---|---|---|---|---|---|---|---|---|
| 2320 | 517027 | M3408-011 | REGULAR | N WF HM MRTG<br>N WF HM MRTG | 24,800.00 | 33,000.00 | 41,300.00 | N | 06-01-02 |

Work phone: 913/319-7999

Emplmt Class: REGULAR  Shift code: 1

## E: Salary Information

Effective Date: 03-01-03

| Salary/reason | Rate | Salary | LCA Type |
|---|---|---|---|
| | M | A | 29,120.00 |

## F: Draw Information

| | Company hire date |
|---|---|
| ☐ Regular (30 - 40 hrs) | 04-29-02 |

- ☐ Regular (30 - 40 hrs) ☐ Part-time (17.5 - 29 hrs) ☐ Flexible  Standard hrs:
- ☐ First ☐ Second ☐ Third  40.00

Draw code / Start date / Semi mo $ / Stop date

## G: Performance

| Rate | Date |
|---|---|
| 3 | 03-01-03 |

Exp review date

## H: Leave of Absence (LOA)

Expected review date:

| Amount of change | % of change | C/R |
|---|---|---|
| 1,120.00 | 4.00 | 88.24 |

LCA Type  Begin date  End date  Expected return date

## I: Work History

| Ref. | Effective date | Reason | Job title | Salary | Er/Non Company / Name | Term |
|---|---|---|---|---|---|---|
| | 06-01-02 | MORTGAGE | MORTGAGE LOAN SPEC 2 | 28,000.00 | N WF HM MRTG | First level |
| | 04-29-02 | HIR | MORTGAGE SALES ASSOC | 28,000.00 | N WF HM MRTG | |

## J: Termination Information

Draw code / Start date / Semi mo $ / Stop date

| Term code | Term date |
|---|---|
| | |

Paid time off to be paid: ☐ Days: ___ -or- ☐ Hours: ___

## K: Approvals

| | First level | Second level | Additional Apprv | HR Approval |
|---|---|---|---|---|
| Ext. | | | | |
| Date | | | | |

## L: Comments

| Operator ID | Date |
|---|---|
| PSALNASS | 02-27-03 |

WF000125

# Employee Profile

**Confidential**

Position Requisition: Complete sections A, B, D & K. Hire: Complete sections A through F & K

## A. Description of Action:

Effective Date of Action: ___/___/___

- ☐ New Hire:
- ☐ Position/Job Change
- ☐ Performance Review
- ☐ Transfer from Financial
- ☐ Rehire
- ☐ Termination
- ☐ Co. Transfer
- ☐ Same Co. Move
- ☐ Salary/Draw Change

Position Requisition Date: ___/___/___

- ☐ Acquisition:
- ☐ Other: _____

## B. Reports to position:

☐ Supvr Position No.: 508513
Supvr Name: NOXXES, JASON D
Job Title: SUBSLSMGR
Department: WF HM MRTG
MAC: M3408-011

Work phone: 913/319-7901

(Dotted Line for PCS only))
Dotted Line Position: _____
Dotted Line Name: _____

## C. Employee Information

| Name | Social Security Number | Employee Number | Corporate hire date | Company hire date | Name | ☐ Eliminate Position Number |
|---|---|---|---|---|---|---|
| HESTERBERG, ELISHIA A | | 515299 | 04-29-02 | 04-29-02 | WF HM MRTG | (Building) Name |

New Hire Address: Street Address, City, State, Zip Code

## D. Position / Job Information:

☐ Replace: Name: _____ Date: _____

| Position Action: | Date: | | |
|---|---|---|---|
| | | Facility Number 2197 | OVERLAND71 |

## E. Salary Information:

| Effective Date: 04-29-02 | | | | Empl/mt Class: REGULAR | Area Diffm'tl 002 | Threshold 24,100.00 | Market reference point 33,000.00 | Maximum 41,900.00 | EE/Non N | Date in Job 06-01-02 |
|---|---|---|---|---|---|---|---|---|---|---|

| Pos. Number | Position Date | Reason | Job Number | Job Title | Company Number | Name | Department Number | Name | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 521174 | 04-29-02 | HIR | 517027 | MORTGAGE LOAN SPEC 2 | 089 | WF HM MRTG | 89 | WF HM MRTG | | |

AU 2320   MAC M3408-011

Work phone 913/319-7999

## F. Draw Information

| | | Expected review date: | Shift code: 1 |
|---|---|---|---|

Salary reason: HIR   Rate: A   Salary: 28,000.00

| | Amount of change | % of change | C/R 84.84 | Draw code / Start date / Semi mo $ / Stop date | | |
|---|---|---|---|---|---|---|

## G. ~rformance

Rev:...   Date _____

☐ Regular (30 - 40 hrs)   ☐ Part-time (17.5 - 29 hrs)   ☐ Flexible   Standard hrs: 40.00
☐ First   ☐ Second   ☐ Third

Exp review date _____

## H. Leave of Absence (LOA) [Changes made by Leave Processing Only]

| LOA Type | Begin date | End date | Expected return date | LOA Type | Begin date | End date | Paid time off to be paid: ☐ Days: ___ '-or-' ☐ Hours: ___ |
|---|---|---|---|---|---|---|---|

## I. Work History

| Effective date 04-29-02 | Reason HIR | Job title MORTGAGE SALES ASSOC | Salary 28,000.00 | Ee/Non Company N WF HM MRTG | Term | ☐ Draw code / Start date / Semi mo $ / Stop date |
|---|---|---|---|---|---|---|

## J. Termination Information

Term code _____

## K. Approvals

| | First level | Second level | Additional Appr. | HR Approval | |
|---|---|---|---|---|---|
| First level | | Ext. | | | Date |
| Second level | | Ext. | | | Date |
| Additional Apprv | | Ext. | | | Date |
| HR Approval | | Ext. | | | Date |

## J. Comments

## For Payroll Use Only:

Operator ID: _____   Profile date: 07-20-02

Employee Salary Information

Home > Administer Workforce > Administer Workforce (GBL) > Inquire > Employee Salary Information New Window

Employee Salary Information

**PERSONAL INFORMATION**

| | | |
|---|---|---|
| EMPLID: 00000225787 | COMPANY: B10 | HIRE DT: 07/14/1997 |
| NAME: HEJLIK,JAMIE M | DEPT: 0000000089 HOME MRTG | REHIRE DT: 01/21/1999 |
| CORP HIRE DATE: 07/14/1997 | F/P: Reg-Time | REG/TEMP: Regular |
| | TERM EFFDT: 05/02/2005 ST | |
| | LOA: | |
| | LAST DAY WORKED: 05/01/2005 | ACQ CODE: |

**JOB INFORMATION**

| | | |
|---|---|---|
| POSITION: 00578478 MORTGAGE SALES ASSOCIATE | AU: 034364 | |
| ENTRY DT: 02/20/2003 | FLSA STATUS: Nonexempt | |
| JOB CODE: 549012 MORTGAGE SALES ASSOCIATE | | |
| JOB CLASS: 2 | STD HOURS: 40.00 | |

**CURRENT SALARY INFORMATION**

| ANNUAL | MONTHLY | HOURLY | SAL PLAN | C/R | MIDPOIN |
|---|---|---|---|---|---|
| 26700.00 | 2225.00 | 12.84 | 003 | 0.99 | 27000.00 |

**EMPLOYEE SALARY INFORMATION**

| Effective Date | Effective Sequence | Compensation Frequency | SALARY | Change Percent | CHANGE (AMT) | Reason Code |
|---|---|---|---|---|---|---|
| 03/01/2005 | 0 | A | 26700.00 | 0.000 | 0.00 | M |
| 03/01/2004 | 0 | A | 26700.00 | 2.692 | 700.00 | M |
| 02/20/2003 | 1 | A | 26000.00 | -3.846 | -1040.00 | T |
| 03/01/2002 | 0 | A | 27040.00 | 4.000 | 1040.00 | M |
| 03/01/2001 | 0 | A | 26000.00 | 4.000 | 1000.00 | O |
| 01/01/2001 | 0 | A | 25000.00 | 2.041 | 500.00 | C |
| 08/11/2000 | 1 | A | 24500.00 | 22.500 | 4500.00 | P |
| 04/01/2000 | 0 | A | 20000.00 | 0.000 | 0.00 | M |
| 12/01/1999 | 0 | A | 19000.00 | 4.396 | 800.00 | O |
| 11/01/1999 | 0 | A | 18200.00 | 9.639 | 1600.00 | M |
| 01/21/1999 | 0 | A | 16600.00 | 10.667 | 1600.00 | REH |
| 08/01/1998 | 0 | A | 15000.00 | 4.895 | 700.00 | M |
| 06/01/1998 | 1 | A | 14300.00 | -0.362 | -52.00 | C |
| 03/01/1998 | 0 | H | 6.90 | 1.471 | 0.10 | O |
| 02/01/1998 | 0 | H | 6.80 | 3.817 | 0.25 | M |
| 07/14/1997 | 0 | H | 6.55 | 0.000 | 0.00 | H |

| REVIEW DATE | REVIEW RTG | REVW TYPE |
|---|---|---|
| 03/01/2005 | 3 | Performnce |
| 03/01/2004 | 4 | Performnce |
| 03/01/2003 | 4 | Performnce |
| 03/04/2002 | 4 | Performnce |
| 02/07/2001 | 3 | Performnce |
| 03/24/2000 | 3 | Performnce |

WF000406

Employee Salary Information

Home > Administer Workforce > Administer Workforce (GBL) > Inquire > **Employee Salary Information** New Window

### Employee Salary Information

**PERSONAL INFORMATION**

| | | |
|---|---|---|
| EMPLID: 00000547274 | COMPANY: B10 | HIRE DT: 12/02/2002 |
| NAME: GERING,NICOLE C | DEPT: 0000000089 HOME MRTG | REHIRE DT: |
| CORP HIRE DATE: 12/02/2002 | F/P: Reg-Time | REG/TEMP: Regular |
| | TERM EFFDT: 03/15/2004 VO | |
| | LOA: | |
| | LAST DAY WORKED: 03/14/2004 | ACQ CODE: |

**JOB INFORMATION**

| | |
|---|---|
| POSITION: 00598823 MORTGAGE SALES ASSOCIATE | AU: 034363 |
| ENTRY DT: 05/01/2003 | FLSA STATUS: Nonexempt |
| JOB CODE: 549012 MORTGAGE SALES ASSOCIATE | |
| JOB CLASS: 2 | STD HOURS: 40.00 |

**CURRENT SALARY INFORMATION**

| ANNUAL | MONTHLY | HOURLY | SAL PLAN | C/R | MIDPOIN |
|---|---|---|---|---|---|
| 24960.00 | 2080.00 | 12.00 | 002 | 0.83 | 30000.00 |

**EMPLOYEE SALARY INFORMATION**

| Effective Date | Effective Sequence | Compensation Frequency | SALARY | Change Percent | CHANGE (AMT) | Reason Code |
|---|---|---|---|---|---|---|
| 03/01/2004 | 3 | A | 24960.00 | 4.000 | 960.00 | M |
| 03/01/2004 | 2 | A | 24960.00 | -3.846 | -960.00 | O |
| 03/01/2004 | 0 | A | 24960.00 | 4.000 | 960.00 | M |
| 12/02/2002 | 0 | A | 24000.00 | 0.000 | 0.00 | HIR |

| REVIEW DATE | REVIEW RTG | REVW TYPE |
|---|---|---|
| 03/01/2004 | 4 | Performnce |
| 05/01/2003 | | Performnce |

Employee Information        Employee History Information        Benefit Summary

Return to Search

WF000327

Confidential

*Employee Profile*

Position Requisition: Complete sections A, B, D & K  Hire: Complete sections A through F & K

**Effective Date of Action:** ___ / ___ / ___

☐ New Hire: _____   ☐ Transfer from Financial
☐ Position/Job Change   ☐ Rehire
☐ Performance Review   ☐ Termination

Position Requisition Date: ___ / ___ / ___
☐ Co. Transfer   ☐ Same Co. Move
☐ Salary/Draw Change   ☐ Acquisition: ___
☐ Other: ___

Supvr Position No: **64765**
Supvr Name: **FROEDGE, SARA A**
Job Title: **MTGHEPMR2**
Department: **WF HM MRTG**
MAC: **M5503-011**

(Dotted Line for PCS only)
Work phone: **704/423-5301**
Dotted Line Position:
Dotted Line Name:

### Employee Information

| Name | Social Security Number | Employee Number | Corporate hire date | Company hire date | New Hire Address: Street Address, City, State, Zip Code |
|---|---|---|---|---|---|
| MCMILLIAN, BRENDA J | | 544304 | 10-28-02 | 10-28-02 | |

### Position Information

Position Action - Replace or Eliminate
☐ Replace: Name: ___   Date: ___   ☐ Eliminate Position Number

| Posit. mber | Position Date | Reason | Company Number | Name | Department Number | Name | Facility Number | (Building) Name |
|---|---|---|---|---|---|---|---|---|
| 119241 | 10-28-02 | HIR | 089 | WF HM MRTG | 89 | WF HM MRTG | 1330 | CHARLT-TYV |

| AU | Job number | Job Title | Area Diffrnl | Threshold | Market reference point | Maximum | Ex/Non | Date in Job |
|---|---|---|---|---|---|---|---|---|
| 3399 | 517026 | MORTGAGE LOAN SPEC 1 | 002 | 21,800.00 | 29,400.00 | 37,000.00 | N | 10-28-02 |

| Work phone | MAC | Emplmt Class: REGULAR | | |
|---|---|---|---|---|
| 704/423-5300 | M5503-011 | Shift code: 1 | ☐ Regular (30 - 40 hrs) ☐ Part-time (17.5 - 29 hrs) ☐ Flexible  ☐ First  ☐ Second  ☐ Third | Standard hrs: 40.00 |

### Pay Information

Effective Date: **10-28-02**   Expected review date:

| Salary reason | Rate | Salary | Amount of change | % of change | C/R | Draw code / Start date / Semi mo $ / Stop date | Draw code / Start date / Semi mo $ / Stop date |
|---|---|---|---|---|---|---|---|
| HIR | A | 25,000.00 | | | 85.03 | | |

### Leave of Absence (LOA) Changes (Filled in by HR Processing Only) / Employment Information

| Rate: | Date: | LOA Type | Begin date | End date | LOA Type | Begin date | End date | Term code | Term date |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Paid time off to be paid: ☐ Days:  -or-  ☐ Hours: | |

Exp review date: ___   Expected return date:

### Approvals

| Effective date | Reason | Job title | Salary | Ex/Non Company | Term | First level | | Ext. | Date |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Second level | | Ext. | Date |
| | | | | | | Additional Apprv | | Ext. | Date |
| | | | | | | HR Approval | | Ext. | Date |

WF010023

A+

| Wells Fargo & Company | | Confidential | | Online HRDA profile | | | Employee Profile |
|---|---|---|---|---|---|---|---|
| **A. Description of Action** | | | | **B. Reports to Position** | | | |
| Effective Date of Action: 02/20/2004 | | Position Requisition Date: | | Supvr Position No: 00595996 | | Work phone: | |
| **Voluntary Termination** | | | | Supvr Name: | | Dotted Line Position: | |
| | | | | Job Title: | | Dotted Line Name: | |
| | | | | Department: | MAC: | Dotted Line for PCS only! | |
| **C. Employee Information** | | | | | | | |
| Name:  BARBARA POWELL | | Social Security Number: | Employee Number:  00000570431 | Corporate Hire Date: | Company Hire Date: | | New Hire Address: |
| **D. Position/Job Information** | | | | | | | |
| Replace: Name: | | Replace: Date: | | | Eliminate Position Number: | | |
| Position Number: | Position Date: | Reason: | Company Number/Name:  089 - Wells Fargo Home Mortgage, Inc | Department Number/Name: | | Facility Number/Name: | |
| AU: | Job Number: | Job Title: | Area Differential: | Threshold  Market Reference Point  Maximum | | Ex/Non  Non-Exempt | Date in Job |
| Work Phone: | | MAC: | Emplmt class: | | Shift Code:  First | | Standard Hours:  40 |
| **E. Salary Information** | | | | | | **F. Draw Information** | |
| Effective Date: | | | Expected Review Date: | | | | |
| Salary Reason: | Rate: | Salary: | Amount of Change: | | % of Change: | | |
| **G. Performance** | | | | **I. Termination Information** | | | |
| Rating: | | Date: | | Term Code: 1A | | Term Date: 03/20/2004 | |
| Exp. Review date: | | | | PTO hours to be paid: 0.00  hours | | | |
| **J. Work History** | | **K. Approvals** | | | | | |
| | | First Level: MICHAEL MOCKLER | | Phone: 614/436-4266 | | Date: 02/17/2004 14:45:03 | |
| | | Final Level: MICHAEL MOCKLER | | Phone: 614/436-4266 | | Date: 02/17/2004 14:45:03 | |
| **L. Comments** | | | | | | | |
| Exception Type: Final Approved  Mailing Instructions: Normal Distribution  Send To:  Attention:  Address:  Payment Type: Normal Distribution  Notes: | | | | | | | |

https://transacthr.wellsfargo.com/cgi-win/AcgiEsql.exe/?HR/Events/Exceptions/Etermsu.htm

2/17/2004

WF010321

# Employee Profile
## Confidential


**WELLS FARGO**

Position Requisition: Complete Sections A, B, D and K.  Hire: Complete Sections A through F & K

## A. Description of Action — Check all that apply

| Effective Date of Action: 10/28/02 | Position Requisition Date: |
| --- | --- |

- ☑ New Hire
- ☐ Position/Job Change
- ☐ Performance Review
- ☐ Transfer from Financial
- ☐ Rehire
- ☐ Co. Transfer
- ☐ Salary/Draw Change
- ☐ Termination
- ☐ Same Co. Move
- ☐ Acquisition
- ☐ Other:

## B. Reports to Position

Supvr Position No: 04765
Supvr Name: Sara Froedge
Job Title: POM II
Department: WF Hme Mtg
MAC: MS503-011

Dotted Line for PCS only
Work Phone: 704-423-5301
Dotted Line Position:
Dotted Line Name:

## C. Employee Information

| Name | Social Security Number | Employee Number | Corporate Hire Date | Company Hire Date | New Hire Address: Street Address, City, State, Zip Code |
| --- | --- | --- | --- | --- | --- |
| Brenda McMillan | | | 10-28-02 | 1028-02 | |

## D. Position / Job Information — Position Action - Replace, Add or Eliminate

☐ Replace; Name: _____ Date: _____    ☐ Eliminate Position Number: _____

| Position Number | Position Date | Reason | Company Number | Name | Department Number | Name | Facility Number | Name |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | 089 | WF Hme Mtg | 089 | WF Hme Mtg | 330 | CHARLT-TYV |

| AU | Job Number | Job Title | Area Differential | Market Threshold | Market Reference Point | Maximum | Exmpion | Date in Job |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 3399 | 517026 | M162 2 | | | | | NON | 10-28-02 |

| Work Phone | MAC | Employment Class: Regular | | | Standard Hours |
| --- | --- | --- | --- | --- | --- |
| 704-423-5300 | MS503-011 | Shift Code: FIRST | ☑ Regular (30 - 40 hours) ☐ First | ☐ Part-time (17.5 - 29 hours) ☐ Second ☐ Flexible ☐ Third | 40 |

## E. Salary Information

| Effective Date of Action: 10-28-02 | Expected Review Date: | |
| --- | --- | --- |
| Salary Reason: H | Rate: A | Salary: 25,000.- |
| | Amount of Change: | % of Change: | OAR: |

## F. Draw Information

| Draw Code: | Draw Code: |
| --- | --- |
| Start Date: | Start Date: |
| Semi Mo $: | Semi Mo $: |
| Stop Date: | Stop Date: |

## G. Performance

| Rating | Date |
| --- | --- |
| Expected Review Date | |

## H. Leave of Absence (LOA) [Changes made by Leave Processing Only.]

| LOA Type | Begin Date | End Date | LOA Type | Begin Date | End Date |
| --- | --- | --- | --- | --- | --- |
| | | | Expected Return Date | | |

## I. Termination Information

| Term Code | Term Date |
| --- | --- |
| Paid Time Off to be Paid ☐ Days or ☐ Hours | |

## J. Work History

| Effective Date | Reason | Job Title | Salary | Est/Non Company | Term |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

## K. Approvals

| First Level | Sara Froedge | Ext. | Date 10-28-02 |
| --- | --- | --- | --- |
| Second Level | | Ext. | Date |
| Additional Approval | | Ext. | Date |
| HR Approval | | Ext. | Date |

## L. Comments

## For Payroll Use Only — Previous Information

| Employment Class: ☐ Regular ☐ Part-time ☐ Flexible | Shift: ☐ 1 ☐ 2 ☐ 3 | Exempt/Non: ☐ E ☐ £ ☐ N | Salary | Operator ID | Profile Date |
| --- | --- | --- | --- | --- | --- |

HRS 62102 (8-01-45209) FO

WF010025

# EMPLOYMENT AGREEMENT

Employee: _Barbara J. Powell_          Employee #

Effective Date: _06-30-03_

WHEREAS, _Columbus_ _more_ ("Employer"), a _Branch_ of _1554_
(unit name)          (op. unit/subsidiary/JV)    (Wells Fargo Corp/
Wells Fargo Home Mortgage Inc.)

is engaged in the mortgage banking business and transacts business with thousands of customers nationwide; and in the course of employment contemplated herein, _Barbara J. Powell_ (Employee) will become acquainted with the business methods, customers and brokers of Employer;

NOW, THEREFORE, the parties hereto agree as follows:

1.  **Employment.** Employee agrees to enter the services of Employer as of the Effective Date entered above and Employer agrees to pay Employee for services.

2.  **At-Will.** Employee's employment with Employer shall be at all times at-will employment and Employer reserves the right to terminate Employee's employment and this Agreement for any reason and/or to modify any of the terms of Employee's employment with or without cause, and with or without notice, at any time in its sole discretion. Likewise, Employee may terminate his/her employment at any time and for any reason.

3.  **Responsibilities.** Employee agrees during the term of such employment:

    (a)    To devote Employee's full business time, attention, best efforts, skill and ability exclusively to the business of Employer, and to perform such services as may be from time to time assigned to Employee by Employer;

    (b)    To comply with all rules, policies and orders which Employer may from time to time give or adopt;

    (c)    To do his/her utmost to further enhance and promote the business and welfare of Employer; and

    (d)    To abide by all state and federal laws and Employer's policies regarding fair lending and non-discrimination in the extension of mortgage services.

4.  **Compensation.** Employee's compensation shall be in accordance with the compensation plan of Employer applicable to Employee, as more fully described in Exhibit 1 and any attachments thereto, attached hereto and incorporated herein by reference. Employer reserves the right to substitute, change, amend or modify the Employee's compensation plan from time to time in its sole discretion.

5.  **Benefits.** Employee benefit administration will be in compliance with Employer's benefit plan documents. If Employee's compensation is based solely on commissions, Employee is not eligible for paid vacation time, floating holidays or other paid absences.

6.  **Confidential and Proprietary Information.**

    (a)    Employee agrees that all file materials and information of Employer, including, but not limited to loans, accounts, contracts, data, records, appraisals and comparable appraisals, financial information, software, customer leads and lists developed and/or delivered to Employee by Employer, product information, strategic business plans, business methodology and processes, and cost and pricing policies are confidential and proprietary information (hereinafter "INFORMATION") and the sole property of Employer. All INFORMATION shall remain the property of Employer, even if Employee terminates his/her employment, whether voluntarily or involuntarily. Upon notice of termination Employee's physical taking or removal of the actual file materials and/or

WF010325

INFORMATION, including but not limited to loan files, from Employer's premises shall be a material breach of this Agreement.

(b)     Employee further agrees to: 1) maintain the INFORMATION in confidence; 2) use an appropriate degree of care to maintain the INFORMATION as secret; 3) use the INFORMATION only in the course of his/her employment with Employer; and 4) deliver to Employer all notes, copies, packages, computer discs/drives/storage and all other materials containing any portion of the INFORMATION at Employer's request.

7.      **Non-Solicitation.** Employee agrees during the term of such employment and for the periods of time specified    below from the date she/he ceases to be in the employment of Employer, regardless of the cause thereof:

(a)     Forever not to attempt to divert any of the business of Employer or any business which Employer has a reasonable expectation of obtaining by soliciting, contacting, or communicating with any customers and/or potential customers which have been derived from leads and lists developed and delivered to Employee by Employer;

(b)     Forever not to communicate to or use for the benefit of any person, any of the INFORMATION or business secrets used by Employer nor to disclose the proprietary methods of conducting the business of Employer;

(c)     For  one (1) year not to, directly or indirectly, influence or advise any other person to employ or solicit for employment anyone who is, as of the date of Employee's separation from Employer, in the service of Employer; and

(d)     For  one (1) year not to, directly or indirectly, influence or advise any person who is or shall be in the service of Employer to leave the service of Employer.

(e)     If the Employee has previously executed an Agreement Not to Compete or No Solicitation Agreement in conjunction with a merger, stock or asset purchase by Wells Fargo, to the extent any of the terms of such Agreement Not to Compete or No Solicitation Agreement are inconsistent with this paragraph 7, the terms of the Agreement Not to Compete or No Solicitation Agreement shall control, are incorporated herein by reference and shall remain in full force and effect.

Any violation of this paragraph shall be a material breach of this Agreement.

8.      **Reimbursement.** Employee agrees to reimburse Employer one hundred percent (100%) for any and all lost or destroyed property of Employer for which Employee is/was responsible, including, but not limited to, pagers, security access keys and cellular phones.  In addition, Employee agrees to reimburse Employer one hundred percent (100%) for any and all overpaid compensation including, but not limited to, commissions; commission, override or bonus draws; overages; underages; disability pay; and wages.  In the event Employee does not reimburse Employer one hundred percent (100%) for all such property and/or funds.  By his/her signature on this Agreement, Employee agrees that Employer may withhold the replacement cost of the property and/or overpaid funds from any compensation due to Employee.  However, Employer shall not be prohibited from making a claim against Employee to recover any amount due Employer by Employee, whether or not Employee is due sufficient compensation for Employer to recover any amount due Employer by Employee.

9.      **Lap-Top Computer.** Upon commencement of employment, employees in certain job classifications may be issued a lap-top model computer.  Such computer and all software therein is the property of Employer and is intended for business use only.  Employee agrees to abide by all of Employer's policies and procedures regarding the use of the lap-top computer, as more fully set forth in the Wells Fargo Home Mortgage Laptop Policies and Procedures.  Employee also agrees to reimburse Employer one hundred percent (100%) for any and all loss or damage to the computer.  By his/her signature on this Agreement, Employee agrees that Employer may withhold the replacement cost of the laptop computer from any compensation due to Employee.  However, Employer shall not be prohibited from making a claim against Employee to recover any amount due Employer by Employee, whether or not Employee is due sufficient compensation for Employer to recover any amount due Employer by Employee.  In exchange for authority to receive from and use computer software of Employer, Employee agrees to cease using and return all copies of any computer software provided by Employer upon Employee's termination of employment for any reason.

WF010326

10. **Employee Authority.** Employee shall have no authority to bind Employer to the payment of any money or the doing of any act or thing, or incur any debt, obligation or liability upon or for which Employer is or shall be responsible without first obtaining the written consent of Employer. In the absence of Employer's consent, any expenses incurred by Employee shall be the sole responsibility of Employee, and Employer shall have no liability for or obligation to Employee regarding such expenses.

11. **Power of Attorney.** Employee agrees that during the course of the employment and also in the event of the termination of said employment, regardless of the cause thereof, Employee does hereby grant to Employer or any of its duly authorized agents full power of attorney:

   (a)   To open all envelopes delivered through the United States mails or any other courier at Employer's offices addressed to Employee; and to take for itself any currency which may be enclosed therein to which it may be entitled;

   (b)   To endorse and negotiate all checks, drafts, post office or express money orders payable to said Employee which are the property of said Employer; and

   (c)   To the extent permitted by applicable law to deduct and withhold from compensation due Employee one hundred percent (100%) of all sums owed by Employee to Employer.

12. **Insurance.** If Employee is employed within the Employer's branch retail or wholesale system, Employee agrees to maintain in effect on any motor vehicle that will be used in conducting business, a minimum of Five Hundred Thousand and no/100 Dollars ($500,000.00) in combined single limit bodily injury/property damage liability insurance.

13. **Resignation.** Employee's resignation of employment is effective only upon Employer's acceptance of Employee's written resignation.

14. **Resolution of Disputes.** If a dispute arises out of or relates to this Agreement and/or any exhibits or attachments hereto, as such exhibits or attachments may be amended or modified from time to time, and if the dispute cannot be resolved first through Employer's internal grievance process, Employee agrees to try in good faith to resolve the dispute by mediation pursuant to a qualified neutral mediator acceptable to both Employer and Employee before resorting to arbitration or litigation.

15. **Construction.** All pronouns used herein referring to either party of this contract shall be construed accordingly, regardless of the number or gender thereof; the term "person" shall be deemed to include any person, firm or corporation; and the term "Employer" shall be deemed to include any affiliated, parent or subsidiary company of Employer. Paragraph headings are for convenience only and are not intended to change, limit or otherwise affect the terms of this Agreement.

16. **Governing Law.** This Agreement shall be governed by the law of the State of Iowa.

17. **Entire Agreement/Merger.** This Agreement replaces any other previously executed Employment Agreement between the parties hereto. This Agreement, together with the attached compensation plan, as may be substituted, changed, amended or modified from time to time in the Employer's sole discretion, constitutes the entire agreement and understanding between Employer and Employee and supersedes any and all verbal or written agreements between Employer and Employee.

18. **Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable. This Agreement shall survive the termination or modification of any arrangements contained herein.

19. **Waiver.** No waiver of any term, condition or provision shall be effective for any purpose whatsoever unless such waiver is in writing and signed by the appropriate party to this Agreement.

Dated this 30 day of June , to 2003

4/17/00

WF010327

**EMPLOYER**

Michael S. Hockler
1st Level Manager

I David Drury
2nd Level Manager

**EMPLOYEE**

My signature indicates I have read, fully understand and agree to the terms of this Agreement.

Barbara J. Powell
Employee Signature

BARBARA  J.  Powell
[Typed/Printed Employee Name]

[NOTE:  EMPLOYEE AND MANAGER SHOULD KEEP A COPY OF THE SIGNED AGREEMENT.  DO **NOT** FORWARD TO HUMAN RESOURCES UNTIL ALL SIGNATURES HAVE BEEN OBTAINED. **AFTER** ALL SIGNATURES HAVE BEEN OBTAINED, SEND TO HUMAN RESOURCES AT MAC NUMBER X2403-011.  SIGNED COPIES WILL BE FILED IN THE EMPLOYEE'S OFFICIAL PERSONNEL FILE.]

WF010328

# EMPLOYMENT AGREEMENT

Employee: _Nicole Gering_     Employee # _547274_

Effective Date: _1-1-03_

WHEREAS, _Wells Fargo Home Mortgage_, a _op unit_ of _Wells Fargo Home Mortgage Inc_
(unit name)     (Employer)     (op. unit/subsidiary/JV)     (Wells Fargo Corp)/
Wells Fargo Home Mortgage Inc.)

is engaged in the mortgage banking business and transacts business with thousands of customers nationwide; and in the course of employment contemplated herein, _Nicole Gering_ (Employee) will become acquainted with the business methods, customers and brokers of Employer.

NOW, THEREFORE, the parties hereto agree as follows:

1.  **Employment.** Employee agrees to enter the services of Employer as of the Effective Date entered above and Employer agrees to pay Employee for services.

2.  **At-Will.** Employee's employment with Employer shall be at all times at-will employment and Employer reserves the right to terminate Employee's employment and this Agreement for any reason and/or to modify any of the terms of Employee's employment with or without cause, and with or without notice, at any time in its sole discretion. Likewise, Employee may terminate his/her employment at any time and for any reason.

3.  **Responsibilities.** Employee agrees during the term of such employment:

    (a)  To devote Employee's full business time, attention, best efforts, skill and ability exclusively to the business of Employer, and to perform such services as may be from time to time assigned to Employee by Employer;

    (b)  To comply with all rules, policies and orders which Employer may from time to time give or adopt;

    (c)  To do his/her utmost to further enhance and promote the business and welfare of Employer; and

    (d)  To abide by all state and federal laws and Employer's policies regarding fair lending and non-discrimination in the extension of mortgage services.

4.  **Compensation.** Employee's compensation shall be in accordance with the compensation plan of Employer applicable to Employee, as more fully described in Exhibit 1 and any attachments thereto, attached hereto and incorporated herein by reference. Employer reserves the right to substitute, change, amend or modify the Employee's compensation plan from time to time in its sole discretion.

5.  **Benefits.** Employee benefit administration will be in compliance with Employer's benefit plan documents. If Employee's compensation is based solely on commissions, Employee is not eligible for paid vacation time, floating holidays or other paid absences.

6.  **Confidential and Proprietary Information.**

    (a)  Employee agrees that all file materials and information of Employer, including, but not limited to loans, accounts, contracts, data, records, appraisals and comparable appraisals, financial information, software, customer leads and lists developed and/or delivered to Employee by Employer, product information, strategic business plans, business methodology and processes, and cost and pricing policies are confidential and proprietary information (hereinafter "INFORMATION") and the sole property of Employer. All INFORMATION shall remain the property of Employer, even if Employee terminates his/her employment, whether voluntarily or involuntarily. Upon notice of termination Employee's physical taking or removal of the actual file materials and/or INFORMATION, including but not limited to loan files, from Employer's premises shall be a material breach of this Agreement.

Page 1 / 4 EU     4/17/00

WF000334



(b) Employee further agrees to: 1) maintain the INFORMATION in confidence; 2) use an appropriate degree of care to maintain the INFORMATION as secret; 3) use the INFORMATION only in the course of his/her employment with Employer; and 4) deliver to Employer all notes, copies, packages, computer discs/drives/storage and all other materials containing any portion of the INFORMATION at Employer's request.

7. **Non-Solicitation.** Employee agrees during the term of such employment and for the periods of time specified   below from the date she/he ceases to be in the employment of Employer, regardless of the cause thereof:

(a) Forever not to attempt to divert any of the business of Employer or any business which Employer has a reasonable expectation of obtaining by soliciting, contacting, or communicating with any customers and/or potential customers which have been derived from leads and lists developed and delivered to Employee by Employer;

(b) Forever not to communicate to or use for the benefit of any person, any of the INFORMATION or business secrets used by Employer nor to disclose the proprietary methods of conducting the business of Employer;

(c) For one (1) year not to, directly or indirectly, influence or advise any other person to employ or solicit for employment anyone who is, as of the date of Employee's separation from Employer, in the service of Employer; and

(d) For one (1) year not to, directly or indirectly, influence or advise any person who is or shall be in the service of Employer to leave the service of Employer.

(e) If the Employee has previously executed an Agreement Not to Compete or No Solicitation Agreement in conjunction with a merger, stock or asset purchase by Wells Fargo, to the extent any of the terms of such Agreement Not to Compete or No Solicitation Agreement are inconsistent with this paragraph 7, the terms of the Agreement Not to Compete or No Solicitation Agreement shall control, are incorporated herein by reference and shall remain in full force and effect.

Any violation of this paragraph shall be a material breach of this Agreement.

8. **Reimbursement.** Employee agrees to reimburse Employer one hundred percent (100%) for any and all lost or destroyed property of Employer for which Employee is/was responsible, including, but not limited to, pagers, security access keys and cellular phones. In addition, Employee agrees to reimburse Employer one hundred percent (100%) for any and all overpaid compensation including, but not limited to, commissions; commission, override or bonus draws; overages; underages; disability pay; and wages. In the event Employee does not reimburse Employer one hundred percent (100%) for all such property and/or funds. By his/her signature on this Agreement, Employee agrees that Employer may withhold the replacement cost of the property and/or overpaid funds from any compensation due to Employee. However, Employer shall not be prohibited from making a claim against Employee to recover any amount due Employer by Employee, whether or not Employee is due sufficient compensation for Employer to recover any amount due Employer by Employee.

9. **Lap-Top Computer.** Upon commencement of employment, employees in certain job classifications may be issued a lap-top model computer. Such computer and all software therein is the property of Employer and is intended for business use only. Employee agrees to abide by all of Employer's policies and procedures regarding the use of the lap-top computer, as more fully set forth in the Wells Fargo Home Mortgage Laptop Policies and Procedures. Employee also agrees to reimburse Employer one hundred percent (100%) for any and all loss or damage to the computer. By his/her signature on this Agreement, Employee agrees that Employer may withhold the replacement cost of the laptop computer from any compensation due to Employee. However, Employer shall not be prohibited from making a claim against Employee to recover any amount due Employer by Employee, whether or not Employee is due sufficient compensation for Employer to recover any amount due Employer by Employee. In exchange for authority to receive from and use computer software of Employer, Employee agrees to cease using and return all copies of any computer software provided by Employer upon Employee's termination of employment for any reason.

10. **Employee Authority.** Employee shall have no authority to bind Employer to the payment of any money or the doing of any act or thing, or incur any debt, obligation or liability upon or for which Employer is or shall be responsible without first obtaining the written consent of Employer. In the absence of Employer's consent, any expenses incurred by Employee shall be the sole responsibility of Employee, and Employer shall have no liability for or obligation to Employee regarding such expenses.

4/17/00

WF000335

11. **Power of Attorney.** Employee agrees that during the course of the employment and also in the event of the termination of said employment, regardless of the cause thereof, Employee does hereby grant to Employer or any of its duly authorized agents full power of attorney:

   (a) To open all envelopes delivered through the United States mails or any other courier at Employer's offices addressed to Employee; and to take for itself any currency which may be enclosed therein to which it may be entitled;

   (b) To endorse and negotiate all checks, drafts, post office or express money orders payable to said Employee which are the property of said Employer; and

   (c) To the extent permitted by applicable law to deduct and withhold from compensation due Employee one hundred percent (100%) of all sums owed by Employee to Employer.

12. **Insurance.** If Employee is employed within the Employer's branch retail or wholesale system, Employee agrees to maintain in effect on any motor vehicle that will be used in conducting business, a minimum of Five Hundred Thousand and no/100 Dollars ($500,000.00) in combined single limit bodily injury/property damage liability insurance.

13. **Resignation.** Employee's resignation of employment is effective only upon Employer's acceptance of Employee's written resignation.

14. **Resolution of Disputes.** If a dispute arises out of or relates to this Agreement and/or any exhibits or attachments hereto, as such exhibits or attachments may be amended or modified from time to time, and if the dispute cannot be resolved first through Employer's internal grievance process, Employee agrees to try in good faith to resolve the dispute by mediation pursuant to a qualified neutral mediator acceptable to both Employer and Employee before resorting to arbitration or litigation.

15. **Construction.** All pronouns used herein referring to either party of this contract shall be construed accordingly, regardless of the number or gender thereof; the term "person" shall be deemed to include any person, firm or corporation; and the term "Employer" shall be deemed to include any affiliated, parent or subsidiary company of Employer. Paragraph headings are for convenience only and are not intended to change, limit or otherwise affect the terms of this Agreement.

16. **Governing Law.** This Agreement shall be governed by the law of the State of Iowa.

17. **Entire Agreement/Merger.** This Agreement replaces any other previously executed Employment Agreement between the parties hereto. This Agreement, together with the attached compensation plan, as may be substituted, changed, amended or modified from time to time in the Employer's sole discretion, constitutes the entire agreement and understanding between Employer and Employee and supersedes any and all verbal or written agreements between Employer and Employee.

18. **Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable. This Agreement shall survive the termination or modification of any arrangements contained herein.

19. **Waiver.** No waiver of any term, condition or provision shall be effective for any purpose whatsoever unless such waiver is in writing and signed by the appropriate party to this Agreement.

Dated this __1__ day of __Jan__, 20 03.

4/17/00

WF000336



**EMPLOYER**

_____
1st Level Manager

_____
2nd Level Manager

**EMPLOYEE**

My signature indicates I have read, fully understand and agree to the terms of this Agreement.

_____
Employee Signature

Nicole Gering
[Typed/Printed Employee Name]

[NOTE: EMPLOYEE AND MANAGER SHOULD KEEP A COPY OF THE SIGNED AGREEMENT. DO NOT FORWARD TO HUMAN RESOURCES UNTIL ALL SIGNATURES HAVE BEEN OBTAINED. AFTER ALL SIGNATURES HAVE BEEN OBTAINED, SEND TO HUMAN RESOURCES AT MAC NUMBER X2401-02B. SIGNED COPIES WILL BE FILED IN THE EMPLOYEE'S OFFICIAL PERSONNEL FILE.]

WF000337

# EMPLOYMENT AGREEMENT

Employee: MARY Southworth    Employee # 528118

Effective Date: 9-23-02

WHEREAS, Van Nuys (Employer), a Unit of WFHM
(unit name)    (op. unit-subsidiary/JV)    (Wells Farg Corp/
Wells Fargo Home Mortgage Inc.)

is engaged in the mortgage banking business and transacts business with thousands of customers nationwide; and in the course of employment contemplated herein, Mary Southworth (Employee) will become acquainted with the business methods, customers and brokers of Employer;

NOW, THEREFORE, the parties hereto agree as follows:

1. **Employment.** Employee agrees to enter the services of Employer as of the Effective Date entered above and Employer agrees to pay Employee for services.

2. **At-Will.** Employee's employment with Employer shall be at all times at-will employment and Employer reserves the right to terminate Employee's employment and this Agreement for any reason and/or to modify any of the terms of Employee's employment with or without cause, and with or without notice, at any time in its sole discretion. Likewise, Employee may terminate his/her employment at any time and for any reason.

3. **Responsibilities.** Employee agrees during the term of such employment:

   (a) To devote Employee's full business time, attention, best efforts, skill and ability exclusively to the business of Employer, and to perform such services as may be from time to time assigned to Employee by Employer;

   (b) To comply with all rules, policies and orders which Employer may from time to time give or adopt;

   (c) To do his/her utmost to further enhance and promote the business and welfare of Employer; and

   (d) To abide by all state and federal laws and Employer's policies regarding fair lending and non-discrimination in the extension of mortgage services.

4. **Compensation.** Employee's compensation shall be in accordance with the compensation plan of Employer applicable to Employee, as more fully described in Exhibit 1 and any attachments thereto, attached hereto and incorporated herein by reference. Employer reserves the right to substitute, change, amend or modify the Employee's compensation plan from time to time in its sole discretion.

5. **Benefits.** Employee benefit administration will be in compliance with Employer's benefit plan documents. If Employee's compensation is based solely on commissions, Employee is not eligible for paid vacation time, floating holidays or other paid absences.

6. **Confidential and Proprietary Information.**

   (a) Employee agrees that all file materials and information of Employer, including, but not limited to loans, accounts, contracts, data, records, appraisals and comparable appraisals, financial information, software, customer leads and lists developed and/or delivered to Employee by Employer, product information, strategic business plans, business methodology and processes, and cost and pricing policies are confidential and proprietary information (hereinafter "INFORMATION") and the sole property of Employer. All INFORMATION shall remain the property of Employer, even if Employee terminates his/her employment, whether voluntarily or involuntarily. Upon notice of termination Employee's physical taking or removal of the actual file materials and/or INFORMATION,

POOR QUALITY COPY RECEIVED

*ND014007*    Page 1    4/17/00

CONFIDENTIAL

WF001302

including but not limited to loan files, from Employer's premises shall be a material breach of this Agreement.

(b) Employee further agrees to: 1) maintain the INFORMATION in confidence; 2) use an appropriate degree of care to maintain the INFORMATION as secret; 3) use the INFORMATION only in the course of his/her employment with Employer; and 4) deliver to Employer all notes, copies, packages, computer discs/drives/storage and all other materials containing any portion of the INFORMATION at Employer's request.

7.  **Non-Solicitation.** Employee agrees during the term of such employment and for the periods of time specified    below from the date she/he ceases to be in the employment of Employer, regardless of the cause thereof:

(a) Forever not to attempt to divert any of the business of Employer or any business which Employer has a reasonable expectation of obtaining by soliciting, contacting, or communicating with any customers and/or potential customers which have been derived from leads and lists developed and delivered to Employee by Employer;

(b) Forever not to communicate to or use for the benefit of any person, any of the INFORMATION or business secrets used by Employer nor to disclose the proprietary methods of conducting the business of Employer;

(c) For one (1) year not to, directly or indirectly, influence or advise any other person to employ or solicit for employment anyone who is, as of the date of Employee's separation from Employer, in the service of Employer; and

(d) For one (1) year not to, directly or indirectly, influence or advise any person who is or shall be in the service of Employer to leave the service of Employer.

(e) If the Employee has previously executed an Agreement Not to Compete or No Solicitation Agreement in conjunction with a merger, stock or asset purchase by Wells Fargo, to the extent any of the terms of such Agreement Not to Compete or No Solicitation Agreement are inconsistent with this paragraph 7, the terms of the Agreement Not to Compete or No Solicitation Agreement shall control, are incorporated herein by reference and shall remain in full force and effect.

Any violation of this paragraph shall be a material breach of this Agreement.

8.  **Reimbursement.** Employee agrees to reimburse Employer one hundred percent (100%) for any and all lost or destroyed property of Employer for which Employee is/was responsible, including, but not limited to, pagers, security access keys and cellular phones. In addition, Employee agrees to reimburse Employer one hundred percent (100%) for any and all overpaid compensation including, but not limited to, commissions; commission; override or bonus draws; overages; underages; disability pay; and wages. In the event Employee does not reimburse Employer one hundred percent (100%) for all such property and/or funds. By his/her signature on this Agreement, Employee agrees that Employer may withhold the replacement cost of the property and/or overpaid funds from any compensation due to Employee. However, Employer shall not be prohibited from making a claim against Employee to recover any amount due Employer by Employee, whether or not Employee is due sufficient compensation for Employer to recover any amount due Employer by Employee.

9.  **Lap-Top Computer.** Upon commencement of employment, employees in certain job classifications may be issued a lap-top model computer. Such computer and all software therein is the property of Employer and is intended for business use only. Employee agrees to abide by all of Employer's policies and procedures regarding the use of the lap-top computer, as more fully set forth in the Wells Fargo Home Mortgage Laptop Policies and Procedures. Employee also agrees to reimburse Employer one hundred percent (100%) for any and all loss or damage to the computer. By his/her signature on this Agreement, Employee agrees that Employer may withhold the replacement cost of the laptop computer from any compensation due to Employee. However, Employer shall not be prohibited from making a claim against Employee to recover any amount due Employer by Employee, whether or not Employee is due sufficient compensation for Employer to recover any amount due Employer by Employee. In exchange for authority to receive from and use computer software of Employer, Employee agrees to cease using and return all copies of any computer software provided by Employer upon Employee's termination of employment for any reason.

POOR QUALITY
COPY RECEIVED

CONFIDENTIAL

WF001303

10.   **Employee Authority.** Employee shall have no authority to bind Employer to the payment of any money or the doing of any act or thing, or incur any debt, obligation or liability upon or for which Employer is or shall be responsible without first obtaining the written consent of Employer. In the absence of Employer's consent, any expenses incurred by Employee shall be the sole responsibility of Employee, and Employer shall have no liability for or obligation to Employee regarding such expenses.

11.   **Power of Attorney.** Employee agrees that during the course of the employment and also in the event of the termination of said employment, regardless of the cause thereof, Employee does hereby grant to Employer or any of its duly authorized agents full power of attorney:

   (a)   To open all envelopes delivered through the United States mails or any other courier at Employer's offices addressed to Employee; and to take for itself any currency which may be enclosed therein to which it may be entitled;

   (b)   To endorse and negotiate all checks, drafts, post office or express money orders payable to said Employee which are the property of said Employer; and

   (c)   To the extent permitted by applicable law to deduct and withhold from compensation due Employee one hundred percent (100%) of all sums owed by Employee to Employer.

12.   **Insurance.** If Employee is employed within the Employer's branch retail or wholesale system, Employee agrees to maintain in effect on any motor vehicle that will be used in conducting business, a minimum of Five Hundred Thousand and no/100 Dollars ($500,000.00) in combined single limit bodily injury/property damage liability insurance.

13.   **Resignation.** Employee's resignation of employment is effective only upon Employer's acceptance of Employee's written resignation.

14.   **Resolution of Disputes.** If a dispute arises out of or relates to this Agreement and/or any exhibits or attachments hereto, as such exhibits or attachments may be amended or modified from time to time, and if the dispute cannot be resolved first through Employer's internal grievance process, Employee agrees to try in good faith to resolve the dispute by mediation pursuant to a qualified neutral mediator acceptable to both Employer and Employee before resorting to arbitration or litigation.

15.   **Construction.** All pronouns used herein referring to either party of this contract shall be construed accordingly, regardless of the number or gender thereof; the term "person" shall be deemed to include any person, firm or corporation; and the term "Employer" shall be deemed to include any affiliated, parent or subsidiary company of Employer. Paragraph headings are for convenience only and are not intended to change, limit or otherwise affect the terms of this Agreement.

16.   **Governing Law.** This Agreement shall be governed by the law of the State of Iowa.

17.   **Entire Agreement/Merger.** This Agreement replaces any other previously executed Employment Agreement between the parties hereto. This Agreement, together with the attached compensation plan, as may be substituted, changed, amended or modified from time to time in the Employer's sole discretion, constitutes the entire agreement and understanding between Employer and Employee and supersedes any and all verbal or written agreements between Employer and Employee.

18.   **Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable. This Agreement shall survive the termination or modification of any arrangements contained herein.

19.   **Waiver.** No waiver of any term, condition or provision shall be effective for any purpose whatsoever unless such waiver is in writing and signed by the appropriate party to this Agreement.

Dated this **5** day of **Sept.**, 20 **02**

4/17/00

POOR QUALITY
COPY RECEIVED

CONFIDENTIAL                                                        WF001304

**EMPLOYER**

Robert Dorstelmann

1st Level Manager

Michael Weisberg

2nd Level Manager

**EMPLOYEE**

My signature indicates I have read, fully understand and agree to the terms of this Agreement.

Employee Signature

MARY SOUTHWORTH

[Typed/Printed Employee Name]

[NOTE: EMPLOYEE AND MANAGER SHOULD KEEP A COPY OF THE SIGNED AGREEMENT. DO **NOT** FORWARD TO HUMAN RESOURCES UNTIL ALL SIGNATURES HAVE BEEN OBTAINED. **AFTER** ALL SIGNATURES HAVE BEEN OBTAINED, SEND TO HUMAN RESOURCES AT MAC NUMBER X2403-011. SIGNED COPIES WILL BE FILED IN THE EMPLOYEE'S OFFICIAL PERSONNEL FILE.]

POOR QUALITY
COPY RECEIVED

Page 4                                    4/17/00

CONFIDENTIAL

WF001305



# New Hire Team Member Acknowledgment

Current Staff Handbook, Code of Ethics and Business Conduct and the Information Security Policy

### Handbook for Wells Fargo Team Members

◄ have received the Handbook for Wells Fargo Team Members, and understand that the policies it contains do not constitute an express or implied contract of employment. I also understand that employment is at will. I further understand that it is my responsibility to read the handbook thoroughly and become familiar with the content.

### Code of Ethics and Business Conduct

The Code of Ethics and Business Conduct sets forth Wells Fargo's policy and standards concerning ethical conduct for all team members. The policy and standards are grouped under section headings that emphasize the fundamental and overriding principles that should guide team member behavior.

◄ understand that the Code of Ethics and Business Conduct is included in the Handbook for Wells Fargo Team Members. Under the Code, I may be required to disclose information or obtain approval in certain situations.. I have read the Code and agree to conduct my affairs in accordance with its provisions.

### Information Security Policy

The Information Security Policy sets forth policies governing team member's use of Wells Fargo's Electronic Communication Systems and the Protection of Information, and affirms Wells Fargo's right to monitor such activity.

◄ understand that the Information Security Policy is included in the Handbook for Wells Fargo Team Members. I have read this policy and agree to abide by its provisions.

### Electronic Human Resources Systems Authorization

The agreement is required in order for you to use Wells Fargo's electronic Human Resources (H.R.) systems (including automated telephone systems and online computer systems). These systems will in many cases allow you to change your personal or benefits information without submitting additional paperwork.

• To ensure privacy and maintain confidentiality, I will use my Employee ID Number or my Social Security Number and a password when I first access a Wells Fargo electronic H.R. system. I will create my own confidential password during the initial use of the system, and it will be known only to me. Each electronic H.R. system may require a different password.

◄ authorize Wells Fargo & Company and its affiliates to carry out all decisions relating to personal and benefits information executed by me through a Wells Fargo electronic H.R. system, including automated telephone systems and online computer systems.

### Acknowledgment

My signature below:

◄Acknowledges receipt of the Handbook for Wells Fargo Team Members and its application to my employment with Wells Fargo;

◄Acknowledges I have read and will adhere to the Code of Ethics and Business Conduct and the Information Security Policy, and that I agree to the Electronic Human Resources Systems Authorization;

*ND014005*

Print Name    Brenda J. McMillan

Employee Signature    Brenda J. B. McMillan

Social Security number

Date    10 / 16 / 02

MAC: M3408-011
BOWNE, TRUDY J



# Team Member Acknowledgment

Handbook, Code of Ethics and Business Conduct, Information Security Policy, and HR Systems Authorization

### Handbook for Wells Fargo Team Members*

*The Handbook for Wells Fargo Team Members, in hard copy or online, is your main resource outlining team member policies covering Wells Fargo and its subsidiaries. In it you'll find important information on topics such as employment, performance, and workplace conduct, including Wells Fargo's policy against harassment.*

- I have received the *Handbook for Wells Fargo Team Members*, in hard copy and/or online, and understand that the policies it contains do not constitute an express or implied contract of employment. I also understand that employment is at will. I further understand that it is my responsibility to read the *Handbook* thoroughly and become familiar with its content.

### Code of Ethics and Business Conduct

*The Code of Ethics and Business Conduct sets forth Wells Fargo's policy and standards concerning ethical conduct for all team members. The policy and standards are grouped under section headings that emphasize the fundamental and overriding principles that should guide team member behavior.*

- I understand that the Code of Ethics and Business Conduct is included in the *Handbook for Wells Fargo Team Members* and that, under the Code, I may be required to disclose information or obtain approval in certain situations.
- I have read the Code and agree to conduct my affairs in accordance with its provisions.

### Information Security Policy

*The Information Security Policy sets forth standards governing the protection of information and team members' use of Wells Fargo electronic communication systems, and also affirms Wells Fargo's right to monitor such activity.*

- I understand that the Information Security Policy is included in the *Handbook for Wells Fargo Team Members*.
- I have read this policy and agree to abide by its provisions.

### Electronic Human Resources Systems Authorization

*This authorization is required in order for you to use Wells Fargo's electronic Human Resources (HR) systems, including automated telephone systems and online computer systems. These systems will in many cases allow you to change your personal or benefits information without submitting additional paperwork.*

- I agree that, to ensure privacy and maintain confidentiality, I will use my Employee ID Number or my Social Security Number and a password when I first access a Wells Fargo electronic HR system. I will create my own confidential password during the initial use of the system, and it will be known only to me. I understand that each electronic HR system may require a different password.
- I authorize Wells Fargo & Company and its affiliates to carry out all decisions relating to personal and benefits information executed by me through a Wells Fargo electronic HR system, including automated telephone systems and online computer systems.

805

*ND014005*

### Acknowledgment

My signature below acknowledges that:
- I have received the *Handbook for Wells Fargo Team Members*, in hard copy and/or online, and understand its application to my employment with Wells Fargo;
- I have read and will adhere to the Code of Ethics and Business Conduct and the Information Security Policy; and
- I agree to the Electronic Human Resources Systems Authorization.

TRUDY BOWNE
Print Name

520X05
Employee ID Number

Team Member Signature

9/15/03
Date

*Team members of Wells Fargo Financial receive the *Handbook for Wells Fargo Financial Team Members.*

Sign this form and return it, within 10 days of receipt, to Employment Processing, MAC S4101-163, 100 W. Washington, Phoenix, AZ 85003.
**DO NOT SUBMIT PHOTOCOPY OR FAX - send original only.**

HRS2209 (Rev/Aug 08/02)

WF000084

# New Hire Team Member Acknowledgement

Current Staff Handbook, Code of Ethics and Business Conduct and the Information Security Policy

**WELLS FARGO**

### Handbook for Wells Fargo Team Members

- I have received the Handbook for Wells Fargo Team Members, and understand that the policies it contains do not constitute an express or implied contract of employment. I also understand that employment is at will. I further Understand that it is my responsibility to read the handbook thoroughly and become familiar with the content.

### Code of Ethics and Business Conduct

The Code of Ethics and Business Conduct sets forth Wells Fargo's policy and standards concerning ethical conduct for all team members. The policy and standards are grouped under section headings that emphasize the fundamental and overriding principles that should guide team member behavior.

- I understand that the Code of Ethics and Business Conduct is included in the Handbook for Wells Fargo Team Members. Under the Code, I may be required to disclose information or obtain approval in certain situations.
- I have read the Code and agree to conduct my affairs in accordance with its provisions.

### Information Security Policy

The Information Security Policy sets forth policies governing team member's use of Wells Fargo's Electronic Communication Systems and the Protection of Information, and affirms Wells Fargo's right to monitor such activity.

- I understand that the Information Security Policy is included in the Handbook for Wells Fargo Team Members. I have read this policy and agree to abide by its provisions.

### Electronic Human Resources Systems Administration

The agreement is required in order for you to use Wells Fargo's electronic Human Resources (H.R.) systems (including automated telephone systems and on-line computer systems). These systems will in many cases allow you to change your personal or benefits information without submitting additional paperwork.

- To ensure privacy and maintain confidentiality, I will use my Employee ID Number or my Social Security Number and a password when I first access a Wells Fargo electronic HR system. I will create my own confidential password during the initial use of the system, and it will be known only to me. Each electronic HR system may require a different password.
- I authorize Wells Fargo & Company and its affiliates to carry out all decisions relating to personal and benefits information executed by me through a Wells Fargo electronic H.R. system, including automated telephone systems and on-line computer systems.

### Acknowledgement

My signature below:

- Acknowledges receipt of the Handbook for Wells Fargo Team Members and its application to my employment with Wells Fargo;
- Acknowledges I have read and will adhere to the Code of Ethics and Business Conduct and the Information Security Policy, and that I agree to the Electronic Human Resources Systems Authorization.

ELISHIA A. HESTERBERG
Print Name

_Social Security Number_

_Elishia A. Hstrrs_
Employee Signature

4/10/02
Date

HRS 28M54 (11-00)

WF000148

**WELLS FARGO**

# Team Member Acknowledgment — 1999

Current Staff Handbook, Code of Ethics and Business Conduct and the Information Security Policy

MAC: N8218-011
JAMIE SMITH

### Handbook for Wells Fargo Team Members

- I have received the Handbook for Wells Fargo Team Members, and understand that the policies it contains do not constitute an express or implied contract of employment. I also understand that employment is at will. I further understand that it is my responsibility to read the handbook thoroughly and become familiar with the content.

### Code of Ethics and Business Conduct

The Code of Ethics and Business Conduct sets forth Wells Fargo's policy and standards concerning ethical conduct for all team members. The policy and standards are grouped under section headings that emphasize the fundamental and overriding principles that should guide team member behavior.

- I understand that the Code of Ethics and Business Conduct is included in the Handbook for Wells Fargo Team Members. Under the Code, I may be required to disclose information or obtain approval in certain situations. I have read the Code and agree to conduct my affairs in accordance with its provisions.

### Information Security Policy

The Information Security Policy sets forth policies governing team member's use of Wells Fargo's Electronic Communication Systems and the Protection of Information, and affirms Wells Fargo's right to monitor such activity.

- I understand that the Information Security Policy is included in the Handbook for Wells Fargo Team Members. I have read this policy and agree to abide by its provisions.

### Electronic Human Resources Systems Authorization

The agreement is required in order for you to use Wells Fargo's electronic Human Resources (H.R.) systems (including automated telephone systems and online computer systems). These systems will in many cases allow you to change your personal or benefits information without submitting additional paperwork.

- To ensure privacy and maintain confidentiality, I will use my Employee ID Number or my Social Security Number and a password when I first access a Wells Fargo electronic H.R. system. I will create my own confidential password during the initial use of the system, and it will be known only to me. Each electronic H.R. system may require a different password.

- I authorize Wells Fargo & Company and its affiliates to carry out all decisions relating to personal and benefits information executed by me through a Wells Fargo electronic H.R. system, including automated telephone systems and online computer systems.



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

ND014004

Acknowledgment

My signature below:

- Acknowledges receipt of the Handbook for Wells Fargo Team Members and its application to my employment with Wells Fargo;

- Acknowledges I have read and will adhere to the Code of Ethics and Business Conduct and the Information Security Policy, and that I agree to the Electronic Human Resources Systems Authorization;

Jamie Smith
Print Name

Jamie M Smith
Employee Signature

Social Security Number

11 / 16 / 1999
Date