1  Denise K. Drake
   Eric P. Kelly
2  SPENCER FANE BRITT & BROWNE LLP
   1000 Walnut, Suite 1400
3  Kansas City, MO 64106
   Telephone: 816-474-8100
4  Facsimile: 816-474-3216

5  Joan B. Tucker Fife (SBN: 144572)
   jfife@winston.com
6  Robert Spagat (SBN: 157388)
   rspagat@winston.com
7  WINSTON & STRAWN LLP
   101 California Street
8  San Francisco, CA 94111-5894
   Telephone:    415-591-1000
9  Facsimile:    415-591-1400

10 Attorneys for Defendants Wells Fargo
   Mortgage, a Division of Wells Fargo, N.A.
11 and Wells Fargo, N.A.

12

                    **UNITED STATES DISTRICT COURT**
13
                    **NORTHERN DISTRICT OF CALIFORNIA**
14

15

16 | IN RE WELLS FARGO LOAN PROCESSOR      | **MDL Docket No. 1841 (MHP)**
   | OVERTIME PAY LITIGATION               |
17 |                                        |
18 | THIS DOCUMENT RELATES TO ALL          | **NOTICE OF MOTION AND MOTION TO**
   | CASES                                  | **STRIKE CONSOLIDATED COMPLAINT**
19 |                                        | **AND/OR PORTIONS OF CONSOLIDATED**
   |                                        | **COMPLAINT PURSUANT TO**
   |                                        | **FED.R.CIV.P. 15(a)(2) AND 12(f)**
20
                                             **Date: April 14, 2008**
21                                           **Time: 2:00 p.m.**
                                             **Ctrm: 15**
22                                           **Judge: Hon. Marilyn Hall Patel**

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 3

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................... 4

III.  STATEMENT OF RELEVANT FACTS ............................................................ 5

    A.    The Bowne Action (No. 06-2020) (D. Kan.) ............................................. 5

    B.    The Basore Action (No. 07-0461) (N.D. Cal.) ........................................... 6

    C.    MDL Proceedings (MDL No. 01841) ....................................................... 7

    D.    Consolidated Proceedings (MDL No. 01841) ........................................... 7

    E.    Plaintiffs' Consolidated Complaint ........................................................... 8

IV.   ARGUMENT ..................................................................................................... 10

    A.    The Consolidated Complaint Should Be Stricken Pursuant To Fed.R.Civ.P. 15(a)(2) Because It Materially Amends The Complaints And Was Filed Without Leave Of Court. ........................................................................... 10

        1.    The Consolidated Complaint Is A Legal Nullity Because It Is An Amended Complaint Filed Without Leave Of Court. ..................................... 10

        2.    Plaintiffs' Proffered Consolidated Complaint Violates The MDL Statute, The MDL Panel's Transfer Order, And This Court's Consolidation Order. ................................................................................................ 10

        3.    If Plaintiffs Had Filed A Motion For Leave To Amend The Complaints, They Would Not Meet The Standard For Leave. ....................... 14

            a.    The Deadline To Amend The Complaint Has Long Past In The Bowne Action ........................................................................................... 14

            b.    Plaintiffs Seek To Add A New Defendant. ........................................... 15

            c.    Plaintiffs Cannot Meet The "Liberal" Standard For Amendment. ........................................................................................... 15

            d.    Plaintiffs' Allegations Of "Discovery Abuse" By Wells Fargo Are Irrelevant And Unfounded. ........................................................... 17

    B.    The Court Should Strike The Allegations Of The Complaint Expanding The Class. ...................................................................................................... 17

        1.    Standard of Review ...................................................................... 18

        2.    The Court Should Strike Allegations Of An Expanded Class. ....................... 18

        3.    The Court Should Strike Allegations Defining The Class Period As Extending Back To January 2003. ................................................................. 18

i

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF CONSOLIDATED COMPLAINT. MDL DOCKET NO. 1841 (MHP)

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

a.  Plaintiffs Cannot Meet Their Burden Of Proving That Equitable Tolling Is Appropriate.......................................................... 19

b.  This Court May Not Order Tolling For Putative FLSA Collective Class Members Who Are Not Parties To This Action. ............................................................................................................ 20

c.  At a Minimum, The Statute of Limitations Should Not Be Tolled For Those Putative Collective Action Members Who Received Class Notice In Bowne And Did Not Submit A Consent Form. ...................................................................................... 21

d.  The Expanded "Team Member" Claims Do Not Relate Back To The "Loan Processor" Claims........................................................ 22

V.    CONCLUSION ............................................................................................................ 24

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

ii

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF CONSOLIDATED COMPLAINT. MDL DOCKET NO. 1841 (MHP)

SF:202642.4

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Alvarez-Machain v. United States,*
    107 F.3d 696 (9th Cir. 1996) ................................................................. 19, 21

5

6

*Am. Pipe & Constr. Co. v. Utah,*
    414 U.S. 538 (1974) ............................................................................... 23

7

*Anderson v. First Sec. Corp.,*
    249 F. Supp. 2d 1256 (D. Utah 2002) .................................................. 18

8

9

*Baldwin County Welcome Ctr. v. Brown,*
    466 U.S. 147 (1984) ............................................................................... 21

10

11

*Barnes v. First Am. Title Ins. Co.,*
    473 F. Supp. 2d 798 (N.D. Ohio 2007) ................................................ 22, 23

12

*Bonilla v. Las Vegas Cigar Co.,*
    61 F. Supp. 2d 1129 (D. Nev. 1999) .................................................... 19

13

14

*Breiner v. Litwhiler,*
    245 F. Supp. 2d 614 (M.D. Pa. 2003) .................................................. 10

15

16

*California v. United States,*
    512 F. Supp. 36 (N.D. Cal. 1981) ......................................................... 18

17

*Cliff v. Payco Gen. Am. Credits, Inc.,*
    363 F.3d 1113 (11th Cir. 2004) ............................................................. 23

18

19

*Cole v. Schenley Indus., Inc.,*
    563 F.2d 35 (2d Cir. 1977) .................................................................... 11

20

21

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) .............................................................. 15, 16

22

*Fantasy, Inc. v. Fogerty,*
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ...................... 18

23

24

*Fichtner v. Am. Family Mut. Ins. Co.,*
    No. 02-6284-HO, 2004 WL 3106753 (D. Or. March 1, 2004) ............................ 19

25

26

*Foman v. Davis,*
    371 U.S. 178 (1962) ............................................................................... 15

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

SF:202642.4

*Hargett v. Valley Fed. Sav. Bank*,
    60 F.3d 754 (11th Cir. 1995) ............................................................................ 14

*In re Bennett Funding Group Inc. Sec. Litig.*,
    194 F.R.D. 98 (S.D. N.Y. 2000) ........................................................................ 22

*In re Fritz Cos. Sec. Litig.*,
    282 F. Supp. 2d 1105 (N.D. Cal. 2003) ............................................................ 15

*In re Netopia, Inc.*,
    2005 U.S. Dist. LEXIS 38823 (N.D. Cal. 2005) .............................................. 18

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    158 F.R.D. 562 (S.D. N.Y. 1994) ..................................................................... 11

*In re Syntex Corp. Sec. Litig.*,
    95 F.3d 922 (9th Cir. 1996) .............................................................................. 22

*In re TMI Litig.*,
    193 F.3d 613 (3rd. Cir. 1999) ........................................................................... 11

*In re Union Exploration Partners Sec. Litig.*,
    1992 WL 203812 (C.D. Cal. 1992) ............................................................ 10, 18

*Irwin v. Dep't of Veterans Affairs*,
    498 U.S. 89 (1990) ...................................................................................... 19, 21

*Javier H. v. Garcia-Botello*,
    239 F.R.D. 342 (W.D.N.Y. 2006) .................................................................... 22

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ............................................................................ 14

*Johnson v. Manhattan Ry. Co.*,
    289 U.S. 479 (1933) .......................................................................................... 11

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
    523 U.S. 26 (1998) ............................................................................................ 11

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ............................................................................ 15

*Muskrat v. United States*,
    219 U.S. 346 (1911) .......................................................................................... 21

*Nelson v. County of Allegheny*,
    60 F.3d 1010 (3d Cir. 1995) ........................................................................ 22, 23

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

iv

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT. MDL DOCKET NO. 1841 (MHP)

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1
2      *Nevada Employees' Ass'n v. Bryan,*
         916 F.2d 1384 (9th Cir. 1990) ............................................................................ 20

3      *Osborn v. Bank of United States,*
4        22 U.S. 738 (1824) .............................................................................................. 21

5      *Senterfitt v. SunTrust Mortgage, Inc.,*
         385 F. Supp. 2d 1377 (S.D. Ga. 2005) ............................................................... 23

6      *Sidney-Vinstein v. A.H. Robins Co.,*
7        697 F.2d 880 (9th Cir. 1983) .............................................................................. 18

8      *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s*
         *Mkt.,* 240 F.R.D. 149 (D.N.J. 2007) ................................................................. 10
9
10     *U.S. ex rel. Matthews v. HealthSouth Corp.,*
         332 F.3d 293 (5th Cir. 2003) .............................................................................. 10

11     *Union Pac. R.R. Co. v. Nevada Power Co.,*
12       950 F.2d 1429 (9th Cir. 1991) ............................................................................ 15

13     *United States v. Cook,*
         795 F.2d 987 (Fed. Cir. 1986) ............................................................................ 21
14
15     *Veliz v. Cintas Corp.,*
         No. C03-1180 SBA, 2007 WL 841776 (N.D. Cal. Mar. 20, 2007) ................. 19, 21
16
17     **STATUTES**

18     28 U.S.C. § 1407 .................................................................................................... 7

19     28 U.S.C. § 1407(a) .............................................................................................. 11

20     29 U.S.C. § 216(b) ............................................................................................. 5, 20

21
22     **OTHER AUTHORITIES**
23
24     Fed. R. Civ. P. 12(f) ........................................................................................ 17, 18

25     Fed. R. Civ. P. 15 ......................................................................................... passim

26
27
28

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT**, on April 14, 2008, at 2:00 p.m., or as soon thereafter as the matter may be called for hearing, in Courtroom 15 of the above-entitled Court, Defendants Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, National Association, and Wells Fargo Bank National Association (collectively "Wells Fargo") will move, and hereby does move, to strike the consolidated complaint, filed on March 21, 2008 (Doc. 31), pursuant to Rules 15(a)(2) and 12(f) of the Federal Rules of Civil Procedure. Wells Fargo's motion is brought on the grounds that Plaintiffs' Consolidated Complaint is an amended complaint within the meaning of Fed.R.Civ.P. 15(a) filed without leave of court, that Plaintiffs' failed to timely seek leave of court to file an amended complaint, and that Wells Fargo would be unduly prejudiced if Plaintiffs were allowed to filed an amended complaint expanding the size and scope of the class and relating the new class members' limitations period back to the filing of the underlying complaints.

Through this Motion, Wells Fargo seeks an order striking the Consolidated Complaint in its entirety, without leave to re-file. In the alternative, Wells Fargo seeks an order striking the Consolidated Complaint, without prejudice to Plaintiffs' right to seek, and Wells Fargo's right to oppose, leave of court to file an amended complaint pursuant to Fed.R.Civ.P. 15. Finally, as a third alternative, if the Court allows Plaintiffs' Complaint to remain on file as the controlling complaint in the consolidated actions, Wells Fargo seeks an order striking the specific allegations in the Consolidated Complaint that refer to "Team Members" and/or extend the class period to January 2003. Specifically, Wells Fargo asks that the Court strike the following allegations: (a) Paragraph 1 (p. 1, line 17, "*Team Members*"); (b) Paragraph 11 (p.3, lines 5-8, "*Team Members*"); (c) Paragraph 12 (p. 3, line 9, "*Team Member*"); (d) Paragraph 13 (p. 3, line 13, "*Team Member*"); (e) Paragraph 15 (p. 3, line 20, "*Team Members*"); (f) Paragraph 21 (p. 4, line 21, "*100,000 Team Members*"); (g) Paragraph 22 (p. 4, line 15, "*Team Members*"); (h) Paragraph 24 (p. 4, lines 21-22, "*Team Members*" and line 25, "*Team Members*"); Paragraph 31 (p. 6, line 7, "*Team Members*"); (j) Paragraph 39 (p. 7, line 18, "*Team Members*"); (k) Paragraph 42 (p. 7, lines 25-26, in its entirety); (l) Paragraph 43 (p. 7, line 27 – p. 8, line 3) in its entirety); (m) Paragraph 43 (p. 8, line 3 "*January 2003*"); (n) Paragraph

1

SF:202642.4

1    50 (p. 8, lines 21-22 "*Plaintiffs are entitled to restitution of backpay, for a period of four years*

2    *predating the filing of the initial Complaint.*"; (o) Paragraph 53 (p. 9, lines 7-10, in its entirety;  (p)

3    Paragraph 53 (p. 9, line 10, "*January 2003*"); (q) Paragraph 54 (p. 9, line 11, "*Team Members*"); (r)

4    Paragraph 55 (p. 9, line 15, "*Team Members*"); (s) Paragraph 62 (p. 10, line 15, "*Team Members*");

5    (t) Paragraph 65 (p. 11, lines 5-7 "*Plaintiffs are entitled to restitution of backpay, for a period of four*

6    *years predating the filing of the initial Complaint.*"); (u) Paragraph 68 (p. 11, lines 18-21, in its

7    entirety); (v) Paragraph 68 (p. 11, line 21, "*January 2003*"); (w) Paragraph 69 (p. 11, line 22, "*Team*

8    *Members*"); (x) Paragraph 70 (p. 11, line 26, "*Team Members*"); (y) Paragraph 77 (p. 13, lines 8-9,

9    "*Team Members*"); (z) Paragraph 120 (p. 18, line 20, "*Team Members*" and line 21, "*Team*

10    *Members*"); and (aa) Paragraph 121 (p. 18, line 24-25, "*Team Members*").

11         This motion is based on this Notice of Motion and Motion, the attached Points and

12    Authorities, the Declaration of Eric P. Kelly, the Declaration of Monique Ngo-Bonnici, the Proposed

13    Order, the Stipulation to Expedite Briefing and Hearing on Wells Fargo's Motion to Strike

14    Plaintiffs' Consolidated Complaint; all court files and records in this action, and upon such papers as

15    may be filed and such oral argument as the Court may hear in this matter.

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

SF:202642.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this Motion, Defendants Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, National Association, and Wells Fargo Bank National Association (collectively "Wells Fargo") moves to strike the Consolidated Complaint in its entirety without leave to amend because Plaintiffs seek to replace the class definition in the two consolidated cases, *i.e.,* "Loan Processors," with a dramatically expanded class of all nonexempt Wells Fargo employees nationwide (styled as "Team Members") at the close of class discovery after more than two years of litigation. Alternatively, Wells Fargo moves to strike the Consolidated Complaint in its entirety without prejudice to Plaintiffs' right to file, and Wells Fargo's right to oppose, a motion for leave to amend pursuant to Fed.R.Civ.P. 15(a)(2). Finally, if the Court is inclined to allow the Consolidated Complaint to become the operative pleading in the consolidated actions, Wells Fargo moves for an order striking the allegations relating back the claims of the expanded class be stricken, as set forth in the Notice, so that the limitation period for non-loan processor "Team Members" is measured from the filing of the Consolidated Complaint.

Plaintiffs alleged as early as January 2006, when they filed the original complaint in *Bowne v. Wells Fargo Bank, N.A.*, (the "*Bowne* Cmplt.") [Doc. 1], that they were victims of a "uniform and company-wide compensation policy" (*Bowne* Cmplt., ¶ 25), yet they brought a putative collective action on behalf of Loan Processors only. Plaintiffs subsequently amended the *Bowne* complaint. Their attorneys then filed *Basore v. Wells Fargo Home Mortgage, a Division of Wells Fargo, N.A. et al.,* (the "*Basore* Cmplt."), and declared it related to the *Bowne* action. The last day to amend the complaint passed in *Bowne* on August 31, 2007. The Actions eventually were consolidated. Through all of this, class discovery proceeded and Wells Fargo prepared for an eventual class certification motion over a period of more than two years.

On March 20, 2008, Wells Fargo completed a major filing challenging the propriety of Plaintiffs' putative nationwide "Bus. & Prof. Code § 17200 class" in the consolidated proceedings pursuant to this Court's long-standing amended Case Management Order. [Doc 12.] *The next day,*

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3

SF:202642.4

1    Plaintiffs filed a "Consolidated Complaint" that amended the *Bowne* and *Basore* complaints.

2    Plaintiffs added an entirely new defendant, Wells Fargo & Co., and dramatically expanded the size

3    and scope of the putative classes.  Plaintiffs sought neither the consent of Wells Fargo nor leave of

4    court before filing their amended complaint on March 21, 2008.  To the contrary, Plaintiffs waited

5    until March 20, 2008, to notify counsel for Wells Fargo that Plaintiffs were going to file, according

6    to Plaintiffs' attorneys' own description, an "amended complaint," which "expands the class

7    definition."  (Declaration of Eric P. Kelly in Support of Defendants Wells Fargo Mortgage, a

8    Division of Wells Fargo N.A. and Wells Fargo N.A.'s Motion to Strike Consolidated Complaint

9    and/or Portion of Consolidated Complaint ("Kelly Decl."), ¶ 5, Exh. 1.)  By captioning the amended

10   complaint as a "Consolidated Complaint," Plaintiffs apparently seek to hide behind this Court's

11   scheduling order, dated November 13, 2007, which describes generally the duties of lead Plaintiffs'

12   counsel to include, *inter alia*, the responsibility to file a "consolidated" – not an "amended" –

13   complaint. [Doc. 12, 8(C).]

14       Allowing the Consolidated Complaint to stand would unduly prejudice Wells Fargo.  It

15   would complicate, and to a great degree undermine, the progress of more than two years of pretrial

16   proceedings in the consolidated cases.  Accordingly, for the reasons set forth below, Wells Fargo

17   requests that the Court strike the Consolidated Complaint, or in the alternative, strike the portions of

18   the Consolidated Complaint relating to the expanded class and relating it back to the filing of the

19   original complaints.

20   **II.    STATEMENT OF ISSUES TO BE DECIDED**

21       1.    Whether Plaintiffs can amend the complaints to expand the size and scope of the class

22   from all loan processors to all employees nationwide, to merge the collective classes, and to add a

23   defendant, without obtaining the consent of defendants or leave of court?

24       2.    Whether allegations expanding the size and scope of the class at the close of class

25   discovery and weeks before the class certification motion is due should be stricken from a

26   Consolidated Complaint that materially amends the underlying complaints?

27

28

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT. MDL DOCKET NO. 1841 (MHP)

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1      3.     Whether allegations relating back the class period for the newly pled class to the

2  original complaint(s) should be stricken?

3  **III.    STATEMENT OF RELEVANT FACTS**

4      **A.     The *Bowne* Action (No. 06-2020) (D. Kan.)**

5        On January 19, 2006, Plaintiffs Trudy Bowne, Kristen Andersen and Elishia Hesterberg filed

6  an action against Wells Fargo Bank, National Association ("Wells Fargo N.A.") in the United States

7  District Court for the District of Kansas, captioned *Bowne, Andersen and Hesterberg v. Wells Fargo*

8  *Bank, National Association* (the "*Bowne* Cmplt."). [Doc. 1.]  The Complaint alleged that Plaintiffs

9  were employed by Wells Fargo N.A. as loan processors in Overland Park, Kansas, and that

10  Andersen also was employed in Kansas City, Missouri. (*Bowne* Complaint., ¶¶ 3-5.)  On March 9,

11  2006, Plaintiffs filed an amended complaint ("*Bowne* Amd. Cmplt."), adding new Plaintiffs Amie

12  Lovrien, Jamie Hejlik, and Nicole Gering from various locations in Iowa. (*Bowne* Amd. Cmplt., ¶¶

13  6-8.) [Doc. 9.]  The Amended Complaint alleged that the Iowa Plaintiff Lovrien was a loan

14  processor and that Plaintiffs Hejlik and Gering were "mortgage loan associates." (*Id.*)

15        The original and amended complaints (collectively the "*Bowne* Complaints") were pled as an

16  "opt-in" collective action under the Fair Labor Standards Act , 29 U.S.C. § 216(b). (*Bowne* Cmplt.,

17  ¶¶ 16-18; *Bowne* Amd. Cmplt., ¶¶ 24-26 .)  The *Bowne* Complaints pled a single count alleging that

18  "Defendant willfully violated the FLSA by failing to pay [Plaintiffs] for overtime." (*Bowne* Cmplt.,

19  ¶ 23; *Bowne* Amd. Cmplt., ¶ 31.)  The *Bowne* Complaints alleged that Plaintiffs were victims of "a

20  uniform and company-wide compensation policy [that] ha[d] been applied to all loan processors."

21  (*Bowne* Cmplt., ¶ 25.)  The *Bowne* Amended Complaint alleged that Plaintiffs were victims of "a

22  uniform and company-wide compensation policy [that] ha[d] been applied to all loan processors,

23  mortgage loan associates and other similarly situated employees." (*Bowne* Amd. Cmplt., ¶ 33.)

24        On October 23, 2006, the Parties in *Bowne* stipulated to the conditional certification of a

25  class. *See Bowne* Stipulation [Doc. 22].  Notice was sent to all class members in early December

26  2006.

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT. MDL DOCKET NO. 1841 (MHP)

SF:202642.4

1    On May 16, 2007, the Court issued a scheduling order, which stated in pertinent part: "Any

2  motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by

3  August 31, 2007. [Doc. 99.]

4    The *Bowne* Plaintiffs have been represented by Stueve Siegel Hanson LLP ("Stueve")

5  continuously since the filing of the *Bowne* Complaint.

6    **B.    The *Basore* Action (No. 07-0461) (N.D. Cal.)**

7    On January 23, 2007, during the *Bowne* class notice period, Plaintiffs Mary Basore and

8  Brenda McMillian ("Basore Plaintiffs") filed a complaint against Wells Fargo Home Mortgage, a

9  Division of Wells Fargo Bank, National Association and Wells Fargo Bank, National Association in

10  the United States District Court for the Northern District of California, captioned *Basore and*

11  *McMillian v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, National Association*

12  and *Wells Fargo Bank, National Association* (the "*Basore* Complaint"). Like the Plaintiffs in

13  *Bowne*, the *Basore* Plaintiffs have been represented by the Stueve law firm continuously since the

14  filing of the *Basore* action.

15    The *Basore* Complaint alleges that "Wells Fargo" employed Plaintiff McMillian as a loan

16  processor/mortgage processor in Charlotte, North Carolina, and Plaintiff Basore as a loan processor

17  in Van Nuys, California. (*Basore* Complaint, ¶¶ 4-5.) The *Basore* Complaint is pled as two classes

18  as follows:

19      1.    Nationwide Class:  All current and former Wells Fargo Loan Processors
          employed by Defendants nationwide within the previous four years.  This is a
20         purported nationwide class based on Cal. Bus. & Prof. Code § 17200, for
          which the unlawful business practice alleged is violation of the Fair Labor
21         Standards Act provisions governing payment of overtime. (*Basore* Cmplt., ¶
          35.)
22
      2.    California Class:  All current and former Wells Fargo Loan Processors
23         employed by Defendants in California in the previous four years. (*Basore*
          Cmplt., ¶ 50.)  This purported California class is based upon alleged violations
24         of the California labor Code governing overtime, meal and rest breaks and
          payment of all wages due upon discharge, and Cal. Bus. & Prof. Code §
25         17200.

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  The Complaint also pleads a Nationwide Collective ("opt-in") class consisting of loan processors

2  who allegedly did not receive overtime in violation of the FLSA, excluding those who opted into the

3  *Bowne* collective class. (*See Basore* Cmplt., ¶¶ 58-60, 88-97.) Specifically, the Complaint alleges:

> The individually-named Plaintiffs, and all similarly situated
> employees, are victims of a uniform and company-wide compensation
> policy. This uniform policy, in violation of the FLSA, has injured the
> similarly situated Loan Processors who have joined, and who will join,
> this case. ¶ This nationwide FLSA collective action excludes
> Plaintiffs who have already opted-in to [the *Bowne* action].

8  (*Id.*, ¶¶ 93-94.)

9      The gravaman of the *Basore* Complaint is that Wells Fargo did not pay overtime in

10  accordance with the FLSA, and with respect to the California class, California Labor Code § 510.

11  (*Basore* Cmplt., ¶¶ 88-97; 71-76.) With respect to the California class, the *Basore* Complaint also

12  alleges violations of California law governing meal and rest breaks, and payment of wages upon

13  discharge, Cal. Labor Code §§ 201, 203, 226.7, 512. (*Basore Cmplt.,* ¶¶ 77-87.) The *Basore*

14  Complaint alleges that all of the alleged violations, including the purported FLSA violation, give rise

15  to a predicate claim under Cal. Bus. & Prof. Code § 17200 for all putative class members

16  nationwide. (*Id.*, ¶¶ 61-70.)

17      **C.    MDL Proceedings (MDL No. 01841)**

18      On June 22, 2007, the Judicial Panel on Multidistrict Litigation transferred *Bowne* to this

19  Court for pretrial proceedings coordinated with *Basore* pursuant to 28 U.S.C. § 1407. [Doc.1.] The

20  MDL panel found that the cases should be consolidated in California because "[b]oth of these

21  actions involve common factual allegations concerning Wells Fargo's alleged failure to pay overtime

22  compensation to current and former loan processors." MDL Panel Transfer Order, June 22, 2007,

23  at 1.

24      **D.    Consolidated Proceedings (MDL No. 01841)**

25      On November 13, 2007, this Court entered an order consolidating *Bowne* and *Basore* "for

26  purposes of pretrial proceedings." (Amended Case Management Order ("Order"), ¶ 1. [Doc. 12.]

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

27

28

7

SF:202642.4

1    The Order states:

2           This order does not constitute a determination that these actions shall
            be consolidated for trial, nor does it have the effect of making any
3           entity a party to an action in which it has not been joined and served in
            accordance with the Federal Rules of Civil Procedure.
4

5    (*Id.*) The Order imposed a number of pretrial deadlines, including the close of class discovery on

6    January 31, 2008, and Plaintiffs' last day to file a class certification motion on March 3, 2008. (*Id.*,

7    ¶ 12.) The Order also directed Plaintiffs' lead counsel to file a consolidated complaint. (*Id.*, ¶ 8(C).)

8           On February 2 and 5, 2008, the parties filed two stipulations extending a number of

9    deadlines, including:

10          1.    March 21, 2008: Last day to file motion to motion re applicability of Cal.
                  Bus. & Prof. Code § 17200 to claims raised in Basore.
11

12          2.    March 31, 2008: Last day to complete discovery on class certification issues.

13          3.    April 15, 2008: Last day to file motions for class certification and collective
                  action conditional certification.
14    [Docs. 17 and 19.]

15          On March 20, 2008, Wells Fargo filed its motion to dismiss Plaintiffs' 17200 claims (the "§

16    17200 Motion"). [Doc 26.] That motion was pending as of the date of the filing of this motion.

17    **E.    Plaintiffs' Consolidated Complaint**

18          On March 20, 2008, the day Wells Fargo filed the § 17200 Motion, Plaintiffs notified counsel

19    for Wells Fargo via e-mail for the first time that they were planning of filing a "consolidated

20    complaint." The notice stated in pertinent part:

21           I did not realize that Wells Fargo's [§ 17200]motion was due so soon.
             In light of this timeline, I wanted to give you advanced notice that we
22           are planning on filing a consolidated complaint tomorrow. ... The
             complaint also expands the class definition. The timing of the
23           amendment obviously creates some procedural issues. ... [W]e would
             not expect Wells Fargo to file its [§ 17200] motion without seeing the
24           amended complaint. ... We are still planning on meeting the deadline
             for certification briefing [*i.e.*, April 15, 2008].
25

26    (Kelly Decl., ¶ 5, Exh. 1.)

27

28                                                    8

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    On March 21, 2008, the day after Wells Fargo filed the § 17200 Motion, Plaintiffs filed the

2    amended complaint, captioning it a "Consolidated Complaint" (the "Complaint"). [Doc 31.]

3    Plaintiffs neither sought nor obtained Wells Fargo's consent or leave of court before filing the

4    Complaint. (Kelly Decl., ¶ 6.) The Complaint for the first time names "Wells Fargo & Co." as a

5    defendant. (*See* Complaint, at 1:13-14.) Wells Fargo & Co. is not a party to these consolidated

6    proceedings. The Complaint alleges, also for the first time, that consolidated actions are brought on

7    behalf of current and former non-exempt "Team Members"[1] rather than Loan Processors and/or

8    Mortgage Processors. (*Id.*, ¶ 1.) The Complaint attempts to redefine a *new* class as follows:

> All current and former Wells Fargo Bank, N.A. Team Members who
> were classified as non-exempt but who were subject to Wells Fargo's
> "Standard Hours" policy since January 2003.

(*Id.*, ¶ 43.) The Complaint candidly concedes that it amends the prior complaints generally, and that

the class definition "amend[s]" the class definition of the prior complaints in particular. (*Id.*, ¶¶ 7,

43.) Based on these allegations, the Complaint seeks to certify two classes:

> All current and former Wells Fargo Bank, N.A. Team Members who
> were employed by Wells Fargo in California and who were classified
> as non-exempt but were subject to the "Standard Hours" policy since
> January 2003.

> All current and former Wells Fargo Bank, N.A. Team Members who
> were employed by Wells Fargo nationwide, excluding California, and
> who were classified as non-exempt but were subject to the "Standard
> Hours" policy since January 2003.

20    (*Id.*, ¶¶ 53, 68.)

21    The Complaint also seeks equitable tolling of the statute of limitations. (*See* Consolidated

22    Complaint, ¶¶ 32-43.) With respect to "Team Members" generally, as distinct from Loan

23    Processors, the Complaint alleges: "Recent discovery has also brought to light that Wells Fargo

24    employed an illegal company-wide policy of paying all non-exempt Team Members pursuant to

25    Standard Hours." *Id.*, ¶ 39.

---

[1] The Consolidated Complaint does not define "Team Members," but it appears from the context of the allegations to refer generally to "employees" of all defendants collectively.

9

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

IV.    **ARGUMENT**

A.    **The Consolidated Complaint Should Be Stricken Pursuant To Fed.R.Civ.P. 15(a)(2) Because It Materially Amends The Complaints And Was Filed Without Leave Of Court.**

1.    **The Consolidated Complaint Is A Legal Nullity Because It Is An Amended Complaint Filed Without Leave Of Court.**

Once a defendant has answered a complaint, a party may amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). An amended pleading filed without leave of court has no legal effect. *U.S. ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 295-96 (5th Cir. 2003). The proper procedure for a party seeking to file a consolidated complaint that amends the underlying complaints in substance is to file a motion for leave to amend pursuant to Rule 15(a)(2). *C.f. In re Union Exploration Partners Sec. Litig.*, No. CV-90-3125, 1992 WL 203812, at *7 (C.D. Cal. June 18, 1992) (motion for leave to file amended consolidated complaint filed and granted, but allegations attempting to expand the class stricken).

Here, the Consolidated Complaint concedes that it seeks to amend (*inter alia*) the class definition, yet Plaintiffs filed it without Wells Fargo's consent or leave of court. Plaintiffs' purported amendments are not *de minimis*. Plaintiffs seek to broaden the scope of the class action from all *loan processors* to all nonexempt "Team Member" – *i.e., employees* – nationwide. This change would dramatically expand both the size and scope of the litigation. The filing of the Complaint without Wells Fargo's consent or leave of court is in plain violation of Rule 15(a)(2), and should therefore be stricken. *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149 (D.N.J. 2007) (striking complaint filed without leave pursuant to Rule 15(a)(2)); *Breiner v. Litwhiler*, 245 F. Supp. 2d 614 (M.D. Pa. 2003) (same).

2.    **Plaintiffs' Proffered Consolidated Complaint Violates The MDL Statute, The MDL Panel's Transfer Order, And This Court's Consolidation Order.**

Plaintiffs may argue that they had leave of court to file the Consolidated Complaint at issue because this Court's Order [Doc. 12] designated them as lead counsel "[t]o file a consolidated complaint." The Order, however, did not direct Plaintiffs file a consolidated complaint; it merely

10

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    included such a filing as within the responsibility of Lead Counsel for Plaintiffs.  The Order

2    certainly did not give Plaintiffs *carte blanche* to *amend* the *Bowne* and *Basore* complaints at any

3    time without complying with Federal Rule of Civil Procedure, Rule 15.

4          The purpose of consolidation is "to streamline and economize pretrial proceedings so as to

5    avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and

6    factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3rd. Cir. 1999), quoting *In re Prudential Sec.*

7    *Inc. Ltd. P'ships Litig.*, 158 F.R.D. 562, 571 (S.D. N.Y. 1994).  Consolidation "is a procedural

8    device designed to promote judicial economy."  *Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2d

9    Cir. 1977).  Consolidation cannot affect a merger of the actions.  *Id.*  Nor does it expand the rights of

10   the parties.  *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497 (1933) (consolidation is only

11   a matter of "convenience and economy in administration"; it "does not merge the suits into a single

12   cause, or change the rights of the parties, or make those who are parties in one suit parties in

13   another").

14         Here, Plaintiffs seek to gain substantial procedural and substantive advantages through the

15   filing of the Complaint that undermine the very purpose of consolidation.  They seek to add a new

16   defendant, Wells Fargo & Co., to the suit.  But this Court's order plainly states that consolidation

17   does not have the effect of making an entity a party to this action who has not been joined and

18   served.  (Order, ¶ 1.)

19         Plaintiffs seek to merge the *Bowne* and *Basore* collective classes into a single class alleging

20   the same claim in both actions.  (Consolidated Complaint, ¶¶ 76-78, 116-124.)  But the law

21   governing consolidation of actions for pretrial purposes is clear that consolidation cannot affect a

22   merger of actions.  *Cole,* 563 F.2d at 38.  Indeed, the multidistrict litigation statute limits a transferee

23   court's authority to the conduct of pretrial consolidated proceedings.  *Lexecon Inc. v. Milberg Weiss*

24   *Bershad Hynes & Lerach*, 523 U.S. 26, 33-34 (1998); 28 U.S.C. § 1407(a) (MDL Panel may transfer

25   civil actions involving one or more common questions of fact to any district "for coordinated or

26   consolidated *pretrial* proceedings" – the panel "shall" remand each transferred action "at or before

27   the conclusion of pretrial proceedings.")  Where, as here, an MDL panel transfers one case to

28

11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    another judicial district to be consolidated for pretrial purposes only, the Court cannot merge the

2    collective classes.  Even if it could, it would be inappropriate to do so here because the *Bowne* class

3    already has been conditionally certified and class notice has been sent, but the *Basore* class has not

4    yet been conditionally certified.  *Basore* expressly defined the putative collective class as loan

5    processors *who did not opt into the Bowne action.*  To now merge the two collective classes would

6    confuse the issues and class members, and amount to a "do-over" of the *Bowne* class certification.

7          Nor does Plaintiffs' Consolidated Complaint serve the purpose of streamlining and

8    economizing the consolidated pre-trial proceedings.  The Consolidated Complaint would vastly

9    expand the definition and size of the class, yet Plaintiffs filed it just ten days before the close of class

10   discovery and less than four weeks before the deadline to file a motion for class certification.[2]  Wells

11   Fargo already has conducted its formal discovery and informal investigation, and long ago began

12   preparing to oppose the class certification motion, which it must file only two weeks after receiving

13   Plaintiffs' opening papers, in reliance on the applicable definitions of the putative classes.

14   (Declaration of Monique Ngo-Bonnici in Support of Defendants' Motion to Strike Consolidated

15   Complaint and/or Portions of Consolidated Complaint ("Ngo-Bonnici Decl."), ¶¶ 4-5.)  Wells Fargo

16   has focused its efforts exclusively on seeking information about Loan Processors of Wells Fargo

17   Home Mortgage, not all non-exempt employees of all the various Wells Fargo entities throughout

18   the country.  (*Id.*, ¶ 4.)  It attorneys have spent a numerous hours traveling to various locations

19   throughout California in an effort to gather evidence related solely to Loan Processors.  (*Id.*, ¶ 5.)

20   Had the putative class included all non-exempt employees of Wells Fargo from the outset, it would

21   have planned and executed the process of gathering evidence differently, for example, by selecting

22   alternative locations and interviewing employees in additional job classifications in addition to Loan

23   Processors.  (*Id.*, ¶ 6.)  Plaintiffs proposed amended complaint would undermine months of work and

24

25

26   [2]  Plaintiffs also waited to file it more than four months after this Court's Order identified filing a
     consolidated complaint as a "duty and responsibility" of Lead Plaintiffs' Counsel, and more than two
27   years after the *Bowne* complaint alleged that Plaintiffs were victims of a "uniform and company-
     wide compensation policy."  (Order, ¶ 8(e); *Bowne* Cmplt., ¶ 25.)

28
NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

SF:202642.4

1    complicate, rather than streamline, the pre-trial proceedings, all to the substantial prejudice of Wells

2    Fargo.

3          Plaintiffs have represented that they plan to file their motion for class certification on or

4    before the current deadline of April 14, 2008, in spite of their massive amendments. (Kelly Decl.,

5    Exh. 1.) Wells Fargo is therefore foreclosed from conducting any discovery whatsoever on the

6    immensely broadened putative class. To oppose a motion based on Plaintiffs' proposed vastly

7    expanded class, Well Fargo would need to gather facts and evidence relevant to more than 100,000

8    current and former employees located throughout the country. (Ngo-Bonnici Decl., ¶ 7.) Wells

9    Fargo simply cannot meaningfully oppose such a class certification motion by the current deadline

10   of April 30, 2008.

11         Nor would extending the deadline to oppose the class certification motion cure the

12   substantial prejudice to Wells Fargo. As noted above, Wells Fargo has invested substantial time and

13   expense preparing to oppose a motion based on the pleadings in place over the past two years. Wells

14   Fargo would have to go back and *redo*, and substantially expand, its formal discovery, informal

15   investigation, evidence gathering, and other efforts to oppose such a class certification motion. To

16   say the least, such an endeavor would *not* serve the purpose of streamlining and economizing the

17   pretrial proceedings at this point in the litigation.

18         The mere pendency of the Consolidated Complaint causes substantial and unfair prejudice to

19   Wells Fargo. Because there is a chance that the class *might* be expanded and their opposition to the

20   class certification motion *might* be due on April 30, 2008, it must begin immediately gathering

21   evidence to oppose class certification on a dramatically increased size and scope. (Ngo-Bonnici

22   Decl., ¶ 7.) Even if the Consolidated Complaint or its broadened class allegations eventually are

23   stricken, Wells Fargo is now being forced to spend an enormous amount of time and effort preparing

24   to oppose class certification of many thousands of putative class members in any number of job

25   categories working in thousands of locations. This enterprise inevitably distracts Wells Fargo from

26   focusing and preparing to oppose certification of the class that has been the subject of these

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

13

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  consolidated litigations since January 2006. Plaintiffs' Consolidated Complaint utterly undermines

2  the purpose of pretrial consolidation and should be stricken immediately.

### 3.    If Plaintiffs Had Filed A Motion For Leave To Amend The Complaints, They Would Not Meet The Standard For Leave.[3]

5  If Plaintiffs had sought leave to file their Consolidated Complaint, which materially amends

6  its predecessor complaints, leave would be denied for three separate and independent reasons.

### a.    The Deadline To Amend The Complaint Has Long Past In The *Bowne* Action.

9  Leave to file the Consolidated Complaint would be denied because the deadline to amend the

10  complaint already has run in at least one of the consolidated cases. Once a deadline to amend the

11  complaint set forth in a scheduling order has passed, no subsequent amendment is allowed unless

12  good cause to modify the scheduling order is shown. *Johnson v. Mammoth Recreations, Inc.*, 975

13  F.2d 604, 609 (9th Cir. 1992); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995)

14  (plaintiff must show "compelling reasons" why amendment could not have been presented sooner.)

15  The Court in *Bowne* set the last day to amend the pleadings as August 31, 2007. (*Bowne*, Order

16  Dated May 16, 2007 ("*Bowne* Scheduling Order").) Now, more than six months after the deadline,

17  and after Plaintiffs already amended once in *Bowne* and the same attorneys filed a related complaint

18  in *Basore*, Plaintiffs seek to amend the complaints yet again, according to their own characterization,

19  to "expand[] the class definition" – and to merge the expanded class with the *Basore* class. (Kelly

20  Decl., Exh. A.) There can be no compelling reason to allow them to amend at this time. To the

21  contrary, the *Bowne* Complaint alleged as early as January 2006 that Plaintiffs were victims of a

22  "uniform and company-wide compensation policy." (*Bowne* Cmplt., ¶ 25.). Plaintiffs cannot

23  possibly meet the high standard necessary to amend the complaint after the deadline to amend the

24  complaint has passed. Accordingly, leave to amend would be denied.

---

[3]  If the Court is inclined to consider the possibility of allowing Plaintiffs to file the Complaint, Wells Fargo requests that the Court do so on a properly noticed motion for leave to amend, so that Wells Fargo can develop and present fully all of the issues bearing on the question whether leave should be granted at this point in the litigation.

14

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### b.    Plaintiffs Seek To Add A New Defendant.

Leave to file the Consolidated Complaint also would be denied if Plaintiffs had asked for it because Plaintiffs seek to add a new defendant, Wells Fargo & Co., to the action. The addition of parties is an indicator of prejudice. *In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003). *See also Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (policy of liberally favoring amendment does not apply to amended pleadings seeking to add parties.)

Here, Plaintiffs do not and cannot claim that they were unaware of Wells Fargo & Co., or that discovery has led them to this putative defendant. Plaintiffs have known about the existence of Wells Fargo & Co. since they filed the *Bowne* complaint in January 2006, yet only now, at the close of discovery and on the eve of the class certification motion, have they attempted to bring it into the action. The time to add parties in the *Bowne* action ran on August 31, 2007. (*Bowne* Scheduling Order). There is no valid reason why they needed to wait to add Well Fargo & Co. until the eleventh hour before the filing of the class certification motion. For this additional reason, leave to amend would be denied.

### c.    Plaintiffs Cannot Meet The "Liberal" Standard For Amendment.

Plaintiffs cannot even meet the "liberal" standard for allowing amendment under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)(2)"). Rule 15(a)(2) generally provides a liberal amendment standard by allowing amendment when "justice so requires," but a motion to amend should be denied where the proposed amendment would create undue prejudice to the opposing party. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Courts look to a number of factors in deciding whether justice requires granting a leave to amend under Rule 15(a), including "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). In analyzing these

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT. MDL DOCKET NO. 1841 (MHP)

SF:202642.4

1  factors, the element of prejudice to the opposing party carries the greatest weight. *Eminence*

2  *Capital*, 316 F.3rd at 1052 (prejudice is the "touchstone" of the inquiry under rule 15(a)").

3        Here, allowing Plaintiffs to amend the complaint in the form of the Consolidated Complaint

4  would substantially and unfairly prejudice Wells Fargo for all the reasons described above. As

5  discussed above, Wells Fargo has spent an enormous amount of time and effort over the past two

6  years litigating the putative class actions that Plaintiffs themselves defined. (*See* Ngo-Bonnici Decl.)

7  It would be grossly prejudicial to require them practically to start over at this late date with

8  discovery, investigation and preparation to oppose class certification. Extending the dates – again –

9  would not remedy this prejudice. On the other hand, it would be a denial of due process to force

10  Wells Fargo to oppose a motion for class certification on April 30, 2008 – just one month from the

11  date of this filing – if the class definition now is radically changed.

12        Plaintiffs also are responsible for undue delay and "dilatory motives," and they have failed to

13  cure the problem they now seek to address through a series of successive complaints. As early as

14  January 2006, they were aware, according to the allegations of their own complaint, that they were

15  victims of a "uniform and company-wide compensation policy" (*Bowne* Cmplt., ¶ 25), yet they

16  brought a representative action on behalf of Loan Processors, not Team Members. In March 2006,

17  on the basis of the same allegations, they amended their representative action to add "Mortgage Loan

18  Associates." (*Bowne* Amd. Cmplt., ¶ 26.) In January 2007, the *Bowne* Plaintiffs' attorneys filed the

19  *Basore* action, and identified it as a related case, yet they still defined the putative classes as "Loan

20  Processors." Pursuant to the District Court's order in *Bowne*, the time to amend the complaint (and

21  to add parties) ran on August 31, 2007. Yet Plaintiffs waited until March 21, 2007 to file the

22  Consolidated Complaint – four months after this Court's Scheduling Order mentioned the possibility

23  of filing a consolidated complaint, ten days before the close of more than two years of class

24  discovery, three weeks before their class certification motion is due, and one day after Wells Fargo

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

25

26

27

28

16

SF:202642.4

1  filed its § 17200 motion based on the existing complaints. And they did so without the consent of

2  defendants or leave of court.[4]

### d.    Plaintiffs' Allegations Of "Discovery Abuse" By Wells Fargo Are Irrelevant And Unfounded.

The Consolidated Complaint attempts to blame Wells Fargo for alleged "discovery abuse" to explain the delay in amending the complaint.[5] These allegations fail because, simply put, Plaintiffs never sought any discovery on "Team Members" who are not loan or mortgage processors. And, as noted above, Plaintiffs have been aware of the alleged illegal "uniform and company-wide compensation policy" since filing the original complaint in *Bowne* in January 2006.

Plaintiffs should not be allowed, through a Consolidated Complaint at this late juncture, to change the class definition and substantially increase the scope and size of the proposed class. For this additional reason, leave would not be granted to file the Consolidated Complaint if Plaintiffs' had sought it.

### B.    The Court Should Strike The Allegations Of The Complaint Expanding The Class.

Should the Court decide to allow Plaintiffs' Consolidated Complaint to be filed notwithstanding their failure to obtain (or seek) leave of court before filing it, Wells Fargo request that the Court strike the allegations expanding the size of the class pursuant to Fed. R. Civ. P. 12(f).

---

[4]  If the Court is inclined to consider whether leave to amend the complaint is appropriate, Wells Fargo requests the opportunity to present evidence and argument establishing that amendment would be futile because the "Standard Hours" policy, upon which the amendment is based, is lawful.

[5]  Wells Fargo categorically denies that it has engaged in any abuse whatsoever of the discovery (or any other) process. (*See* Kelly Decl., ¶¶ 2-4.) Plaintiffs never have filed a motion to compel in either of the consolidated actions, and Wells Fargo's counsel received the first "meet and confer" letter written in either of the proceedings on March 17, 2008. (*Id.* ¶ 4.) For purposes of this motion, bare accusations of "discovery abuse" is a red herring. Nonetheless, should the Court determine that discovery issues arguably are relevant, Wells Fargo requests a full and fair opportunity to brief this issue on a motion for leave to amend. As it is, Wells Fargo is unable to discern what specifically Plaintiffs contend it did that was "misleading" or otherwise an abuse that might justify leave to amend the complaints.

17

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:202642.4

1

### 1.    Standard of Review

2    A party may move to strike any "redundant, immaterial, impertinent or scandalous matter."

3    Fed. R. Civ. P. 12(f).  The function of a Rule 12(f) motion to strike is to avoid the expenditure of

4    time and money that must arise from litigating spurious issues by dispensing with those issues prior

5    to trial.  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  The court has

6    discretion to grant a motion to strike where doing so will streamline the resolution of the action or

7    make the trial less complicated.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993),

8    *rev'd. on other grounds*, 510 U.S. 517 (1994); *California v. United States*, 512 F. Supp. 36, 38 (N.D.

9    Cal. 1981).  The Court may strike allegations in a consolidated complaint.  *In re Union Exploration*

10    *Partners*, 1992 WL 203812 (striking allegations expanding class definition); *In re Netopia, Inc.*,

11    2005 U.S. Dist. LEXIS 38823 (N.D. Cal. 2005) (striking allegations of a new transaction); *Anderson*

12    *v. First Sec. Corp.*, 249 F. Supp. 2d 1256 (D. Utah 2002) (striking new theory of liability).

13

### 2.    The Court Should Strike Allegations Of An Expanded Class.

14    For all the reasons set forth above, the Court should strike allegations of an expanded as

15    "immaterial" and "impertinent" for purposes of Rule 12(f).  Such allegations are substantially

16    counter-productive to the goal of the MDL panel and this Court in consolidating the actions to

17    streamline the pre-trial proceedings.  Indeed, the MDL panel transferred the *Bowne* action to this

18    Court for consolidation because "[b]oth of these actions involve common factual allegations

19    concerning Well's Fargo's alleged failure to pay overtime compensation to current and former *loan*

20    *processors*."  (MDL Panel Transfer Order, at 1; emphasis added.)  The newly minted expanded class

21    allegations are immaterial and impertinent to the claims at issue in this case, which arise out of the

22    compensation of loan processors.  They therefore should be stricken.

23

### 3.    The Court Should Strike Allegations Defining The Class Period As Extending Back To January 2003.

24

25    The Court need not reach this issue if it strikes the Consolidated Complaint in its entirety or

26    if it strikes the allegations expanding the class.  If, however, this Court accepts Plaintiffs'

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

18

SF:202642.4

1    Consolidated Complaint and allows the "amended" class definition to include all non-exempt Wells

2    Fargo "Team Members," it should strike the allegations extending the class period for the amended

3    (*i.e.,* expanded) class back to January 2003, so that the limitations period for the expanded class is

4    measured no earlier than the date of filing of the Consolidated Complaint.

## a.  Plaintiffs Cannot Meet Their Burden Of Proving That Equitable Tolling Is Appropriate.

7         The Consolidated Complaint alleges that the newly expanded class is entitled to equitable

8    tolling of any limitations periods affecting their claims, but Plaintiffs have not meet the stringent

9    requirements necessary to toll their claims.

10        Equitable tolling of the statute of limitations is limited to two distinct situations:  (1) where

11   the plaintiffs "were prevented from asserting their claims by some kind of wrongful conduct on the

12   part of the defendant;" and (2) "extraordinary circumstances beyond plaintiffs' control made it

13   impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th

14   Cir. 1996); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999) (denying

15   equitable tolling in FLSA case applying *Alvarez-Machain* factors); *Veliz v. Cintas Corp.*, No. C03-

16   1180 SBA, 2007 WL 841776, *4 (N.D. Cal. Mar. 20, 2007); *Fichtner v. Am. Family Mut. Ins. Co.*,

17   No. 02-6284-HO, 2004 WL 3106753, at *10 (D. Or. March 1, 2004) (denying equitable tolling in

18   FLSA case where "plaintiff's argument that defendant's refusal to provide information on other

19   employees is not the sort of exceptional circumstance justifying tolling" and "[a]t best, plaintiff

20   presents evidence that potential plaintiffs did not know of this action, not that defendant prevented

21   potential plaintiffs from knowing about an FLSA violation."). *See also Irwin v. Dep't of Veterans*

22   *Affairs*, 498 U.S. 89, 96 (1990) ("[f]ederal courts have typically extended equitable relief only

23   sparingly"; equitable tolling has been limited to situations where "the claimant has actively pursued

24   his judicial remedies by filing a defective pleading during the statutory period, or where the

25   complainant has been induced or tricked by his adversary's misconduct into allowing the filing

26   deadline to pass"); *Veliz*, 2007 WL 841776, *4 (denying request for equitable tolling in a FLSA

27   action, finding that such relief should be "granted sparingly.")

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

19

SF:202642.4

1    Plaintiffs' contention is based on a fallacy, *i.e.,* that the right to equitable tolling of Team

2  Members who are not Loan Processors somehow is linked to whether *Plaintiffs' attorneys in this*

3  *action*, who do not even arguably represent such Team Members, were "misled." In fact, the right to

4  tolling depends on whether the *Team Members themselves* were misled or could not for some

5  extraordinary reason file their claim on time. Plaintiffs' allegations that Wells Fargo's conduct in

6  discovery in litigation *over loan processors* somehow prevented employees *in other job*

7  *classifications* from asserting claims are patently insufficient to meet Plaintiffs' high burden to

8  establish equitable tolling.

9    Even if non-loan processor Team Members could have their claims tolled by the alleged

10  conduct of Wells Fargo in this litigation, equitable tolling would not be warranted in this case.

11  Plaintiffs' Consolidated Complaint alleges generically that "additional discovery has revealed that

12  Wells Fargo was well aware that its violations were systemic and company-wide." (Consolidated

13  Complaint, ¶ 35.) Yet, as noted above, Plaintiffs alleged in *January 2006,* that they were victims of

14  a "uniform and company-wide compensation policy." (*Bowne* Complaint, ¶ 25). Plaintiffs could

15  have defined the putative class as they now propose to do in January 2006, but chose not to.

16  Counsel for Plaintiffs was the same for *Bowne* and *Basore.* Plaintiffs' failure to define the putative

17  class more broadly cannot now support a claim for equitable tolling.

18              **b.      This Court May Not Order Tolling For Putative FLSA Collective**
19                       **Class Members Who Are Not Parties To This Action.**

20    Even if the Court were to allow for equitable tolling, it could not equitably toll claims of

21  putative collective action class members. Persons who have not yet opted-in to the case are not

22  before this Court, and the named Plaintiffs cannot represent a putative class member's interests until

23  the putative class member files a valid consent. *See Nevada Employees' Ass'n v. Bryan,*

24  916 F.2d 1384, 1391 (9th Cir. 1990) ("an individual employee cannot become a party to an action

25  under 29 U.S.C. § 216(b) unless he or she specifically files a consent form with the district court").

26  Thus, the Court lacks jurisdiction and authority to issue equitable tolling over putative class

27  members until they file an opt-in certificate.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

28
                                           20

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    Similarly, this Court lacks Article III power to suspend the statute of limitations for

2  *prospective* plaintiffs, whether they eventually are named as plaintiffs or not. *See United States v.*

3  *Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling FLSA statute of limitations

4  as to future claims by persons who had not opted-in and were not a party to the case before the

5  court). Article III of the Constitution limits federal judicial authority to the adjudication of "cases

6  and controversies." *See, e.g., Muskrat v. United States*, 219 U.S. 346, 353-63 (1911). A "case or

7  controversy" arises, allowing a federal court to exercise its power, "only when the subject is

8  submitted to it by a party who asserts his rights in the form proscribed by law. It then becomes a

9  case." *Osborn v. Bank of United States*, 22 U.S. 738, 819 (1824). Here, it would be contrary to

10  Article III to prospectively toll the statute of limitations as to putative collective action members

11  who have not chosen to participate in the case. The Court should therefore strike Plaintiff's claimed

12  entitlement to a period of equitable tolling of any limitations period affecting their claims.

**c.**     **At a Minimum, The Statute of Limitations Should Not Be Tolled
For Those Putative Collective Action Members Who Received
Class Notice In *Bowne* And Did Not Submit A Consent Form.**

15    As detailed above, equitable tolling may be ordered only when plaintiffs were either

16  "*prevented* from asserting their claims by some kind of wrongful conduct on the part of the

17  defendant" or where "*extraordinary circumstances* beyond plaintiffs' control made it *impossible* to

18  file the claims on time." *Alvarez-Machain*, 107 F.3d at 701 (emphasis added). Equitable tolling

19  generally is not available where the claimant "failed to exercise due diligence in preserving his legal

20  rights." *Irwin*, 498 U.S. at 96; *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)

21  ("[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of

22  diligence."); *Veliz*, 2007 WL 841776, at *4. Someone who already has received notice of this action

23  from Plaintiffs and has decided not to file a consent form cannot claim that they were "prevented"

24  from asserting their claim or that it was "impossible" to do. Thus, if the Court orders equitable

25  tolling, it should *not* apply to those putative collective action members who already have received

26  notice of this case from Plaintiffs' counsel and did not exercise their right to participate in the action.

27

28

SF:202642.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

2

### d.    The Expanded "Team Member" Claims Do Not Relate Back To The "Loan Processor" Claims.

3    By all appearances, Plaintiffs made a tactical decision to delay in expanding the class

4    definition until this late and critical stage in the litigation.  Under these circumstances, Plaintiffs

5    cannot avail themselves of the relation-back doctrine provided by Federal Rule of Civil Procedure

6    15(c).  Indeed, Rule 15(c) does not save the claims of complainants who have "sat on their rights."

7    *Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3d Cir. 1995).  Instead, "plaintiffs invoking the

8    relation back doctrine [must] demonstrate that their failure to add new plaintiffs was the product of

9    some mistake, rather than a deliberate decision."  *In re Bennett Funding Group Inc. Sec. Litig.*, 194

10    F.R.D. 98, 100 (S.D. N.Y. 2000).  Plaintiffs have not shown – and cannot show – any mistake that

11    prevented them from asserting class claims on behalf of this sweeping class until now.  To the

12    contrary, it appears that the decision to limit the action to loan processors reflected a tactical decision

13    based presumably on Plaintiffs' analysis of class certification issues.  Accordingly, Plaintiffs cannot

14    avail themselves of the relation back doctrine.

15    Even if Plaintiffs' delay was not intentional, the amendment of the claim does not meet the

16    Rule 15(c) legal standards for relation back.  Federal Rule of Civil Procedure 15(c) provides that a

17    claim relates back only if "the claim or defense asserted in the amended pleading arose out of the

18    conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  In

19    applying Rule 15(c), courts permit an amendment adding a party plaintiff to relate back only when:

20    (1) the original complaint gave the defendant adequate notice of the claims of the newly proposed

21    plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity

22    of interests between the original and newly proposed plaintiff.[6]  *In re Syntex Corp. Sec. Litig.*, 95

23    F.3d 922, 935 (9th Cir. 1996).

---

24    [6]   Some Courts also apply the Rule 15(c)(3) requirement that the complaint only relates back when

25    there has been "a mistake concerning the identity of the proper party" to situations where plaintiffs
     amend the complaint to add new named plaintiffs.  Thus, where the new named plaintiffs "were
     added not to correct a mistake but to correct lack of knowledge, the requirements of Rule 15(c) for

26    relation back are not met."  *See Barnes v. First Am. Title Ins. Co.*, 473 F. Supp. 2d 798, 801 (N.D.
     Ohio 2007); *Javier H. v. Garcia-Botello*, 239 F.R.D. 342, 350 (W.D.N.Y. 2006).  In particular,

27    where "Plaintiffs seek to amend substitute new parties because the defenses raised by Defendants

22

28

SF:202642.4

1  For an amendment to relate back to the date of the original complaint, the original complaint

2 must have provided adequate notice to the defendant "not only of the substantive claims being

3 brought against [it], but also of the number and generic identities of the potential plaintiffs who may

4 participate in the judgment." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1133 (11th Cir.

5 2004) citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554-55 (1974); *see also Senterfitt v.*

6 *SunTrust Mortgage, Inc.*, 385 F. Supp. 2d 1377, 1380 (S.D. Ga. 2005). Here, Plaintiffs did not

7 provide Wells Fargo with adequate notice of the size and identity of the class. As discussed above,

8 the initial complaints alleged solely a putative class composed of loan processors, even though they

9 made reference to an alleged "uniform and company-wide" policy. Plaintiffs proceeded to litigate

10 the *Bowne* and *Basore* actions for two years through to the close of class discovery, without ever

11 raising the possibility of expanding the class definition. The very name of the Consolidated Case is

12 "In re Wells Fargo *Loan Processor* Overtime Pay Litigation." (Emphasis added.) Whether

13 intentional or not, Plaintiffs' litigation strategy had the effect of undermining any possible notice to

14 Wells Fargo that claims of a class going beyond loan processors might be at issue in these

15 consolidated actions.

16  "Much like the concept of notice, the notion of unfair prejudice turns on a defendant's ability

17 to adequately maintain a defense against the newly-added plaintiffs." *Senterfitt*, 385 F. Supp. 2d at

18 1381; *See also Nelson*, 60 F.3d at 1015 (explaining that prejudice results from relation back if the

19 amendment causes "defendants' liability to increase geometrically and their defensive strategy to

20 become far more complex" as they attempt to gather stale evidence that might be lost or destroyed).

21 Here, relating back the claims of the newly minted class members also would unfairly prejudice

22 Wells Fargo for all the reasons set forth above. In addition, relating back such claims now would

23 prejudice Wells Fargo by forcing it to litigate stale claims of a potentially vast number of former

24 employees.

25 present serious concerns that named plaintiffs may not have standing to assert the claims before [the]
Court . . . . the proposed new Plaintiffs' claims do not relate back to the original complaint and must
26 be defined as new parties and new claims." *Barnes*, 473 F. Supp. 2d at 801. Here, Plaintiffs are not
27 adding the "Team Members" to correct a mistake of identity of the parties.

NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:202642.4

1    For all of these reasons, Plaintiffs cannot meet their burden of establishing that the claims of

2    new class members relate back to the earlier filed complaints. Accordingly, the Court should strike

3    the allegations of the complaint expanding the class period to January 2003 so that the limitations

4    period is measured from the date of the filing of the Consolidated Complaint.

5    **V.     CONCLUSION**

6    Plaintiffs' attempt to amend the complaints by filing their Consolidated Complaint without

7    leave of court at the close of the class discovery cutoff should be rejected. Accordingly, Wells Fargo

8    respectfully requests that the Court strike the Consolidated Complaint in its entirety, or in the

9    alternative, that the Court strike the expanded class allegations and/or the allegations extending the

10   limitations period for the expanded class members, as set forth in the accompanying notice and

11   proposed order.

12

Dated: March 31, 2008                    SPENCER FANE BRITT & BROWNE
13                                           LLP

14

15

16                                       By:     /s/ Denise K. Drake
                                                 Denise K. Drake
17                                               Eric P. Kelly

18   Dated: March 31, 2008                    WINSTON & STRAWN LLP

19

20

21                                       By:   _____
                                                 Joan B. Tucker Fife
22                                               Robert Spagat

23                                       ATTORNEYS FOR DEFENDANTS
                                         WELLS FARGO MORTGAGE, A
24                                       DIVISION OF WELLS FARGO,
                                         NATIONAL ASSOCIATION AND
25                                       WELLS FARGO, NATIONAL
                                         ASSOCIATION
26

27
                                         24
28   _____
     NOTICE OF MOTION AND MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTION OF
              CONSOLIDATED COMPLAINT, MDL DOCKET NO. 1841 (MHP)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:202642.4