Denise K. Drake
Eric P. Kelly
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: 816-474-8100
Facsimile: 816-474-3216

Joan B. Tucker Fife (SBN: 144572)
jfife@winston.com
Robert Spagat (SBN: 157388)
rspagat@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Defendants Wells Fargo
Mortgage, a Division of Wells Fargo, N.A.
and Wells Fargo, N.A.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE WELLS FARGO LOAN PROCESSOR OVERTIME PAY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL Docket No. 1841 (MHP)<br><br>DECLARATION OF DENISE K. DRAKE IN SUPPORT OF DEFENDANTS WELLS FARGO MORTGAGE, A DIVISION OF WELLS FARGO, N.A. AND WELLS FARGO N.A.'S MOTION TO STRIKE CONSOLIDATED COMPLAINT AND/OR PORTIONS OF CONSOLIDATED COMPLAINT<br><br>Date: April 14, 2008<br>Time: 2:00 p.m.<br>Ctrm: 15<br>Judge: Hon. Marilyn Hall Patel |
|---|---|

I, Denise K. Drake, declare the following:

1.    I, along with Eric P. Kelly, both of Spencer Fane Britt & Browne LLP, am counsel of record to Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., and Defendant Wells Fargo Bank, N.A. (collectively, "Wells Fargo"), the Defendants in the above-captioned proceedings. I make this declaration in support of Defendants' Motion to Strike Plaintiffs'

Consolidated Complaint. The declaration is based on my own personal knowledge, unless otherwise stated, and if called to testify, I could and would testify to the matters stated herein.

2. Plaintiffs Trudy Bowne, Elishia Hesterberg, and Kristen Anderson in *Bowne v. Wells Fargo Bank, N.A.*, No. 06-2020 (D. Kan.) filed their action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, on January 19, 2006, on behalf of themselves and all those similarly situated.

3. Before Wells Fargo even answered, the *Bowne* Plaintiffs amended their Complaint on March 9, 2006, whereby Plaintiffs Amie Lovrien, Nicole Gering, and Jamie Hejlik joined the action.

4. On March 23, 2006, Wells Fargo filed its Answer.

5. On July 7, 2006, the *Bowne* Plaintiffs filed a "Motion & Memorandum in Support of Motion for Conditional Collective Action Certification Pursuant to 29 U.S.C. Section 216(b) and Court Authorized Notice."

6. On July 17, 2006, the parties conferred to discuss and establish a plan for the conduct of the litigation, pursuant to Rule 26(f) and the court's Initial Order Regarding Planning and Scheduling.

7. During the parties' conference, the parties agreed – at the *Bowne* Plaintiffs' suggestion – that no formal discovery was necessary until the court ruled on Plaintiffs' motion for conditional certification.

8. On July 25, 2006, the parties submitted a joint Report of Parties' Planning Conference via electronic mail, as directed by the court and required by local rule. True and accurate copies of the electronic mail and report are attached hereto as Exhibit 1. The joint report further represents the parties' agreement that no formal discovery was necessary until the court rules on Plaintiffs' motion for conditional certification. *See* Exhibit 1 at 4, 6.

9. On August 1, 2006, the court conducted a scheduling conference by telephone. The court noted, as noted in the docket entry, that a written scheduling order would be entered.

10. On August 3, 2006, Wells Fargo filed its response to the *Bowne* Plaintiffs' conditional certification motion.

11. On August 8, 2006, via electronic mail, the *Bowne* Plaintiffs served a notice of

1  deposition pursuant to Fed. R. Civ. P. 30(b)(6) regarding 18 topics, 17 interrogatories, and 21 requests for the production of documents and things.

12.  On August 9, 2006, the court entered a Scheduling Order. A true and accurate copies of the Scheduling Order is attached hereto as Exhibit 2. In the order, pursuant to the agreement of the parties presented in their joint report and acknowledged during the scheduling conference, the court order that "[t]he parties shall be accorded limited but reasonable time to complete discovery after resolution of the pending Motion to Certify Class (doc. 13)." Exhibit 2 at ¶2.a.

13.  On August 10, 2006, Michael C. Leitch, who was counsel of record for Wells Fargo until his withdrawal on January 31, 2007, sent the *Bowne* Plaintiffs' counsel a letter via electronic mail to object to Plaintiff's service of formal discovery. I received a copy of the letter. True and accurate copies of the electronic mail and letter are attached hereto as Exhibit 3.

14.  Following the August 10, 2008 letter, counsel for the parties conferred via electronic mail and telephone.

15.  On August 12, 2006, George Hanson, counsel for the *Bowne* Plaintiffs, sent an electronic mail to me and Mr. Leitch regarding the discovery matters. A true and accurate copy of that electronic mail is attached hereto as Exhibit 4. In that response, Mr. Hanson proposed a "limited" production of documents for "four discrete categories of information" for the six named *Bowne* Plaintiffs. Exhibit 4 at "The Limited Relevant Information We Require." Mr. Hanson also proposed that the notice of deposition be suspended. *See id.*

16.  On August 13, 2006, I replied to Mr. Hanson via electronic mail and indicated that Wells Fargo would produce available documents within the identified categories. A true and accurate copy of that electronic mail is attached hereto as Exhibit 5.

17.  On August 14, 2006, Mr. Hanson replied to me via electronic mail and acknowledged our efforts to produce available documents within the identified categories. A true and accurate copy of that electronic mail is attached hereto as Exhibit 6. On the same day, I replied to Mr. Hanson via electronic mail and informed him of additional documents Wells Fargo would produce. A true and accurate copy of that electronic mail is attached hereto as Exhibit 7.

18.  On August 14, 2006, Wells Fargo produced various documents in the four categories

requested by Plaintiffs, including personnel files, employee handbooks, and job descriptions. On the same day, Mr. Hanson via electronic mail acknowledged receipt of these documents. A true and accurate copy of that electronic mail is attached hereto as Exhibit 8.

19. On August 15, 2006, Wells Fargo produced the compilations of records of time worked requested by Plaintiffs.

20. On August 20, 2006, Wells Fargo produced the compilations of records of compensation requested by Plaintiffs, which completed the informal production of documents requested by the *Bowne* Plaintiffs prior to the reaching the parties' stipulation regarding the conditional certification on October 23, 2006.

21. The *Bowne* Plaintiffs ***never*** moved to compel answers to the propounded interrogatories or responses to the production of documents served on August 8, 2006. Wells Fargo produced everything requested by the *Bowne* Plaintiffs in subsequent and superseding requests for a "limited" production in the "discrete categories" requested by the *Bowne* Plaintiffs.

22. Plaintiffs Mary Basore and Brenda McMillian in *Basore v. Wells Fargo Home Mortgage, et. al.*, No. 07-0461 (N.D. Cal.) filed their action on January 23, 2007, while the notice class notice period in the *Bowne* proceedings was still open. The *Basore* Plaintiffs did not serve any interrogatories or requests for production of documents.

23. In the consolidated proceedings, Plaintiffs served interrogatories and requests for production of documents on September 24 and October 1, 2007, respectively, following a private mediation session on September 20, 2007.

24. Since that time, Wells Fargo has served answers and responses to each. Wells Fargo has engaged in a rolling production of documents whereby Wells Fargo has produced documents and things in response to various requests as they became available from reasonably accessible sources. Counsel for Plaintiffs agreed to and has never objected to this approach.

25. On March 17, 2008, counsel for Plaintiffs sent, for the first time in these consolidated proceedings, a letter to my colleague, Eric P. Kelly, that informed Wells Fargo of Plaintiffs' concerns with Wells Fargo's various responses and production of documents. Wells Fargo formally responded in writing on April 7, 2008. Plaintiffs have not responded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 10, 2008          By: _____
                                    Denise K. Drake