# EXHIBIT 1

### Drake, Denise K.

| | |
|---|---|
| **From:** | Dirks, Eric [dirks@sshwlaw.com] |
| **Sent:** | Tuesday, July 25, 2006 5:21 PM |
| **To:** | ksd_rushfelt_chambers@ksd.uscourts.gov |
| **Cc:** | Drake, Denise K.; Leitch, Michael; Hanson, George |
| **Subject:** | Bowne v. Wells Fargo, Case No. 06-2020CM |

Dear Judge Rushfelt:

Attached is the Joint Report of Parties' Planning Conference for the case captioned Bowne v. Wells Fargo, No. 06-2020.

Eric Dirks
Stueve Siegel Hanson Woody LLP
330 West 47th Street Suite 250
Kansas City, MO 64112
816-714-7105 tel
816-714-7101 fax
Visit us on the web at www.sshwlaw.com

The information contained in this message from Stueve Siegel Hanson Woody LLP, any attachments thereto, and any information contained in messages replying to this message are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by email. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. If you have received the foregoing email in error, please contact the sender immediately by return email and delete the original message.

<<Report of Parties' Planning Conference.pdf>>

4/10/2008

THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TRUDY BOWNE, *et al.* individually, and on behalf of all others similarly situated.<br><br>                              Plaintiffs,<br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br>A DIVISION OF WELLS FARGO BANK,<br>NATIONAL ASSOCIATION<br><br>                              Defendant. | Case No. 06-2020 CM |

### REPORT OF PARTIES' PLANNING CONFERENCE

1) **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on July 17, 2006 and was attended by George A. Hanson and Eric L. Dirks, on behalf of Plaintiffs, and Denise K. Drake and Michael C. Leitch on behalf of Defendant.

2) **Preliminary Matters.**

   a)   The following persons will appear at the upcoming Rule 16(b) scheduling conference with the court:

   Plaintiffs' Counsel:

   George A. Hanson[1]
   (816) 714-7100

   Defendant's Counsel:

   Michael C. Leitch[2]
   (816) 474-8100

---

1 Lead counsel, George Hanson, will be available for the conference, but Eric Dirks will be unavailable because he will be in the trial of a court-appointed case.
2 Co-Counsel Denise Drake will not be available for the conference due to her attendance at the ABA Annual Meeting and Management Committee Planning Conference.

SSHW 0525-60226                                          1

b) The parties provide the following information regarding themselves and their counsel:

<u>Plaintiffs' Counsel</u>:

| | |
|---|---|
| George A. Hanson<br>330 W. 47th Street, Ste. 250<br>Kansas City, MO 64112<br>(Home)      (913) 491-5494<br>(Business) (816) 714-7100<br>(Cell)       (913) 219-7071<br>(Fax)        (816) 714-7101<br>hanson@sshwlaw.com | Eric L. Dirks<br>330 W. 47th Street, Ste. 250<br>Kansas City, MO 64112<br>(Home)      (816) 333-5346<br>(Business) (816) 714-7100<br>(Cell)       (816) 616-9647<br>(Fax)        (816) 714-7101<br>dirks@sshwlaw.com |

<u>Defendant's Counsel</u>:

| | |
|---|---|
| Denise K. Drake<br>Spencer Fane Britt & Browne<br>1000 Walnut, Suite 1400<br>Kansas City, MO 64106<br>(Home)      913-851-9093<br>(Business) 816-474-8100<br>(Cell)       816-550-7557<br>(Fax)        816-474-3216<br>ddrake@spencerfane.com | Michael C. Leitch<br>Spencer Fane Britt & Browne<br>1000 Walnut, Suite 1400<br>Kansas City, MO 64106<br>(Home)      913-648-5806<br>(Business) 816-474-8100<br>(Cell)       913-961-0225<br>(Fax)        816-474-3216<br>mleitch@spencerfane.com |

c) <u>Parties</u>

(1) Kristen Andersen
636 Stone Creek Drive
Gardner, KS 66030
(Home)    913-406-9525
(Cell)      N/A
Email:     kristendugan@fnbolathe.com

(2) Trudy Bowne
5611 W. 101st Street
Overland Park, KS 66206
(Home)    913-515-5635
(Cell)      913-515-5635
Email:     trudy@vestedmortgage.com

(3) Nicole Gering
693 One 56th Street, Lot 2
Altoona, IA 50009

SSHW 0525-60226                                      2

    (Home)  515-556-9607
    (Cell)   515-556-9607
    Email:   nicole@signaturemortgagegroup.com

(4) Jamie Hejlik
   4 Country Club Place
   Garner, IA 50438
   (Home)  641-923-0788
   (Cell)   515-341-3345
   Email:   jlhejlik@ncn.net

(5) Elishia Hesterberg
   202 Lillard Ave.
   Belton, MO 64012
   (Home)  816-331-1684
   (Cell)   816-365-5579
   Email:   elishia78@hotmail.com

(6) Amie Lovrien
   421 18th Street S.W.
   LeMars, IA 51031
   (Home)  712-568-3137
   (Cell)   712-568-3137
   Email:   amie.lovrien@iwd.iowa.gov

(7) Wells Fargo Home Mortgage, A Division of Wells Fargo Bank, NA
   Wells Fargo Law Department
   333 South Grand Avenue, Suite 1040
   Los Angeles, CA 90071
   Tel:  (213) 253-7121
   Fax:  (213) 617-8340

(d) The parties jointly submit the following case summary:

Plaintiffs are current and former Wells Fargo loan processors seeking to recover earned but unpaid overtime wages from Wells Fargo. Specifically, Plaintiffs claim that Defendant's compensation practices violate the Fair Labor Standards Act ("FLSA") in that Defendant failed to keep accurate time records and failed to pay Plaintiffs for the substantial overtime hours they worked as loan processors. This claim is brought pursuant to the FLSA as a Section 16(b) collective action. This Court has original jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 1331 and § 1337.

Defendant denies Plaintiffs' material factual and legal allegations.

Plaintiffs' claims invoke the unique "conditional certification" and "opt-in" procedural mechanisms of a Section 16(b) collective action under the FLSA. As such, the full scope of this case – for purposes of discovery – will not be known until the parties have briefed and the Court has ruled on whether this case should be conditionally certified as a collective action and, if so, the period for notifying potential plaintiffs of their right to opt in has closed and the number of FLSA opt-in plaintiffs is ascertained. Consequently, the parties agree that this Court's scheduling order should reflect the unique procedures related to the prosecution and defense of this potential FLSA collective action. Specifically, formal discovery is unnecessary until the collective action notice period has closed and the scope of this case is clarified (should the Court choose to conditionally certify a class).

Currently Plaintiffs' motion for collective action certification and court authorized notice is pending. Plaintiffs have agreed to permit Defendant a ten-day extension to file its response to Plaintiffs' motion for conditional certification. The parties, however, are exploring whether they can come to an agreement about the potential size and scope of the class. As a result, if the parties can come to an agreement about the potential size and scope of the class, then the parties may stipulate to a notice and opt-in period – rendering the Court's ruling on conditional certification and notice to potential plaintiffs unnecessary.

3)   **Plan for Alternative Dispute Resolution (ADR).**

   a)   The parties believe that it is premature to discuss settlement at this point because the scope of the class is unknown. Further, the parties are currently working together to identify the information that will be relevant to the potential certification of a collective action and to settlement. This information will also provide useful information regarding the merits of the case. The parties are open to the prospects of ADR once they obtain further information.

b) To date, the parties have engaged in the following good faith efforts to resolve this matter: Currently, the parties have discussed whether it makes sense to engage in settlement discussions, and at this time believe that settlement discussions would be premature.

c) The parties have agreed on the following ADR procedure: while the parties believe that it is premature to engage in formal settlement discussions, the parties expect to engage in mediation of the case once the scope of the class becomes more clear.

4) **Plan for Pre-Discovery Disclosures.** The parties are in the process of working together to informally produce the information required by Fed. R. Civ. P. 26(a)(1).

5) **Deadlines Related to the FLSA 16(b) Collective Action.** Defendant is currently required to file its response to Plaintiffs' collective action motion by **August 3, 2006**. Plaintiffs would then file their reply brief by **August 21, 2006**. The parties, however, are exploring whether they can come to an agreement about the potential size and scope of the class. As a result, if the parties can come to an agreement about the potential size and scope of the class, then the parties may stipulate to a notice and opt-in period – rendering the Court's ruling (and further briefing) on conditional certification and notice to potential plaintiffs unnecessary.

6) **Plan for Discovery.** The parties jointly propose to the court the following discovery plan:

a) Until the Court rules on whether this case should be conditionally certified as a collective action, and any potential FLSA collective action notice period closes, the parties believe it is premature to establish a deadline for the completion of discovery. After the Court has ruled on certification and any resulting notice period closes, the parties will reconvene and jointly submit proposed deadlines for the close of discovery, filing of dispositive motions, and filing of Defendant's motion to decertify any class this Court may conditionally certify. Defendants believe that only after a ruling on Defendant's Motion to Decertify (should this Court

choose to conditionally certify a class) will the parties be able to propose a date by which this case would be ready for trial. Plaintiffs believe that a trial date can be scheduled after a conditional certification ruling and notice period closes and before any motion for decertification is filed and ruled upon.

b) The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

c) The parties do not anticipate problems regarding the scope of discovery during this phase of the litigation, because the parties have agreed that formal discovery is unnecessary until the Court rules on plaintiffs' pending motion to conditionally certify a class, and if a class is conditionally certified, until after the notice and opt-in period has closed.

d) At this point, discovery regarding the scope of the class and whether collective action certification is occurring on an informal basis. Other discovery is premature.

e) Determining the amount of interrogatories is premature, because the parties have agreed that formal discovery is unnecessary until the Court rules on plaintiffs' pending motion to conditionally certify a class, and if a class is conditionally certified, until after the notice and opt-in period has closed.

f) Determining the amount of depositions is premature, because the parties have agreed that formal discovery is unnecessary until the Court rules on plaintiffs' pending motion to conditionally certify a class, and if a class is conditionally certified, until after the notice and opt-in period has closed..

g) Determining the length of depositions is premature, because the parties have agreed that formal discovery is unnecessary until the Court rules on plaintiffs' pending motion to conditionally certify a class, and if a class is conditionally certified, until after the notice and opt-in period has closed.

h) Determining a date by which disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, is premature.

i) The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

j) Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery.

k) The parties agree that there is a need for discovery in this case to be governed by a protective order. If the parties agree concerning the scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **August 28, 2006.** Such jointly proposed protective orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).

8) **Deadlines for Amendments and Potentially Dispositive Motions.**

a) It is premature to identify a date by which to file a motion for leave to join additional parties or otherwise amend the pleadings.

b) It is either inapplicable or premature to set a deadline for any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted. As reflected above, at this time the parties believe it is premature to identify a date by which to file a motion for leave to join additional parties or otherwise amend the pleadings. As such, this deadline shall not act to prevent the filing of any such motion with respect to an amended complaint which may be subsequently filed.

    c)     It is premature to identify a date for potentially dispositive motions.

    d)     It is premature to identify a date for all motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

9) **Other Items.**

    a)     The parties agree that principles of comparative fault do not apply to this case.

    b)     The parties request a status conference prior to the final pretrial conference.

    c)     It is premature to identify a date for a final pretrial conference.

    d)     It is premature to identify a trial date.

    e)     The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

Date: July 25, 2006

Respectfully Submitted,

| **STUEVE SIEGEL HANSON WOODY LLP** | **SPENCER FANE BRITT & BROWNE** |
|---|---|
| /s/ George A. Hanson | /s/ Michael C. Leitch |
| George A. Hanson    KS #15805 | Denise K. Drake    KS #17384 |
| Eric L. Dirks    D. Kan. #77996 | Michael C. Leitch    KS #19588 |
| 330 West 47th Street, Suite 250 | Spencer Fane Britt & Browne |
| Kansas City, Missouri, 64112 | 1000 Walnut, Suite 1400 |
| Telephone: (816) 714-7100 | Kansas City, MO 64106 |
| Facsimile: (816) 714-7101 | Telephone: 816-474-8100 |
| | Facsimile: 816-474-3216 |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANT** |