# EXHIBIT 4

### Drake, Denise K.

| | |
|---|---|
| **From:** | Hanson, George [hanson@sshwlaw.com] |
| **Sent:** | Saturday, August 12, 2006 2:43 PM |
| **To:** | Drake, Denise K.; Leitch, Michael |
| **Cc:** | Dirks, Eric |
| **Subject:** | Wells Fargo Processors |

Denise and Michael:

This responds to Denise's email of last night, and follows up on our discussion yesterday afternoon.

Confirmation of Limitation on Class of Loan Processors

First, let me confirm that - for purposes of our pending certification motion - we remain willing to exclude from our class definition loan processors employed by Wells Fargo in its "fulfillment centers" as part of the company's operations division. This was our initial position when you explained the company structure to us during our Rule 26 (f) conference on July 17, and we confirmed yesterday that we will limit the scope of the proposed notice accordingly.

Agreement to Informally Provide Relevant Information

Second, the premise of our July 25 Report (including our willingness to forego formal discovery) was based on an agreement that we work together to informally identify and produce relevant information, including the information necessary to evaluate (and potentially reach a stipulation) regarding the size and scope of the class. To date we have received nothing from you informally, and are still unclear as to what - if anything - Wells Fargo will agree to produce. While we are willing to discuss the scope of the proposed class (as we did yesterday), we cannot make a final stipulation without first receiving and reviewing at least some of the information contemplated in our Report.

The Limited Relevant Information We Require

We have asked for four discrete categories of information limited to the six plaintiffs in the case. These are:

(1) complete personnel files,

(2) applicable job descriptions;

(3) complete time records (including records showing time recorded on a daily and weekly basis); and

4/10/2008

(4) complete compensation records (including records of all overtime paid).

We know categories (1) and (2) are easily produced. For example, you have already pulled, reviewed and selectively produced documents from each plaintiffs' personnel file as referenced by Robyn Wallner in paragraphs 17 and 18 of her declaration. Regarding categories (3) and (4), these are designed to capture the information Wells Fargo is required by law to keep for nonexempt employees. As you know, 29 C.F.R. 516.2 requires Wells Fargo to maintain for each plaintiff:

- The hours worked each workday;
- The total hours worked each workweek;
- The total daily or weekly earnings or wages due for hours worked during a workweek, exclusive of overtime premiums;
- The total pay for overtime hours;
- The total wages paid each pay period;
- The date of payment and the pay period covered by the payment.

As you are further aware, these records are required to be accessible for inspection within 72 hours of a request. 29 C.F.R. 516.1(a); 29 C.F.R. 516.7.

Our Proposal

1) Both sides will exchange Rule 26 disclosures by Wednesday August 16, including the four categories of information provided above;

2) We will suspend the 30(b)(6) deposition notice in order to continue our informal discussions and exchange of information;

3) By Friday, August 18 we conclude our discussion of whether we can reach a stipulation as to the scope of the class for purposes of notice.

Summary

Our immediate objective in this case is to make sure all Wells Fargo loan processors who worked unpaid overtime receive timely notice of this action and their eligibility to join the case. To that end, we remain committed to working towards a stipulation of a class definition that is neither over nor under-inclusive. While our discussions regarding Region 10 are constructive, we are not convinced that a purely geographic limitation makes sense in these circumstances, and we need to receive some basic information about our current plaintiffs' employment before we formalize an agreement. I can be reached over the weekend by cell at (913) 219-7071. I am also in all day Monday to discuss these issues further.

George A. Hanson

4/10/2008

Stueve Siegel Hanson Woody LLP
330 West 47th Street
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Visit us on the web at http://www.sshwlaw.com

The information contained in this message from Stueve Siegel Hanson Woody LLP, any attachments thereto, and any information contained in messages replying to this message are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. Please contact the sender immediately by return e-mail and delete the original message.

4/10/2008