# EXHIBIT 5

# Kelly, Eric

| | |
|---|---|
| **From:** | Drake, Denise K. |
| **Sent:** | Sunday, August 13, 2006 10:21 PM |
| **To:** | Leitch, Michael; Hanson, George |
| **Cc:** | Dirks, Eric; Kelly, Eric |
| **Subject:** | RE: Wells Fargo Processors |

George - I am glad I sent an email to confirm. We, once again, would have looked terrible to our client if we had told him of your agreement to limit the class to Region 10 on Friday....and then had to back track. He would have been (rightfully) frustrated, as are we. So, it appears we are now back to you wanting "more" before being able to formalize any possible agreement. This is precisely why we filed an opposition brief.

The good news -- it appears we have now made one positive decision. You have agreed, verbally and in writing, to exclude all of the operations loan processors. We will rely on this representation, as it was clearly communicated Friday and it is now set forth in writing. When we left your office after the Rule 26 meeting, this decision to limit the class was not even close to made (let alone final). You said you would "consider limiting the class," but you in no way agreed formally to any limitations....including the exclusion of the operations side of Wells Fargo's business. Accordingly, our opposition brief addressed precisely the class you addressed in your brief. It had to -- at that point we had no agreement from you related to any limitation. And, contrary to your assertion, our opposition brief is not 2/3 focused on operations loan processors. The assertions about the many and vast differences between all loan processors apply across the board. Any representation to the contrary is incorrect. We, of course, will request the opportunity to address those false statements (if they are indeed made).

So -- Where are we? As we discussed Friday afternoon, we appear to have a chicken and egg issue here. You want step 1 to be one thing; we need it to be something else based on your suggestions and actions.

We will give you the personnel files of the plaintiffs tomorrow. I understand they are bates labeled and ready for production. I understand there are no "job descriptions," as such, for us to produce. I am not sure why they would be relevant, at any rate, as we have all agreed the loan processors are nonexempt employees. We are working on other items. Obviously, you have an abundance of information available based on and attached to our opposition.

I am in the office all day on Monday, as is Mike (I believe). As Mike said, I feel like we wasted 30 minutes on Friday. Let's make our future discussions productive and stick by what we represent. If you believe we misunderstood you "again," then I suggest we tape-record our future calls / discussions so there will be no misunderstandings about what anyone represented. I cannot believe we need to do this.....but we are really, really frustrated. Let's talk.

Thanks.

Denise K. Drake
Spencer Fane Britt & Browne LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Work 816-292-8210 or 1-800-526-6529


4/10/2008

Mobile 816-550-7557
Home 913-851-9093
Other 573-372-5669
Fax 816-474-3216
ddrake@spencerfane.com
www.spencerfane.com

---

**From:** Hanson, George [mailto:hanson@sshwlaw.com]
**Sent:** Sat 8/12/2006 2:42 PM
**To:** Drake, Denise K.; Leitch, Michael
**Cc:** Dirks, Eric
**Subject:** Wells Fargo Processors

Denise and Michael:

This responds to Denise's email of last night, and follows up on our discussion yesterday afternoon.

Confirmation of Limitation on Class of Loan Processors

First, let me confirm that - for purposes of our pending certification motion - we remain willing to exclude from our class definition loan processors employed by Wells Fargo in its "fulfillment centers" as part of the company's operations division. This was our initial position when you explained the company structure to us during our Rule 26 (f) conference on July 17, and we confirmed yesterday that we will limit the scope of the proposed notice accordingly.

Agreement to Informally Provide Relevant Information

Second, the premise of our July 25 Report (including our willingness to forego formal discovery) was based on an agreement that we work together to informally identify and produce relevant information, including the information necessary to evaluate (and potentially reach a stipulation) regarding the size and scope of the class. To date we have received nothing from you informally, and are still unclear as to what - if anything - Wells Fargo will agree to produce. While we are willing to discuss the scope of the proposed class (as we did yesterday), we cannot make a final stipulation without first receiving and reviewing at least some of the information contemplated in our Report.

The Limited Relevant Information We Require

We have asked for four discrete categories of information limited to the six plaintiffs in the case. These are:

(1) complete personnel files,

(2) applicable job descriptions;

(3) complete time records (including records showing time recorded on a daily and weekly basis); and

(4) complete compensation records (including records of all overtime paid).

We know categories (1) and (2) are easily produced. For example, you have already pulled, reviewed and selectively produced documents from each plaintiffs' personnel file as referenced by Robyn Wallner in paragraphs 17 and 18 of her declaration. Regarding categories (3) and (4), these are designed to capture the information Wells Fargo is required by law to keep for nonexempt employees. As you know, 29 C.F.R. 516.2 requires Wells Fargo to maintain for each plaintiff:

- The hours worked each workday;
- The total hours worked each workweek;
- The total daily or weekly earnings or wages due for hours worked during a workweek, exclusive of overtime premiums;
- The total pay for overtime hours;
- The total wages paid each pay period;
- The date of payment and the pay period covered by the payment.

As you are further aware, these records are required to be accessible for inspection within 72 hours of a request. 29 C.F.R. 516.1(a); 29 C.F.R. 516.7.

Our Proposal

1) Both sides will exchange Rule 26 disclosures by Wednesday August 16, including the four categories of information provided above;

2) We will suspend the 30(b)(6) deposition notice in order to continue our informal discussions and exchange of information;

3) By Friday, August 18 we conclude our discussion of whether we can reach a stipulation as to the scope of the class for purposes of notice.

Summary

Our immediate objective in this case is to make sure all Wells Fargo loan processors who worked unpaid overtime receive timely notice of this action and their eligibility to join the case. To that end, we remain committed to working towards a stipulation of a class definition that is neither over nor under-inclusive. While our discussions regarding Region 10 are constructive, we are not convinced that a purely geographic limitation makes sense in these circumstances, and we need to receive some basic information about our current plaintiffs' employment before we formalize an agreement. I can be reached over the weekend by cell at (913) 219-7071. I am also in all day Monday to discuss these issues

4/10/2008

further.

**George A. Hanson**
Stueve Siegel Hanson Woody LLP
330 West 47th Street
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Visit us on the web at http://www.sshwlaw.com

The information contained in this message from Stueve Siegel Hanson Woody LLP, any attachments thereto, and any information contained in messages replying to this message are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. Please contact the sender immediately by return e-mail and delete the original message.

4/10/2008