# EXHIBIT 6

**Drake, Denise K.**

| | |
|---|---|
| **From:** | Hanson, George [hanson@sshwlaw.com] |
| **Sent:** | Monday, August 14, 2006 1:28 PM |
| **To:** | Drake, Denise K.; Leitch, Michael |
| **Cc:** | Dirks, Eric; Pratt, Lisa |
| **Subject:** | RE: 30(b)(6) Notice |

Denise, I had just completed drafting a lengthy email responding to the one you sent late last night. It was admittedly stronger in tone than I prefer, and now that I have received what you just wrote, I am revising it substantially in the sprit if conciliation and in hopes of keeping our communications constructive. I share your frustration with miscommunications. I do need to make my position clear that we did not reach an agreement on Friday, but were openly discussing concepts. In response to your suggestion to limit the notice to Region 10, I expressed a willingness to consider that proposal, but specifically said I was thinking through the issues out loud and not ready to make a formal agreement. But that is water under the bridge, and we need to move forward.

As you know, our position is that until we receive at least some minimal information, we cannot make an informed decision regarding the scope of the class. We have asked for four limited categories of information and, for present purposes, have limited our request solely to our six current plaintiffs. I understand that the personnel files will be produced today. Thank you, and that is a start. I am surprised to hear that there are no "job descriptions" for loan processors, but will accept your representation for present purposes. I understand Wells Fargo is working on gathering the other items. This is critical because the crux of this case is whether loan processors formally classified as "nonexempt" were in fact treated as nonexempt - that is, did Wells Fargo comply with its legal obligation to maintain accurate time records (pursuant to 29 C.F.R 516.2) and pay overtime when it was worked. We believe our clients (and other loan processors) were not treated as nonexempt employees. The requested time and compensation records are obviously relevant to this issue. As soon as possible, please let me know what time and compensation records were kept for our clients, and when they will be available.

My proposal of 8/12 remains open. If the time and compensation records will be delivered by Wednesday, we will forgo the currently noticed 30(b)(6) deposition and continue a discussion regarding a stipulation as to the scope of the class. If you agree to produce the time and compensation records, but need an extra day or two, let us know and we will be flexible. If Wells Fargo declines to produce the records, we will not be in a position to make an informed decision regarding a stipulation as to the scope of the class, and will start preparing to file a reply brief in support of our certification motion. In that event, we also expect Wells Fargo to produce a company representative to testify on the limited topics we have identified.

Regarding the noticed deposition, we did not discuss the 30(b)(6) issues in our conversation of Friday, 8/12. We do need to have a conversation about that notice to see what we can

work out before involving the court. As requested in your email, we have no problem with you filing a protective order at close of business tomorrow (and modifying the 48 hour rule), but hopefully that will not be necessary. I would think Wells Fargo would agree that my email of late last night limiting the deposition to topics addressed by Ms. Wallner in her declaration constitutes a reasonable compromise.

I am available for a conversation after 3:00 today. Thanks.


**George A. Hanson**
Stueve Siegel Hanson Woody LLP
330 West 47th Street
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Visit us on the web at http://www.sshwlaw.com

The information contained in this message from Stueve Siegel Hanson Woody LLP, any attachments thereto, and any information contained in messages replying to this message are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. Please contact the sender immediately by return e-mail and delete the original message.

-----Original Message-----
**From:** Drake, Denise K. [mailto:DDrake@spencerfane.com]
**Sent:** Monday, August 14, 2006 12:44 PM
**To:** Hanson, George; Leitch, Michael
**Cc:** Dirks, Eric; Pratt, Lisa
**Subject:** RE: 30(b)(6) Notice

George - Thanks very much! I did not have this email last night when I sent my email. It appears we were both working late.

Thank you for this proposal. I wish we could come to some agreement re limitation of the class, and dispose of the entire issue.....but to the extent we cannot, I think we are making progress. Thank you, again.

Here is our dilemma. Our client contact is out of the office until tomorrow. We feel like we need to file our Motion for Protective Order no later than tomorrow at 9 a.m. Our client contact works in CA. I think we can figure this out one way or another......but we need to speak to our contact and then speak clearly to one another and confirm our understandings in writing. I so hate having miscommunications, and I do not think either of us is trying to make this more difficult.

Personnel files and handbooks will be delivered to you today.

How about you agreeing that we can file our Motion for Protective Order by 5 p.m. tomorrow with no adverse implications of that delay if we do not come to an understanding? I agree it

would be good to not burden the Court with these issues.

In the meantime, we are tracking down availability for Robyn. She is located in Minneapolis, ironically enough.

Thanks again!!

Denise K. Drake
816-550-7557 (mobile)
913-327-5110 (KS)
816-292-8210 (MO)
ddrake@spencerfane.com

NOTICE: This electronic mail transmission constitutes an attorney-client communication which is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by Reply e-mail or by calling **(816)474-8100**, so that our address record can be corrected.

**From:** Hanson, George [mailto:hanson@sshwlaw.com]
**Sent:** Sunday, August 13, 2006 10:16 PM
**To:** Drake, Denise K.; Leitch, Michael
**Cc:** Dirks, Eric
**Subject:** 30(b)(6) Notice
**Importance:** High

In the event we cannot come to an agreement along the lines of the proposal I made yesterday, we need to address the 30(b)(6) deposition notice. I have looked at Mike's 8/10 letter again. The objections raised, with very few exceptions, are without merit. Nonetheless, given the early stage of the proceedings and in order to save the Court from burdensome discovery motions, we are willing to narrow the scope of the testimony. For present purposes only, we will accept a 30(b)(6) deposition covering the topics Robyn Wallner addressed in her declaration attached to Wells Fargo opposition briefing. To accommodate Ms. Wallner (assuming she will be the company representative), and because we assume she is not local, we are willing to travel to her location. We are also willing to discuss conducting the deposition by telephone if travel arrangements prove difficult. We are further willing to limit this preliminary deposition to three hours.

I am in the office and available to discuss tomorrow after 10:30.

**George A. Hanson**
Stueve Siegel Hanson Woody LLP
330 West 47th Street
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Visit us on the web at http://www.sshwlaw.com

The information contained in this message from Stueve Siegel Hanson Woody LLP, any attachments thereto, and any information contained in messages replying to this message are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. Please contact the sender immediately by return e-mail and delete the original message.

4/10/2008