George A. Hanson
Norman E. Siegel
Eric L. Dirks
Ashlea G. Schwarz
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE WELLS FARGO LOAN PROCESSOR OVERTIME PAY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL Docket No. 1841<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date: April 28, 2008<br>Time: 2:00 PM<br>Dept: 15<br>Judge: Hon. Marilyn Hall Patel |

Plaintiffs, individually and behalf of the class, by and through their undersigned counsel, for their reply in support of their alternative Motion for Leave to Amend, state as follows:

**I.     PROCEDURAL POSTURE**

Plaintiffs filed their Consolidated Complaint on March 21, 2008 (Doc. 31).  Wells Fargo filed a Motion to Strike the Consolidated Complaint on March 31, 2008 (Doc. 33).  On April 9, 2007, Plaintiffs filed (under seal) an Opposition to Wells Fargo's Motion to Strike, and in the alternative moved to amend the Complaint (no docket number because filed under seal).  Wells Fargo filed its Reply in Support of its Motion to Strike and Opposition to Plaintiffs' Motion to Amend on April 11, 2008 (Doc. 44).  Plaintiffs hereby submit their Reply in support of their alternative Motion to Amend.

II.     ARGUMENT

    A.     **PLAINTIFFS AMENDED THE COMPLAINT AS SOON AS THEY RECEIVED THE CRUCIAL DISCOVERY IN THIS CASE.**

Wells Fargo's central argument in opposition to Plaintiffs' Motion to Amend is that Wells Fargo is prejudiced by the timing of the amendment. But this MDL proceeding is still in its beginning stages. The initial Case Management Order was issued on November 13, 2007 and the parties have engaged in only preliminary discovery. The parties' respective motions for class certification and to dismiss Plaintiffs' § 17200 claims have only recently been filed. The Court has not even set a deadline for completion of discovery or a trial date. Wells Fargo's suggestion that this MDL litigation is in an advanced stage is simply incorrect.

Importantly, Plaintiffs recently learned that a policy called "Standard Hours" was the cause of Wells Fargo's failure to pay a large number of non-exempt Team Members. Plaintiffs obtained this information in a January 31, 2008 deposition and from a subsequently-produced document called the Payroll Process Initiative ("PPI").

Despite the fact that the Standard Hours policy and PPI document have only recently come to light, Wells Fargo argues that Plaintiffs long ago should have known and understood: (1) the cause of Wells Fargo's non-compliance; and (2) the scope of this case. Wells Fargo bases its argument on previously-produced personnel files and handbooks containing vague references to "standard hours" that are unintelligible and without context. These generic references in the employee handbooks and personnel files did not put Plaintiffs on notice of the context and the impact of Standard Hours. While Wells Fargo knew that Standard Hours was non-compliant, it is undisputed that discovery did not reveal to Plaintiffs that Standard Hours was the cause of the wage-and-hour violations until: (1) the January 31, 2008 30(b)(6) deposition explaining Standard Hours; and (2) Wells Fargo produced the PPI document on February 20, 2008 (which was referenced for the first time in the January 31, 2008 deposition). Plaintiffs did not delay in amending their Complaint, and filed their amendment within weeks of the salient facts coming to light. As a result, and because this case is still in its early stages, leave to amend should be freely

granted.

### B. WELLS FARGO ADMITS IT IS NOT PREJUDICED BY PLAINTIFFS' AMENDMENT.

Wells Fargo's brief suggests that Plaintiffs have been on notice of Standard Hours and the extent of its impact since at least 2006. But even if the handbook containing reference to Standard Hours is deemed to have put Plaintiffs on notice of the issues in this case, then Wells Fargo has likewise been on notice of the issue and cannot now claim to be prejudiced by the amendment. Wells Fargo cannot have it both ways – if Wells Fargo knew that Standard Hours has been at issue in this case (as (i) it suggests in its opposition brief and (2) is made clear in its PPI document) then it is not prejudiced by the amendment focusing on individuals who were harmed pursuant to the Standard Hours policy. Wells Fargo fails to identify any real prejudice from the amendment other than its desire to avoid answering for its admitted underpayment of wages on the merits.

### C. WELLS FARGO'S PROCEDURAL ARGUMENTS ARE UNAVAILING.

Wells Fargo resorts to meritless procedural arguments in an attempt to avoid liability. Wells Fargo first argues that because the scheduling order entered by the District of Kansas in *Bowne* (an order pre-dating transfer to this court as an MDL proceeding) would have required an amendment to the pleadings before now, Plaintiffs have missed the cut-off for amending the Complaint in *this* MDL proceeding. Following this line of reasoning, however, would lead to the absurd result that discovery is now closed, no more motions whatsoever may be filed, and trial is to be held in July 2008. *See Bowne* May 15, 2007 Scheduling Order (Doc. 99). In fact, according to the *Bowne* scheduling order, Wells Fargo's Motion to Dismiss Plaintiffs' § 17200 claims should have been filed last year. Neither party has adhered to the *Bowne* scheduling order because it is obvious that it does not control. Simply put, the *Bowne* scheduling order is a nullity and, in any event, is superseded by this Court's Case Management Order.

Wells Fargo next attacks Plaintiffs' alternative Motion to Amend because it was not filed within 35 days of the scheduled hearing date on April 28, 2008. This argument ignores the

procedural posture of the issues before the Court. In response to Plaintiffs' March 21, 2008 Consolidated Complaint, Wells Fargo filed an *expedited* motion to strike Plaintiffs' Consolidated Complaint on March 31, 2008 and scheduled the hearing for April 14, 2008 (which has been reset to April 28, 2008). Plaintiffs had no objection to an expedited proceeding given the importance of a ruling on whether the Consolidated Complaint controls. As a result, and in the spirit of Wells Fargo's desire to have the issue ruled upon as soon as possible, Plaintiffs responded to Wells Fargo's expedited motion within 9 calendar days. Simultaneously, as Wells Fargo anticipated, Plaintiffs moved in the alternative for an order granting leave to amend the Complaint (in the event the Court is inclined to grant Wells Fargo's Motion to Strike). Now Wells Fargo complains that Plaintiffs' alternative Motion to Amend is improper because it was filed on an expedited basis. It would make no sense for Plaintiffs' alternative Motion to Amend to proceed on a separate schedule from Wells Fargo's expedited motion to strike. Plaintiffs' alternative motion was intended to increase efficiency by addressing the Motion to Strike and the Motion to Amend at the same time. It is hypocritical for Wells Fargo to ask to have its Motion to Strike handled on an expedited basis while complaining that Plaintiffs' related Motion to Amend must wait the normal 35-day course.

**III.     CONCLUSION**

Wells Fargo's arguments in opposition to Plaintiffs' alternative Motion for Leave to Amend are without merit. Leave to amend should be freely granted under circumstances like these where the facts central to the case have only recently been learned through discovery and the case is still in its early stages.

Dated: April 21, 2008

                         Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
By:     /s/ George A. Hanson
    George A. Hanson
    hanson@stuevesiegel.com
    Norman E. Siegel
    siegel@stuevesiegel.com
    Eric L. Dirks
    dirks@stuevesiegel.com
    Ashlea G. Schwarz
    ashlea@stuevesiegel.com
    460 Nichols Road, Suite 200
    Kansas City, Missouri 64112
    Telephone:   (816) 714-7100
    Facsimile:    (816) 714-7101

**LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send email notification of such filing(s) to the following:

    Denise K. Drake
    ddrake@spencerfane.com
    Eric P. Kelly
    ekelly@spencerfane.com
    Spencer Fane Britt & Browne
    1000 Walnut, Suite 1400
    Kansas City, MO 64106
    PH:    816-474-8100
    FAX:  816-474-3216

    ATTORNEYS FOR DEFENDANT

                               /s/ George A. Hanson

                             Attorney for Plaintiffs