1  Denise K. Drake
   Eric P. Kelly
2  SPENCER FANE BRITT & BROWNE LLP
   1000 Walnut, Suite 1400
3  Kansas City, MO 64106
   Telephone:  816-474-8100
4  Facsimile:  816-474-3216

5  Joan B. Tucker Fife (SBN: 144572)
   jfife@winston.com
6  Robert Spagat (SBN: 157388)
   rspagat@winston.com
7  WINSTON & STRAWN LLP
   101 California Street
8  San Francisco, CA  94111-5894
   Telephone:     415-591-1000
9  Facsimile:     415-591-1400

10 Attorneys for Defendants Wells Fargo
   Mortgage, a Division of Wells Fargo, N.A.
11 and Wells Fargo, N.A.

12

13                     UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15

16 IN RE WELLS FARGO LOAN PROCESSOR          MDL Docket No. 1841 (MHP)
   OVERTIME PAY LITIGATION
17
                                             DECLARATION OF ERIC P. KELLY IN
18 THIS DOCUMENT RELATES TO ALL              SUPPORT OF PLAINTIFFS'
   CASES                                     ADMINISTRATIVE MOTION TO FILE
19                                           UNDER SEAL CONFIDENTIAL
                                             DOCUMENTS LODGED WITH THE
20                                           COURT IN SUPPORT PLAINTIFFS'
                                             MOTION FOR CLASS AND
21                                           CONDITIONAL COLLECTIVE ACTION
                                             CERTIFICATION
22

23

24

25

26

27

28

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

I, Eric P. Kelly declare:

1.    I am an attorney at law, admitted *pro hac vice* to practice in this Court for this matter. I am an associate at the law firm of Spencer Fane Britt & Browne LLP, lead counsel for Defendants Wells Fargo Mortgage, A Division of Wells Fargo, National Association, and Wells Fargo Bank National Association (collectively "Wells Fargo") in this matter.  I have personal knowledge of the facts herein and if called as a witness, could and would competently testify thereto.

2.    I submit this declaration under Local Rule 79-5(d) in support of sealing certain documents and information lodged by the Plaintiffs in this action that have previously been designated "Confidential."

3.    Before the action styled *Bowne v. Wells Fargo Bank, N.A.*, 06-cv-02020 (D. Kan.) was transferred to this Court for consolidated or coordinated multidistrict litigation, the parties to the *Bowne* action entered into a Stipulated Protective Order.  On June 19, 2007, the Court for the District of Kansas entered the Protective Order, a true and correct copy of which is attached as Exhibit "A." Under the terms of the Stipulated Protective Order, the parties agreed that the parties may designate the following information, *inter alia*, as confidential:  proprietary information regarding Defendant's personnel and/or human resources policies, procedures, and training; and proprietary information regarding Defendant's business practices.

4.    On September 2, 2007, after the instant matters were consolidated or coordinated for multidistrict litigation, counsel entered into a Stipulated Protective Order, a true and correct copy of which is attached hereto as Exhibit "B."  Under the terms of the Stipulated Protective Order, the parties again agreed that the parties may designate the following information, *inter alia*, as confidential:  proprietary information regarding Defendant's personnel and/or human resources policies, procedures, and training; and proprietary information regarding Defendant's business practices.

5.    On April 7, 2008, Plaintiffs served Wells Fargo with their Opposition to Defendants' Motion to Dismiss Plaintiffs' 17200 Claims and documents in support thereof.  On April 9, 2008, Plaintiffs served Wells Fargo with their Opposition to Defendants' Expedited Motion to Strike

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

LA:211243.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Plaintiffs' Consolidated Complaint, and in the Alternative, Motion for Leave to Amend Complaint and documents in support thereof. Both of these briefs relied, in part, on a document designated as confidential and produced pursuant to the parties' Stipulated Protective Order (the "Confidential Document I"). This document was attached as exhibits to the Declaration of George Hanson, which specifically referenced the Confidential Document I. Additionally, portions of Plaintiffs' Memorandum of Points and Authorities directly cited and referred to the content of the Confidential Document I.

6.     In order to protect the proprietary interests of Wells Fargo in its confidential information, Plaintiffs lodged the documents served April 7 and 9, 2008. Pursuant to Local Rule 79-5, Plaintiffs submitted administrative motions to file the confidential information under seal.

7.     Wells Fargo timely filed a declaration in support of these administrative motions and a narrowly tailored proposed sealing order. On April 18, 200, having considered the documents filed in support of sealing the confidential documents, the Court entered an Order sealing unredacted versions of the documents Plaintiffs lodged with the Court on April 7 and 9, 2008.

8.     On April 15, 2008, Plaintiffs served Wells Fargo with their Motion in Support of Class and Conditional Action Certification. The memorandum of points and authorities relies, in part, on the same Confidential Document that Court has already ordered sealable. In addition, the same Confidential Document is attached as Exhibit A to the Declaration of George Hanson filed in support of Plaintiffs' Motion.

9.     The memorandum of points and authorities also relies, in part, on another document designated as confidential and produced pursuant to the parties' Stipulated Protective Order (the "Confidential Document II"). This document is attached as Exhibit D to the Declaration of George Hanson filed in support of Plaintiffs' Motion.

10.     Both Confidential Documents at issue contain sensitive and confidential information relating to Wells Fargo's procedures and business practices. The Confidential Documents include financial and strategic information about how Wells Fargo handles sensitive issues as they relate personnel affairs. This is the type of proprietary information that Wells Fargo generally closely

2

LA:211243.1

1    guards. It is also my understanding that the Confidential Documents were kept in confidence even at

2    Wells Fargo, and that they were circulated only on a "need to know" basis.

3        11.    Wells Fargo therefore seeks to file Confidential Documents I & II, and all

4    descriptions and references to these Confidential Documents (the "Sealable Information") under

5    seal. If this information were not filed under seal, Wells Fargo will be forced to make certain

6    proprietary information relating to its personnel and business practices public. This is not only

7    contrary to the June 19, 2007 Order of the Court of the District of Kansas *and* the agreement

8    between the parties reflected in the Stipulated Protective Order, but it could also cause business harm

9    to Wells Fargo.

10        12.    In order to protect the proprietary interests of Wells Fargo in its confidential

11   information, Plaintiffs lodged the following documents under seal on April 15, 2008: (a) Motion in

12   Support of Class and Conditional Action Certification; and (b) the supporting Declaration of George

13   Hanson and the Exhibits attached thereto (including both the Sealable Information, as well as

14   unsealable deposition transcript excerpts). Thus, pursuant to Local Rule 79-5, Plaintiffs submitted

15   an administrative motion to file the confidential information under seal.

16        13.    Both of the documents referenced in paragraph 12 of this declaration contain Wells

17   Fargo's confidential and proprietary information. Wells Fargo therefore Wells Fargo requests that

18   the Court file the unredacted motion under seal.

19        14.    On April 15, 2008, Plaintiffs also served Wells Fargo with a copy of their Motion in

20   Support of Class and Conditional Action Certification in which most confidential information and

21   references to the Confidential Document I have been redacted. This version contains an *unredacted*

22   reference to and description of the Confidential Document II. For the convenience of the Court,

23   Wells Fargo has redacted all Sealable Information from the Motion in Support of Class and

24   Conditional Action Certification , and has attached "Motion in Support of Class and Conditional

25   Action Certification - **Redacted**" hereto as Exhibit "C."

26        15.    Wells Fargo respectfully requests that the Court only file this version of Plaintiffs'

27   Motion in Support of Class and Conditional Action Certification in the public record.

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3

16.    Plaintiffs did not serve Wells Fargo with a redacted version of the Declaration of George Hanson in support of the Motion in Support of Class and Conditional Action Certification. For the convenience of the Court, Wells Fargo has redacted only the Sealable Information from the Declaration of George Hanson and has attached "Declaration of George Hanson in Support of Plaintiffs' Motion in Support of Class and Conditional Action Certification – **Redacted**" hereto as Exhibit "D."  Wells Fargo respectfully requests that the Court only file this version of the Declaration of George Hanson and the exhibits attached thereto in the public record.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated:  April 22, 2008

_____
Eric P. Kelly

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Declaration of Eric P. Kelly in Support of Plaintiffs' Administrative Motion to File Under Seal
MDL Docket No. 1841

LA:211243.1