# EXHIBIT 1

1

2

3

4

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 2 9 2005

JOHN A. CLARKE, CLERK

BY L. ZULUETA, DEPUTY

5

6

7

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 2 8 2005

JOHN A. CLARKE, CLERK

BY L. ZULUETA, DEPUTY

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 11  JOHANNA OSINGA, an individual; MARI-<br>KRISTI BROWN, an individual; SAKINEH<br>12  SIMA ALAMDARI, an individual; KAREEN<br>YU, an individual; KAREN HA, an<br>13  individual; and DELYNA VU, an individual;<br>individually and on behalf of all others<br>14  similarly situated,<br>15<br>Plaintiffs,<br>16<br>vs.<br>17<br>18  WELLS FARGO BANK, N.A. and DOES 2<br>through 1,000, inclusive,<br>19<br>20  Defendants. | CASE NO.:   BC305453<br><br>Judge: James C. Chalfant<br>Department 13<br><br>**CLASS ACTION**<br><br>**Original Complaint Filed Nov. 3, 2003**<br><br>**ORDER FOR FINAL APPROVAL OF<br>CLASS ACTION SETTLEMENT AND<br>CERTIFICATION OF SETTLEMENT<br>CLASS**<br><br>**[PROPOSED]**<br><br>Date:  June 29, 2005<br>Time: 8:30 a.m.<br>Dept.  13 |

21

22

23

24

25

26

27

28

-1-

ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

**ORIGINAL**

1    WHEREAS, on February 7, 2005, WELLS FARGO BANK, N.A. ("WELLS FARGO")

2  and Plaintiffs entered into a "Joint Stipulation of Settlement and Release Between Plaintiffs and

3  Defendant" ("Settlement Agreement") intended to resolve this litigation;

4    WHEREAS, on June 28, 2005, WELLS FARGO and Plaintiffs amended the Settlement

5  Agreement by entering into an Amendment to Joint Stipulation of Settlement and Release

6  Between Plaintiffs and Defendant ("Amendment");

7    WHEREAS, the Settlement Agreement, together with the exhibits attached thereto, and

8  the Amendment, set forth the terms and conditions for settlement and dismissal of this action

9  against WELLS FARGO, with prejudice, upon the terms and conditions set forth therein;

10    WHEREAS, the Court has before it Plaintiffs' Motion for Final Approval of Class Action

11  Settlement and Plaintiffs' Memorandum of Points and Authorities in Support thereof filed on

12  May 4, 2005, as well as Plaintiffs' Supplemental Brief in Support of Motion for Final Approval

13  of Class Action Settlement and Application for Order Awarding Attorneys' Fees and

14  Reimbursement of Expenses, together with Declarations, Exhibits and supporting evidence and

15  materials;

16    WHEREAS, the Court held hearings on Plaintiffs' Motion for Final Approval of Class

17  Action Settlement on May 10, 2005, and June 10, 2005, and has heard the attorneys for the

18  parties with respect to the proposed settlement of this action;

19    WHEREAS, the Court has also heard the attorneys for Class Member Susan Barksdale

20  and has considered the objections raised by same;

21    WHEREAS, the Court is satisfied that the settlement set forth in the Settlement

22  Agreement and Amendment was the result of good faith, arm's length settlement negotiations

23  between competent and experienced counsel for both the Plaintiffs and the Settling Defendant

24  WELLS FARGO;

25    AND, having found that the settlement herein is reasonable, fair, adequate, in good faith,

26  and has met all due process requirements, and good cause appearing therefor;

27  / / /

28  / / /

-2-

ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS AND ORDERS:

<u>Final Approval of Settlement</u>

1.    The settlement of this action, and the provisions of the Settlement Agreement and Amendment, are hereby finally approved.

2.    The Court finds that the Settlement Agreement attached as Exhibit "A," as amended by the Amendment attached hereto as Exhibit "B," each of which is incorporated herein by this reference and made a part of this Order for Final Approval, is reasonable and finally approved by this Court; the Court further finds that the terms of the Settlement Agreement and Amendment are fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues; the Court further finds that the settlement herein followed significant investigation and research by counsel which permitted reasonable evaluation of the parties' respective positions; that the Settlement will avoid substantial costs, delay and risks that would otherwise be presented by further prosecution of the litigation; and the Court further finds that the Settlement has been reached as the result of intensive, serious and non-collusive negotiations;

3.    Pursuant to California Code of Civil Procedure Section 382, the Court hereby certifies the following Settlement Class:

"All individuals who, as verified by personnel and payroll records, worked at any one of Wells Fargo's California retail branches in any of the following job classifications between November 3, 1999, and November 2, 2004: Teller, Lead Teller, Customer Service Representative I, Customer Service Representative II, Customer Service Representative III, Customer Service Representative IV, Customer Service Representative V, Customer Sales and Service Representative, Private Banker I, Personal Banker Trainee, Personal Banker I, Personal Banker II, Service Manager I, Assistant Store Manager I, Assistant Store and/or Assistant Manager II, and/or Business Banking Specialist. Hereinafter, each individual member of the Settlement Class shall be referred to as a "Class Member."



1    4.    Certification for settlement purposes of the proposed settlement class is appropriate under

2         California Code of Civil Procedure Section 382.

3    5.    The Court has considered the pleadings and arguments of counsel in support of Plaintiffs'

4         Motion for Certification of Provisional Settlement Class and finds that the proposed

5         Settlement Class is proper and should be certified for settlement purposes in connection

6         with this case. Specifically the Court finds that there is an ascertainable class and a

7         community of interest among the members of the Settlement Class. Certification of the

8         Settlement Class for settlement purposes is the best means for protecting the interests of

9         all Class Members.

10    6.    The Court finds, for the purposes of settlement, that: (a) the persons in the Settlement

11         Class are so numerous that joinder would be impractical; (b) there is a commonality of

12         interests between the Plaintiffs and the members of the proposed Settlement Class; (c)

13         there are questions of law and fact that are common to the Settlement Class, and the

14         common questions predominate over any individual questions; (d) Plaintiffs' claims are

15         typical of the claims of the other Class Members; and, (e) Plaintiffs will fairly and

16         adequately represent the interests of the absent Class Members.

17    7.    The Court further finds that the named Plaintiffs JOHANNA OSINGA, MARI-KRISTI

18         BROWN, SAKINEH SIMA ALAMDARI, KAREEN YU, KAREN HA, and DELYNA

19         VU are adequate class representatives for the Settlement Class. Accordingly, the Court

20         hereby orders that Plaintiffs JOHANNA OSINGA, MARI-KRISTI BROWN, SAKINEH

21         SIMA ALAMDARI, KAREEN YU, KAREN HA, and DELYNA VU, are appointed as

22         the named representatives of the Settlement Class (hereafter referred to as "Class

23         Representatives").

24    8.    The Court further finds that Plaintiffs' counsel, Douglas Caiafa, APLC, and Christopher

25         J. Morosoff, are adequate class counsel. Accordingly, the Court hereby orders that

26         attorneys Douglas Caiafa, APLC, and Christopher J. Morosoff are appointed as counsel

27         for the class (hereafter referred to as "Class Counsel").

28    9.    The Court finds, based on the other findings articulated herein, that class action treatment

1    of this case is the superior method of adjudication.

2

3                            Notice to Class Members

4   10.   The Court finds that the Settlement Administrator in this action, Rust Consulting, Inc.,

5         mailed Notice Packages (consisting of the Court-approved Notice of Pendency of Class

6         Action, Claim Form, and Request for Exclusion Form) to each of the 38,956 Class

7         Members on February 28, 2005. The Court further finds that only 1,304 of the 38,956

8         Notice Packages which were mailed (or 3.3%) were returned as undeliverable. This

9         translates into an actual notice rate of approximately 96.7%, which the Court finds

10        satisfies all constitutional and statutory requirements, including those of due process. The

11        Court further finds that 638 (or 1.6% of the Class Members) have chosen to opt-out of the

12        Settlement herein by submitting a Request for Exclusion Form. The Court finds that the

13        relatively low percentage of Class Members choosing to opt-out of the Settlement is

14        further evidence of the fairness of the Settlement.

15  11.   The Court further finds that the Notice of Pendency of Class Action fairly and adequately

16        advised Class Members of the terms of the proposed Settlement and the benefits available

17        to Class Members thereunder, as well as their right to opt-out and procedures for doing

18        so, and of the formal Fairness Hearing conducted on May 10, 2005, and the right of Class

19        Members to file documentation in opposition to the proposed settlement and to appear in

20        connection with said hearing. The Court further finds that said Notice fully compiled

21        with all constitutional requirements, including those of due process.

22

23                      Supplemental Notice to Class Members

24  12.   No later than 20 days after entry of this Order, the parties shall cause to be mailed via

25        first class mail, through the class action Settlement Administrator, the Supplemental

26        Notice of Pendency of Class Action in the form attached hereto as Exhibit "C", and the

27        Supplemental Notice to Class Action Participants in the form attached hereto as Exhibit

28        "D."

                                        -5-
    ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

1   13.   The Notices to be provided as set forth in the preceding paragraph are hereby found to be

2        the best means practicable under the circumstances of providing notice to Class Members

3        of the terms of the Amendment, and when completed shall constitute due and sufficient

4        notice of the Amendment to all persons and entities affected by and/or entitled to

5        participate in the Settlement, in full compliance with due process and the notice

6        requirements of California Code of Civil Procedure, Section 877.6.

7   14.   Plaintiffs and Defendant are authorized to retain Rust Consulting, Inc., as the Settlement

8        Administrator to perform in accordance with the terms of the Settlement Agreement,

9        Amendment, and this Order.  The Settlement Administrator shall preserve any and all

10       written communications from Class Members until 60 days after the time period for any

11       and all appeals has expired, subject to further order of this Court, and any and all such

12       communications shall be available at reasonable times for inspection and copying by the

13       parties.

14

15                         Proof of Claim Forms

16   15.   To effectuate the Settlement Agreement, Amendment, and the Notices provided for in

17        paragraphs 12 and 13 of this Order, the Settlement Administrator has been designated to

18        be responsible for receipt of all Proof of Claim Forms from Class Members that have not

19        timely and validly excluded themselves from the Settlement Agreement.  The Settlement

20        Administrator shall preserve all Proof of Claim Forms and any and all other written

21        communications from Class Members in accordance with paragraph 14 of this Order.

22   16.   In order to be entitled to participate in the Settlement, each member of the class shall take

23        the following actions and be subject to the following requirements:

24       a.   Each Class Member is entitled to receive a distribution pursuant to the Settlement

25            Agreement and Amendment.  Each Class Member who wishes to receive a

26            distribution must submit a properly completed and signed Proof of Claim in the

27            form of Exhibit "B" to the Settlement Agreement so that it is received by the

28            Settlement Administrator or is postmarked on or before August 15, 2005, unless a

1  Class Member makes a written showing of hardship, as provided in the Settlement

2  Agreement.

3  b.  Each Proof of Claim Form shall be submitted and reviewed by the Settlement

4  Administrator, who shall determine, subject to paragraph 16(c) of this Order, the

5  extent, if any, to which claims made in the Proof of Claim shall be allowed.

6  c.  Counsel for Plaintiffs and Defendant shall be kept reasonably apprized of the

7  course of the claims administration process, shall have the right to inspect all

8  Proofs of Claims and related documentation, and shall have the right to challenge

9  such Proofs of Claims before this Court.

10  d.  The Settlement Administrator will notify each Class Member submitting a Proof

11  of Claim Form of any recommendation of disallowance, in whole or part, of the

12  Proof of Claim submitted by such Class Member, and will set forth in writing the

13  reasons for such disallowance.  A Class Member whose claim has been

14  disallowed shall be permitted a reasonable period of time to cure any deficiency

15  with respect to his or her Proof of Claim.

16  e.  Each Class Member who does not submit a timely Proof of Claim, or who

17  submits a Proof of Claim that is disallowed for deficiencies that are not cured

18  within a reasonable period of time as provided in the Settlement Agreement, shall

19  be barred from participating in the Settlement (except to the extent a Proof of

20  Claim may be partially allowed), but otherwise shall be bound by all of the terms

21  and provisions of the Settlement Agreement and Amendment, including but not

22  limited to the releases, waivers and agreements described in the Settlement

23  Agreement and/or Amendment.

24

25

## Attorney's Fees and Costs

26

27  17.  The Court finds that Class Counsel's base lodestar figure is $2,077,200 in attorneys' fees,

28  plus costs of $42,117.  The Court further finds that the time spent by Class Counsel

ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

1   litigating this case, as reflected in Class Counsel's time records submitted in support of

2   their Motion for Final Approval, is reasonable. The Court further finds that Class

3   Counsel's hourly rates are reasonable for this type of sophisticated litigation. The Court

4   further finds that the amount of costs incurred by Class Counsel litigating this action,

5   $42,117, is reasonable. Accordingly, the Court finds that Class Counsel's total base

6   lodestar for attorneys' fees and costs of $2,119,317 is reasonable.

7   18.   The Court finds that a modest lodestar multiplier of 1.16 is appropriate and acceptable in

8   this case to compensate Class Counsel for the risks involved in undertaking this litigation,

9   the contingent nature of this litigation, and the results achieved by Class Counsel.

10  19.   Therefore, the Court hereby orders that Class Counsel are awarded $2,463,311 for

11  attorneys' fees and costs.

12  20.   The Court finds that Class Counsel has agreed to pay any attorney's fees awarded by the

13  Court to counsel for objector Susan Barksdale, up to a maximum of $100,000.

14  21.   The Court finds that Objector Susan Barksdale has withdrawn her objection.

15

16              Class Representative Incentive Awards

17  22.   The Court finds that the Class Representatives in this action contributed to the

18  prosecution of this case by, among other things, responding to discovery requests,

19  participating in meetings with counsel, attending depositions, and participating in the

20  mediation and ultimate settlement of this action.

21  23.   Accordingly, the Court hereby orders that the Class Representatives are awarded

22  incentive payments to compensate them for their time, effort, and participation in the

23  prosecution and settlement of this action in the following amounts:

24      a.    JOHANNA OSINGA:              $15,000

25      b.    MARI-KRISTI BROWN:           $15,000

26      c.    SAKINEH SIMA ALAMDARI:       $15,000

27      d.    KAREEN YU:                   $15,000

28      e.    KAREN HA:                    $15,000

-8-

| | f. | DELYNA VU: | $15,000 |
|---|---|---|---|
| | g. | LORENA SANN: | $10,000 |

<u>Claims Administration</u>

24.   The Court anticipates that claims by Class Members will continue to be made until August 15, 2005. Thereafter, the claims will be administered by the Claims Administrator.

25.   Class Counsel shall file a final claims administration report setting forth information on the number of claims, opt-outs, payment of claims, payment of counsel fees, payment of representative incentive payments, payment of settlement administration fees, and payment of payroll taxes. The final claims administration report shall be filed with the Court on or before September 20, 2005.

IT IS SO ORDERED.

DATED: __6/29/05__

_____
JUDGE OF THE SUPERIOR COURT

-9-

ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

1
2
3
4
5.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHANNA OSINGA, an individual; MARI-KRISTI BROWN, an individual; SAKINEH SIMA ALAMDARI, an individual; KAREEN YU, an individual; KAREN HA, an individual; and DELYNA VU, an individual; individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A. and, DOES 2 through 1,000, inclusive, <br><br> Defendants. | CASE NO. BC 305453 <br><br> ASSIGNED FOR ALL PURPOSES TO: JUDGE JAMES CHALFANT DEPARTMENT 13 <br><br> **JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT** <br><br> Complaint Filed:  November 3, 2003 |

This Joint Stipulation of Settlement and Release (hereinafter "Stipulation of Settlement") is made and entered into by and between the following parties:  plaintiffs JOHANNA OSINGA, MARI-KRISTI BROWN, SAKINEH SIMA ALAMDARI, KAREEN YU, KAREN HA, and DELYNA VU (collectively hereinafter "Plaintiffs" or "Class Representatives"), individually and on behalf of the class, and defendant WELLS FARGO BANK, N.A., and their respective counsel of record, and subject to the approval of the Court.

5536_1

Ex A

1.   The Plaintiffs and Wells Fargo Bank, N.A., are collectively referred to as "the parties." The word "person" shall have the meaning set forth in Government Code Section 17.

2.   On November 3, 2003, Plaintiffs filed a proposed class action Complaint against Wells Fargo & Company on behalf of themselves and all other bank tellers similarly situated, alleging violations of the California Labor Code and seeking damages for unpaid straight-time and overtime wages, split-shift and reporting time premiums, missed meal and rest periods , waiting time penalties, tortious conversion, unlawful business practices under California Business and Professions Code, sections 17200, *et seq.*, and seeking an award of punitive damages.  On December 11, 2003, Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") was added as a defendant to the Complaint.

3.   On February 11, 2004, the Court sustained without prejudice a demurrer to Plaintiffs' cause of action for tortious conversion.

4.   On April 1, 2004, the Court granted a motion to strike Plaintiffs' allegations seeking a recovery of punitive damages.

5.   On April 13, 2004, Plaintiffs filed a First Amended Class Action Complaint ("FAC") that expanded the putative class to also include lead tellers, customer service representatives, customer service and sales representatives, and personal bankers. The FAC did not include the previously alleged conversion cause of action and allegations seeking a recovery of punitive damages. The FAC was virtually identical to the initial complaint in all other substantive respects.

5536_1

-2-

6.     On August 27, 2004, the Court granted Plaintiffs' Motion for Leave of Court to File a Second Amended Class Action Complaint ("SAC"). Plaintiffs subsequently filed their SAC on August 31, 2004. The SAC further expanded the putative class to include all persons employed by Wells Fargo as non-exempt assistant store managers. The SAC also added two new named-plaintiffs, dropped one of the existing named-plaintiffs and dropped Wells Fargo & Company as a defendant. Lastly, the SAC also added two new causes of action under the California Labor Code: for failure to provide accurate wage statements (Section 226), and for failure to keep accurate payroll records (Section 1174). The SAC was virtually identical to the FAC in all other substantive respects.

7.     The "Settlement Class" consists of those individuals who, as verified by personnel and payroll records, worked at any one of Wells Fargo's California retail branches in any of the following job classifications between November 3, 1999, and November 2, 2004: Teller, Lead Teller, Customer Service Representative I, Customer Service Representative II, Customer Service Representative III, Customer Service Representative IV, Customer Service Representative V, Customer Sales and Service Representative, Private Banker I, , Personal Banker Trainee, Personal Banker I, Personal Banker II, Service Manager I, Assistant Store Manager I, Assistant Store Manager II and/or Business Banking Specialist. Hereinafter, each individual member of the Settlement Class shall be referred to as a "Class Member."

5536_1                                          -3-

8.    From December 2003, through October 2004, the parties conducted extensive discovery concerning this action.  There were more than 25 days of depositions taken, the parties served more than 90 sets of written discovery, and Wells Fargo produced more than 15,000 documents and electronic data which exceed one billion data fields.

9.    In addition, prior to the mediation of this case, on October 4, 2004, the parties exchanged additional information for settlement purposes under a protective order.  Counsel for the parties conferred extensively, in person and by telephone, concerning this information, the merits of the parties' claims and/or defenses, and other issues relevant to reaching a settlement.

10.    On October 13, 2004, the parties participated in a day-long mediation in San Francisco before one of the most well-respected class action mediators, David Rotman.  The mediation lasted late into the evening and the parties reached a settlement one week later with the continued assistance of the mediator.

11.    The parties stipulate and agree to the certification of the Settlement Class for purposes of this settlement only.  In the event the settlement does not become final for whatever reason, the fact that the parties were willing to stipulate to class certification as part of the settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether any class should be certified in any subsequent proceeding.  The parties and their counsel further agree that they will not offer or make reference to this provisional stipulation to class certification for purposes of settlement in any subsequent proceeding in this action (except for purposes of having this settlement approved by the Court) or any other action.

5536_1                                            -4-

12.    The Lawsuit alleges that Wells Fargo violated the California Labor Code and the California Business and Professions Code and engaged in other unlawful conduct by failing to pay straight and overtime wages, failing to pay split-shift and reporting time premiums, failing to provide required meal and rest periods, failing to keep accurate payroll records, and failing to provide accurate wage statements to Class Members. Wells Fargo denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' Complaint, the FAC, and the SAC, and further denies that this action is appropriate for class treatment. Wells Fargo contends, among other things, that it has complied with the California Labor Code and the Business and Professions Code at all times. Plaintiffs contend that class certification is appropriate.

13.    It is the desire of the parties to fully, finally, and forever settle, compromise, and discharge disputes and claims arising from or related to this lawsuit which exist or may exist between them. The Class Representatives, the Settlement Class, and each Class Member, each waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

5536_1                                    -5-

In order to achieve a full and complete release of Wells Fargo, and all present, former and future parents, subsidiaries, affiliates, affiliated entities, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers, successors, assigns, and attorneys (collectively hereinafter, the "Releasees"), each Class Member acknowledges that this Agreement is intended to include in its effect all claims which each Class Member does not know or suspect to exist in his or her favor at the time that he or she signs this Agreement.

14.    It is the intention of the parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all "Released Claims." "Released Claims" shall mean all known and unknown claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, penalties, interest or any other claim at law whether statutory, common law rule, regulation or otherwise, arising out of or related to this action that the Settlement Class and each Class Member thereof may have against Wells Fargo and the Releasees, including but not limited to any claim under the California Labor Code (including but not limited to Sections 200, 201, 202, 203, 204, 210, 215, 216, 218, 226, 226.6, 226.7, 510, 512, 553, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2699), the California Industrial Welfare Commission Wage Orders, California Business and Professions Code sections 17200, *et* seq., and federal law, including but not limited to all claims under the Fair Labor Standards Act (including all claims for liquidated damages thereunder).

15.    Counsel for Plaintiffs has conducted a formal and informal investigation into the facts of the class action, including an extensive review of voluminous documents and electronic data, and have diligently pursued an

5536_1                                            -6-

investigation of Class Members' claims against Wells Fargo. Based on their

own independent investigation and evaluation, counsel for Plaintiffs are of

the opinion that the settlement with Wells Fargo for the consideration and

on the terms set forth in this stipulation is fair, reasonable, and adequate and

is in the best interest of the class in light of all known facts and

circumstances, including the risk of significant delay, defenses asserted by

Wells Fargo, and numerous potential appellate issues. Wells Fargo and its

counsel also agree that the settlement is fair and in the best interest of the

Settlement Class and each Class Member.

16.    The parties agree to cooperate and take all steps necessary and appropriate
to dismiss this action with prejudice upon final approval of the Settlement
by the Court.

### TERMS OF SETTLEMENT

17.    NOW, THEREFORE, in consideration of the mutual covenants, promises
and warranties set forth herein, the parties agree, subject to the Court's
approval, as follows:

a.    The claims of all Class Members are settled for $8,589,935, inclusive of
enhanced payments to class representatives, attorneys' fees and costs
(the "Settlement Amount").

b.    It is agreed by and among the parties that this action and any claims,
damages, or causes of action arising out of or related to the dispute
which is the subject of said action, be settled and compromised as
between the Settlement Class and each Class Member, and Wells Fargo,

-7-

1   subject to the terms and conditions set forth in this Stipulation of

2   Settlement and the approval of the Superior Court of Los Angeles

3   County.

4

5       c.   Settlement Date:  The settlement embodied in this Stipulation of

6   Settlement shall become effective upon the execution of this Stipulation

7   of Settlement by all parties, counsel for Plaintiffs, and counsel for Wells

8   Fargo, following notice to the putative members of the class and a

9   formal fairness hearing and entry of a final order by the Court in

10  accordance with the terms herein, approving this Stipulation of

11  Settlement and dismissing, with prejudice, this action and all claims of

12  the Settlement Class and each Class Member.

13

14      d.   Settlement Formula and Distribution.  The portion of the Settlement

15  Amount payable to each Class Member will be calculated as follows:

16

17          i.   The approved attorneys' fees, costs, representative

18               enhancements and administrative costs will be deducted from

19               the $8,589,935 settlement amount.  It is from the remaining

20               amount ("Remainder") that claims will be paid.

21

22          ii.  In consideration for settlement and a release of all claims of

23               the Settlement Class and each Class Member thereof, Wells

24               Fargo agrees to pay to each Class Member who submits a

25               valid and timely Proof of Claim Form, $20.00 for each month

26               (as described in subsection "iii" of this paragraph) during

27               "Period 1" that the Class Member worked in a "Qualifying

28               Classification," less attorneys' fees, costs and deductions

5536_1                                              -8-

JOINT STIPULATION OF SETTLEMENT AND RELEASE

required by law; $11.00 for each month during "Period 2" that the Class Member worked in a "Qualifying Classification," less attorneys' fees, costs and deductions required by law; and $9.73 for each month during "Period 3" that the Class Member worked in a "Qualifying Classification," less attorneys' fees, costs and deductions required by law.  As used herein, "Period 1" is November 3, 2002, through November 2, 2004; "Period 2" is November 3, 2000, through November 2, 2002; and "Period 3" is November 3, 1999, through November 2, 2000. As used herein, "Qualifying Classification" means and refers to the following job classifications at Wells Fargo's California retail branches: Teller, Lead Teller, Customer Service Representative I, Customer Service Representative II, Customer Service Representative III, Customer Service Representative IV, Customer Service Representative V, Customer Sales and Service Representative, Private Banker I Personal Banker Trainee, Personal Banker I, Personal Banker II, Service Manager I, Assistant Store Manager I, Assistant Store Manager II and/or Business Banking Specialist.

    iii.  Months will be calculated by taking the total number of days in the time period worked by each class member and dividing that number by 30.4, then rounding down to the nearest whole number.

    iv.  Based on Wells Fargo's records, if all Class Members submit a valid and timely Proof of Claim Form, Wells Fargo will pay in excess of $8,589,935, inclusive of attorneys' fees, costs,

5536_1                                              -9-

representative enhancements and costs of administration in

settlement of this action.

v.  Those persons who submit a Request for Exclusion Form are
not entitled to a settlement payment. Wells Fargo shall have
no obligation to make a payment to any member of the
Settlement Class who does not file a valid and timely Proof of
Claim Form. In addition, Wells Fargo shall have no
obligation to pay or provide any further consideration to any
member of the Settlement Class by reason of this settlement or
the foregoing payments, including but not limited to
contributions to any 401(k) or other retirement or employee
benefit plan, vacation or sick pay, etc.

vi.  Except for the enhancements and payments described in
paragraph "f" below, sixty percent (60%) of all settlement
payments to the Settlement Class, and each member thereof,
shall be considered wages and shall be subject to the
withholding of all applicable local, state and federal taxes. The
remaining forty percent (40%) shall be considered interest and
penalties. Each Class Member will receive a W-2 for that
portion of the payment representing wages and taxes will be
withheld at the rate required by law.    Each Class Member
will receive an IRS Form 1099 for that portion of the  payment
representing interest and penalties and they will be responsible
for correctly characterizing this compensation for tax purposes
and to pay any taxes owing on said amount. As to all
settlement payments that shall be considered wages, Wells

5536_1

-10-

1    Fargo will pay all amounts required by law to be paid by the

2    employer to any federal, state or local tax authority. No

3    claimant who fails to provide a valid Social Security number

4    will receive a payment.

5

6    vii.  The settlement administrator shall mail the settlement

7    payments within sixty (60) days following the Final Approval

8    Hearing, except that, if any objection or appeal is filed, then

9    the settlement administrator shall mail the settlement

10    payments within ten (10) days following the later of (i) the

11    date that the time for appeal has expired, or (ii) the date of the

12    final resolution of any appeal which has been filed, upholding

13    the terms of this settlement.

14

15    viii.  Wells Fargo's records will be determinative with respect to

16    whether each claimant is a qualified claimant. The personnel

17    and payroll records provided by Wells Fargo shall be

18    presumptively correct for determining who the Class Members

19    are, and also for purposes of investigating a claim to determine

20    if a claimant is a qualified claimant. If for any reason a

21    claimant disagrees with Wells Fargo's records, the claimant

22    can submit the matter to arbitration as set forth in paragraph

23    "e" below.

24

25    ix.  Qualified claimants will only include those individuals in the

26    Settlement Class who timely submit a Proof of Claim Form

27    signed under penalty of perjury. Compensable months will

28    include only the number of months that each claimant verifies

5536_1

-11-

he/she worked in a Qualifying Classification at any Wells Fargo California retail branch between November 3, 1999, and November 2, 2004.

    x.  The Proof of Claim Form contains a release agreed to by the parties, releasing Wells Fargo from all claims alleged in or arising out of this action, whether known or unknown to any Class Member.

  e.  **Arbitration of Disputes:**  If a qualified claimant disputes the accuracy of Wells Fargo's records or Wells Fargo contends a claim is fraudulent, the matter first will be discussed among counsel for the parties in a good faith effort to resolve the parties' disagreement.  If the dispute is not thereby resolved, it next will be referred to _____ in Los Angeles County, California, as the agreed upon neutral arbitrator who, without involvement of lawyers, will talk to the claimant and representatives from Wells Fargo, and issue a non-appealable decision as to the total amount due, if any, to the claimant.  The submission of any dispute to arbitration must be made within 45 days of the mailing of the settlement payments or notice of denial of a claim to any member of the Settlement Class.  Any party (claimant and/or Wells Fargo) may, at their option, meet with the neutral arbitrator telephonically or in person. If in person, the party (claimant and/or Wells Fargo) will bear all of their own travel expenses to the neutral arbitrator's office.  If the claimant elects to proceed telephonically, representatives of Wells Fargo will also be interviewed telephonically.  At least seven (7) calendar days prior to any arbitration, Wells Fargo will notify the claimant what facts are in dispute, so that both parties will have the

5536_1

-12-

1    opportunity to present relevant evidence and testimony to the neutral

2    arbitrator. "Facts in dispute" may include, but are not limited to, (a) job

3    positions actually held by the claimant, (b) the time periods in which

4    various job positions were held, (c) the number of months in which the

5    claimant worked and/or (d) whether a claimant made a sufficient

6    showing of hardship to allow for late submission of a claim.

7

8    f.    Fees of the Neutral Arbitrator:  Except as provided below, fees of the

9          mutually agreed upon neutral arbitrator will be paid by Wells Fargo.

10         The neutral arbitrator will retain complete discretion to deal with any

11         and all issues related to the execution of documents by a claimant or

12         Wells Fargo, and their credibility or veracity.  All documents executed

13         in connection with the administration of the settlement will be used only

14         for such purposes and will not be the subject of any other litigation by

15         any party, including the parties to this Stipulation of Settlement.

16

17   g.    Compensation to Class Representatives:  Subject to the approval of the

18         Court, Class Representatives Osinga, Alamdari, Brown, Yu, Ha and Vu

19         will be paid twenty-thousand dollars ($20,000) and Lorena Sann will be

20         paid fifteen thousand dollars ($15,000) as an enhancement for their

21         services as class representatives and their taking the risk of paying

22         attorneys' fees and the costs of the defendants in the event of an

23         unsuccessful outcome, as well as for their substantial assistance to their

24         counsel in prosecuting this action on behalf of the absent class

25         members.  These enhancements are in addition to the Class

26         Representatives rights to participate in the claims process.

27

28

5536_1                                    -13-

h.  All of the foregoing payments set forth in paragraph "g" will be paid on the same date counsel for Plaintiffs is paid its attorneys' fees and costs as specified in Paragraph 20 below.  Each Class Representative will receive an IRS Form 1099 for these payments and they will be responsible for correctly characterizing this compensation for tax purposes and to pay any taxes owing on said amount.  The Class Representatives agree to indemnify and hold Wells Fargo harmless for and against any action or liability, including but not limited to any costs and/or legal fees incurred by Wells Fargo if any tax authority should dispute the characterization of this compensation.  None of the Class Representatives shall be entitled to the payments set forth in paragraph "g" above unless they provide a valid Social Security number.

i.  In addition, and as a condition of the Settlement Agreement, the parties hereby advise the Court that in separate settlements, plaintiffs Mari-Kristi Brown, Sakineh Sima Alamdari, Karen Ha and Delyna Vu were asked to resign from their employment with Wells Fargo and executed a general release of all known and unknown claims (except their rights in this action) in exchange for a payment of severance.  These prior settlements are confidential and, upon request by the Court, the parties will provide the Court with copies of the Settlement Agreements to review in camera the reasonableness of their terms and confirm that they were negotiated at arm's length and not collusive.  In addition, plaintiff Johanna Osinga and putative Class Member Rahshae Reyes, both of whom filed separate, individual lawsuits against Wells Fargo concerning the termination of their employment by Wells Fargo, and both of whom are represented by Plaintiffs' counsel in those actions, dismissed their individual actions with prejudice and executed a general

5536_1

-14-

1    release of all known and unknown claims (except their rights in this

2    action). Copies of these settlement agreements similarly will be made

3    available to the Court for an in camera review upon request.

4

5    ### SETTLEMENT CLAIM FORM REVIEW BY ADMINISTRATOR

6

7    18.    The parties have agreed to the appointment of either Rust Consulting, Inc. or

8    Trumbell, subject to the selection and approval of the Court, to perform the

9    duties of a settlement administrator for the purpose of mailing the Notice of

10    Pendency of Class Action, Proposed Settlement and Hearing Date for Court

11    Approval, Proof of Claim Form, and Request for Exclusion Form to Class

12    Members; and independently reviewing the claim forms and documentation

13    associated with the length of employment of the Class Members and

14    verifying any amounts due to qualified claimants as set forth in this

15    Stipulation of Settlement. The settlement administrator shall report, in

16    summary or narrative form, the substance of his or her findings and in that

17    regard the administrator's approval of claims shall be conclusive and

18    binding. The settlement administrator shall be granted reasonable access to

19    Wells Fargo's records in order to perform his or her duties. All disputes

20    relating to the settlement administrator's ability and need to perform his or

21    her duties shall be referred to the Court, if necessary, which will have

22    continuing jurisdiction over the terms and conditions of this Stipulation of

23    Settlement. The settlement administrator submits to the jurisdiction of the

24    court in connection with its appointment as settlement administrator. Wells

25    Fargo agrees to pay the cost of administration, including notice procedures,

26    administration of claims, and processing of checks and tax forms, not to

27    exceed two-hundred fifty thousand dollars ($250,000). Wells Fargo will

28    pay one-half of the costs of administration within ten (10) days of an order

5536_1

-15-

granting preliminary approval of this settlement. The remaining balance

shall be paid to the settlement administrator upon its completion of all steps

in the administration of this settlement, including but not limited to,

distribution of settlement payments to Class Members, filing all required

tax-related information, reporting to the parties the final status of all claims

and settlement payments, providing a verified accounting of all sums

advanced to it, and executing any required declaration of other

documentation to be filed with the Court following final approval of this

settlement. Any costs of administration in excess of two-hundred fifty

thousand dollars ($250,000) shall be paid from the settlement fund.


## ATTORNEYS' FEES, COSTS AND EXPENSES


19.    The total amount of the Settlement is $8,589,935 million, inclusive of

attorneys' fees, costs, enhancements and costs of administration. Based on

Wells Fargo's records, if all Class Members submit a valid and timely Proof

of Claim Form, Wells Fargo will pay in excess of $8,589,935 in settlement

of this action.


20.    Class counsel shall submit an application for an award of attorneys' fees and

costs in an amount not to exceed $2,863,311, to be paid from the $8,589,935

settlement amount which represents 33.33% of the total amount of the

settlement. The amounts set forth above will cover all work performed and

all expenses incurred to date and all work to be performed and expenses to

be incurred in connection with the approval by the Court of this Stipulation

of Settlement and the final conclusion of this action. Wells Fargo and its

attorneys agree not to object to any such fee and cost application; and will

5536_1                                    -16-

1     submit a declaration in support thereof. The fees are reasonable due to the

2     work and effort of class counsel and the results achieved.

3

4     21.   Wells Fargo shall pay all amounts awarded and approved by the Court,

5           including settlement payments, enhancements, attorneys' fees, and costs,

6           within sixty (60) days following the Final Approval Hearing, except that, if

7           any objection or appeal is filed, then Wells Fargo shall mail the settlement

8           payments within ten (10) days following the later of (i) the time for appeal

9           has expired, or (ii) the final resolution of any appeal which has been filed,

10          upholding the terms of this settlement.

11

12                        **NOTICE TO THE SETTLEMENT CLASS**

13

14    22.   Within twenty (20) days of the entering of the order granting preliminary

15          approval of the settlement, a Notice of Pendency of Class Action, Proposed

16          Settlement and Hearing Date for Court Approval (hereinafter "Notice of

17          Settlement") in the form attached hereto as Exhibit "A" and approved by the

18          Court, shall be sent by the settlement administrator to each Class Member,

19          by first class mail, to the Class Member's current or last known address on

20          file at Wells Fargo, following an update review of the National Change of

21          Address Registry. Attached to the Notice of Settlement, and also subject to

22          the Court's approval, will be a Proof of Claim Form and Request for

23          Exclusion Form, attached hereto as Exhibits "B" and "C." Any returned

24          envelopes from this mailing with forwarding addresses will be utilized by

25          the settlement administrator to locate the Class Members through reasonable

26          and customary efforts used in the administration of such settlements as

27          approved in advance by counsel for Plaintiffs and Wells Fargo in their sole

28          discretion.

5536_1                                    -17-

a.  Consistent with the California Code of Civil Procedure, it will be conclusively presumed that if an envelope has not been returned within forty-five (45) days of the mailing that the Class Member received the notice.

b.  Counsel for the Settlement Class shall provide the Court, at least five (5) days prior to the final fairness hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the Notice of Settlement, and all attempts to locate Class Members.

## CLAIM PROCESS

23.  No party, nor any of its attorneys, employees, or agents shall discourage any Class Member from submitting a Proof of Claim Form.

24.  No Proof of Claim Forms will be honored if postmarked more than Seventy (70) days after the date the Court grants preliminary approval of the settlement, unless a Class Member makes a written showing of hardship to the satisfaction of the settlement administrator.  In the event of a sufficient showing of hardship, the Class Member will be so notified and permitted an additional 15 days to perform all necessary acts, if any.  In the event a Proof of Claim Form is mailed other than certified and return receipt requested, the claim form will be accepted if actually received timely by the settlement administrator and the Proof of Claim Form is otherwise valid.  No Class Member will be permitted to pursue his or her portion of the settlement on the grounds that a Proof of Claim Form was submitted timely and lost, destroyed, misplaced or otherwise not received by the settlement administrator unless the Class Member has adequate proof that the Proof of

5536_1

-18-

Claim Form was sent certified and return receipt requested. In addition, Class Members who submit a deficient Proof of Claim Form will be given fifteen (15) days to cure the deficiency, even if the fifteenth day extends beyond the Proof of Claim Form filing deadline. No members of the Settlement Class shall be entitled to more than one deficiency notice and opportunity to cure the deficiency(ies).

25.    All original Proof of Claim Forms shall be sent directly to the settlement administrator at the address indicated in the Proof of Claim Form. The settlement administrator shall review the claims and make any calculations of funds to be distributed as described above by reviewing the Claim Forms. The settlement administrator is responsible for having the payments to Class Members issued and calculating and withholding all required state and federal taxes. Upon completion of his or her review, the settlement administrator shall provide the parties with a report listing the amount of all payments made to each qualified claimant.

## RELEASE BY THE CLASS

26.    Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each Class Member fully releases and discharges Wells Fargo and the Releasees from all Released Claims.

27,    In order to achieve a full and complete release of Wells Fargo and the Releasees, each Class Member acknowledges that this Agreement is also intended to include in its effect all claims which each Class Representative and Class Member does not know or suspect to exist in his or her favor at

5536_1

-19-

the time that he or she signs this Agreement. Accordingly, each Class Representatives and each Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

28.    The parties shall promptly submit this Stipulation of Settlement to the Los Angeles County Superior Court in support of the motion for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the parties shall apply to the Court for the entry of a preliminary order substantially in the following form:

a.    Approving as to form and content the proposed Notice of Settlement;

b.    Approving the proposed Proof of Claim Form;

c.    Approving the proposed Request for Exclusion Form; and

JOINT STIPULATION OF SETTLEMENT AND RELEASE

d.  Directing the mailing of the Notice of Settlement, the Proof of Claim Form, and Request for Exclusion Form by first class mail to the Class Members.

e.  Setting a date for a hearing on final approval of the settlement.

f.  Setting a date for a hearing on Plaintiffs' counsel's application for attorneys' fees.

g.  Setting a date by which Plaintiffs must file their motion in support of final approval and Plaintiffs' counsel must file their application for attorneys' fees.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

29.  Following final approval by the Court of the settlement provided for in this Stipulation of Settlement, counsel for Plaintiffs will submit a proposed final order:

a.  Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate. and directing consummation of its terms and provisions.

b.  Approving Plaintiffs' application for an award of attorney's fees and reimbursement of costs . Wells Fargo agrees that Plaintiffs' application for a total not to exceed $2,863,331 in attorney's fees and costs which includes all work and costs incurred or to be incurred, is fair and reasonable.

5536_1                          -21-

JOINT STIPULATION OF SETTLEMENT AND RELEASE

c.  Approving enhancements of twenty-thousand dollars ($20,000) for
    Class Representatives Osinga, Brown, Alamdari, Yu, Ha and Vu and an
    enhancement of fifteen-thousand dollars ($15,000) for former Class
    Representative Sann.  Wells Fargo agrees that the class representative
    enhancements are fair and reasonable.  If the Court approves a lesser
    amount, Wells Fargo shall have no obligation to pay to any person the
    difference between the amounts set forth herein and the amount
    approved by the Court.

d.  Dismissing the complaint in this action on the merits and with prejudice
    against the Settlement Class and each Class Member thereof, and
    permanently barring all Class Members (or anyone asserting a claim as
    a spouse, heir, successor, or assignee to a Class Member) from
    prosecuting against Wells Fargo and the Releasees any individual or
    class claims which are or could have been asserted in this action,
    including without limitation any of the potential claims released above
    and any claims arising out of the acts, facts, transactions, occurrences,
    representations, or omissions set forth in the Complaint, the FAC and/or
    the SAC in this action.

## VOIDING THE AGREEMENT

30.  If any of the material conditions set forth in the preceding paragraphs are
     not met and satisfied, this Stipulation of Settlement shall, at the option of
     either the Plaintiffs or Wells Fargo, be ineffective, void, and of no further
     force and effect and shall not be used nor be admissible in any subsequent
     proceedings either in this Court or in any other Court or forum.  A failure of
     any material condition precedent to this Stipulation of Settlement or any

5536_1                                    -22-

decision by the Court to disapprove any material condition of the settlement with respect to the parties shall render the entire stipulation voidable and unenforceable as to all parties herein at the option of either party.  Each party may exercise its option to void this settlement as provided above by giving notice, in writing, to the other and to the Court at any time prior to final approval of the settlement by the Court.  Wells Fargo shall have the right, in its discretion, to rescind this settlement if more than five hundred (500) Class Members opt out of the class by submitting a valid and timely Request for Exclusion Form.  Wells Fargo must exercise its option to void this settlement as provided above by giving notice, in writing, to counsel for Plaintiffs and to the Court within eighty (80) days after the date the Court grants preliminary approval of the settlement.

## PARTIES' AUTHORITY

31.  The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

32.  The parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement.  The parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to

5536_1

-23-

effectuate this Stipulation of Settlement and the terms set forth herein.  As
soon as practicable after execution of this Stipulation of Settlement, counsel
for Plaintiffs shall, with the assistance and cooperation of Wells Fargo and
its counsel, take all necessary steps to secure the Court's final approval of
this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

33.    The parties hereto represent, covenant, and warrant that they have not
directly or indirectly, assigned, transferred, encumbered, or purported to
assign, transfer, or encumber to any person or entity any portion of any
liability, claim, demand, action, cause of action or rights herein released and
discharged except as set forth herein.

## NO ADMISSION

34.    Nothing contained herein, nor the consummation of this Stipulation of
Settlement, is to be construed or deemed an admission of liability,
culpability, negligence, or wrongdoing on the part of Wells Fargo.  Each of
the parties hereto has entered into this Stipulation of Settlement with the
intention to avoid further disputes and litigation with the attendant
inconvenience and expenses.  This Stipulation of Settlement is a settlement
document and shall, pursuant to Federal Rule of Evidence 408 and
California Evidence Code Section 1152, be inadmissible in evidence in any
proceeding, except an action or proceeding to approve, interpret, or enforce
this Stipulation of Settlement.

5536_1

-24-

## ENFORCEMENT ACTIONS

35.    In the event that one or more of the parties to this Stipulation of Settlement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this stipulation or to declare rights and/or obligations under this stipulation, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## NOTICES

36.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States certified mail, return receipt requested, addressed as follows:

To the Plaintiffs and Settlement Class:

Douglas Caiafa, Esq.
Douglas Caiafa, A Professional Law Corporation
11845 West Olympic Boulevard, Suite 1245
Los Angeles, California 90064

Christopher J. Morosoff, Esq.
Law Offices of Christopher J. Morosoff
23101 Sherman Place, Suite 401
West Hills, California 91307

To Wells Fargo:

Glenn L. Briggs, Esq.
Hodel Briggs Winter LLP
8105 Irvine Center Drive
Suite 1400
Irvine, California 92618

5536_1                              -25-

## CONSTRUCTION

37.    The parties hereto agree that the terms and conditions of this Stipulation of
Settlement are the result of lengthy, intensive arms-length negotiations
between the parties and that this Stipulation of Settlement shall not be
construed in favor of or against any party by reason of the extent to which
any party or his, her or its counsel participated in the drafting of this
stipulation.

## CAPTIONS AND INTERPRETATIONS

38.    Paragraph titles or captions contained herein are inserted as a matter of
convenience and for reference, and in no way define, limit, extend, or
describe the scope of this Stipulation of Settlement or any provision hereof.
Each term of this Stipulation of Settlement is contractual and not merely a
recital.

## MODIFICATION

39.    This Stipulation of Settlement may not be changed, altered, or modified,
except in writing and signed by the parties hereto.  This Stipulation of
Settlement may not be discharged except by performance in accordance
with its terms or by a writing signed by the parties hereto.

## INTEGRATION CLAUSE

40.    This Stipulation of Settlement contains the entire agreement between the
parties relating to the settlement and transaction contemplated hereby, and

5536_1

-26-

JOINT STIPULATION OF SETTLEMENT AND RELEASE

all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

41. This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective spouses, heirs, trustees, and executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

42. It is agreed that because the members of the class are so numerous, it is impossible or impractical to have each member of the class execute this Stipulation of Settlement. The Notice of Settlement, Exhibit "A" hereto, and other forms of notice described herein will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation were executed by each member of the class.

## CORPORATE SIGNATORIES

43. Any person executing this Stipulation of Settlement or any such related document on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person has been duly authorized by such corporation to execute this Stipulation of Settlement or any such related document.

5536_1

-27-

## COUNTERPARTS

44.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties.  Copies and facsimile transmissions of signatures shall be considered the same as an original signature.

## PUBLIC COMMENT

45.    The parties and their counsel agree that they will not, unless required by law, issue any press release or initiate any communications with the press concerning this litigation, one another and/or the business practices of Wells Fargo which discloses the identity of Wells Fargo.  Nothing in this provision shall affect the ability of the settlement administrator(s) to carry out their duties consistent with and as required by any other provision herein.

DATED: January ___, 2005        Douglas Caiafa, Esq.
                                Douglas Caiafa, A Professional Law Corporation


By: _____
                                Douglas Caiafa
                                Attorneys for Plaintiffs JOHANNA OSINGA, MARI-
                                KRISTI BROWN, SAKINEH SIMA ALAMDARI,
                                KAREEN YU, KAREN HA, and DELYNA VU

1    DATED:  January __, 2005        Christopher J. Morosoff, Esq.
                                     Law Offices of Christopher J. Morosoff
2

3                                              .

4                                    By:_____
                                              Christopher J. Morosoff
5                                    Attorneys for Plaintiffs JOHANNA OSINGA, MARI-
                                     KRISTI BROWN, SAKINEH SIMA ALAMDARI,
6                                    KAREEN YU, KAREN HA, and DELYNA VU
     DATED:  January __, 2005        JOHANNA OSINGA
7

8

9                                            .

10                                   By:_____
                                              Johanna Osinga, Class Representative
11   DATED:  January __, 2005        MARI-KRISTI BROWN

12

13                                       .

14                                   By:_____
                                              Mari-Kristi Brown, Class Representative
15

16    DATED:  January __, 2005       [ADDITIONAL BLOCKS FOR OTHER NAMED
                                     PLAINTIFFS]
17

18                                   By:_____
                                     By:  Sakineh Sima Alamdari, Class Representative
19                                           [            ], Class Representative

20

21   DATED:  January __, 2005        KAREEN YU

22

23                                   By:_____
24                                            Kareen Yu, Class Representative

25                                       .

26

27

28

5536_1                                        -29-
     JOINT STIPULATION OF SETTLEMENT AND RELEASE

1  DATED:  January __, 2005        KAREN HA

2

3

4                                 By:_____
                                       Karen Ha, Class Representative

5

6  DATED:  January __, 2005        DELYNA VU

7

8

9                                 By:_____
                                       Delyna Vu, Class Representative

10

11 DATED:  January __, 2005        [Wells Fargo rep]
                                   [Title]
12                                 Wells Fargo Bank, N.A.

13

14                                 By:_____
                                        [Wells Fargo rep]

15

16 DATED:  January __, 2005        Glenn L. Briggs, Esq.
                                   Hodel Briggs Winter LLP

17

18                                 By:_____
19                                          Glenn L. Briggs
                                   Attorneys for Defendant
20                                 WELLS FARGO BANK, N.A.

21

22

23

24

25

26

27

28

5536_1                    -30-

**JOINT STIPULATION OF SETTLEMENT AND RELEASE**

1
2
3
4
5
6
7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF LOS ANGELES

9

10   JOHANNA OSINGA, an individual;          CASE NO. BC 305453
     MARI-KRISTI BROWN, an individual;
11   SAKINEH SIMA ALAMDARI, an              ASSIGNED FOR ALL PURPOSES TO:
     individual; KAREEN YU, an              JUDGE JAMES CHALFANT
12   individual; KAREN HA, an individual;   DEPARTMENT 13
     and DELYNA VU, an individual;
13   individually and on behalf of all others   **AMENDMENT TO JOINT**
     similarly situated,                    **STIPULATION OF SETTLEMENT**
14                                          **AND RELEASE BETWEEN**
                   Plaintiffs,              **PLAINTIFFS AND DEFENDANT**
15
           vs.
16
                                            Complaint Filed:  November 3, 2003
17   WELLS FARGO BANK, N.A. and,
     DOES 2 through 1,000, inclusive,
18
                   Defendants.
19

20

21          This Amendment to the Joint Stipulation of Settlement and Release

22   (hereinafter "Amendment") is made and entered into by and between the following

23   parties:  plaintiffs JOHANNA OSINGA, MARI-KRISTI BROWN, SAKINEH SIMA

24   ALAMDARI, KAREEN YU, KAREN HA, and DELYNA VU (collectively hereinafter

25   "Plaintiffs" or "Class Representatives"), individually and on behalf of the class, and

26   defendant WELLS FARGO BANK, N.A. ("Wells Fargo"), and their respective counsel of

27   record, and subject to the approval of the Court.

28

9804_1

Ex B ✓

1    Plaintiffs and Wells Fargo, and their respective counsel of record, made and

2    entered into a Joint Stipulation of Settlement and Release (hereinafter "Joint Stipulation"),

3    which was filed with this Court on January 7, 2005. The Court gave preliminary approval

4    to the Joint Stipulation on February 7, 2005. Pursuant to paragraph 39 of the Joint

5    Stipulation, the parties hereby amend and modify the Joint Stipulation as follows:

6

7    1.    Paragraph 17.a. of the Joint Stipulation shall now read as follows:

8

9    The claims of all Class Members are settled for $8,589,935, inclusive of

10    enhanced payments to class representatives, attorneys' fees and costs, administrative costs

11    and the Settlement Reserve (as defined in subsection "d.xi." below).

12

13    2.    Paragraph 17.d.i. of the Joint Stipulation shall now read as follows:

14

15    The approved attorneys' fees, costs, representative enhancements,

16    administrative costs and the Settlement Reserve, will be deducted from the $8,589,935,

17    settlement amount.  It is from the remaining amount ("Remainder") that claims will be

18    paid.

19

20    3.    Paragraph 17.d.iv. of the Joint Stipulation shall now read as follows:

21

22    Based on Wells Fargo's records, if all Class Members submit a valid and

23    timely Proof of Claim Form, Wells Fargo will pay in excess of $8,589,935, inclusive of

24    attorneys' fees, costs, representative enhancements, costs of administration, and the

25    Settlement Reserve, in settlement of this action.  Provided however that, if based on the

26    submission of valid and timely Proof of Claim Forms, Wells Fargo must pay in excess of

27    $8,154,935, the excess amounts due to the Class Members shall first be paid out of the

28

9804_1                                    -2-

1    Settlement Reserve; with the remaining excess amount due, if any, to be paid by Wells

2    Fargo.

3

4        4.    Paragraph 17.d.v. of the Joint Stipulation shall now read as follows:

5

6            Those persons who submit a Request for Exclusion Form are not entitled to

7    a settlement payment.  Provided however, that those persons who have submitted a

8    Request for Exclusion Form, but who subsequently submit a valid and timely Proof of

9    Claim Form in response to the Supplemental Notice of Pendency of Class Action

10   (pursuant to paragraph 22.d., below), shall be deemed to have withdrawn their Request for

11   Exclusion and shall be entitled to participate in the settlement and receive a settlement

12   payment.  Wells Fargo shall have no obligation to make a payment to any member of the

13   Settlement Class who does not file a valid and timely Proof of Claim Form in response to

14   either the initial or supplemental notices discussed below.  Wells Fargo shall have no

15   obligation to pay or provide any further consideration to any member of the Settlement

16   Class by reason of this settlement or the foregoing payments, including but not limited to

17   contributions to any 401(k) or other retirement or employee benefit plan, vacation or sick

18   pay, etc.

19

20       5.    A new subsection "xi" shall be added to paragraph 17.d. of the Joint

21            Stipulation, and shall read as follows:

22

23            The parties agree to the creation of a Settlement Reserve.  The total value of

24   the Settlement Reserve shall consist of Four Hundred Thirty Five Thousand Dollars

25   ($435,000).  The Settlement Reserve shall be distributed, on a pro rata basis, amongst all

26   the Class Members who have submitted a timely and valid Proof of Claim Form in

27   response to either the initial or supplemental notices discussed below.  Provided however,

28   that if due to the submission of valid and timely Proof of Claim Forms, Wells Fargo must

9804_1                                -3-

1  pay in excess of $8,154,935, the excess amounts due to the Class Members shall first be

2  paid out of the Settlement Reserve; then the remaining amount in the Settlement Reserve,

3  if any, will be distributed to all Class Members who have timely submitted a valid claim,

4  on a pro rata basis.

5

6        6.      Paragraph 17.g. of the Joint Stipulation shall now read as follows:

7

8        Compensation to Class Representatives: Subject to the approval of the

9  Court, Class Representatives Osinga, Alamdari, Brown, Yu, Ha and Vu will be paid

10  fifteen-thousand dollars ($15,000) and Lorena Sann will be paid ten thousand dollars

11  ($10,000) as an enhancement for their services as class representatives and their taking the

12  risk of paying attorneys' fees and the costs of the defendants in the event of an

13  unsuccessful outcome, as well as for their substantial assistance to their counsel in

14  prosecuting this action on behalf of the absent class members.  These enhancements are in

15  addition to the Class Representatives rights to participate in the claims process.

16

17        7.      Paragraph 19 of the Joint Stipulation shall now read as follows:

18

19        The total amount of the Settlement is $8,589,935, inclusive of attorneys'

20  fees, costs, enhancements, costs of administration, and the Settlement Reserve.

21

22        8.      Paragraph 20 of the Joint Stipulation shall now read as follows:

23

24        Class Counsel shall submit an application for an award of attorneys' fees

25  and costs in an amount not to exceed $2,463,311, to be paid from the $8,589,935

26  settlement amount.[1]  The amounts set forth above will cover all work performed and all

27    [1]  The terms of the settlement were modified between the time Plaintiffs filed their brief

28  on June 6, 2005, and the time of the hearing on final approval on June 10, 2005.

                                                  (continued...)

1  expenses incurred to date and all work to be performed and expenses to be incurred in

2  connection with the approval by the Court of this Stipulation of Settlement and the final

3  conclusion of this action. Wells Fargo and its attorneys agree not to object to any such fee

4  and cost application; and will submit a declaration in support thereof. The fees are

5  reasonable due to the work and effort of class counsel and the results achieved.

6

7       Class Counsel shall place $100,000 of the $2,463,311 into a Trust Account

8  for the purpose of paying counsel of Objector Susan Barksdale's attorneys' fees, if any,

9  awarded by the court. Any amounts awarded to counsel for Objector shall be paid from

10 that Trust Account. Any amounts remaining in the Trust Account after the payment of

11 any fees to counsel for Objector, shall be paid to Class Counsel.

12

13      9.    A new subsection "c" shall be added to paragraph 22 of the Joint

14            Stipulation, and shall read as follows:

15

16      Within twenty (20) days of the entering of the order approving this

17 Amendment, a Supplemental Notice to Class Action Participants, in the form attached

18 ───────────────
   (...continued)
19 Specifically, Plaintiffs' brief described a settlement in which Class Counsel reduced their
   fee request from $2,863,311 to $2,398,311, whereby Class Counsel contributed $465,000
20 of their fee request to a Reserve Fund established to provide: (1) Additional payments to
   those class members who submitted timely claims; and, (2) a fund against which
21 Objector's Counsel could make a fee application up to a maximum of $125,000.

22      The parties modified the settlement on the eve of the hearing as follows:   (1)
   Class Counsel contributed $400,000 (instead of $465,000) of their fee request to the
23 Reserve Fund, thereby modifying their fee request from $2,398,311 to $2,463,311; (2)
   The Modified Reserve Fund ($400,000 plus $35,000 from the reduction of incentive
24 payments to class representatives)), pursuant to agreement with Objector's Counsel, is not
   subject to a fee application claim by Objector's Counsel; (3) The $65,000 difference
25 between the original Reserve Fund and the Modified Reserve Fund would be made
   available by Class Counsel to compensate Objector's Counsel should the Court decide
26 to award any fees to Objector's Counsel; and, (4) Class Counsel agrees to pay up to an
   additional $35,000, over and above the referenced $65,000, of any amounts awarded by
27 the Court to Objector's Counsel.

28

1  hereto as Exhibit "D" and approved by the Court, shall be sent by the settlement

2  administrator to each Class Member who has. as of the date of the order, submitted a valid

3  claim form.  The Supplemental Notice to Class Action Participants shall advise the

4  recipients that they may receive a portion of the Settlement Reserve, pursuant to the

5  formula set forth in paragraph 17.d.xi., above.

6

7        10.    A new subsection "d" shall be added to paragraph 22 of the Joint

8               Stipulation, and shall read as follows:

9

10        Within twenty (20) days of the entering of the order approving this

11 Amendment, a Supplemental Notice of Pendency of Class Action, in the form attached

12 hereto as Exhibit "E" and approved by the Court. shall be sent by the settlement

13 administrator to each Class Member who has not. as of the date of the order, submitted a

14 valid claim form, as well as to each Class Member who has submitted, as of the date of

15 the order, a Request for Exclusion Form.  The Supplemental Notice of Pendency of Class

16 Action shall advise those recipients of the additional opportunity they have been provided

17 to participate in the settlement, and the additional amount of money they may receive

18 from the Settlement Reserve pursuant to the formula set forth in paragraph 17.d.xi., above.

19 A new Proof of Claim Form, in the form of Exhibit "B" to the Joint Stipulation, will be

20 supplied to those Class Members along with the Supplemental Notice of Pendency of

21 Class Action.  Class Members who submit a valid Proof of Claim Form by August 15.

22 2005, shall be deemed to have submitted a valid and timely Proof of Claim Form, just as

23 if they had submitted a valid and timely Proof of Claim Form within the period provided

24 in the initial Notice of Pendency of Class Action, Proposed Settlement and Hearing Date

25 for Court Approval (Exhibit "A" to the Joint Stipulation).  All other procedures set forth

26 in the Joint Stipulation pertaining to the claims process apply to claims submitted pursuant

27 to this paragraph.  Class Members who had previously submitted a timely and valid

28 Request for Exclusion Form, and who do not submit a Proof of Claim Form in response to

9804_1                              -6-

1    the Supplemental Notice of Pendency of Class Action, shall continue to be excluded from

2    this settlement.

3

4        11.    Paragraph 29.b. of the Joint Stipulation shall now read as follows:

5

6        Approving Class Counsel's application for an award of attorney's fees and

7    reimbursement of costs. Wells Fargo agrees that Class Counsel's application for a total

8    not to exceed $2,463,311 in attorneys' fees and costs which includes all work and costs

9    incurred or to be incurred, is fair and reasonable.

10

11        12.    Paragraph 29.c. of the Joint Stipulation shall now read as follows:

12

13        Approving enhancements of fifteen thousand ($15,000) for Class

14    Representatives Osinga, Alamdari, Brown, Yu, Ha and Vu, and an enhancement of ten

15    thousand dollars ($10,000) for former Class Representative Sann. Wells Fargo agrees that

16    the class representative enhancements are fair and reasonable.

17

18        13.    The parties further agree that pursuant to this Amendment, the phrase

19    "Stipulation of Settlement," as it appears in paragraphs 30 through 44 of the Joint

20    Stipulation, collectively refers to both the Joint Stipulation and this Amendment.

21

22    (signature pages to follow)

23

24

25

26

27

28

**AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE**

1

2     DATED: June 28, 2005          Douglas Caiafa, Esq.
                                    Douglas Caiafa, A Professional Law Corporation
3

4

5                                   By: _____
                                             Douglas Caiafa
6                                   Attorneys for Plaintiffs JOHANNA OSINGA, MARI-
                                    KRISTI BROWN, SAKINEH SIMA ALAMDARI,
7                                   KAREEN YU, KAREN HA, and DELYNA VU

8     DATED: June 28, 2005          Christopher J. Morosoff, Esq.
                                    Law Offices of Christopher J. Morosoff
9

10

11                                  By: _____
                                             Christopher J. Morosoff
12                                  Attorneys for Plaintiffs JOHANNA OSINGA, MARI-
                                    KRISTI BROWN, SAKINEH SIMA ALAMDARI,
13                                  KAREEN YU, KAREN HA, and DELYNA VU

14

15    DATED: June__, 2005           Glenn L. Briggs, Esq.
                                    Hodel Briggs Winter LLP
16

17

18                                  By: _____
                                             Glenn L. Briggs
19                                  Attorneys for Defendant
                                    WELLS FARGO BANK, N.A.
20

21

22    DATED: June __, 2005          WELLS FARGO BANK, N.A.
23

24

25                                  By: _____

26                                  Its: _____

27

28

9804_1                          -8-

JUN. 27. 2005  5:05PM    9494508033                    NO. 506  P. 2

1

2  DATED:  June __, 2005        Douglas Caiafa, Esq.
                                Douglas Caiafa, A Professional Law Corporation
3

4

5  By:_____
                                      Douglas Caiafa
                                Attorneys for Plaintiffs JOHANNA OSINGA, MARI-
6                               KRISTI BROWN, SAKINEH SIMA ALAMDARI,
                                KAREEN YU, KAREN HA, and DELYNA VU
7

8  DATED:  June __, 2005        Christopher J. Morosoff, Esq.
                                Law Offices of Christopher J. Morosoff
9

10 By:_____
                                      Christopher J. Morosoff
11                              Attorneys for Plaintiffs JOHANNA OSINGA, MARI-
                                KRISTI BROWN, SAKINEH SIMA ALAMDARI,
12                              KAREEN YU, KAREN HA, and DELYNA VU

13

14

15 DATED:  June 27, 2005        Glenn L. Briggs, Esq.
                                Hodel Briggs Winter LLP
16

17

18 By: _Glenn L. Briggs_____
                                      Glenn L. Briggs
19                              Attorneys for Defendant
                                WELLS FARGO BANK, N.A.
20

21

22 DATED:  June __, 2005        WELLS FARGO BANK, N.A.

23

24 By:_____

25 Its:_____

26

27

28

9804_1                              -8-
AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE

Sent By: DOUG CAIAFA;                310 312 8260;        Jun-27-05  5:39PM;         Page 1/1

1    (signature page continues)

2    DATED: June 21, 2005      JOHANNA OSINGA

3

4                        By: _____
                             Johanna Osinga, Class Representative

5

6    DATED: June __, 2005      SAKINEH SIMA ALAMDARI

7

8                        By: _____
9                            Sakineh Sima Alamdari, Class Representative

10    DATED: June __, 2005      MARI-KRISTI BROWN

11

12

13                        By: _____
                            Mari-Kristi Brown, Class Representative

14

15    DATED: June __, 2005      KAREEN YU

16

17

18                        By: _____
                            Kareen Yu, Class Representative

19

20    DATED: June __, 2005      KAREN HA

21

22

23                        By: _____
                            Karen Ha, Class Representative

24

25    DATED: June __, 2005      DELYNA VU

26

27                        By: _____
                            Delyna Vu, Class Representative

28    9804_1                -9-

(signature page continues)

DATED: June __, 2005          JOHANNA OSINGA

By: _____
     Johanna Osinga, Class Representative

DATED: June 27, 2005          SAKINEH SIMA ALAMDARI

By: _____
     Sakineh Sima Alamdari, Class Representative

DATED: June __, 2005          MARI-KRISTI BROWN

By: _____
     Mari-Kristi Brown, Class Representative

DATED: June __, 2005          KAREEN YU

By: _____
     Kareen Yu, Class Representative

DATED: June __, 2005          KAREN HA

By: _____
     Karen Ha, Class Representative

DATED: June __, 2005          DELYNA VU

By: _____
     Delyna Vu, Class Representative

9806_1                              -9-

AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE

JUN-27-2005  17:12    FOOTHILL INDEPENDENT R.C.        909 944 5155      P.01/01
                      310 312 8260;        Jun-27 05  5:35PM;    Page 1/1

1    (signature page continues)

2    DATED:  June __, 2005        JOHANNA OSINGA

3

4                                 By: _____
5                                      Johanna Osinga, Class Representative

6    DATED:  June __, 2005        SAKINEH SIMA ALAMDARI

7

8                                 By: _____
9                                      Sakineh Sima Alamdari, Class Representative

10

11   DATED:  June 21, 2005        MARI-KRISTI BROWN

12

13                                By:  MC Brown
14                                      Mari-Kristi Brown, Class Representative

15   DATED:  June __, 2005        KAREEN YU

16

17

18                                By: _____
19                                     Kareen Yu, Class Representative

20   DATED:  June __, 2005        KAREN HA

21

22

23                                By: _____
24                                     Karen Ha, Class Representative

25   DATED:  June __, 2005        DELYNA VU

26

27                                By: _____
                                       Delyna Vu, Class Representative

28

     9804_1                       -9-

     AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE

06/28/2005 TUE 9:33 FAX 9096273217 Vineyard Bank Chino                                    ☐001/001
Sent By: DOUG CAIAFA;                     310 312 8260;         Jun-27- 5:43PM;       Page 1/1

(signature page continues)

DATED: June __, 2005          JOHANNA OSINGA


By: _____
     Johanna Osinga, Class Representative

DATED: June __, 2005          SAKINEH SIMA ALAMDARI


By: _____
Sakineh Sima Alamdari, Class Representative

DATED: June __, 2005          MARI-KRISTI BROWN


By: _____
     Mari-Kristi Brown, Class Representative

DATED: June 28, 2005          KAREEN YU


By: _____
     Kareen Yu, Class Representative

DATED: June __, 2005          KAREN HA


By: _____
     Karen Ha, Class Representative

DATED: June __, 2005          DELYNA VU


By: _____
     Delyna Vu, Class Representative

9804_1                              -9-

AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE

Sent By: DOUG CAIAFA;                    310 312 8280;        Jun-28-05 10:41AM;        Page 1/1
06/27/2005 17:17  6239254761                THE UPS STORE 4740                        PAGE  01/01
Sent By                                  310 312 8280;        Jun-27-05 5:04PM;        Page 1/1

**Allstate.**
You're in good hands.

(signature page continues)

1

2    DATED: June ___, 2005          JOHANNA OSINGA

3

4                                 By: _____
                                     Johanna Osinga, Class Representative
5

6    DATED: June ___, 2005          SAKINEH SIMA ALAMDARI

7

8                                 By: _____
9                                    Sakineh Sima Alamdari, Class Representative

10   DATED: June ___, 2005          MARI-KRISTI BROWN

11

12

13                                By: _____
                                     Mari-Kristi Brown, Class Representative
14

15   DATED: June ___, 2005          KAREEN YU

16

17

18                                By: _____
                                     Kareen Yu, Class Representative
19

20   DATED: June ___, 2005          KAREN HA

21

22

23                                By: _____
                                     Karen Ha, Class Representative

24

25   DATED: June ___, 2005          DELYNA VU

26

27                                By: _____
                                     Delyna Vu, Class Representative
28

                                        -9-

         AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE

JUN-28-2005 09:16 FROM:                    TO:310 312 8280                    P.1/1

1

2    **PROOF OF SERVICE**

3    STATE OF CALIFORNIA            }
     COUNTY OF LOS ANGELES  }

4

5        I am employed in the county of Los Angeles, State of California.  I am over the age
     of 18 and not a party to the within action; my business address is 11845 W. Olympic
     Blvd., Suite 1245, Los Angeles, CA 90054-5095.

6

7        On **June 28, 2005**, I served the foregoing document described as:

8    **AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE
     BETWEEN PLAINTIFFS AND DEFENDANT**

9

     by placing
10
     ____  the original
11
     _X__  a true copy thereof enclosed in sealed envelopes addressed as follows:
12

13       **Glenn Briggs, Esq**
         **Hodel, Briggs, Winter LLP**
14       **8105 Irvine Center Drive, Suite 1400**
         **Irvine, CA  92618**
15       **Facsimile Number: (949) 450-8033**

16       **LAW OFFICES OF SHELDON A. OSTROFF, APC**
         **A Professional Law Corporation**
17       **1441 State Street**
         **San Diego, CA 92101**
18       **Facsimile Number: (619) 544-0892**

19   [ X ]   (BY MAIL)  I caused such envelope with postage thereon fully prepaid to be
             placed in the United States mail at Los Angeles, California.

20   ____    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to
             the offices of the addressee.

21

22   [ X ]   FACSIMILE:  I faxed the above-described document(s) to the fax numbers listed
             above, and received a confirmation thereof.

23       Executed on **June 28, 2005**, at Los Angeles, California.

24       I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.

25

26                                         _____
                                           Douglas Caiafa

27

28

     9804_1                            -10-

     **AMENDMENT TO JOINT STIPULATION OF SETTLEMENT AND RELEASE**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHANNA OSINGA, an individual; MARI-KRISTI BROWN, an individual; SAKINEH SIMA ALAMDARI, an individual; KAREEN YU, an individual; KAREN HA, an individual; and DELYNA VU, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. and, DOES 2 through 1,000, inclusive,<br><br>Defendants. | CASE NO. BC 305453<br><br>ASSIGNED FOR ALL PURPOSES TO: JUDGE JAMES CHALFANT DEPARTMENT 13<br><br>**SUPPLEMENTAL NOTICE OF PENDENCY OF CLASS ACTION**<br><br>Complaint Filed:  November 3, 2003 |

THIS SUPPLEMENTAL NOTICE OF PENDENCY OF CLASS ACTION IS

NOT INTENDED TO REPLACE THE ORIGINAL NOTICE MAILED TO YOU ON

OR ABOUT FEBRUARY 28, 2005. IT IS INTENDED TO PROVIDE YOU AN

ADDITIONAL OPPORTUNITY TO PARTICIPATE IN THE SETTLEMENT AND

TO ADVISE YOU THAT ADDITIONAL MONEY MAY BE DISTRIBUTED TO

ALL PARTICIPATING AND QUALIFIED CLAIMANTS.

**PLEASE READ THIS NOTICE CAREFULLY. SINCE YOU HAVE NOT**

**SUBMITTED A CLAIM FORM, YOU ARE NOW BEING PROVIDED AN**

**ADDITIONAL OPPORTUNITY TO DO SO. TO PARTICIPATE IN THIS**

**SETTLEMENT, THE ENCLOSED PROOF OF CLAIM FORM MUST BE**

**COMPLETED AND POSTMARKED NO LATER THAN AUGUST 15, 2005.**

5537_1

8x C -

**IF YOU HAVE ALREADY SUBMITTED A REQUEST FOR EXCLUSION FORM IN RESPONSE TO THE PRIOR NOTICE YOU RECEIVED, BUT NOW WISH TO PARTICIPATE IN THIS SETTLEMENT, YOU MAY DO SO BY COMPLETING THE ENCLOSED PROOF OF CLAIM FORM AND MAILING IT BY NO LATER THAN AUGUST 15, 2005.   IF YOU WISH TO REMAIN EXCLUDED, HOWEVER, NO FURTHER ACTION ON YOUR PART IS REQUIRED.**

<u>ADDITIONS TO THE PROPOSED SETTLEMENT</u>

1.    <u>Additional Cash Payment To All Timely Claimants</u>:

Each Class Member submitting a valid and timely claim shall continue to receive payment pursuant to the same settlement formula described in the original notice.  In addition, each Class Member who has submitted a valid and timely claim may also receive an additional amount as follows:  $435,000 ("Additional Fund") has been made available to provide an additional payment to each Class Member who submits a valid and timely claim.  This amount will be divided amongst those Class Members on a pro rata basis.

However, although both parties believe it unlikely, should Wells Fargo be required to pay in excess of $8,154,935 in connection with this settlement (for claims, attorneys' fees, costs, and representative incentive payments), the Additional Fund will be reduced on a dollar-for-dollar basis by such excess.  For example, should Wells Fargo be required to pay a total of $8,254,935, the amount available for division amongst valid claimants would be reduced to $335,000.

9322_1                                     -2-

2.    <u>Reduced Attorney's Fee Request:</u>

In an effort to provide this additional fund for division amongst qualified claimants, Class Counsel have agreed to reduce the amount they have requested for attorneys' fees by $400,000.

3.    <u>Reduced Payments To Class Representatives:</u>

The employees who filed and prosecuted this action have also agreed to reduce the amount they have requested as incentive payments by $35,000. This $35,000 will be added to the $400,000 taken from the attorneys' fees to make the total fund available for division amongst qualified claimants equal to $435,000.

4.    <u>Notice To Other Class Members:</u>

Class Members who have already submitted a claim form will receive a notice advising them of the additional amounts that will be distributed to them. If you chose to participate in this settlement, you will receive a share of the settlement proceeds according to the same formula used to determine their share.

<u>SUBMITTING A CLAIM</u>

IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT (AS DESCRIBED IN THE NOTICE YOU PREVIOUSLY RECEIVED), YOU NOW HAVE AN ADDITIONAL OPPORTUNITY AND TIME TO DO SO. Anyone who wishes to submit a claim must complete and sign the enclosed Proof of Claim Form and return it to:

Osinga v. Wells Fargo Settlement Administrator

9322_1

-3-

1    c/o Rust Consulting, Inc.

2

3    P.O. Box 1457

4

5    Minneapolis, MN 55440-1457

6

7    The Proof of Claim Form must be postmarked no later than August 15, 2005. No

8    Proof of Claim Forms will be honored if postmarked after August 15, 2005, unless the

9    claimant makes a written showing of hardship, as described in the original notice you

10    previously received.

11

12                        NO RETALIATION

13

14    WELLS FARGO ENCOURAGES YOU TO PARTICIPATE IN THIS SETTLEMENT.

15    WELLS FARGO WILL NOT RETALIATE AGAINST YOU IN ANY WAY BECAUSE

16    OF YOUR DECISION TO REMAIN A MEMBER OF THE PLAINTIFF CLASS AND

17    SUBMIT A CLAIM FORM. YOU ARE NOT REQUIRED TO DISCUSS THIS

18    LAWSUIT WITH ANYONE, INCLUDING ANY EMPLOYEE OF OR ATTORNEY

19    FOR WELLS FARGO.

20

21

22

23

24

25

26

27

28

9322_1                          -4-

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    FOR THE COUNTY OF LOS ANGELES

3

4    JOHANNA OSINGA, an individual;         CASE NO. BC 305453
     MARI-KRISTI BROWN, an individual;
5    SAKINEH SIMA ALAMDARI, an              ASSIGNED FOR ALL PURPOSES TO:
     individual; KAREEN YU, an              JUDGE JAMES CHALFANT
6    individual; KAREN HA, an individual;   DEPARTMENT 13
     and DELYNA VU, an individual;
7    individually and on behalf of all others   **SUPPLEMENTAL NOTICE TO CLASS
     similarly situated,                    ACTION PARTICIPANTS**
8
               Plaintiffs,                  Complaint Filed:  November 3, 2003
9
         vs.
10
11   WELLS FARGO BANK, N.A. and,
     DOES 2 through 1,000, inclusive,
12
               Defendants.
13

14

15       THIS SUPPLEMENTAL NOTICE IS NOT INTENDED TO REPLACE THE

16   ORIGINAL NOTICE MAILED TO YOU ON OR ABOUT FEBRUARY 28, 2005.  IT

17   IS INTENDED TO ADVISE YOU THAT ADDITIONAL MONEY MAY BE

18   DISTRIBUTED TO ALL PARTICIPATING AND QUALIFIED CLAIMANTS.

19
20       **SINCE YOU HAVE ALREADY SUBMITTED A CLAIM FORM, NO

21   FURTHER ACTION IS REQUIRED ON YOUR PART TO RECEIVE YOUR

     SHARE OF THE SETTLEMENT PROCEEDS AND THIS ADDITIONAL

22   MONEY.**

23
24   ADDITIONS TO THE PROPOSED SETTLEMENT
25
         1.    Additional Cash Payment To All Timely Claimants:
26
             Each Class Member submitting a valid and timely claim shall continue to receive
27
     payment pursuant to the same settlement formula described in the original notice.  In

28

9321_1                                                              Ex D

1   addition, each Class Member who has submitted a valid and timely claim may also

2   receive an additional amount as follows:  $435,000 ("Additional Fund") has been made

3   available to provide an additional payment to each Class Member who submits a valid and

4   timely claim.  This amount will be divided amongst those Class Members on a pro rata

5   basis.

6

7           However, although both parties believe it unlikely, should Wells Fargo be required

8   to pay in excess of $8,154,935 in connection with this settlement (for claims, attorneys'

9   fees, costs, and representative incentive payments), this Additional Fund will be reduced

10  on a dollar-for-dollar basis by such excess.  For example, should Wells Fargo be required

11  to pay a total of $8,254,935, the amount available for division amongst valid claimants

12  would be reduced to $335,000.

13

14          2.      Reduced Attorney's Fee Request:

15          In an effort to provide this additional fund for division amongst qualified

16  claimants, Class Counsel have agreed to reduce the amount they have requested for

17  attorneys' fees by $400,000.

18

19          3.      Reduced Payments To Class Representatives:

20          The employees who filed and prosecuted this action have also agreed to reduce the

21  amount they have requested as incentive payments by $35,000.  This $35,000 will be

22  added to the $400,000 taken from the attorneys' fees to make the total fund available for

23  division amongst qualified claimants equal to $435,000.

24

25          4.      Notice To Other Class Members:

26          Other Class Members who did not previously submit a claim form have been

27  provided an additional opportunity to do so.  If they choose to participate, they will

28  receive a share of the settlement proceeds according to the same formula used to

9321_1                                          -2-

1   determine your share.  Again, because you are already a participant, no further action is

2   required on your part for you to receive your share of the settlement.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9321_1                                     -3-

**PROOF OF SERVICE**

STATE OF CALIFORNIA      }
COUNTY OF LOS ANGELES   }

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11845 W. Olympic Blvd., Suite 1245, Los Angeles, CA 90054-5095.

On **June 28, 2005,** I served the foregoing document described as:

**ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

by placing

_____ the original

__X__ a true copy thereof enclosed in sealed envelopes addressed as follows:

**Glenn Briggs, Esq**
**Hodel, Briggs, Winter LLP**
**8105 Irvine Center Drive, Suite 1400**
**Irvine, CA  92618**
**Facsimile Number: (949) 450-8033**

**LAW OFFICES OF SHELDON A. OSTROFF, APC**
**A Professional Law Corporation**
**1441 State Street**
**San Diego, CA 92101**
**Facsimile Number: (619) 544-0892**

**[ X ]**   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

_____   **OVERNIGHT EXPRESS:** I sent the above-described document(s) to the address listed above via overnight express.

_____   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

**[ X ]**   **FACSIMILE:** I faxed the above-described document(s) to the fax numbers listed above, and received a confirmation thereof.

Executed on **June 28, 2005,** at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Douglas Caiafa

-10-

ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS