# EXHIBIT 2

# DECLARATION OF TRUDY BOWNE

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TRUDY BOWNE, et al., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>Defendant. | Case No. 06-2020 CM |

### DECLARATION OF TRUDY BOWNE

I, Trudy Bowne, hereby submit this Declaration and state as follows:

1. I was employed by Wells Fargo as a loan processor in Overland Park, Kansas from approximately September 15, 2002 to April 1, 2004 and then from October 2004 to February 28, 2005.

2. My primary job responsibilities were clerical in nature. After a loan originator obtained a potential sale of a mortgage product, I would create a file on the potential loan; assist the underwriter and originator in collecting documentation from the potential borrower; organize supplement and maintain the file; verify information in the file; and type application information. I would eventually forward a copy of the file to the underwriter for an underwriting decision.

3. The other Wells Fargo loan processors I worked with, to my knowledge, had similar job duties.

4. I worked substantial overtime hours while employed as a loan processor. For approximately the last year to year-and-a-half that I worked for Wells Fargo, I was

required to log in to Webtime on my computer when I arrived in the office. I would log out for lunch and then log back in when I returned from lunch. Then I would log out when I left for the day. Webtime tracked the hours I worked. I was able to obtain print-outs of my time worked. Even though I regularly worked and recorded overtime hours, I was not paid for it.

5. I was told that I was not eligible for overtime pay.

6. To my knowledge, my co-workers were also told they were ineligible for overtime and were similarly not paid for overtime hours.

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 1st day of June, 2006.

_____
Trudy Bowne

# DECLARATION OF NICOLE GERING

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TRUDY BOWNE, et al., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>Defendant. | Case No. 06-2020 CM |

### DECLARATION OF NICOLE GERING

I, Nicole Gering, hereby submit this Declaration and state as follows:

1. I was employed by Wells Fargo as a mortgage loan associate, in West Des Moines, Iowa from approximately December, 2002 to March, 2004.

2. As a mortgage loan associate, it was my duty to assist Wells Fargo loan originators. My primary job responsibilities were clerical in nature. Once a loan originator obtained a potential client, I would create a file on the potential loan. I would forward one copy of the file to the processing and underwriting department and one copy to the client. It was my job to send a letter to the client requesting necessary information for the application and to follow up for additional information. Once I compiled all of the necessary paperwork, I would forward it to underwriting and processing department.

3. The other Wells Fargo loan associates and loan processors I worked with, to my knowledge, had similar job duties.

4. I worked substantial overtime hours, especially spring through fall, while employed as a loan associate.

5. I was required to fill out timecards and have them completed every two weeks. I was told to only record eight hours per day and to not record overtime hours. When I first began my job at Wells Fargo, I recorded overtime hours on my timecard, and was told to change the hours to reflect no overtime. After that, I continued to record only non-overtime hours.

6. Even though I regularly worked overtime hours, I was not paid for it.

7. It was always my understanding that I was ineligible for overtime pay.

8. To my knowledge, my co-workers also understood they were ineligible for overtime and were similarly not paid for overtime hours.

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 5th day of June, 2006.

_____
Nicole Gering

# DECLARATION OF JAMIE HEJLIK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TRUDY BOWNE, et al., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>Defendant. | Case No. 06-2020 CM |

### DECLARATION OF JAMIE HEJLIK

I, Jamie Hejlik, hereby submit this Declaration and state as follows:

1. I was employed by Wells Fargo as a mortgage loan associate in Mason City, Iowa from approximately March 2003 to March 2005.

2. As a mortgage loan associate, it was my duty to assist Wells Fargo loan originators. My primary job responsibilities were clerical in nature. I would create files for potential customers, assist in processing the loan, assist in preparation for, and facilitate closings, organize supplement and maintain the file; verify information in the file; and type application information.

3. The other Wells Fargo loan associates and loan processors I worked with, to my knowledge, had similar job duties.

4. I often worked 60 hours per week while employed as a mortgage loan associate, but I was only paid for forty hours per week. Sometimes I would receive "comp time" for hours that I worked overtime. For example, if I had eight hours of overtime, I would receive eight "comp time hours." But I was not paid a premium for my overtime hours.

5. I was required to fill out timecards and have them completed every two weeks. I was told to only record eight hours per day and to not record overtime hours.

6. I was told that I was not eligible for overtime pay, except in unusual circumstances when I was pre-approved for overtime. But for the most part, the overtime hours I worked were not pre-approved and not compensated.

7. To my knowledge, my co-workers were also told they were ineligible for overtime and were similarly not paid for overtime hours.

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this __9__ day of June, 2006.

*Jamie Hejlik*
Jamie Hejlik

# DECLARATION OF ELISHIA HESTERBERG

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

TRUDY BOWNE, et al., individually and on behalf of all others similarly situated

        Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, NATIONAL ASSOCIATION

        Defendant.

Case No. 06-2020 CM

### DECLARATION OF ELISHIA HESTERBERG

I, Elishia Hesterberg, hereby submit this Declaration and state as follows:

1. I was employed by Wells Fargo as a loan processor in Overland Park, Kansas from approximately April 2002 to August 2004.

2. My primary job responsibilities were clerical in nature. After a loan originator obtained a potential sale of a mortgage product, I would: send the potential borrower a packet with information about the Wells Fargo loan product and an application; create a file on the potential loan; assist the underwriter and originator in collecting documentation from the potential borrower; organize supplement and maintain the file; verify information in the file; and type application information. I would eventually e-mail, fax or mail a copy of the file to the underwriter for an underwriting decision.

3. The other Wells Fargo loan processors I worked with, to my knowledge, had similar job duties.

4.  I routinely worked three to five overtime hours per week while employed as a loan processor. I was required to log in to Webtime on my computer when I arrived in the office. I would log out for lunch and then log back in when I returned from lunch. Then I would log out when I left for the day. Webtime tracked the hours I worked. I would print out my weekly time and give it to my office manager every Friday. Even though I regularly worked and recorded overtime hours, I was not paid for it.

Case 2:06-cv-02020-CM-GLR    Document 13    Filed 07/07/2006    Page 3 of 3

5.  I was told that I was not eligible for overtime pay.

6.  To my knowledge, my co-workers were also told they were ineligible for overtime and were similarly not paid for overtime hours.

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 31st day of ~~June~~ May, 2006.

*/s/ Elishia Hesterberg*
Elishia Hesterberg

# DECLARATION OF AMY LOVRIEN

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

TRUDY BOWNE, et al., individually and on behalf of all others similarly situated

Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, NATIONAL ASSOCIATION

Defendant.

Case No: 06-2020-CM

### DECLARATION OF AMIE LOVRIEN

I, Amie Lovrien, hereby submit this Declaration and state as follows:

1. I was employed by Wells Fargo as a loan processor in Le Mars, Iowa and Sioux City, Iowa from approximately April 2002 to August 2002 and April 2003 to May 2005, respectively.

2. As a loan processor, my primary job responsibilities were clerical in nature. After a loan originator obtained a potential sale of a mortgage product, I would create a file on the potential loan; assist the underwriter and originator in collecting documentation from the potential borrower; organize, supplement and maintain the file; verify information in the file; and type application information. I would eventually forward a copy of the file to the underwriter for an underwriting decision.

3. The other Wells Fargo loan processors I worked with, to my knowledge, had similar job duties.

4. On average, I would work approximately 5-15 hours of overtime per week as a loan processor. Even though I regularly worked overtime hours, I was not paid for it.

5.  I was told that I was not eligible for overtime pay.

6.  To my knowledge, my co-workers were also told they were ineligible for overtime and were similarly not paid for overtime hours.

7.  Until the last three months of my employment, I was not required to record my hours. For the last three months of my employment, however, I was told to record eight hours per day, regardless of the actual time worked, and not to record overtime hours. Occasionally, I would travel to Des Moines, Iowa for the day, and would record more than eight hours for those days. In these last three months, I would sometimes receive overtime pay for the hours spent traveling to Des Moines, but I would not receive overtime pay for any other overtime hours worked.

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 1st day of June, 2006.

_____
Amie Lovrien