1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11

| In Re: | No. C 07-01841 MHP |

12

| WELLS FARGO LOAN PROCESSOR | |
| OVERTIME PAY LITIGATION | **MEMORANDUM & ORDER** |

13

_____

**Re: Plaintiffs' Motion for Leave to File**
**Amended Complaint**

14

This Document Relates To:

15

ALL ACTIONS

_____/

16

17    This multidistrict litigation arises from two actions against defendant Wells Fargo Home

18    Mortgage ("Wells Fargo") on behalf of defendant's "loan processors," a group of employees

19    consisting of mortgage sales associates, mortgage assistants, and loan document specialists.[1]

20    Plaintiffs allege that Wells Fargo has failed to pay overtime compensation in violation of state and

21    federal law.  Now before the court is plaintiff's motion for leave to file an amended complaint.

22    Having considered the parties' arguments and submissions, and for the reasons stated below, the

23    court enters the following memorandum and order.

24

25    BACKGROUND

26    This litigation arises from two separate actions: Bowne v. Wells Fargo Home Mortgage, No.

27    06-2020 (D. Kan.) and Basore v. Wells Fargo Home Mortgage, No. 07-0461 (N.D. Cal.).  The

28    Bowne action was filed on January 19, 2006 in the District of Kansas, while the Basore action was

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   filed on January 23, 2007 in the Northern District of California.  On June 22, 2007, the Judicial

2   Panel on Multidistrict Litigation transferred Bowne to this Court for coordinated pretrial

3   proceedings with Basore, pursuant to 28 U.S.C. section 1407.  Plaintiffs in the Bowne and Basore

4   actions are represented by the same attorneys.  Both actions involve alleged violations of state and

5   federal overtime compensation and wage and hour laws.  Both actions involve a group of plaintiffs

6   referred to as "loan processors" who perform clerical tasks and assist in the processing of mortgage

7   loan applications.   See Def.'s Mem. for Transfer for Coordinated Pre-Trial Proceedings to JPMDL;

8   Exh. A, Bowne Complaint (hereinafter "Bowne Complaint"); Exh. C, Basore Complaint (hereinafter

9   "Basore Complaint").

10          The Bowne matter involves a single collective action for violation of the overtime provisions

11  of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.  On October 23, 2006, before

12  Bowne was transferred to this district for coordinated pretrial proceedings, the parties stipulated to

13  the conditional certification of a limited collective action.  The limited collective action consisted of

14  two subclasses:

15          1.  All current and former retail "loan processors" employed by Wells Fargo
            within the previous three years from the date of the filing of this stipulation who where
16          employed in the United States whose records show they recorded overtime, but
            whose records also show they were not paid for in excess of five (5) hours of that
17          overtime; and

18          2.  All current and former retail "loan processors" employed by Wells Fargo
            within the previous three years form the date of the filing of this stipulation who were
19          employed in Region 10 [consisting of Iowa, Missouri, portions of Kansas, and
            portions of Illinois].
20
21  The parties submitted an agreed upon notice to the court on November 9, 2006, and notice was sent

22  to the class members in early December 2006.  Ultimately, 68 individuals opted into the FLSA

23  collective action in the Bowne matter.

24          One year after the Bowne action was filed in the District of Kansas and while the class notice

25  period in the Bowne action was pending, the Basore matter was filed in this district.  In contrast to

26  the Bowne matter, the Basore matter is more expansive.  The Basore matter involves not only a

27  nationwide FLSA collective action brought pursuant to 29 U.S.C. section 216(b), but also two class

28  actions brought pursuant to Federal Rule of Civil Procedure 23.

**United States District Court**
For the Northern District of California

One putative class action in the <u>Basore</u> matter is brought by plaintiff Brenda McMillan ("McMillan"), a resident of Charlotte, North Carolina who worked for Wells Fargo as a loan processor in that location. McMillan seeks to represent a nationwide class of current and former Wells Fargo loan processors based on California Business and Professions Code section 17200 *et seq.* (hereinafter "section 17200"), for which the unlawful, unfair, and fraudulent business practice alleged is violation of the overtime provisions of the federal FLSA. McMillan alleges that the unlawful practices and policies in this case emanated from California.

The other putative class action in the <u>Basore</u> matter is brought by plaintiff Mary Basore ("Basore"), a resident of Van Nuys, California who worked for Wells Fargo as a loan processor in the location where she resides. Basore seeks to represent a California class of current and former loan processors based on violations of: (1) section 17200, with predicate violations based on state and federal wage and hour law; (2) California Labor Code section 510 requiring payment of overtime compensation; (3) California Labor Code sections 512 and 226.7 requiring meal and rest breaks; and (4) California Labor Code sections 201–03 requiring payment of all compensation due and owing at termination.

After <u>Bowne</u> was transferred to this district for coordinated pretrial proceedings with <u>Basore</u>, this court entered an amended case management order on November 13, 2007. The order stated that it was the responsibility and duty of lead counsel to file a consolidated complaint. The order also imposed a number of pretrial deadlines, which were subsequently extended by the parties' stipulation. Under the court's case management order and subsequent stipulations, defendant's motion to dismiss the section 17200 claims was due March 21, 2008, class discovery was closed on March 31, 2008, and plaintiffs' motion for class and collective action certification was due April 15, 2008. Defendant filed its motion to dismiss the section 17200 claims on March 20, 2008. The next day, on March 21, 2008, plaintiffs filed a consolidated complaint. Docket No. 31 (hereinafter "Consolidated Complaint"). Plaintiffs filed their motion for class and collective action certification on April 15, 2008.

On March 31, 2008, Wells Fargo filed a motion to strike the consolidated complaint because it made material amendments for which plaintiffs had not sought leave of court. Plaintiffs responded

1    on April 9, 2008.  In their response, plaintiffs opposed Wells Fargo's motion to strike and in the

2    alternative, moved to amend the complaint.  Wells Fargo filed its reply on April 11, 2008 and a

3    hearing on Wells Fargo's motion to strike was held on April 28, 2008.  At the hearing, the court

4    determined that plaintiffs' consolidated complaint made material amendments for which plaintiffs

5    had not sought leave of court.  The court deemed plaintiffs' reply to defendant's motion to strike as

6    the opening brief in a motion for leave to amend, and ordered further briefing.  Defendant filed an

7    opposition to plaintiffs' motion for leave to amend on May 12, 2008 and plaintiffs filed a reply on

8    May 19, 2008.  When the court determined at the April 28, 2008 hearing that further briefing was

9    necessary, the court vacated the briefing schedule and hearing dates set for the class certification

10    motion.

11         Plaintiffs do not dispute that the consolidated complaint contains material amendments for

12    which the plaintiffs did not seek leave of court to file.  The proposed amendments for which

13    plaintiffs now seek leave of court are as follows:

14         1.    The consolidated complaint seeks to merge the <u>Bowne</u> and <u>Basore</u> FLSA collective
              actions into a single action, even though an FLSA collective action has already been
15              certified and 68 individuals have already opted into the action in the <u>Bowne</u> matter.

16         2.    The consolidated complaint omits five of the six named plaintiffs in the <u>Bowne</u>
              action—Andersen, Hesterberg, Lovrien, Hejlik, and Gering.
17

18         3.    The consolidated complaint for the first time names as a defendant "Wells Fargo &
              Co." which is a not a party to the consolidated proceedings and has not been served.

19         4.    The consolidated complaint seeks to add new claims for relief in the <u>Basore</u> matter
              for the putative class action brought by California plaintiff Mary Basore.  These new
20              claims are for Wells Fargo's alleged failure to provide itemized statements of time
              worked in violation of California Labor Code section 226, and Wells Fargo's alleged
21              failure to pay for all hours worked in violation of California Labor Code section 218.

22
         5.    The consolidated complaint also alleges for the first time that the consolidated actions
23              are brought on behalf of current and former non-exempt "Team Members," rather
              than the narrower group of "loan processors" initially alleged.  The group of non-
24              exempt "Team Members" includes approximately 100,000 employees in 373 separate
              job classifications.
25

26         6.    Finally, the consolidated complaint seeks to toll the statute of limitations for the
              newly added "Team Members" who are not loan processors.

27    Below, the court discusses whether leave should be granted for plaintiffs to file each of these

28    proposed amendments.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to file amended pleadings should be freely granted "when justice so requires." The Ninth Circuit weighs four factors when considering a Rule 15(a) motion to amend: (1) bad faith in bringing the motion; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. Griggs v. Pace American Group, Inc., 170 F.3d 877, 880–81 (9th Cir. 1999).

DISCUSSION

Plaintiffs argue as a threshold matter that within the "unique context of the MDL proceedings, Plaintiffs' counsel filed what is analogous to a first operative complaint." Pls.' Opp. at 9. In this context, plaintiffs argue, the consolidated complaint is not "subject to the amendment requirements of Rule 15(a)." Id. The court does not agree. Neither the court's case management order nor MDL procedures generally exempt plaintiffs from seeking leave of court to file a consolidated complaint that makes material amendments to the existing complaints. The court's order states, "Lead Counsel for Plaintiffs shall have the following responsibilities and duties: . . . To file a consolidated complaint." Docket No. 12, Amended Case Management Order, ¶ 8C. Nowhere does the court's order permit plaintiffs to amend a complaint without leave of court. The order permits *filing* of a complaint that consolidates the allegations of the extant complaints, no more and no less.

A further threshold issue concerns plaintiffs' assertion that the consolidated complaint "*amends* and *supersedes* all previous complaints." Consolidated Complaint ¶ 7 (emphases added). Again, however, the court's directive to plaintiffs to file a consolidated complaint is clear. It speaks to filing a consolidated complaint, and says nothing about amending or superseding the extant complaints in the Bowne and Basore matters. Should any doubt remain, the court hereby **ORDERS** that, unless otherwise directed, the filing of a consolidated complaint is done for the purpose of facilitating ease of the docket's administration and management. It does not constitute inception of a new "case or controversy," thereby superseding and rendering moot the pending separate actions which the court made clear in its case management order and now reiterates here, were consolidated

United States District Court

For the Northern District of California

1    for *pretrial* proceedings.  See Manual for Complex Litigation, Fourth, 224 n.668.  As the court's

2    case management order states, the order "does not constitute a determination that these actions shall

3    be consolidated for trial."  Docket No. 12, Amended Case Management Order ¶ 1.

4          For similar and related reasons, the court **DENIES** plaintiffs' motion for leave to amend to

5    merge the Basore and Bowne FLSA collective actions into a single action.  The consolidated

6    complaint states, "Plaintiffs Bowne, Basore, and McMillan bring *their* FLSA claim as an 'opt-in'

7    collective action" and labels the action as a "*Nationwide* Collective Action."  Docket No. 31,

8    Consolidated Complaint ¶ 77.  There are three problems with the way in which this action is pled.

9    First, it conflates the Bowne and Basore actions.  The Bowne matter was filed in the District of

10   Kansas almost a year prior to the filing of the Basore matter in this district, and unlike the Basore

11   matter, a collective action has already been certified and 68 individuals have already opted into the

12   Bowne collective action.  Second, the consolidated complaint recasts the Bowne action as a

13   nationwide action even though the action that was certified was specifically limited to "Region 10"

14   consisting of Iowa, Missouri, portions of Kansas, and portions of Illinois.  Third, the consolidated

15   complaint attempts to broaden the Bowne collective action from "loan processors" as it was

16   originally certified to "Team Members."

17         Consolidation "is a procedural device designed to promote judicial economy."  Cole v.

18   Schenley Indus., Inc., 563 F.2d 35, 38 (2d. Cir. 1977).  It does not result in merger of the actions nor

19   does it change the rights of the parties.  Id.; see also Johnson v. Manhattan Ry. Co., 289 U.S. 479,

20   496–97 (1933) (consolidation is only a matter of "convenience and economy in administration;" it

21   "does not merge the suits into a single cause, or change the rights of the parties, or make those who

22   are parties in one suit in another").  Even if the court could merge the FLSA collective actions into a

23   single action, it would be inappropriate to do so here because the Bowne action has already been

24   conditionally certified as a collective action, notice has been sent, and the opt-in period has expired.

25   Moreover, the Basore complaint expressly defines the putative collective action as excluding

26   plaintiffs who have already opted into the Bowne collective action and who remain parties to that

27   action.  Basore Complaint ¶ 94.  To now merge the two collective actions would conflate the issues

28   and class members and would amount to a "do-over" of the Bowne collective action.  Lest there be

**United States District Court**
For the Northern District of California

1  any confusion among the court and the parties, the court hereby **ORDERS** that, unless otherwise

2  directed, the filing of a consolidated complaint shall not effect merger of the Basore and Bowne

3  actions.

4      Having discussed and denied plaintiffs' first proposed amendment, the court now turns to the

5  five remaining amendments as listed in the Background section of this order.  The second

6  amendment proposes to omit five of the six named plaintiffs in the Bowne action—Hesterberg,

7  Andersen, Lovrien, Hejlik, and Gering.  Plaintiffs explained at the hearing that these five plaintiffs,

8  although not specifically identified in the consolidated complaint, have not been "dropped" from the

9  action as defendant asserts.  Moreover, plaintiffs explained further that these five plaintiffs were not

10 lead or named plaintiffs, but rather, were plaintiffs who opted into the collective action at an early

11 date and were therefore, specifically identified when the Bowne complaint was amended.  Insofar as

12 plaintiffs' proposed amendment seeks to omit or drop any plaintiffs, the court **DENIES** plaintiffs'

13 request.  To avoid any confusion between the parties, the court hereby **ORDERS** that the

14 consolidated complaint retain any plaintiffs who were specifically identified in the extant

15 complaints.      The third amendment proposes to add an additional defendant Wells Fargo & Co.

16 The court **GRANTS** leave for plaintiffs to make the third amendment because it is neither futile nor

17 made in bad faith, and although the addition of Wells Fargo & Co. could have been made at an

18 earlier date, the addition is not prejudicial given that the court will adjust the case management

19 scheduling order to give all parties sufficient opportunity to respond to the amendment.

20      The fourth amendment plaintiffs propose is to add new claims to the Basore matter for the

21 putative California class action brought by California plaintiff Mary Basore.  These new claims are

22 for Wells Fargo's alleged failure to provide itemized statements of time worked and Wells Fargo's

23 alleged failure to pay for all hours worked in violation of California Labor Code sections 226 and

24 218.  The court recognizes that disputed issues remain as to whether the addition of these claims are

25 futile due to the statute of limitations.  However, any current disputes may be resolved at a later

26 time.  Although plaintiffs' claims could have been asserted at an earlier time, plaintiffs' request to

27 amend is not brought in bad faith and any prejudice to defendant may be mitigated by adjusting the

28 dates in the case management scheduling order.  The court **GRANTS** leave for the California

United States District Court

For the Northern District of California

1  plaintiff in the <u>Basore</u> matter to add new claims for relief for failure to provide itemized pay

2  statements and for failure to pay all hours worked.

3       The fifth and sixth amendments are related to plaintiffs' proposed expansion of the class

4  definition to include not just "loan processors," but all non-exempt employees under the general title

5  of "Team Members."  Plaintiffs explain that the amendments were precipitated by the recent

6  discovery of what plaintiffs allege to be a "seminal document" concerning defendant's compensation

7  policies.  According to plaintiffs, it was not until after February 20, 2008 that defendant produced an

8  executive summary of the company's compensation policy describing Wells Fargo's then-existing

9  payroll practices in which all non-exempt Team Members, including loan processors, were paid

10  according to a "Standard Hours" policy.  Hanson Dec., Exh. D (filed under seal).

11      The "Standard Hours" policy was in effect until January 1, 2006.  Under the policy, all non-

12  exempt employees were assumed to have worked a standard number of hours, and overtime was not

13  paid unless the employee obtained manager approval.  After January 1, 2006, Wells Fargo

14  abandoned the Standard Hours policy and adopted a "Positive Pay" policy under which employees

15  were paid for actual hours worked and manager approval was not required for overtime.

16      Plaintiffs insist that it diligently filed the consolidated complaint after obtaining the "crucial"

17  Standard Hours discovery.  Plaintiffs also accuse Wells Fargo of "covering up" the "crucial"

18  document and "concealing" the Standard Hours policy.  Accordingly, plaintiffs argue that their

19  proposed amendment to expand the class to cover all non-exempt "Team Members" subject to the

20  "Standard Hours" policy is not the product of undue delay, even though the proposed amendment

21  came at the eve of the close of class discovery and the deadline to file a class and collective action

22  certification motion.

23      In response, defendant argues, and the court agrees, that the record belies plaintiffs'

24  representations.  On August 14, 2006, Wells Fargo produced to plaintiffs in the <u>Bowne</u> action

25  plaintiffs' personnel files and three iterations of defendant's employee handbook.  Kelly Supp. Dec.,

26  Exhs. 1–4.  The personnel files contain an "Employee Profile" for each plaintiff and expressly

27  identifies the "Standard Hours" allocated to each of them, explaining that the number of "Standard

28  Hours" are "the number of hours the position is regularly paid for each week."  <u>Id.</u>, Exh. 1.

1    Moreover, the employee handbook specifically identifies the group of employees known as

2  "Team Members," the same group of employees plaintiffs now claim it only learned about through

3  the recently produced executive summary.  Id., Exh. 2 at WF000720 (showing that the title of the

4  employee handbook is "Handbook for Wells Fargo *Team Members*") (emphasis added).  The terms

5  "team member" and "non-exempt team member" are used repeatedly throughout the handbook.  See

6  e.g., Id. at WF000773–WF000774.  Nowhere does the handbook imply that the policies contained

7  within the handbook are limited to only Team Members who are loan processors.

8    The employee handbook also explicitly addresses the Standard Hours policy, the same policy

9  plaintiffs claim was revealed only recently in the PPI document.  It defines "Standard Hours" as

10  follows:

11    A set number of hours that a team member works each week, which will be paid
   without the need to process a timecard.  Standard hours are *not* the same as scheduled
12    hours—for example, a team member may have standard hours of nine hours per
   week, but based on business needs may be scheduled for 3 hours on Monday,
13    Wednesday and Friday one week and 4 ½ hours on Tuesday and Thursday the next.

14  Id. at WF000844.  The handbook goes on to explain Wells Fargo's overtime policies in relevant part

15  as follows:

16    Reporting Overtime

17    If you're in a nonexempt position, you are entitled to pay for all hours actually
   worked, even those that exceed your regular schedule.  Therefore, you must report *all*
18    hours worked.  And if you think you're going to need to work overtime, you need to
   get your supervisor's authorization before you work additional hours.  Overtime
19    affects your business unit's plan and budget, so it's important that your supervisor
   approves in advance.
20
   * * *
21
   Nonexempt Overtime
22
   Weekly—If you're nonexempt, you receive overtime pay of 1 ½ time your pay
23    (including any shift differential), or "time and a half," if you work more than 40 hours
   in a workweek.  Paid Time Off and holidays are not counted as "work" hours for
24    overtime purposes.  You must report all the hours you work, and you need to get your
   supervisor's approval before you work any overtime.
25
   Daily—Some states also have provisions for paying nonexempt overtime pay based
26    on daily work hours—for example, if you work more than 12 hours in one day.
   Check with your supervisor or HR consultant to see if this applies in your area.
27    Overtime requirements for your state are also posted in your workplace.

28

**United States District Court**
For the Northern District of California

1    Id. at WF000774.  Later versions of the employee handbook, which were also produced to plaintiffs,

2    contain comparable language.  See Id., Exhs. 3, 4.  Thus, plaintiffs knew, or should have known in

3    August 2006 at the latest what the "Standard Hours" policy was, how it operated, and that it applied

4    to all non-exempt Wells Fargo Team Members, including loan processors.

5            Plaintiffs demonstrated an early awareness of these facts.  In January 2006 they alleged in the

6    Bowne complaint that "[p]laintiffs and all similarly situated employees are victims of a *uniform and*

7    *company-wide compensation policy*."  Bowne Complaint ¶ 33 (emphasis added).  In January 2007,

8    after Wells Fargo produced the personnel files and employee handbook in August 2006 in

9    connection with the Bowne matter, plaintiffs alleged in the Basore complaint that "the most obvious

10   reason" for the systematic underpayment of overtime "is because it was Wells Fargo's policy for

11   workers to only work *'pre-approved'* overtime hours."  Basore Complaint ¶ 20 (emphasis added).

12   "Because of this policy," the Basore plaintiffs alleged, "many workers who did not have their

13   overtime pre-approved were not paid for their overtime hours worked."  Id.  This is the same

14   allegation that plaintiffs now make in the consolidated complaint and which they claim is "newly"

15   discovered—that as a result of the Standard Hours policy which assumed a set number of hours and

16   which required manager approval prior to compensation for overtime, defendant systematically

17   underpaid employees for overtime hours.

18           In sum, the court finds that plaintiffs' fifth proposed amendment to expand the class to all

19   "Team Members" is the result of undue delay.  The court is not persuaded that the information in the

20   recently produced document is "seminal" or "crucial" insofar as it explains the Standard Hours

21   policy and its application to all Team Members.  Much of the information contained in the recently

22   produced document had already been disclosed to plaintiffs in other documents produced by

23   defendant in August 2006.  Even if every single detail regarding the Standard Hours policy was not

24   laid out in full view, pertinent features of the policy were disclosed in the August 2006 discovery

25   and these disclosed features were sufficient to support a class definition encompassing all Team

26   Members subject to the Standard Hours policy.  .

27           Nevertheless, the court must also balance other factors in considering whether to grant leave

28   for plaintiffs to amend.  The court does not find that the request to amend is made in bad faith.

1  Moreover, although the amendment will prejudice defendant since additional class discovery and

2  briefing may be necessary, any prejudice may be mitigated by the court's adjustment of the case

3  scheduling order.  The court will ensure that defendant has sufficient opportunity to prepare and

4  respond to the newly expanded class definition.

5        Finally, the amendment is not futile.  Defendant argues that the Standard Hours policy is

6  simply an accounting system that is not unlawful.  To the extent that the unlawful conduct is the

7  result of individual managers violating the Standard Hours policy by refusing to approve overtime,

8  defendant argues that plaintiffs' claims are futile because the claims are not suitable for class

9  treatment.  Whether the Standard Hours system is lawful or unlawful, and whether a class can be

10 properly maintained based on defendant's adoption of the Standard Hours policy, are questions that

11 do not render plaintiffs' proposed amendment futile at the pleading stage.  These questions will be

12 more appropriately addressed in future class certification or summary judgment motions.

13       On balance, although the court finds that plaintiffs' proposed fifth amendment is untimely,

14 the court finds that the amendment is not made in bad faith and is not futile and moreover, any

15 prejudice to the defendant may be mitigated by adjusting the case scheduling order.  Accordingly,

16 the court **GRANTS** plaintiffs' proposed fifth amendment to expand the class definition to include all

17 non-exempt "Team Members."

18       The sixth and final proposed amendment concerns tolling of the statute of limitations for the

19 newly added "Team Members" who are not loan processors.  At the current time, the court finds that

20 questions remain as to whether the claims of "Team Members" who are not loan processors may be

21 equitably tolled.  These questions remain open and should be addressed more fully in a subsequent

22 motion.

23

24 CONCLUSION

25       Plaintiffs' motion for leave to file an amended complaint is **GRANTED IN PART** and

26 **DENIED IN PART**.  The consolidated complaint filed on March 21, 2008 (Docket No. 31) is

27 stricken.  Plaintiffs shall have fourteen (14) days from the date of this order to file an amended and

28 consolidated complaint consistent with this memorandum and order.  Thereafter, defendant shall

1  have fourteen (14 days) to file an answer or to otherwise respond.  The Clerk shall contact the

2  parties to re-schedule the dates for briefing and hearing on the class and collective action

3  certification motion.

4

5      IT IS SO ORDERED.

6

7  Dated: June 9, 2008                                              _____

8                                                                   MARILYN HALL PATEL
                                                                    United States District Court Judge
9                                                                   Northern District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## ENDNOTES

1.      A similar, but separate multidistrict action is also currently before this court.  That action is captioned <u>In re Wells Fargo Home Mortgage Overtime Pay Litigation</u> and has been assigned case number MDL 06-1770 MHP.  Like the present action, the 06-1770 action involves allegations of failure to pay overtime in accordance with state and federal law and is brought against the same defendant Wells Fargo.  Unlike the present action which concerns "loan processors," the 06-1770 action involves a different group of plaintiffs employed as "home mortgage consultants" whose duties involve marketing and selling mortgages.