George A. Hanson
Norman E. Siegel
Eric L. Dirks
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone:      (816) 714-7100
Facsimile:      (816) 714-7101
ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE WELLS FARGO LOAN PROCESSOR OVERTIME PAY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL Docket No. 1841<br><br>**AMENDED CONSOLIDATED COMPLAINT**<br><br>**CLASS ACTION - DEMAND FOR JURY TRIAL** |

Plaintiffs, individually and on behalf of the classes described below, by and through their undersigned counsel, for their Amended Consolidated Complaint against Defendants, Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo" or "Defendants"), state as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.      This MDL proceeding brings together for pretrial purposes two actions brought against Wells Fargo on behalf of current and former non-exempt Team Members seeking restitution, including backpay for unpaid overtime and other wages.

2.      The first underlying case, captioned *Bowne v. Wells Fargo Home Mortgage*, D. Kan., No. 06-2020, involves a class of 68 plaintiffs who joined a Fair Labor Standards Act ("FLSA") collective action.

3.      The second underlying case is captioned *Basore v. Wells Fargo Home Mortgage, et al.,* N.D. Cal. No. 07-0461.   In the *Basore* action, Plaintiffs claim that Wells Fargo's compensation practices violate various California Labor Code sections, the FLSA, and Cal. Bus. & Prof. Code § 17200.   The Plaintiffs further allege that Wells Fargo's unlawful compensation policies and practices emanated from the State of California.   As a result, Plaintiffs bring a nationwide class action pursuant to § 17200 for failure to pay overtime in

violation of the FLSA. Plaintiffs also bring a statewide class action on behalf of California residents and workers under § 17200 and various Cal. Labor Code sections for, among other things, failure to pay overtime wages, meal and rest period wages, straight time wages, and all wages due and owing at termination. Finally, Plaintiffs bring a nationwide FLSA collective action based on Wells Fargo's alleged violation of the FLSA's record-keeping and overtime requirements.

4.     Wells Fargo moved for transfer and consolidation of both cases for pretrial purposes pursuant to 28 U.S.C. § 1407, and on June 22, 2007, the Judicial Panel on Multidistrict Litigation transferred *Bowne* and *Basore* to this Court.

5.     In its November 13, 2007 Case Management Order consolidating and coordinating the cases, the Court appointed the law firm of Stueve Siegel Hanson LLP as lead counsel for Plaintiffs.

6.     On March 21, 2008, Plaintiffs filed a Consolidated Complaint on behalf of the *Bowne* and *Basore* Plaintiffs. Wells Fargo moved to strike the Consolidated Complaint and Plaintiffs cross-moved for leave to amend. On June 10, 2008, the Court ruled that the Consolidated Complaint could not effectively merge the *Basore* and *Bowne* cases and those cases are consolidated for pre-trial purposes only. The Court then granted Plaintiffs' motion to amend. As a result, Plaintiffs bring this Amended Consolidated Complaint on behalf of the *Basore* and *Bowne* Plaintiffs respectively. The Amended Consolidated Complaint makes amendments to the respective *Basore* and *Bowne* cases and consolidates the complaints for pre-trial purposes in furtherance of efficiency and economy. The Amended Consolidated Complaint incorporates the Court's rulings on Plaintiffs' motion to amend as well as facts recently learned in ongoing discovery.

## JURISDICTION AND VENUE

7.     Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(d) because minimal diversity exists and the amount in controversy exceeds $5 million.

8.     The FLSA, as amended, 29 U.S.C. § 201 *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime and

minimum wage provisions.  Jurisdiction over Plaintiffs' FLSA claims is based upon § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

9.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(a), (b) and (c) because Wells Fargo resides and does business in this district, and the unlawful conduct giving rise to the claims, in whole or in part, occurred in this district.

## PARTIES

10.    The *Basore* Class consists of current and former Team Members employed by Wells Fargo who were classified as non-exempt and who were subject to the identical illegal compensation policy called "Standard Hours."

11.    Class representative Mary Basore was a non-exempt Team Member who worked for Wells Fargo in Van Nuys, California.  Plaintiff Basore was paid pursuant to Wells Fargo's Standard Hours policy.  Plaintiff Basore currently resides in New Hall, California.  Basore is a class representative for the California Rule 23 class and the nationwide FLSA class in *Basore*.

12.    Class representative Brenda McMillian was a non-exempt Team Member who worked for Wells Fargo in Charlotte, North Carolina.  Plaintiff McMillian was paid pursuant to Wells Fargo's Standard Hours policy.  Plaintiff McMillian currently resides in Charlotte, North Carolina.   McMillian is a class representative for the nationwide Rule 23 class and the nationwide FLSA class in *Basore*.

13.    In addition to Ms. Basore and Ms. McMillian, two other individuals -- Allison Barkley and Barbara Powell -- have filed their consent to join forms in *Basore* pursuant to § 216(b) of the FLSA.  Their consent to join forms are incorporated herein by reference.

14.     The *Bowne* class consists of 68 current and former Team Members employed by Wells Fargo who were classified as non-exempt and who were subject to the identical illegal compensation policy called "Standard Hours."

15.    Class representative Trudy Bowne was a non-exempt Team Member who worked for Wells Fargo in Overland Park, Kansas.  Plaintiff Bowne was paid pursuant to Wells Fargo's Standard Hours policy.   Plaintiff Bowne currently resides in Garden City, Kansas. Bowne is a class representative for the individuals who have opted in to the *Bowne* lawsuit.

16.    Sixty-eight individuals have filed their consent to join forms in *Bowne* pursuant to § 216(b) of the FLSA.  Those individuals are: Varteny Andekian, Kristen Andersen, Andrew Bagley, Erin Berry-Devanja, Joel Bomia, Trudy Bowne, Victoria Buller, Crissy Caddell, Susi Christman, Michelle Cortez, Lisa D'Annunzio, Terri Defosset, Maureen Dixon-Sullivan, Nichole Ecsedy, Kristen Estrada, Pamela Filipponio, Jeni Fisher, Juanita Fullen, Sherri Gast, Nicole Gering, Kim Graves, Susan Hardy, Kathyrn Harlow, Jamie Hejlik, Amy Henneman, Elishia Hesterberg, Crystal Hudson, Jaime Huff, Sarah Ille, Trisha Imbler, Adina Ionica, Judy Jenison, Stephanie Kechter, Carol Keesee, Joanne Khoumphonphakdy, Julie Kim, Alexandra Leon, Jennifer Lopes, Amie Lovrien, Aendy Dawn Maokhamphiou, Andrea Marx, Lisa Meador, Heather Meyer, Rhiannon Mooney, Brandi Mrozinski, Denise Opocensky, Joan Parrotta, Patricia Paul, Betty Phu, Deborah Pierce, Tina Pippens Thomas, Roberta Porpiglio, April Porter, Brandi Putney, Paris Ragin, Susan Rannells, Stephanie Ricke, Pamela Sanderson, Luis Maria Schroeder, Bryan Soo, Jody Stoll, Maya Swan, Heather Turner, Justin Whitney, Michelle Williams, Anita Yarbrough, Tsang Fung Yeung, and Britt Zehnle.  Their consent to join forms are incorporated herein by reference.

17.    The members of each of the classes in the *Basore* and *Bowne* actions are collectively referred to as "all Class Members" throughout this Amended Consolidated Complaint.  All Class Members worked for Wells Fargo as non-exempt Team Members across the country, and were subject to Wells Fargo's Standard Hours policy.

18.    Wells Fargo & Company operates as a diversified financial services company, providing banking, insurance, investments, mortgage and consumer finance.  Wells Fargo & Company is incorporated in California and has its corporate headquarters and principal place of business in San Francisco, California.

19.    Defendant, Wells Fargo Bank, N.A., is a national banking association and has its corporate headquarters and principal place of business in San Francisco, California.

20.    Wells Fargo & Company and Wells Fargo Bank, N.A. jointly employ all non-exempt Team Members because they are not disassociated, and they share common management, common personnel policies, common payroll systems, and share control over

non-exempt Team Members.   In addition, Wells Fargo Bank, N.A. is the employer for all non-exempt Team Members who were subject to its payroll and compensation policies and whose payroll was processed by Wells Fargo Bank, N.A..

21.   The decisions and conduct giving rise to and relating to Plaintiffs' claims occurred in and/or emanated from California.  The policies and practices at issue in this case were implemented, managed, governed and ultimately revised by decision makers in Wells Fargo's California headquarters.   Ultimate responsibility for FLSA compliance and the compensation policies, including the Standard Hours policy, resided with senior executives and decision makers in California.

## FACTUAL ALLEGATIONS

22.   Wells Fargo has operations throughout the United States and is one of the world's largest banks.

23.   At any one time, Wells Fargo employs approximately 100,000 Team Members who are classified as non-exempt in the United States.  Of these, approximately twenty percent work in California.

24.   Plaintiffs (including all Class Members) are current and former non-exempt Team Members employed by Wells Fargo who were paid pursuant to the Standard Hours policy.

25.   All Class Members are readily identifiable by a review of Wells Fargo's personnel records and compensation records which it has kept, and was required to keep, pursuant to state and federal law.

26.   Until January 2006, all Class Members were subject to and paid pursuant to the same illegal Standard Hours policy.  Under the Standard Hours policy, non-exempt Team Members were (i) paid for assumed "standard hours" (e.g., forty hours per week) rather than actual hours worked, (ii) paid twenty-four times per year on a semi-monthly cycle, and (iii) paid for overtime hours worked above and beyond Standard Hours only if an "exception" was created and "approved" by his or her manager.

27.    The policy of paying Standard Hours on a semi-monthly basis violated the federal and state wage and hours rights of non-exempt Team Members across the country.

28.    The Standard Hours policy systematically underpaid class members because class members were paid for the same standard hours every pay period regardless of the actual days or hours worked.  This illegal policy effectively paid all Class Members on a salary basis and not on an hourly basis.

29.    For example, in 2004, all Class Members were underpaid by approximately 48.7 hours because there were multiple semi-monthly pay periods where Standard Hours paid less than actual hours worked – even when no overtime was worked, recorded, or approved. Specifically, if a Team Member worked full time, but did not work overtime, she still worked more hours than she was paid for because she (pursuant to Standard Hours) received compensation for 86.67 hours of work per pay period, but often worked more than 86.67 hours in that pay period.  For example, in March of 2004, the first semi-monthly pay period had 11 work days – which results in 88 hours of work for a full time worker.  That worker – even though she may have recorded all 88 hours – only received 86.67 hours of compensation.  The second pay period in March of 2004 contained 12 work days – which results in a full time worker recording 96 hours of work.  That worker only received 86.67 hours of compensation. In 19 of the 24 pay periods in 2004, Team Members who worked and recorded more than 86.67 hours, were not paid for the additional time.  The Standard Hours policy uniformly denied workers pay for the time they actually worked because the policy paid them on assumed hours that did not accurately reflect the amount of actual hours worked.

30.    Similarly, if a worker worked one hour of overtime in each work day of the pay period (45 hours per week), she would still be underpaid even if her overtime was recorded and approved as an exception.  This is because such an employee would be paid for 86.67 hours of Standard Hours plus an additional 10 hours of overtime – a total of 96.67 hours of pay.  But such a worker actually performed 99 hours of work and did not receive straight time or overtime pay for the missing 3.33 hours worked during the pay period.

31.     Under the Standard Hours policy, Class Members consistently worked additional hours, including straight time and overtime, that were not paid because "exceptions" to Standard Hours were not "approved."   In fact, an exception could never be made for the straight time hours (and certain corresponding overtime hours) that went above-and-beyond Standard Hours.   And overtime hours went unapproved on a regular basis as a result of the Standard Hours policy.

32.     While Class Members were "non-exempt" hourly employees, they were *treated* as salaried employees not entitled to overtime.

33.     Under the Standard Hours policy, Wells Fargo also violated the rights of California Class Members because California Class Members were among other things, (i) not provided their full pay upon discharge or termination, (ii) not compensated for missed meal and rest periods, and (iii) not provided accurate itemizations of time worked on a semi-monthly or bi-weekly basis.

34.     Wells Fargo knew that its Standard Hours policy was illegal.  Specifically:

- Wells Fargo knew that Class Members were not recording their time accurately;

- Wells Fargo knew that its Standard Hours policy and practice of issuing paychecks on a semi-monthly pay cycle resulted in systematic underpayment of wages;

- Wells Fargo knew a significant amount of Class Members had reported unpaid overtime or missed breaks;

- Wells Fargo knew that its Standard Hours policy was illegal and knew the California Labor Commissioner had concluded in 2002 that the use of Standard Hours was unlawful; and

- Wells Fargo knew that Standard Hours resulted in at least 167,000 meal and rest break violations annually.

35.     Wells Fargo has a culture of non-compliance characterized by refusal to take accountability for its unlawful conduct and disdain for the enforcement of wage and hour laws. For example:

- Wells Fargo has known since 2002 that its Standard Hours policy violated the law, but refused to implement changes until 2006;

- When responding to internal complaints regarding Standard Hours, if it responded at all, Wells Fargo would conduct self-serving investigations resulting in Team Members, as a condition to receiving undisputed earned wages, executing an unfair and unenforceable release and which failed to account for liquidated damages, interest or other required payments; and

- Even in the face of its acknowledged non-compliance, Wells Fargo refuses to take accountability and instead characterizes enforcement efforts as the work of plaintiffs' lawyers trying to stir up business.

### *BASORE* NATIONWIDE CLASS ACTION

36.    Plaintiff McMillian reasserts and re-alleges the allegations set forth above.

37.    Plaintiff McMillian brings a nationwide class action based on California Business and Professions Code § 17200, et seq.

38.    The policies and practices at issue in this case emanated from California.

39.    The decision-making authority over the wage and hour issues in this case resided in California, and the policy decisions relevant to the issues in this case were made in California.

40.    Defendants' actions, including but not limited to their FLSA violations (including the failure to maintain accurate employee time records and the failure to pay for all hours worked, including overtime compensation), constitute unlawful, unfair, fraudulent and misleading conduct. Such unlawful and unfair acts constitute a violation of California Business and Professions Code § 17200, *et seq*.

41.    Plaintiff McMillian is informed and believes that Defendants continue their unlawful and unfair conduct because Defendants continue to refuse to pay for all wages earned by Plaintiffs. As a result, Defendants have unlawfully and unfairly obtained monies owed to Plaintiffs and have unfairly competed in the marketplace.

42.    All members of the Plaintiff Class can be identified by reference to records possessed and controlled by Defendants. Plaintiffs are entitled to restitution of backpay for a period of four years predating the filing of the initial Complaint.

43.    As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to a preliminary and permanent injunction enjoining Defendants from continuing the unlawful and

unfair practices described above, and to such other equitable relief as is appropriate under California Business and Professions Code § 17203, including restitution as well as specific relief to enforce the provisions of the California Labor Code and Fair Labor Standards Act pursuant to Business and Professions Code § 17202.

44.    Plaintiffs are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Defendants to cease their unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

45.    Plaintiff McMillian seeks certification of the following class of plaintiffs:

> All current and former non-exempt Team Members employed by Wells Fargo nationwide, excluding California, who were subject to the "Standard Hours" policy since January 2003.

46.    Thousands of non-exempt Team Members have been employed by Defendants nationwide.  For this reason, the size of members of the Plaintiff Class is so numerous that joinder of all members is impossible and/or impracticable.

47.    Plaintiff McMillian's claims are typical of the members of the Class.  Plaintiff is informed and believes that, like other Wells Fargo non-exempt Team Members, she was subjected to Defendants' uniform Standard Hours policy and practices of failing to pay for all hours worked, failure to pay appropriate overtime premiums, failure to keep accurate records, failure to provide accurate wage statements, and unlawful, unfair, fraudulent, and misleading practices.

48.    Due to the uniform Standard Hours policy and practices of not recording and paying Class Members for all overtime wages earned, and the common core of factual and legal issues determining each Class Member's potential claim, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49.    Plaintiff McMillian will fairly and adequately protect the interests of the members of the class and has retained counsel competent and experienced in both class action and wage-and-hour litigation in California and nationwide.

50.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

- Whether Wells Fargo's Standard Hours policy was illegal;

- Whether Class Members are paid for all of the time they work;

- Whether Wells Fargo maintains accurate records of the time the Class Members work;

- Whether Defendants' policies and practices regarding the recording of time is lawful;

- Whether California law applies to a nationwide class of plaintiffs; and

- Whether Defendants' practices and policies violate the Fair Labor Standards Act and California law as set forth at Business and Professions Code § 17200 et seq.

51.    The common legal and factual questions in this case predominate over any potential individual issues.

52.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

53.    Class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

### *BASORE* CALIFORNIA CLASS ACTION

54.    Plaintiff Basore reasserts and re-alleges the allegations set forth above.

55.    Plaintiff Basore individually and on behalf of a class of non-exempt Wells Fargo Team Members employed in California brings a class action based on California Business and Professions Code § 17200, et seq.; California Labor Code §§ 510 and 1194, and California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period); California Labor Code § 226.7 and California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period); and California Labor Code §§ 201-203.

56.    Defendants' actions, including but not limited to their violations of federal and California state law (including the failure to maintain accurate employee time records, the

failure to pay for all hours worked, including overtime compensation, the failure to provide and pay for meal and rest periods, and the failure to pay all wages due upon discharge or termination), constitute unlawful, unfair, fraudulent, and misleading conduct. Such unlawful and unfair acts constitute a violation of California Business and Professions Code § 17200, et seq.

57. Plaintiff Basore is informed and believes that Defendants continue their unlawful and unfair conduct as previously described because Defendants continue to refuse to pay for all wages earned by Plaintiffs. As a result of said conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiffs and have unfairly competed in the marketplace.

58. All members of the Class can be identified by reference to records possessed and controlled by Defendants. Plaintiffs are entitled to restitution of backpay, for a period of four years predating the filing of the initial Complaint.

59. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to a preliminary and permanent injunction enjoining Defendants from continuing the unlawful and unfair practices described above, and to such other equitable relief as is appropriate under California Business and Professions Code § 17203, including restitution as well as specific relief to enforce the provisions of the California Labor Code and Fair Labor Standards Act pursuant to Business and Professions Code § 17202.

60. Plaintiffs are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Defendants to cease their unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

61. Plaintiff Basore seeks certification of the following class of plaintiffs:

> All current and former non-exempt Team Members employed by Wells Fargo in California who were subject to the "Standard Hours" policy since January 2003.

62.    Thousands of non-exempt Team Members have been employed by Defendants in California during the class period.  For this reason, the size of the California class is so numerous that joinder of all members is impossible and/or impracticable.

63.    Plaintiff Basore's claims are typical of the members of the Class.  Plaintiff is informed and believes that, like other Wells Fargo non-exempt Team Members, she was subjected to Defendants' policy of Standard Hours, and its policies and practices of failing to pay for all hours worked, failure to pay appropriate overtime premiums, failure to pay for missed meal and rest periods, failure to keep accurate records, failure to provide accurate wage statements, and unlawful, unfair, fraudulent, and misleading practices.

64.    Due to the uniform policy of not recording and paying Class Members for all overtime wages earned, and the common core of factual and legal issues determining each class member's potential claim, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

65.    Plaintiff Basore will fairly and adequately protect the interests of the members of the class and has retained counsel competent and experienced in both class action and wage-and-hour litigation in California and nationwide.

66.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

- Whether Wells Fargo's Standard Hours policy was illegal;

- Whether Class Members are paid for all of the time they work;

- Whether Wells Fargo maintains accurate records of the time the Class Members work;

- Whether Wells Fargo's policies and practices regarding the recording of time is lawful;

- Whether Wells Fargo failed to pay appropriate overtime premiums to members of the Class in violation of California Labor Code §§ 510 and 1194, and California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period);

- Whether Wells Fargo failed to provide meal and rest periods and failed to pay class members for missed meal and rest periods;

- Whether the Wells Fargo willfully failed to pay all wages due upon discharge or termination in violation of California Labor Code §§ 201-203;

- Whether Wells Fargo failed to provide accurate itemized statements of all hours worked in violation of California Labor Code § 226; and

- Whether Wells Fargo practices and policies violate the Fair Labor Standards Act and California law as set forth at Business and Professions Code § 17200 et seq..

67.    The common legal and factual questions in this case predominate over any potential individual issues.

68.    Plaintiff Basore knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

69.    Class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

### *BASORE* NATIONWIDE COLLECTIVE ACTION

70.    Plaintiffs reassert and re-allege the allegations set forth above.

71.    Plaintiffs Basore and McMillian bring their FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).  Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Wells Fargo's practice of failing to accurately record all hours worked and failing to pay non-exempt Team Members for all overtime hours worked.

72.    Plaintiffs seek certification of the following class of plaintiffs:

> All current and former non-exempt Team Members employed by Wells Fargo nationwide (excluding class members in *Bowne*) who were subject to the "Standard Hours" policy since January 2003.

73.    The class of employees on behalf of whom Plaintiffs bring this collective action is similarly situated because the class members were all classified as non-exempt and were all subjected to the illegal the Standard Hours policy.  The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from Wells Fargo's records, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

### *BOWNE* STIPULATED COLLECTIVE ACTION

74.    Plaintiffs reassert and re-allege the allegations set forth above.

75.     Plaintiff Bowne brings her FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff Bowne, individually and on behalf of a class of all individuals who previously filed their consent to join form in the *Bowne* proceeding, seeks relief on a collective basis challenging Wells Fargo's practice of failing to accurately record all hours worked and failing to pay non-exempt Team Members for all overtime hours worked.

76.     The class of employees on behalf of whom Plaintiff brings this collective action is similarly situated because the class members were all classified as non-exempt and were all subjected to the illegal Standard Hours policy.

### COUNT I (*BASORE*)
### Violation of California Bus. & Prof. Code § 17200 et seq.

77.     *Basore* Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-76.

78.     This claim is brought on behalf of the Nationwide Class, the California Class and opt-in Plaintiffs individually.

79.     At all times material herein, Plaintiffs and all Class Members have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

80.     The FLSA regulates, among other things, the payment of overtime by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

81.     Defendants were, and are, subject to the timekeeping and overtime pay requirements of the FLSA because Wells Fargo is an enterprise engaged in commerce and its employees are engaged in commerce.

82.     Defendants willfully violated the FLSA by failing to keep accurate records of hours worked and failing to pay Plaintiffs for all time worked.

83.     Plaintiffs and the class members are victims of a company-wide Standard Hours policy that led to Wells Fargo's failure to: (i) record and maintain accurate time records; and (ii) pay for all hours worked.

84.     As a result of the aforesaid willful violations of the FLSA's provisions, Defendants have violated § 17200 et seq.

85.     Further, Defendants' violation of the California Labor Code's provisions as discussed below are predicate acts that constitute a violation of § 17200 as to Plaintiff Basore and the California class and as to Plaintiff McMillian and the Nationwide class.

86.     Defendants' actions, including but not limited to their FLSA and California state law violations (including the failure to maintain accurate employee time records, failure to pay for all time worked, the failure to pay overtime compensation, the failure to provide and pay for rest and meal periods and to pay all amounts due at the time of termination of employment), constitute unlawful, unfair, fraudulent and misleading conduct.  Such actions are also unfair business practices in violation of California Business and Professions Code § 17200, et seq.

87.     Plaintiffs are informed and believe that Defendants continue their unlawful and unfair conduct as previously described because Defendants continue to refuse to pay for all wages earned by Plaintiffs. As a result of said conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiffs and have unfairly competed in the marketplace.

**COUNT II (*BASORE*)**

**Failure to Pay Overtime as Required by California Labor Code**

88.     *Basore* Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-87.

89.     This claim is brought on behalf of the California Class and California opt-in Plaintiffs individually.

90.     Throughout the liability period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 also required payment of overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. This premium increases to double-time for all hours worked over 12 in a workday or 8 on the seventh day worked in a single workweek.

91.     Plaintiff Basore and the California class often worked in excess of the maximum number of hours allowed by law without payment of the applicable overtime premiums.

92.     Defendants failed to pay Plaintiff Basore and members of the California class the overtime required by California law.

93.     Defendants' failure to pay the correct amount of overtime violates IWC Wage Order No. 4 (8 C.C.R. § 11040, as amended during the Class Period), and California Labor Code §§ 510 and 1198, and is therefore unlawful.

94.     Because Defendants failed to pay overtime as required by law, Plaintiff Basore and the California class are entitled under California Labor Code §§ 218.5 and 218.6 and 1194(a) to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

### COUNT III (*BASORE*)
### Failure to Provide Rest and Meal Periods

95.     *Basore* Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-94.

96.     This claim is brought on behalf of the California Class and California opt-in Plaintiffs individually.

97.     Plaintiff Basore and the California class regularly worked in excess of five (5) hours per day without being afforded at least one half-hour meal period in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4 (8 C.C.R. § 11040).

98.     Plaintiff Basore and the California class regularly worked in excess of ten (10) hours per day without being afforded two (2) meal periods of at least one half-hour each in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4.

99.     Plaintiff Basore and the California class routinely worked in excess of four (4) hours per day without being afforded a 10-minute rest period.

100.    Plaintiff Basore and the California class routinely worked in excess of eight (8) hours per day without being afforded either or both of the two (2) 10-minute rest periods as required by Labor Code § 226.7 and Wage Order No. 4 (8 C.C.R. § 11040).

101.    Plaintiff Basore and the California class worked shifts in excess of twelve (12) hours in a day without being afforded any or all of the three (3) 10-minute rest periods as required by Labor Code § 226.7 and Wage Order No. 4 (8 C.C.R. § 11040).

102.    For each time that a member of the California class was not provided the rest and/or meal period, that individual is entitled to recover backpay wages in the amount of one additional hour of pay at each employee's regular rate of compensation pursuant to IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 226.7.

103.    Plaintiff Basore and the California class are entitled to payment for backpay for each rest and/or meal period that Defendants failed to provide during the Class Period. Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

**COUNT IV (*BASORE*)**

**Failure to Pay All Compensation Due and Owing at Termination**

104.    *Basore* Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-103.

105.    This claim is brought on behalf of the California Class and California opt-in Plaintiffs individually.

106.    California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within 72 hours of that employee's notice of resignation. California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period up to thirty days.

107.    Defendants have willfully failed to pay all compensation and wages, upon discharge or within 72 hours of termination. As a result, Defendants are liable to Plaintiff and the California class for continuation wages in an amount to be determined at trial. Plaintiff and the California class are also entitled to payment of their reasonable attorneys' fees and costs of

suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

### COUNT V (*BASORE*)
### Failure to Provide Accurate Itemized Statements of Time Worked

108.    *Basore* Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-108.

109.    This claim is brought on behalf of the California Class and California opt-in Plaintiffs individually.

110.    California Labor Code § 226 requires an employer to provide its employees with an accurate itemized statement in writing showing, among other things, the total hours worked by the employee.  California Labor Code § 226 provides for damages and penalties for a knowing and intentional failure by an employer to comply with this requirement.

111.    Defendants have knowingly and intentionally failed to provide accurate itemization of the California Class Members' hours worked per paycheck.

112.    Had the California Class Members received an accurate itemization of their hours worked, they, among other things, would have been able to discover that the Standard Hours policy was underpaying them for their actual time worked.  Failure to provide an itemization of hours worked assisted Wells Fargo in perpetrating its Standard Hours policy and not paying for actual hours worked.

113.    As a result, Defendants are liable to Plaintiff and the California class for damages in an amount to be determined at trial.  Plaintiff and the California class are also entitled to payment of their reasonable attorneys' fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 226 and § 218.5, and interest pursuant to California Labor Code § 218.6.

### COUNT VI (*BASORE*)
### Failure to Make Straight Time / Agreed Rate Payments
### (California Class and California Plaintiffs Individually)

114.    *Basore* Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-113.

115.    This claim is brought on behalf of the California Class and California opt-in Plaintiffs individually.

116.    California law requires an employer to pay its employees for all hours worked.

117.    Wells Fargo had a policy of paying Class Members for Standard Hours regardless of the actual amount of hours worked.  In doing so, Wells Fargo underpaid and under-reported the actual amount of hours worked.

118.    Because of Wells Fargo's failure to pay for all hours worked, it failed to pay Class Members their agreed hourly rate of pay.

119.    Wells Fargo's failure to pay the correct amount of straight time hourly pay permits a civil suit for back pay under California Labor Code § 218 as well as payment of reasonable attorneys' fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

## COUNT VII (*BASORE* AND *BOWNE*)
### Violation of the Fair Labor Standards Act of 1938

120.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1-119.

121.    This Count is brought on behalf of the Nationwide FLSA class in *Basore* and the stipulated class in *Bowne* and all opt-in Plaintiffs in *Basore* and *Bowne* individually.

122.    At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

123.    The FLSA regulates, among other things, recordkeeping and pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

124.    Defendants were, and are, subject to the requirements of the FLSA because they are enterprises engaged in commerce and their employees are engaged in commerce.

125.    Defendants willfully violated the FLSA by failing to record and keep accurate records of the time worked by non-exempt Team Members and for failing to pay non-exempt Team Members for all the time they work.

---

AMENDED CONSOLIDATED COMPLAINT                    19

126.    The class representatives, individuals who have opted in to the *Bowne* and *Basore* lawsuits, and all other similarly situated employees, are victims of uniform and company-wide compensation policies and practices.  These policies and practices, in violation of the FLSA, have injured the similarly situated non-exempt Team Members paid pursuant to the Standard Hours policy who have joined, and who will join, this case.

127.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay and minimum wages within the three years preceding the filing of the Complaint in this action, including periods of equitable and agreed tolling, because Wells Fargo acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by federal law.

128.    Defendants have not acted in good faith or with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA.  Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime pay and minimum wage, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

129.    As a result of the aforesaid willful violations of the FLSA's overtime and minimum wage provisions, compensation has been unlawfully withheld from Plaintiffs for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, pray for relief as follows:

1.    An order certifying a nationwide class action;

2.    An order certifying a California class action;

3.    An order certifying a nationwide collective action;

4.      An order finding that Defendants violated federal and California law, as stated above;

5.      Unpaid wages, including restitution for wages owed, and statutory damages, wages and/or penalties available under each cause of action, in an amount to be proven at trial;

6.      An order granting any equitable or injunctive relief necessary to provide full relief to Plaintiffs;

7.      Unpaid overtime damages and an equal amount as liquidated damages under the FLSA;

8.      Attorneys' fees and costs;

9.      Pre- and post-judgment interest; and

10.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury.

**Dated: June 16, 2008**

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**


By:_____/s/ George A. Hanson_____
       George A. Hanson
       hanson@stuevesiegel.com
       Norman E. Siegel
       siegel@stuevesiegel.com
       Eric L. Dirks
       dirks@stuevesiegel.com
       460 Nichols Road, Suite 200
       Kansas City, Missouri 64112
       Telephone:    (816) 714-7100
       Facsimile:    (816) 714-7101


**LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 16th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Denise K. Drake
ddrake@spencerfane.com
Eric P. Kelly
ekelly@spencerfane.com
Spencer Fane Britt & Browne
1000 Walnut, Suite 1400
Kansas City, MO 64106
PH:    816-474-8100
FAX:   816-474-3216

Joan B. Tucker Fife
jfife@winston.com
Robert Spagat
rspagat@winston.com
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894
PH:    415-591-1000
FAX:   415-591-1400

ATTORNEYS FOR DEFENDANTS


_____/s/ George A. Hanson_____
Attorney for Plaintiffs