1  JOAN B. TUCKER FIFE (SBN: 144572)
   jfife@winston.com
2  ROBERT SPAGAT (SBN: 157388)
   rspagat@winston.com
3  WINSTON & STRAWN LLP
   101 California Street, Suite 3900
4  San Francisco, CA 94111
   Telephone:    415-591-1000
5  Facsimile:    415-591-1400

6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 IN RE WELLS FARGO LOAN PROCESSOR          MDL Docket No. 1841 (MHP)
   OVERTIME PAY LITIGATION
12
                                             ANSWER OF DEFENDANT WELLS
13 THIS DOCUMENT RELATES TO ALL              FARGO BANK, N.A. TO PLAINTIFFS'
   CASES                                     AMENDED CONSOLIDATED
14                                           COMPLAINT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Defendant Wells Fargo Bank, N.A. ("Defendant"), in response to Plaintiffs' Amended Consolidated Complaint (the "Amended Complaint"), admits, denies, and alleges as follows:

**INTRODUCTION AND NATURE OF THE ACTION**

1.      The statement contained in Paragraph 1 of the Amended Complaint is not a factual allegation, but rather contains an introductory recitation of litigation events that does not require a response from this Defendant.  To the extent that Paragraph 1 does require a response, Defendant denies any and all allegations in Paragraph 1 of the Amended Complaint not expressly admitted.

2.      The statement contained in Paragraph 2 of the Amended Complaint is not a factual allegation, but rather contains an introductory recitation of litigation events that does not require a response from this Defendant.  To the extent Paragraph 2 does require a response, Defendant admits that, pursuant to a stipulation of the parties and an Order by the United States District Court for the District of Kansas, the *Bowne* case involves a conditionally certified class of 68 plaintiffs. Defendant denies any and all allegations in Paragraph 2 of the Amended Complaint not expressly admitted.

3.      The statements contained in Paragraph 3 of the Amended Complaint are not factual allegations, but rather contain introductory recitations of litigation events that do not require a response from this Defendant.  To the extent Paragraph 3 does require a response, Defendant denies any and all allegations in Paragraph 3 of the Amended Complaint not expressly admitted.

4.      The statements contained in Paragraph 4 of the Amended Complaint are not factual allegations, but rather contain introductory recitations of litigation events that do not require a response from this Defendant.  To the extent Paragraph 4 requires a response, Defendant admits that it moved for transfer to this District and consolidation of the *Bowne* action with the *Basore* action for pretrial purposes and that the Judicial Panel on Multidistrict Litigation transferred the *Bowne* action to this Court.  Defendant denies any and all allegations in Paragraph 4 of the Amended Complaint not expressly admitted.

5.      The statement contained in Paragraph 5 of the Amended Complaint is not a factual allegation, but rather contains an introductory recitation of a litigation event that does not require a

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  response from this Defendant.  To the extent Paragraph 5 requires a response, Defendant admits that

2  the law firm of Stueve Siegel Hanson LLP was appointed as lead counsel for Plaintiffs.  Defendant

3  denies any and all allegations in Paragraph 5 of the Amended Complaint not expressly admitted.

4        6.     The statements contained in Paragraph 6 of the Amended Complaint are not factual

5  allegations, but rather contain introductory recitations of litigation events, as well as statements

6  explaining how Plaintiffs amended their Complaint.  In its Order allowing Plaintiffs leave to amend

7  their Complaint, this Court provided to Plaintiffs specific instructions regarding amendment.

8  Accordingly, none of the statements in Paragraph 6 of the Amended Complaint require a response

9  from this Defendant.  To the extent Paragraph 6 does require a response, Defendant admits that

10  Plaintiffs are providing a description of some of the events in this case since March 21, 2008.

11  Defendant denies that "Plaintiffs have incorporated the Court's rulings on Plaintiffs' motion to amend

12  as well as facts learned in ongoing discovery," as well as any and all other allegations in Paragraph 6

13  of the Amended Complaint not expressly admitted.

14                  **JURISDICTION AND VENUE**

15        7.     Defendant admits that this Court has subject matter jurisdiction over actions brought

16  under 28 U.S.C. § 1332(d)(2).  Defendant denies any and all allegations in Paragraph 7 of the

17  Amended Complaint not expressly admitted.

18        8.     To the extent Paragraph 8 states conclusions of law, no response is required.  To the

19  extent any response is required, Defendant admits that this Court has subject matter jurisdiction over

20  actions brought pursuant to the FLSA (29 U.S.C. § 216(b)) and 28 U.S.C. §§ 1331 and 1337.

21  Defendant denies the allegations in Paragraph 8 of the Amended Complaint not expressly admitted.

22        9.     Defendant admits that venue is proper for purposes of these MDL proceedings.

23  Defendant admits that it does business in the Northern District of California.  Defendant denies any

24  and all allegations of Paragraph 9 of the Amended Complaint not expressly admitted.

25                      **PARTIES**

26        10.    The statements contained in Paragraph 10 of the Amended Complaint are not factual

27  allegations, but rather contain Plaintiffs' description of how Plaintiffs characterize the *Basore* action.

28

1  As such, these statements require no response.  To the extent any response is required, Defendant

2  denies any and all allegations in Paragraph 10 of the Amended Complaint not expressly admitted.

3          11.    Defendant admits that Mary Basore was a non-exempt Team Member employed by

4  Wells Fargo Bank, N.A. in Van Nuys, California.  Defendant lacks knowledge or information

5  sufficient to form a belief as to the truth of the allegation that "Plaintiff Basore currently resides in

6  New Hall, California."  Defendant denies any and all allegations in Paragraph 11 of the Amended

7  Complaint not expressly admitted.

8          12.    Defendant admits that Brenda McMillian was a non-exempt Team Member employed

9  by Wells Fargo Bank, N.A. in Charlotte, North Carolina.  Defendant lacks knowledge or information

10  sufficient to form a belief as to the truth of the allegation that "Plaintiff McMillian currently resides

11  in Charlotte, North Carolina."  Defendant denies any and all allegations in Paragraph 12 of the

12  Amended Complaint not expressly admitted.

13          13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations in Paragraph 13 of the Amended Complaint.  Defendant denies any and all allegations

15  in Paragraph 13 of the Amended Complaint not expressly admitted.

16          14.    Defendant admits that the *Bowne* action is based on a class that was conditionally

17  certified by stipulation of the parties and Order of the United States District Court for the District of

18  Kansas, and that the conditionally certified class consists of 68 current and former, non-exempt

19  Team Members who worked for Wells Fargo Bank, N.A.  Defendant denies any and all allegations

20  in Paragraph 14 of the Amended Complaint not expressly admitted.

21          15.    Defendant admits that Trudy Bowne was a non-exempt Team Member employed by

22  Wells Fargo Bank, N.A. in Overland Park, Kansas.  Defendant lacks knowledge or information

23  sufficient to form a belief as to the truth of the allegation that "Plaintiff Bowne currently resides in

24  Garden City, Kansas."  Defendant denies any and all allegations in Paragraph 15 of the Amended

25  Complaint not expressly admitted.

26          16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations in Paragraph 16 of the Amended Complaint.  Defendant denies any and all allegations

28

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

3

1    in Paragraph 16 of the Amended Complaint not expressly admitted.

2        17.    The statements contained in Paragraph 17 of the Amended Complaint are not factual

3    allegations, but rather contain Plaintiffs' description of how they characterize the putative class

4    members in *Basore* and the conditionally certified class members in *Bowne*.  As such, these

5    statements require no response.  To the extent a response is required, Defendant denies the

6    allegations in Paragraph 17 of the Amended Complaint not expressly admitted.

7        18.    Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

8        19.    Defendant admits that it is a national banking association that does business in San

9    Francisco, California.  Defendant denies any and all allegations in Paragraph 19 of the Amended

10    Complaint not expressly admitted.

11        20.    To the extent Paragraph 20 states conclusions of law, no response is required.  To the

12    extent any response is required, Defendant denies the allegations in Paragraph 20 of the Amended

13    Complaint not expressly admitted.

14        21.    Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

15                                    **FACTUAL ALLEGATIONS**

16        22.    Defendant admits that it has operations in numerous states in the United States.

17    Defendant denies any and all allegations in Paragraph 22 of the Amended Complaint not expressly

18    admitted.

19        23.    Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

20        24.    Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

21        25.    Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

22        26.    Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

23        27.    To the extent Paragraph 27 states conclusions of law, no response is required.  To the

24    extent any response is required, Defendant denies the allegations in Paragraph 27 of the Amended

25    Complaint not expressly admitted.

26        28.    Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

27        29.    Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5894**

4

30.     Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

### *BASORE* NATIONWIDE CLASS ACTION

36.     In answering the allegations of Paragraph 36 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-35, above.

37.     The statements contained in Paragraph 37 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of how Plaintiff McMillian characterizes the action she is bringing.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations in Paragraph 37 of the Amended Complaint not expressly admitted.

38.     Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40.     To the extent Paragraph 40 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 40 of the Amended Complaint not expressly admitted.

41.     To the extent Paragraph 41 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 41 of the Amended Complaint not expressly admitted.

42.     To the extent Paragraph 42 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 42 of the Amended Complaint not expressly admitted.

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

ANSWER OF DEFENDENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' AMENDED
CONSOLIDATED COMPLAINT -- CASE NO. MDL DOCKET NO. 1841 (MHP)

43.     To the extent Paragraph 43 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 43 of the Amended Complaint not expressly admitted.

44.     To the extent Paragraph 44 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 44 of the Amended Complaint not expressly admitted.

45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46.     To the extent Paragraph 46 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 46 of the Amended Complaint not expressly admitted.

47.     To the extent Paragraph 47 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 47 of the Amended Complaint not expressly admitted.

48.     To the extent Paragraph 48 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 48 of the Amended Complaint not expressly admitted.

49.     To the extent Paragraph 49 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 49 of the Amended Complaint not expressly admitted.

50.     To the extent Paragraph 50 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 50 of the Amended Complaint not expressly admitted.

51.     To the extent Paragraph 51 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 51 of the Amended Complaint not expressly admitted.

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

ANSWER OF DEFENDENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' AMENDED
CONSOLIDATED COMPLAINT -- CASE NO. MDL DOCKET NO. 1841 (MHP)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action."

53.     To the extent Paragraph 53 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 53 of the Amended Complaint not expressly admitted.

### *BASORE* CALIFORNIA CLASS ACTION

54.     In answering the allegations of Paragraph 54 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-53, above.

55.     Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     To the extent Paragraph 56 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 56 of the Amended Complaint not expressly admitted.

57.     To the extent Paragraph 57 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 57 of the Amended Complaint not expressly admitted.

58.     To the extent Paragraph 58 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 58 of the Amended Complaint not expressly admitted.

59.     To the extent Paragraph 59 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 59 of the Amended Complaint not expressly admitted.

60.     To the extent Paragraph 60 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 60 of the Amended Complaint not expressly admitted.

61.     Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

62.     To the extent Paragraph 62 states conclusions of law, no response is required.  To the

1   extent any response is required, Defendant denies the allegations in Paragraph 62 of the Amended

2   Complaint not expressly admitted.

3           63.     To the extent Paragraph 63 states conclusions of law, no response is required.  To the

4   extent any response is required, Defendant denies the allegations in Paragraph 63 of the Amended

5   Complaint not expressly admitted.

6           64.     To the extent Paragraph 64 states conclusions of law, no response is required.  To the

7   extent any response is required, Defendant denies the allegations in Paragraph 64 of the Amended

8   Complaint not expressly admitted.

9           65.     To the extent Paragraph 65 states conclusions of law, no response is required.  To the

10  extent any response is required, Defendant denies the allegations in Paragraph 65 of the Amended

11  Complaint not expressly admitted.

12          66.     To the extent Paragraph 66 states conclusions of law, no response is required.  To the

13  extent any response is required, Defendant denies the allegations in Paragraph 66 of the Amended

14  Complaint not expressly admitted.

15          67.     To the extent Paragraph 67 states conclusions of law, no response is required.  To the

16  extent any response is required, Defendant denies the allegations in Paragraph 67 of the Amended

17  Complaint not expressly admitted.

18          68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of

19  the allegation that "Plaintiff Basore knows of no difficulty that will be encountered in the

20  management of this litigation that would preclude its maintenance as a class action."

21          69.     To the extent Paragraph 69 states conclusions of law, no response is required.  To the

22  extent any response is required, Defendant denies the allegations in Paragraph 69 of the Amended

23  Complaint not expressly admitted.

24              *BASORE* NATIONWIDE COLLECTIVE ACTION

25          70.     In answering the allegations of Paragraph 70 of the Amended Complaint, Defendant

26  restates and incorporates by reference its responses to Paragraphs 1-69, above.

27          71.     Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

72.     Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

### *BOWNE* STIPULATED COLLECTIVE ACTION

74.     In answering the allegations of Paragraph 74 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-73, above.  Defendant denies any and all allegations in Paragraph 74 of the Amended Complaint not expressly admitted.

75.     To the extent Paragraph 75 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies any and all allegations in Paragraph 75 of the Amended Complaint not expressly admitted.

76.     To the extent Paragraph 76 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 76 of the Amended Complaint not expressly admitted.

### COUNT I (*BASORE*)

### Violation of California Bus. and Prof. Code § 17200 et seq.

77.     In answering the allegations of Paragraph 77 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-76, above.

78.     The statements contained in Paragraph 78 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of their California Business and Professions Code claim.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations in Paragraph 78 of the Amended Complaint not expressly admitted.

79.     To the extent Paragraph 79 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 79 of the Amended Complaint not expressly admitted.

80.     To the extent Paragraph 80 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies any and all allegations in Paragraph 80 of the Amended Complaint not expressly admitted.

9

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

81.    To the extent Paragraph 81 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 81 of the Amended Complaint not expressly admitted.

82.    Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

83.    Defendant denies the allegations in Paragraph 83 of the Amended Complaint.

84.    To the extent Paragraph 84 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 84 of the Amended Complaint not expressly admitted.

85.    To the extent Paragraph 85 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 85 of the Amended Complaint not expressly admitted.

86.    To the extent Paragraph 86 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 86 of the Amended Complaint not expressly admitted.

87.    To the extent Paragraph 87 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 87 of the Amended Complaint not expressly admitted.

## COUNT II (*BASORE*)

### Failure to Pay Overtime as Required by California Labor Code

88.    In answering the allegations of Paragraph 88 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-87, above.

89.    The statements contained in Paragraph 89 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations of Paragraph 89 not expressly admitted.

90.    To the extent Paragraph 90 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 90 of the Amended

10

1 Complaint not expressly admitted.

2    91.    Defendant denies the allegations of Paragraph 91 of the Amended Complaint.

3    92.    Defendant denies the allegations of Paragraph 92 of the Amended Complaint.

4    93.    To the extent Paragraph 93 states conclusions of law, no response is required.  To the

5 extent any response is required, Defendant denies the allegations in Paragraph 93 of the Amended

6 Complaint not expressly admitted.

7    94.    To the extent Paragraph 94 states conclusions of law, no response is required.  To the

8 extent any response is required, Defendant denies the allegations in Paragraph 94 of the Amended

9 Complaint not expressly admitted.

10    ## COUNT III (*BASORE*)

11    ### Failure to Provide Rest and Meal Periods

12    95.    In answering the allegations of Paragraph 95 of the Amended Complaint, Defendant

13 restates and incorporates by reference its responses to Paragraphs 1-94, above.

14    96.    The statements contained in Paragraph 96 of the Amended Complaint are not factual

15 allegations, but rather contain Plaintiffs' description of their meal and rest period claims.  As such,

16 these statements require no response.  To the extent any response is required, Defendant denies any

17 and all allegations of Paragraph 96 not expressly admitted.

18    97.    Defendant denies the allegations of Paragraph 97 of the Amended Complaint.

19    98.    Defendant denies the allegations of Paragraph 98 of the Amended Complaint.

20    99.    Defendant denies the allegations of Paragraph 99 of the Amended Complaint.

21    100.    Defendant denies the allegations of Paragraph 100 of the Amended Complaint.

22    101.    Defendant denies the allegations of Paragraph 101 of the Amended Complaint.

23    102.    To the extent Paragraph 102 states conclusions of law, no response is required.  To

24 the extent any response is required, Defendant denies the allegations in Paragraph 102 of the

25 Amended Complaint not expressly admitted.

26    103.    To the extent Paragraph 103 states conclusions of law, no response is required.  To

27 the extent any response is required, Defendant denies the allegations in Paragraph 103 of the

28

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

11

1    Amended Complaint not expressly admitted.

2    ### COUNT IV (*BASORE*)

3    ### Failure to Pay All Compensation Due and Owing at Termination

4    104.    In answering the allegations of Paragraph 104 of the Amended Complaint, Defendant

5    restates and incorporates by reference its responses to Paragraphs 1-103, above.

6    105.    The statements contained in Paragraph 105 of the Amended Complaint are not factual

7    allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such,

8    these statements require no response.  To the extent any response is required, Defendant denies any

9    and all allegations of Paragraph 105 not expressly admitted.

10    106.    To the extent Paragraph 106 states conclusions of law, no response is required.  To

11    the extent any response is required, Defendant denies the allegations in Paragraph 106 of the

12    Amended Complaint not expressly admitted.

13    107.    Defendant denies the allegations of Paragraph 107 of the Amended Complaint.

14    ### COUNT V (*BASORE*)

15    ### Failure to Provide Accurate Itemized Statements of Time Worked

16    108.    In answering the allegations of Paragraph 108 of the Amended Complaint, Defendant

17    restate and incorporate by reference their responses to Paragraphs 1-107, above.

18    109.    The statements contained in Paragraph 109 of the Amended Complaint are not factual

19    allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such,

20    these statements require no response.  To the extent any response is required, Defendant denies any

21    and all allegations of Paragraph 109 not expressly admitted.

22    110.    To the extent Paragraph 110 states conclusions of law, no response is required.  To

23    the extent any response is required, Defendant denies the allegations in Paragraph 110 of the

24    Amended Complaint not expressly admitted.

25    111.    Defendant denies the allegations of Paragraph 111 of the Amended Complaint.

26    112.    Defendant denies the allegations of Paragraph 112 of the Amended Complaint.

27    113.    To the extent Paragraph 113 states conclusions of law, no response is required.  To

28

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5894

1   the extent any response is required, Defendant denies the allegations in Paragraph 113 of the

2   Amended Complaint not expressly admitted.

3                                   **COUNT VI (*BASORE*)**

4                   **Failure to Make Straight Time/Agreed Rate Payments**

5                  **(California Class and California Plaintiffs Individually)**

6          114.    In answering the allegations of Paragraph 114 of the Amended Complaint, Defendant

7   restates and incorporates by reference its responses to Paragraphs 1-113, above.

8          115.    The statements contained in Paragraph 115 of the Amended Complaint are not factual

9   allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such,

10  these statements require no response.  To the extent any response is required, Defendant denies any

11  and all allegations of Paragraph 115 not expressly admitted.

12         116.    To the extent Paragraph 116 states conclusions of law, no response is required.  To

13  the extent any response is required, Defendant denies the allegations in Paragraph 116 of the

14  Amended Complaint not expressly admitted.

15         117.    Defendant denies the allegations of Paragraph 117 of the Amended Complaint.

16         118.    Defendant denies the allegations of Paragraph 118 of the Amended Complaint.

17         119.    To the extent Paragraph 119 states conclusions of law, no response is required.  To

18  the extent any response is required, Defendant denies the allegations in Paragraph 119 of the

19  Amended Complaint not expressly admitted.

20                            **COUNT VII (*BASORE* AND *BOWNE*)**

21                    **Violation of the Fair Labor Standards Act of 1938**

22         120.    In answering the allegations of Paragraph 120 of the Amended Complaint, Defendant

23  restates and incorporates by reference its responses to Paragraphs 1-119, above.

24         121.    The statements contained in Paragraph 121 of the Amended Complaint are not factual

25  allegations, but rather contain Plaintiffs' description of their FLSA claims.  As such, these statements

26  require no response.  To the extent any response is required, Defendant denies any and all allegations

27  of Paragraph 121 not expressly admitted.

28

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' AMENDED
CONSOLIDATED COMPLAINT -- CASE NO. MDL DOCKET NO. 1841 (MHP)

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

1

2

3

122.    To the extent Paragraph 122 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 122 of the Amended Complaint not expressly admitted.

4

5

6

123.    To the extent Paragraph 123 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 123 of the Amended Complaint not expressly admitted.

7

8

9

124.    To the extent Paragraph 124 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 124 of the Amended Complaint not expressly admitted.

10

125.    Defendant denies the allegations of Paragraph 125 of the Amended Complaint.

11

126.    Defendant denies the allegations of Paragraph 126 of the Amended Complaint.

12

13

14

127.    To the extent Paragraph 127 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 127 of the Amended Complaint not expressly admitted.

15

16

17

128.    To the extent Paragraph 128 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 128 of the Amended Complaint not expressly admitted.

18

19

20

129.    To the extent Paragraph 129 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 129 of the Amended Complaint not expressly admitted.

21

**PLAINTIFFS' PRAYER FOR RELIEF**

22

23

24

130.    Defendant denies that Plaintiffs are entitled to any of the requested forms of relief on any basis whatsoever.  Any and all allegations in Plaintiffs' Amended Complaint not specifically admitted above are denied.

25

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

26

27

131.    Defendant admits that Plaintiffs demand a trial by jury.  To the extent this unnumbered Paragraph states a conclusion of law, no response is required.  To the extent any

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

14

response is required, Defendant denies the allegations in this Paragraph of the Amended Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure Of Facts To State A Claim for Relief)

1.    The Amended Complaint, and each claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.    The Amended Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.    The Amended Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.    The Amended Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    Plaintiffs are barred from maintaining the Amended Complaint and each purported claim for relief alleged therein as a result of their unclean hands with respect to the events upon which the Amended Complaint and purported claims for relief allegedly are based.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.    Plaintiffs' claims are barred, in whole or in part, by operation of applicable statutes of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

15

1  limitations including, but not limited to, California Code of Civil Procedure §§ 338 and 340,

2  California Business and Professions Code § 17208, and California Labor Code §§ 203 and 226.

### SEVENTH AFFIRMATIVE DEFENSE

### (Contribution by Plaintiffs' Own Acts)

7.     If the injuries and/or damages alleged in the Amended Complaint occurred, such

injuries were proximately caused by and/or were contributed to by Plaintiffs' own acts or failures to

act.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Warranting Class Certification)

8.     Plaintiffs' allegations that the Court should issue orders certifying nationwide and

California classes of plaintiffs are barred by Plaintiffs' failure to allege facts sufficient to warrant

class certification.

### NINTH AFFIRMATIVE DEFENSE

### (No Enforcement Duty for Meal and Rest Periods)

9.     Plaintiffs' Amended Complaint, and each purported cause of action alleged therein, is

barred to the extent it seeks redress for meal and rest period violations on the ground that Defendant

does not have an enforcement duty with respect to these breaks.

### TENTH AFFIRMATIVE DEFENSE

### (Authorize and Permit Meal and Rest Periods)

10.     Plaintiffs' Amended Complaint, and each purported cause of action alleged therein, is

barred to the extent it seeks redress for meal and rest period violations on the ground that Defendant

authorized and permitted Plaintiffs to take these breaks.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Knowing or Intentional)

11.     Plaintiffs' claims for penalties for purportedly providing employees with inaccurate

statements of wages earned and deductions taken are barred insofar as Defendant's conduct, as

alleged in the Amended Complaint, was neither knowing nor intentional.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

16

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### TWELFTH AFFIRMATIVE DEFENSE

#### (No Knowledge of "Off the Clock" Work)

12.    Plaintiffs' claims for unpaid wages are barred on the ground that Defendant had no actual or constructive knowledge that Plaintiffs worked hours for which they were not compensated, as alleged in the Amended Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Willfulness)

13.    Defendant' actions or omissions were not willful within the meaning of applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (In Pari Delicto)

14.    The Amended Complaint, and each purported cause of action alleged therein, is barred by the doctrine of in pari delicto.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (De Minimis)

15.    Plaintiffs' claims are barred in whole or in part because the amount of time for which they seek compensation is de minimis.  *IBP v. Alvarez*, 126 S.Ct. 514 (2005).

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction)

16.    Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Release)

17.    The claims of some putative class members in *Basore* and/or members of the conditionally certified class in *Bowne* are barred, in whole or in part, because, in exchange for a good and valuable consideration, they released Defendant from all liability to them for the claims alleged in the Amended Complaint.

17

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

18.    The claims of some putative class members in *Basore* and/or members of the conditionally certified class in *Bowne* are subject to arbitration.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing to Assert California Business and Professions Code Violations)

19.    Plaintiffs have no standing to assert claims under California Business and Professions Code Section 17200 because they have suffered no injury in fact and have lost no money or property.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

20.    Plaintiffs' claims are barred by the avoidable consequences doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good-Faith Compliance With the Law)

21.    Plaintiffs' claims are barred in whole or in part because any acts or omissions complained of by Plaintiffs that are attributed to Defendant were in good faith, in conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of applicable state and federal law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Injunctive or Declaratory Relief)

22.    Plaintiffs lack standing to seek any injunctive or any declaratory relief since Plaintiffs are unable to establish a likelihood of future irreparable harm for which there is no adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

23.    Plaintiffs' claims for equitable relief are barred because there is an adequate remedy at law to address Plaintiffs' claims for relief, including, among other things, filing a complaint with the

California Labor Commissioner.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

24.     Plaintiffs have failed to mitigate their alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiffs should be reduced accordingly.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Section 203 Claims Barred After Filing of Complaint)**

25.     Claims under California Labor Code § 203 are barred to the extent that they seek damages or penalties for any time period following the filing of Plaintiffs' Original Complaints in the *Basore* and *Bowne* actions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith --29 U.S.C. § 259)**

26.     The claims are barred in whole or in part because, pursuant to 29 U.S.C. § 259, Defendant's act or omission, if any, complained of, was in good faith and conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor or an administrative practice or enforcement policy of the Department of Labor agency with respect to the class of employers to which Defendants belong.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Liquidated Damages/Good Faith Reasonable Belief)**

27.     The claims for liquidated damages are barred in whole or in part because Defendant's act or omission, if any, in not paying overtime was in good faith and Defendant had reasonable grounds for believing that its act or omission, if any, was not a violation of any applicable law.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

**(Motor Carrier Exemption)**

28.     The claims for failure to pay overtime pursuant to the Fair Labor Standards Act are barred in whole or in part pursuant to 29 U.S.C. § 213(b)(1).

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT -- CASE NO. MDL DOCKET NO. 1841 (MHP)

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure To File Opt-In Certification)

29.     The claims for relief under the FLSA are barred to the extent that Plaintiffs and the putative FLSA classes have not filed the required written opt-in certification to proceed as a collective action pursuant to 29 U.S.C. § 216(b).

### THIRTIETH AFFIRMATIVE DEFENSE

### (Due Process)

30.     The relief requested by Plaintiffs and members of the putative California class pursuant to California Business and Professions Code Section 17200 *et seq.* violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Underlying Liability)

31.     Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because it is not liable to Plaintiffs or members of the putative California class for any alleged violation of any underlying state or federal laws.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Unfair Business Practices)

32.     Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because its business practices were not unfair, deceptive or likely to mislead anyone.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Any Alleged Harm To Plaintiff Outweighed)

33.     Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because the benefits of Defendant's

20

practices to Plaintiffs and to members of the putative California class outweigh whatever particular

harm or impact the practice allegedly caused them.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (**Adequate Remedy At Law**)

34.    The relief requested by Plaintiffs and members of the putative California class

pursuant to California Business and Professions Code Section 17200 *et seq*. should be denied

because Plaintiffs and members of the putative California class have an adequate remedy at law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

35.    Defendant hereby gives notice that it intends to rely upon such other and further

affirmative defenses as may become available during discovery in this action and reserve the right to

amend its answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That all relief requested in the Amended Complaint be denied and the Amended

Complaint be dismissed with prejudice;

2.    That Plaintiffs take nothing by virtue of this action and that judgment be entered in

favor of Defendant and against Plaintiffs;

3.    For costs of suit and attorneys' fees incurred herein (including but not limited to

attorneys' fees pursuant to California Labor Code § 218.5); and

4.    For such other and further relief as the Court may deem just and proper.

Dated:  June 30, 2008                      WINSTON & STRAWN LLP
                                           JOAN B. TUCKER FIFE
                                           ROBERT SPAGAT


                                           By:  _____/s/_____
                                                    Joan B. Tucker Fife

                                           Attorneys for Defendant
                                           WELLS FARGO BANK, N.A.

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894