JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
ROBERT SPAGAT (SBN: 157388)
rspagat@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Defendant
WELLS FARGO & COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

IN RE WELLS FARGO LOAN PROCESSOR
OVERTIME PAY LITIGATION

THIS DOCUMENT RELATES TO ALL
CASES

**MDL Docket No. 1841 (MHP)**

**ANSWER OF DEFENDANT WELLS
FARGO & COMPANY TO PLAINTIFFS'
AMENDED CONSOLIDATED
COMPLAINT**

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Defendant Wells Fargo & Company ("Defendant"), in response to Plaintiffs' Amended Consolidated Complaint (the "Amended Complaint"), admits, denies, and alleges as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. The statement contained in Paragraph 1 of the Amended Complaint is not a factual allegation, but rather contains an introductory recitation of litigation events that does not require a response from this Defendant. To the extent that Paragraph 1 does require a response, Defendant denies any and all allegations in Paragraph 1 of the Amended Complaint not expressly admitted.

2. The statement contained in Paragraph 2 of the Amended Complaint is not a factual allegation, but rather contains an introductory recitation of litigation events that does not require a response from this Defendant. To the extent Paragraph 2 does require a response, Defendant states that it was not a party to this litigation when Defendant Wells Fargo Bank, N.A. and Plaintiffs stipulated to the conditional certification of 68 plaintiffs in the *Bowne* case, and therefore has no basis upon which to respond to the allegations in this Paragraph. Defendant denies any and all allegations in Paragraph 2 of the Amended Complaint not expressly admitted.

3. The statements contained in Paragraph 3 of the Amended Complaint are not factual allegations, but rather contain introductory recitations of litigation events that do not require a response from this Defendant. To the extent Paragraph 3 does require a response, Defendant denies any and all allegations in Paragraph 3 of the Amended Complaint not expressly admitted.

4. The statements contained in Paragraph 4 of the Amended Complaint are not factual allegations, but rather contain introductory recitations of litigation events that do not require a response from this Defendant. To the extent Paragraph 4 requires a response, Defendant states that it was not a party to this litigation at the time of the events described in this Paragraph and therefore has no basis upon which to respond to the allegations contained therein. Defendant denies any and all allegations in Paragraph 4 of the Amended Complaint not expressly admitted.

5. The statement contained in Paragraph 5 of the Amended Complaint is not a factual allegation, but rather contains an introductory recitation of a litigation event that does not require a response from this Defendant. To the extent Paragraph 5 requires a response, Defendant states that it

///

1

1   was not a party to this litigation at the time of the event described in this Paragraph and therefore has

2   no basis upon which to respond to the allegation contained therein.  Defendant denies any and all

3   allegations in Paragraph 5 of the Amended Complaint not expressly admitted.

4           6.      The statements contained in Paragraph 6 of the Amended Complaint are not factual

5   allegations, but rather contain introductory recitations of litigation events, as well as statements

6   explaining how Plaintiffs amended their Complaint.  Accordingly, none of the statements in

7   Paragraph 6 of the Amended Complaint require a response from this Defendant.  To the extent

8   Paragraph 6 does require a response, Defendant states that it was not a party to this litigation at the

9   time of the events described in this Paragraph and therefore has no basis upon which to respond to

10  the allegations contained therein.  Defendant denies that "Plaintiffs have incorporated the Court's

11  rulings on Plaintiffs' motion to amend as well as facts learned in ongoing discovery," as well as any

12  and all other allegations in Paragraph 6 of the Amended Complaint not expressly admitted.

**JURISDICTION AND VENUE**

13

14          7.      Defendant admits that this Court has subject matter jurisdiction over actions brought

15  under 28 U.S.C. § 1332(d)(2).  Defendant denies any and all allegations in Paragraph 7 of the

16  Amended Complaint not expressly admitted.

17          8.      To the extent Paragraph 8 states conclusions of law, no response is required.  To the

18  extent any response is required, Defendant admits that this Court has subject matter jurisdiction over

19  actions brought pursuant to the FLSA (29 U.S.C. § 216(b)) and 28 U.S.C. §§ 1331 and 1337.

20  Defendant denies the allegations in Paragraph 8 of the Amended Complaint not expressly admitted.

21          9.      Defendant admits that it does business in the Northern District of California.

22  Defendant denies any and all allegations of Paragraph 9 of the Amended Complaint not expressly

23  admitted.

**PARTIES**

24

25          10.     The statements contained in Paragraph 10 of the Amended Complaint are not factual

26  allegations, but rather contain Plaintiffs' description of how Plaintiffs characterize the *Basore*

27  action.  As such, these statements require no response.  To the extent any response is required, Defendant

28  denies any and all allegations in Paragraph 10 of the Amended Complaint not expressly admitted.

**Winston & Strawn LLP**
101 California Street
San Francisco, CA  94111-5894

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Basore currently resides in New Hall, California."  Defendant denies any and all allegations in Paragraph 11 of the Amended Complaint not expressly admitted.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff McMillian currently resides in Charlotte, North Carolina."  Defendant denies any and all allegations in Paragraph 12 of the Amended Complaint not expressly admitted.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint.  Defendant denies any and all allegations in Paragraph 13 of the Amended Complaint not expressly admitted.

14.     Defendant was not a party to this litigation at the time of the events described in Paragraph 14 and therefore has no basis upon which to respond to the allegations contained therein. To the extent any response is required, Defendant denies any and all allegations in Paragraph 14 of the Amended Complaint not expressly admitted.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Bowne currently resides in Garden City, Kansas."  Defendant denies any and all allegations in Paragraph 15 of the Amended Complaint not expressly admitted.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.  Defendant denies any and all allegations in Paragraph 16 of the Amended Complaint not expressly admitted.

17.     The statements contained in Paragraph 17 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of how they characterize the putative class members in *Basore* and the conditionally certified class members in *Bowne*.  As such, these statements require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 17 of the Amended Complaint not expressly admitted.

18.     Defendant admits that it has its principal place of business in San Francisco, California.  Defendant denies any and all allegations in Paragraph 18 of the Amended Complaint not expressly admitted.

19.     Defendant admits that Wells Fargo Bank N.A. is a national banking association that

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  does business in San Francisco, California.  Defendant denies any and all allegations in Paragraph 19

2  of the Amended Complaint not expressly admitted.

3        20.     To the extent Paragraph 20 states conclusions of law, no response is required.  To the

4  extent any response is required, Defendant denies the allegations in Paragraph 20 of the Amended

5  Complaint not expressly admitted.

6        21.     Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

7                       **FACTUAL ALLEGATIONS**

8        22.     Defendant admits that Wells Fargo Bank has operations in numerous states in the

9  United States.  Defendant denies any and all allegations in Paragraph 22 of the Amended Complaint

10  not expressly admitted.

11        23.     Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

12        24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

13        25.     Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

14        26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

15        27.     To the extent Paragraph 27 states conclusions of law, no response is required.  To the

16  extent any response is required, Defendant denies the allegations in Paragraph 27 of the Amended

17  Complaint not expressly admitted.

18        28.     Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

19        29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

20        30.     Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

21        31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

22        32.     Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

23        33.     Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

24        34.     Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

25        35.     Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

26                  ***BASORE** NATIONWIDE CLASS ACTION*

27        36.     In answering the allegations of Paragraph 36 of the Amended Complaint, Defendant

28  restates and incorporates by reference its responses to Paragraphs 1-35, above.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   37.     The statements contained in Paragraph 37 of the Amended Complaint are not factual

2   allegations, but rather contain Plaintiffs' description of how Plaintiff McMillian characterizes the

3   action she is bringing.  As such, these statements require no response.  To the extent any response is

4   required, Defendant denies any and all allegations in Paragraph 37 of the Amended Complaint not

5   expressly admitted.

6   38.     Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

7   39.     Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

8   40.     To the extent Paragraph 40 states conclusions of law, no response is required.  To the

9   extent any response is required, Defendant denies the allegations in Paragraph 40 of the Amended

10  Complaint not expressly admitted.

11  41.     To the extent Paragraph 41 states conclusions of law, no response is required.  To the

12  extent any response is required, Defendant denies the allegations in Paragraph 41 of the Amended

13  Complaint not expressly admitted.

14  42.     To the extent Paragraph 42 states conclusions of law, no response is required.  To the

15  extent any response is required, Defendant denies the allegations in Paragraph 42 of the Amended

16  Complaint not expressly admitted.

17  43.     To the extent Paragraph 43 states conclusions of law, no response is required.  To the

18  extent any response is required, Defendant denies the allegations in Paragraph 43 of the Amended

19  Complaint not expressly admitted.

20  44.     To the extent Paragraph 44 states conclusions of law, no response is required.  To the

21  extent any response is required, Defendant denies the allegations in Paragraph 44 of the Amended

22  Complaint not expressly admitted.

23  45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

24  46.     To the extent Paragraph 46 states conclusions of law, no response is required.  To the

25  extent any response is required, Defendant denies the allegations in Paragraph 46 of the Amended

26  Complaint not expressly admitted.

27  47.     To the extent Paragraph 47 states conclusions of law, no response is required.  To the

28  extent any response is required, Defendant denies the allegations in Paragraph 47 of the Amended

Complaint not expressly admitted.

48.     To the extent Paragraph 48 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 48 of the Amended Complaint not expressly admitted.

49.     To the extent Paragraph 49 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 49 of the Amended Complaint not expressly admitted.

50.     To the extent Paragraph 50 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 50 of the Amended Complaint not expressly admitted.

51.     To the extent Paragraph 51 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 51 of the Amended Complaint not expressly admitted.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action," and therefore denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.     To the extent Paragraph 53 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 53 of the Amended Complaint not expressly admitted.

### *BASORE* CALIFORNIA CLASS ACTION

54.     In answering the allegations of Paragraph 54 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-53, above.

55.     Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     To the extent Paragraph 56 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 56 of the Amended Complaint not expressly admitted.

57.     To the extent Paragraph 57 states conclusions of law, no response is required.  To the

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

1   extent any response is required, Defendant denies the allegations in Paragraph 57 of the Amended

2   Complaint not expressly admitted.

3       58.     To the extent Paragraph 58 states conclusions of law, no response is required.  To the

4   extent any response is required, Defendant denies the allegations in Paragraph 58 of the Amended

5   Complaint not expressly admitted.

6       59.     To the extent Paragraph 59 states conclusions of law, no response is required.  To the

7   extent any response is required, Defendant denies the allegations in Paragraph 59 of the Amended

8   Complaint not expressly admitted.

9       60.      To the extent Paragraph 60 states conclusions of law, no response is required.  To the

10  extent any response is required, Defendant denies the allegations in Paragraph 60 of the Amended

11  Complaint not expressly admitted.

12      61.     Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

13      62.     To the extent Paragraph 62 states conclusions of law, no response is required.  To the

14  extent any response is required, Defendant denies the allegations in Paragraph 62 of the Amended

15  Complaint not expressly admitted.

16      63.     To the extent Paragraph 63 states conclusions of law, no response is required.  To the

17  extent any response is required, Defendant denies the allegations in Paragraph 63 of the Amended

18  Complaint not expressly admitted.

19      64.     To the extent Paragraph 64 states conclusions of law, no response is required.  To the

20  extent any response is required, Defendant denies the allegations in Paragraph 64 of the Amended

21  Complaint not expressly admitted.

22      65.     To the extent Paragraph 65 states conclusions of law, no response is required.  To the

23  extent any response is required, Defendant denies the allegations in Paragraph 65 of the Amended

24  Complaint not expressly admitted.

25      66.     To the extent Paragraph 66 states conclusions of law, no response is required.  To the

26  extent any response is required, Defendant denies the allegations in Paragraph 66 of the Amended

27  Complaint not expressly admitted.

28      67.     To the extent Paragraph 67 states conclusions of law, no response is required.  To the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

7

1   extent any response is required, Defendant denies the allegations in Paragraph 67 of the Amended

2   Complaint not expressly admitted.

3       68.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of

4   the allegation that "Plaintiff Basore knows of no difficulty that will be encountered in the

5   management of this litigation that would preclude its maintenance as a class action," and

6   accordingly, denies the allegations in Paragraph 68 of the Amended Complaint.

7       69.    To the extent Paragraph 69 states conclusions of law, no response is required.  To the

8   extent any response is required, Defendant denies the allegations in Paragraph 69 of the Amended

9   Complaint not expressly admitted.

10   ### *BASORE* NATIONWIDE COLLECTIVE ACTION

11      70.    In answering the allegations of Paragraph 70 of the Amended Complaint, Defendant

12   restates and incorporates by reference its responses to Paragraphs 1-69, above.

13      71.    Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

14      72.    Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

15      73.    Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

16   ### *BOWNE* STIPULATED COLLECTIVE ACTION

17      74.    In answering the allegations of Paragraph 74 of the Amended Complaint, Defendant

18   restates and incorporates by reference its responses to Paragraphs 1-73, above.  Defendant denies

19   any and all allegations in Paragraph 74 of the Amended Complaint not expressly admitted.

20      75.    To the extent Paragraph 75 states conclusions of law, no response is required.  To the

21   extent any response is required, Defendant denies any and all allegations in Paragraph 75 of the

22   Amended Complaint not expressly admitted.

23      76.    To the extent Paragraph 76 states conclusions of law, no response is required.  To the

24   extent any response is required, Defendant denies the allegations in Paragraph 76 of the Amended

25   Complaint not expressly admitted.

26   ### COUNT I (*BASORE*)

27   ### Violation of California Bus. and Prof. Code § 17200 et seq.

28      77.    In answering the allegations of Paragraph 77 of the Amended Complaint, Defendant

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

8

restates and incorporates by reference its responses to Paragraphs 1-76, above.

78.    Defendant denies any and all allegations in Paragraph 78 of the Amended Complaint.

79.    To the extent Paragraph 79 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 79 of the Amended Complaint not expressly admitted.

80.    To the extent Paragraph 80 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies any and all allegations in Paragraph 80 of the Amended Complaint not expressly admitted.

81.    To the extent Paragraph 81 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 81 of the Amended Complaint not expressly admitted.

82.    Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

83.    Defendant denies the allegations in Paragraph 83 of the Amended Complaint.

84.    To the extent Paragraph 84 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 84 of the Amended Complaint not expressly admitted.

85.    To the extent Paragraph 85 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 85 of the Amended Complaint not expressly admitted.

86.    To the extent Paragraph 86 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 86 of the Amended Complaint not expressly admitted.

87.    To the extent Paragraph 87 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 87 of the Amended Complaint not expressly admitted.

## COUNT II (*BASORE*)

### Failure to Pay Overtime as Required by California Labor Code

88.    In answering the allegations of Paragraph 88 of the Amended Complaint, Defendant

9

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

restates and incorporates by reference its responses to Paragraphs 1-87, above.

89.    The statements contained in Paragraph 89 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations of Paragraph 89 not expressly admitted.

90.    To the extent Paragraph 90 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 90 of the Amended Complaint not expressly admitted.

91.    Defendant denies the allegations of Paragraph 91 of the Amended Complaint.

92.    Defendant denies the allegations of Paragraph 92 of the Amended Complaint.

93.    To the extent Paragraph 93 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 93 of the Amended Complaint not expressly admitted.

94.    To the extent Paragraph 94 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 94 of the Amended Complaint not expressly admitted.

## COUNT III (*BASORE*)

### Failure to Provide Rest and Meal Periods

95.    In answering the allegations of Paragraph 95 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-94, above.

96.    The statements contained in Paragraph 96 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of their meal and rest period claims.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations of Paragraph 96 not expressly admitted.

97.    Defendant denies the allegations of Paragraph 97 of the Amended Complaint.

98.    Defendant denies the allegations of Paragraph 98 of the Amended Complaint.

99.    Defendant denies the allegations of Paragraph 99 of the Amended Complaint.

100.    Defendant denies the allegations of Paragraph 100 of the Amended Complaint.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

101.    Defendant denies the allegations of Paragraph 101 of the Amended Complaint.

102.    To the extent Paragraph 102 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 102 of the Amended Complaint not expressly admitted.

103.    To the extent Paragraph 103 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 103 of the Amended Complaint not expressly admitted.

### COUNT IV (*BASORE*)

### Failure to Pay All Compensation Due and Owing at Termination

104.    In answering the allegations of Paragraph 104 of the Amended Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1-103, above.

105.    The statements contained in Paragraph 105 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations of Paragraph 105 not expressly admitted.

106.    To the extent Paragraph 106 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 106 of the Amended Complaint not expressly admitted.

107.    Defendant denies the allegations of Paragraph 107 of the Amended Complaint.

### COUNT V (*BASORE*)

### Failure to Provide Accurate Itemized Statements of Time Worked

108.    In answering the allegations of Paragraph 108 of the Amended Complaint, Defendant restate and incorporate by reference their responses to Paragraphs 1-107, above.

109.    The statements contained in Paragraph 109 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations of Paragraph 109 not expressly admitted.

110.    To the extent Paragraph 110 states conclusions of law, no response is required.  To

11

1   the extent any response is required, Defendant denies the allegations in Paragraph 110 of the

2   Amended Complaint not expressly admitted.

3        111.    Defendant denies the allegations of Paragraph 111 of the Amended Complaint.

4        112.    Defendant denies the allegations of Paragraph 112 of the Amended Complaint.

5        113.    To the extent Paragraph 113 states conclusions of law, no response is required.  To

6   the extent any response is required, Defendant denies the allegations in Paragraph 113 of the

7   Amended Complaint not expressly admitted.

8                          **COUNT VI (_BASORE_)**

9              **Failure to Make Straight Time/Agreed Rate Payments**

10           **(California Class and California Plaintiffs Individually)**

11       114.    In answering the allegations of Paragraph 114 of the Amended Complaint, Defendant

12   restates and incorporates by reference its responses to Paragraphs 1-113, above.

13       115.    The statements contained in Paragraph 115 of the Amended Complaint are not factual

14   allegations, but rather contain Plaintiffs' description of their California Labor Code claims.  As such,

15   these statements require no response.  To the extent any response is required, Defendant denies any

16   and all allegations of Paragraph 115 not expressly admitted.

17       116.    To the extent Paragraph 116 states conclusions of law, no response is required.  To

18   the extent any response is required, Defendant denies the allegations in Paragraph 116 of the

19   Amended Complaint not expressly admitted.

20       117.    Defendant denies the allegations of Paragraph 117 of the Amended Complaint.

21       118.    Defendant denies the allegations of Paragraph 118 of the Amended Complaint.

22       119.    To the extent Paragraph 119 states conclusions of law, no response is required.  To

23   the extent any response is required, Defendant denies the allegations in Paragraph 119 of the

24   Amended Complaint not expressly admitted.

25                      **COUNT VII (_BASORE_ AND _BOWNE_)**

26              **Violation of the Fair Labor Standards Act of 1938**

27       120.    In answering the allegations of Paragraph 120 of the Amended Complaint, Defendant

28   restates and incorporates by reference its responses to Paragraphs 1-119, above.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

121.    The statements contained in Paragraph 121 of the Amended Complaint are not factual allegations, but rather contain Plaintiffs' description of their FLSA claims.  As such, these statements require no response.  To the extent any response is required, Defendant denies any and all allegations of Paragraph 121 not expressly admitted.

122.    To the extent Paragraph 122 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 122 of the Amended Complaint not expressly admitted.

123.    To the extent Paragraph 123 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 123 of the Amended Complaint not expressly admitted.

124.    To the extent Paragraph 124 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 124 of the Amended Complaint not expressly admitted.

125.    Defendant denies the allegations of Paragraph 125 of the Amended Complaint.

126.    Defendant denies the allegations of Paragraph 126 of the Amended Complaint.

127.    To the extent Paragraph 127 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 127 of the Amended Complaint not expressly admitted.

128.    To the extent Paragraph 128 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 128 of the Amended Complaint not expressly admitted.

129.    To the extent Paragraph 129 states conclusions of law, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 129 of the Amended Complaint not expressly admitted.

**PLAINTIFFS' PRAYER FOR RELIEF**

130.    Defendant denies that Plaintiffs are entitled to any of the requested forms of relief on any basis whatsoever.  Any and all allegations in Plaintiffs' Amended Complaint not specifically admitted above are denied.

13

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## PLAINTIFFS' DEMAND FOR JURY TRIAL

131.     Defendant admits that Plaintiffs demand a trial by jury.  To the extent this unnumbered Paragraph states a conclusion of law, no response is required.  To the extent any response is required, Defendant denies the allegations in this Paragraph of the Amended Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure Of Facts To State A Claim for Relief)

1.     The Amended Complaint, and each claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     The Amended Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     The Amended Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     The Amended Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Plaintiffs are barred from maintaining the Amended Complaint and each purported claim for relief alleged therein as a result of their unclean hands with respect to the events upon which the Amended Complaint and purported claims for relief allegedly are based.

///

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6.     Plaintiffs' claims are barred, in whole or in part, by operation of applicable statutes of limitations including, but not limited to, California Code of Civil Procedure §§ 338 and 340, California Business and Professions Code § 17208, and California Labor Code §§ 203 and 226.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Contribution by Plaintiffs' Own Acts)**

7.     If the injuries and/or damages alleged in the Amended Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiffs' own acts or failures to act.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to State Facts Warranting Class Certification)**

8.     Plaintiffs' allegations that the Court should issue orders certifying nationwide and California classes of plaintiffs are barred by Plaintiffs' failure to allege facts sufficient to warrant class certification.

**NINTH AFFIRMATIVE DEFENSE**

**(No Enforcement Duty for Meal and Rest Periods)**

9.     Plaintiffs' Amended Complaint, and each purported cause of action alleged therein, is barred to the extent it seeks redress for meal and rest period violations on the ground that employers do not have an enforcement duty with respect to these breaks.  Defendant asserts this affirmative defense only to the extent that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

**TENTH AFFIRMATIVE DEFENSE**

**(Authorize and Permit Meal and Rest Periods)**

10.     Plaintiffs' Amended Complaint, and each purported cause of action alleged therein, is barred to the extent it seeks redress for meal and rest period violations on the ground that Plaintiffs were authorized and permitted to take these breaks.  Defendant asserts this affirmative defense only

///

ANSWER OF DEFENDANT WELLS FARGO & COMPANY TO PLAINTIFFS' AMENDED
CONSOLIDATED COMPLAINT -- CASE NO. MDL DOCKET NO. 1841 (MHP)

1    to the extent that any joint employment between it and Defendant Wells Fargo Bank, N.A. is

2    determined to exist.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Knowing or Intentional)

5    11.    Plaintiffs' claims for penalties for purportedly providing employees with inaccurate

6    statements of wages earned and deductions taken are barred insofar as Defendant's conduct, as

7    alleged in the Amended Complaint, was neither knowing nor intentional.  Defendant asserts this

8    affirmative defense only to the extent that any joint employment between it and Defendant Wells

9    Fargo Bank, N.A. is determined to exist.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Knowledge of "Off the Clock" Work)

12    12.    Plaintiffs' claims for unpaid wages are barred on the ground that Defendant had no

13    actual or constructive knowledge that Plaintiffs worked hours for which they were not compensated,

14    as alleged in the Amended Complaint.  Defendant asserts this affirmative defense only to the extent

15    that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

18    13.    Defendant' actions or omissions were not willful within the meaning of applicable

19    law.  Defendant asserts this affirmative defense only to the extent that any joint employment

20    between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

23    14.    The Amended Complaint, and each purported cause of action alleged therein, is

24    barred by the doctrine of in pari delicto.  Defendant asserts this affirmative defense only to the extent

25    that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (De Minimis)

28    15.    Plaintiffs' claims are barred in whole or in part because the amount of time for which

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

16

they seek compensation is de minimis. *IBP v. Alvarez*, 126 S.Ct. 514 (2005). Defendant asserts this affirmative defense only to the extent that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

16.    Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Release)

17.    The claims of some of the class members are barred in whole or in part because in exchange for a good and valuable consideration, they released Defendant from all liability to them for the claims alleged in the Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

18.    The claims of some of the class members are subject to arbitration.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing to Assert California Business and Professions Code Violations)

19.    Plaintiffs have no standing to assert claims under California Business and Professions Code Section 17200 because they have suffered no injury in fact and have lost no money or property.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

20.    Plaintiffs' claims are barred by the avoidable consequences doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good-Faith Compliance With the Law)

21.    Plaintiffs' claims are barred in whole or in part because any acts or omissions complained of by Plaintiffs that are attributed to Defendant were in good faith, in conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of applicable state and federal law. Defendant asserts this affirmative defense only to the extent that

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

17

any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Injunctive or Declaratory Relief)

22.     Plaintiffs lack standing to seek any injunctive or any declaratory relief since Plaintiffs are unable to establish a likelihood of future irreparable harm for which there is no adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

23.     Plaintiffs' claims for equitable relief are barred because there is an adequate remedy at law to address Plaintiffs' claims for relief, including, among other things, filing a complaint with the California Labor Commissioner.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

24.     Plaintiffs have failed to mitigate their alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiffs should be reduced accordingly.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Section 203 Claims Barred After Filing of Complaint)

25.     Claims under California Labor Code § 203 are barred to the extent that they seek damages or penalties for any time period following the filing of Plaintiffs' Original Complaints in the *Basore* and *Bowne* actions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith --29 U.S.C. § 259)

26.     The claims are barred in whole or in part because, pursuant to 29 U.S.C. § 259, Defendant's act or omission, if any, complained of, was in good faith and conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor or an administrative practice or enforcement policy of the Department of Labor agency with respect to the class of employers to which Defendants belong.  Defendant asserts this affirmative defense only to the extent that any joint employment between it and Defendant

18

Wells Fargo Bank, N.A. is determined to exist.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Liquidated Damages/Good Faith Reasonable Belief)**

27.     The claims for liquidated damages are barred in whole or in part because Defendant's act or omission, if any, in not paying overtime was in good faith and Defendant had reasonable grounds for believing that its act or omission, if any, was not a violation of any applicable law. Defendant asserts this affirmative defense only to the extent that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

**(Motor Carrier Exemption)**

28.     The claims for failure to pay overtime pursuant to the Fair Labor Standards Act are barred in whole or in part pursuant to 29 U.S.C. § 213(b)(1).  Defendant asserts this affirmative defense only to the extent that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure To File Opt-In Certification)**

29.     The claims for relief under the FLSA are barred to the extent that Plaintiffs and the putative FLSA classes have not filed the required written opt-in certification to proceed as a collective action pursuant to 29 U.S.C. § 216(b).

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Due Process)**

30.     The relief requested by Plaintiffs and members of the putative California class pursuant to California Business and Professions Code Section 17200 *et seq*. violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but  not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

///

///

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

19

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Underlying Liability)

31.     Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq*. because it is not liable to Plaintiffs or members of the putative California class for any alleged violation of any underlying state or federal laws.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Unfair Business Practices)

32.     Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq*. because its purported business practices were not unfair, deceptive or likely to mislead anyone.  Defendant asserts this affirmative defense only to the extent that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Any Alleged Harm To Plaintiff Outweighed)

33.     Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq*. because the benefits of Defendant's purported practices to Plaintiffs and to members of the putative California class outweigh whatever particular harm or impact the practice allegedly caused them.  Defendant asserts this affirmative defense only to the extent that any joint employment between it and Defendant Wells Fargo Bank, N.A. is determined to exist.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

34.     The relief requested by Plaintiffs and members of the putative California class pursuant to California Business and Professions Code Section 17200 *et seq*. should be denied because Plaintiffs and members of the putative California class have an adequate remedy at law.

///

///

ANSWER OF DEFENDANT WELLS FARGO & COMPANY TO PLAINTIFFS' AMENDED
CONSOLIDATED COMPLAINT -- CASE NO. MDL DOCKET NO. 1841 (MHP)

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

35.    Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend its answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That all relief requested in the Amended Complaint be denied and the Amended Complaint be dismissed with prejudice;

2.    That Plaintiffs take nothing by virtue of this action and that judgment be entered in favor of Defendant and against Plaintiffs;

3.    For costs of suit and attorneys' fees incurred herein (including but not limited to attorneys' fees pursuant to California Labor Code § 218.5); and

4.    For such other and further relief as the Court may deem just and proper.


Dated:  July 21, 2008                    WINSTON & STRAWN LLP
                                         JOAN B. TUCKER FIFE
                                         ROBERT SPAGAT


                                         By:    _____/s/Joan B. Tucker Fife_____
                                                      Joan B. Tucker Fife

                                         Attorneys for Defendant
                                         WELLS FARGO & COMPANY

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5894**