George A. Hanson, Esq.
Eric L. Dirks, Esq.
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Email: hanson@stuevesiegel.com
Email: dirks@stuevesiegel.com

LEAD COUNSEL FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | MDL-1841 |
| WELLS FARGO LOAN PROCESSOR OVERTIME PAY LITIGATION | DECLARATION OF GEORGE A. HANSON IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL CLASS SETTLEMENT APPROVAL |
| This document relates to ALL CASES | Date: July 18, 2011<br>Time: 2:00 PM<br>Dept: 15<br>Judge: Hon. Marilyn Hall Patel |

I, George A. Hanson, a partner with Stueve Siegel Hanson LLP ("SSH" or "Class Counsel"), being first duly sworn to oath, deposes and says:

1. I am a partner in the law firm Stueve Siegel Hanson LLP ("SSH"), and lead counsel for the Nationwide Plaintiffs in the above-captioned matter.

2. SSH practices exclusively in the area of complex litigation in state and federal courts across the country. The firm has 21 lawyers and approximately 17 support staff between its two offices in Kansas City, Missouri and San Diego, California.

3. Over the last several years, I have been appointed lead counsel in a variety of complex multi-party actions in courts across the country, most recently as co-lead counsel for

plaintiffs in a wage and hour MDL action against Bank of America transferred to the United States District Court for the District of Kansas. *See In re Bank of America Wage and Hour Employment Practices Litigation*, No. 10-md-2138, Doc. 32 (D. Kan.). In addition, I have been lead or co-lead counsel in the following wage and hour class and collective actions:

- *In re Wells Fargo Home Mortgage Overtime Pay Litigation,* MDL 1770, United States District Court for the Northern District of California (FLSA collective action and Rule 23 class action brought on behalf of current and former loan originators; $25 million settlement approved in November of 2010).
- *Perry v. National City,* Case No. 05-cv-891-DRH, United States District Court for the Southern District of Illinois (Certified FLSA collective action on behalf of current and former loan officers employed by National City Bank for unpaid overtime wages; $27.5 million settlement approved in March 2008).
- *Chavez, et al. v. WIS Holding Corp. et al.,* Case No. 7-cv-1932L (NLS), United States District Court for the Southern District of California (FLSA collective action and California Rule 23 class action brought on behalf of current and former inventory associates; $14.85 million settlement approved in June 2010).
- *Teeter v. NCR Corporation,* Case No. EDCV08-D0297, United States District Court for the Central District of California (FLSA and California Rule 23 action on behalf of customer engineers; $10.5 million settlement approved in February 2009).
- *Bruner, et al. v. Sprint Nextel Corporation et al.,* Case No. 07-cv-2164 KHV, United States District Court for the District of Kansas (FLSA collective action and California and New York Rule 23 class actions against Sprint seeking unpaid wages and overtime on behalf of call center representatives; confidential settlement approved in July 2009).
- *West v. First Franklin Financial Corp.,* Case No. 06-2064-KHV/JPO, United States District Court for the District of Kansas (FLSA and California Rule 23 action against First Franklin Corporation on behalf of loan account managers for unpaid wages; $7.7 million settlement approved in October 2007).
- *Raikos, et al. v. JP Morgan Chase & Co.,* Case No. 08-cv-1274-JGK, United States District Court for the Southern District of New York (New York Rule 23 class action brought on behalf of current and former loan originators; $6.4 million settlement approved June 2010).
- *Gieseke, et al. v. First Horizon Home Loan Corporation, et al.,* Case No. 4-cv-2511-CM/GLR, United States District Court for the District of Kansas (Certified FLSA collective action on behalf of loan originators; confidential settlement approved in March 2008).
- *Sharpe, et al. v. APAC Customer Services, Inc.,* Case No. 09-cv-329-WMC, United States District Court for the Western District of Wisconsin (Certified FLSA collective action on

behalf of call center customer service representatives; $4 million settlement approved in June 2010).
- *Norman, et al. v. Dell, Inc., et al.*, Case No. 7-cv-628-TC, United States District Court for the District of Oregon (Certified FLSA collective action on behalf of call center customer service representatives; confidential settlement approved in September 2009).
- *Osby, et al. v. Citigroup, Inc., et al.*, Case No. 7-cv-6085-NKL, United States District Court for the Western District of Missouri (FLSA collective action on behalf of call center customer service representatives; confidential settlement approved in June 2010).
- *Stefaniak, et al. v. HSBC Bank USA Inc.*, Case No. 05 CV 6528, United States District Court for the Southern District of New York (FLSA and New York Rule 23 action on behalf of call center workers; $2.9 million settlement approved in July 2008).
- *Hens, et al. v. Client Logic Operating Corp.*, Case No. 05-cv-3815, United States District Court Western District of New York (Certified FLSA collective action on behalf of all call center customer service representatives; confidential settlement approved in December 2010).
- *Carson v. Bank of Blue Valley, Inc.*, Case No. 04-2507-CM, United States District Court District of Kansas (FLSA action seeking unpaid overtime pay on behalf of loan originators; confidential settlement reached in November 2005).
- *Dernovish, et al. v. AT&T Operations, Inc.*, Case No. 4:09-cv-0015-ODS, United States District Court Western District of Missouri (Certified FLSA collective action on behalf of all call center customer service representatives; confidential settlement approved in February 2011).
- *Gipson, et al. v. Southwestern Bell Telephone Co.*, Case No. 8-cv-20170-EFM/DJW, United States District Court for the District of Kansas (Certified FLSA collective action on behalf of call center customer service representatives; confidential settlement approved in May 2010).
- *Marshall, et al. v. RJ Reynolds Tobacco Co.*, Case No. 7-cv-227-W-RED, United States District Court for the Western District of Missouri (Certified FLSA collective action on behalf of current and former retail representatives; confidential settlement approved in June 2010)
- *McLean v. CenturyTel, et al.*, Case No. 3:08CV0865, United States District Court for the Western District of Louisiana (FLSA collective action on behalf of telephone-dedicated call center workers; confidential settlement approved in July 2009).
- *Qualls v. Sanofi-Aventis*, Case No. 06-0435-CV-W-REL, United States District Court for the Western District of Missouri (FLSA collective action on behalf of manufacturing and packaging operators for work duties pre- and post-shift; confidential settlement approved in December 2006).
- *Garner v. Regis Corporation*, Case No. 03-5037-CV-SW-SWH, United States District Court for the Western District of Missouri (Certified FLSA collective action on behalf of

current and former salon managers and stylists; confidential settlement approved in June 2006).

- *Horn, et al. v. Principal Financial Group, et al.*, Case No. 2:05-cv-2032 KHV-DJW, United States District Court District of Kansas (FLSA collective action on behalf of loan originators; confidential settlement approved in December 2005).
- *Hernandez, et al. v. Texas Capital Bank, N.A.*, Case No. 07-00726-CV-W-ODS, United States District Court for the Western District of Missouri (FLSA collective action on behalf of loan officers and branch managers to recover unpaid wages and overtime pay; confidential settlement approved in July 2009).
- *Carrell, et al. v. Gateway, Inc.*, Case No. 02-964-CV-W-DW, United States District Court for the Western District of Missouri (FLSA action on behalf of call center employees; confidential settlement approved in January 2004).
- *Brown, et al. v. National Bank of Kansas City*, Case No. 04-2510-CM/JPO, United States District Court District of Kansas (FLSA action on behalf of loan originators; confidential settlement approved in January 2006).
- *Davis, et al. v. Novastar Mortgage, Inc.* Case No. 04-0956-CV-W-FJG, United States District Court for the Western District of Missouri (Certified FLSA collective action on behalf of loan officers for unpaid wages; confidential settlement approved in January 2007).
- *Johns v. Panera Bread Company et al.*, Case No.4:08CV1105 (JCH), United States District Court for the Eastern District of Missouri Eastern Division (FLSA action on behalf of managerial employees; confidential settlement approved in February 2009).

4. My firm and I are rated AV by Martindale Hubble and I have been regularly recognized by my peers in both local and national publications as an outstanding practitioner in my field. I have made numerous presentations regarding developments in multi-party and complex litigation as part of seminars and continuing legal education programs across the country and have recently lectured at the University of Kansas School of Law and Washington University School of Law on wage and hour litigation.

5. This litigation was vigorously contested and resolved only after considerable negotiation and compromise by both parties. Class Counsel conducted significant discovery that has positioned us to properly and appropriately evaluate the claims in this lawsuit, including both the strengths and weaknesses of this case. Plaintiffs have sought and received extensive

discovery. The discovery conducted by the parties included answering multiple interrogatories and requests for production of documents pursuant to Federal Rules of Civil Procedure 33 and 34. In addition, Class Counsel prepared and produced clients for multiple depositions and took several corporate depositions – twenty depositions in all. Class Counsel also engaged and worked with an expert to make sense of Wells Fargo's pay policy and pay and time records. Additionally, Class Counsel conducted in-depth interviews with opt-in plaintiffs and analyzed comprehensive personnel, payroll, and compensation data relating to Plaintiffs' claims and Wells Fargo's defenses, including dates of employment, payroll records, job descriptions, and company policies regarding the payment of overtime.

6. I have been lead counsel in numerous other wage and hour class and collective actions. As a result of the extensive analysis conducted by Class Counsel in this case, and my experience with similar settlements, I believe that this settlement is fair, reasonable and adequate in light of the potential damages and the strengths and weaknesses of the case. The settlement makes available significant monetary benefits to the class, every Class Member has had an equal opportunity to participate, and the settlement should be approved, especially when one considers, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. Further supporting the arms-length nature of this settlement is the fact that the parties went to mediation two times and were only able to settle the case after a mediator's proposal was made by mediator Jeffrey Ross that was ultimately accepted by the parties.

7. The settlement makes available approximately $1,597.28 per plaintiff, exclusive of attorneys' fees. Because the settlement will be distributed on a *pro rata* basis, the recovery

for individuals who worked for only a few weeks or months will, rightly so, be substantially lower and the recovery for individuals who worked more time will be substantially higher.

8. All the lawyers attending the mediation were experienced in wage and hour litigation, and effectively represented their respective clients' interests throughout the course of negotiations. During the mediation, and following negotiations, counsel for the parties vigorously advocated their respective positions, and reached a compromise only after spirited and arms-length negotiations. In light of the above, the final settlement reached in this complex wage and hour case constitutes a fair and reasonable compromise of a bona fide dispute involving a plethora of vigorously contested legal and factual issues.

9. Class Counsel took the case on a fully contingent basis, and would recover no amount for costs, expenses, or time incurred unless the case succeeded. Class Counsel was prepared to try the action, as well as pursue whatever post-trial appeals may have been necessary. Class Counsel has expended substantial amounts in time, costs and expenses.

10. To date, Stueve Siegel Hanson has spent approximately 3,900 hours of time prosecuting this action. Although Class Counsel has experienced success in prosecuting wage and hour cases, it has also experienced the tremendous risks that attend contingent fee litigation. Large scale wage and hour class actions of this type are, by their very nature, complicated and time-consuming. Any law firm undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy, and resources. Due also to the contingent nature of the customary fee arrangement, lawyers must be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. The demands and risks of this type of

litigation overwhelm the resources – and deter participation – of many traditional claimants' firms.

11. Applying the rates that this Court and other courts have approved as reasonable for Class Counsel, my firm's current lodestar is equal to approximately $1,861,273.19. We will provide to chambers a summary and detailed time records for the Court's *in camera* review. Our lodestar amounts are based on our customary fees. Courts across the country have approved Class Counsel's fees applying a lodestar crosscheck with the same rates. For example, in *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, MDL 1770, November 2, 2010 (N.D. Cal.) this Court approved Plaintiffs' counsels' fee request after Plaintiffs' counsel submitted the same rates of $675 per hour for George Hanson, $500 per hour for Eric Dirks, and rates of $125 to $225 per hour for professional staff. *See also In re: Pre-Filled Propane Tank Marketing Litig.*, Case No. 09-md-2086, United States District Court for the Western District of Missouri, October 20, 2010 Order (approving Stueve Siegel Hanson's rates of $575-$650 per hour for partners, $325-$450 per hour for associates and $125-$225 per hour for paraprofessionals); *In re: H&R Block Inc. Express Marketing Litig.*, No. 4:06-md-01786, United States District Court for the Western District of Missouri, May 17, 2010 Order Granting Plaintiffs' Motion for Approval of Attorneys' Fees, Service Fees and Reimbursement of Expenses (Doc. 232) (approving Stueve Siegel Hanson's rates of $425-$650 per hour in partner time, $225-$475 per hour for associate time and $75-$195 in professional staff time as reasonable*)*; *Chavez, et al. v. WIS Holding Corp.*, 07cv1932 (S.D. Cal.) (approving fees equivalent to 25% of the settlement fund, and counsel submitted the identical rates as here for a lodestar crosscheck). Similarly, in *Raikos v. JPMorgan Chase & Co.*, 08-CV-01274 (S.D.N.Y.), a case involving loan originators, the court approved

fees as a percentage of the fund, but applied a lodestar crosscheck with my rate at $700 per hour and Eric Dirks at $500 per hour.

12. Because we litigate across the country, we routinely monitor the prevailing rates for experienced litigators in various forums nationwide. As a guide in setting its hourly rates, SSH regularly reviews published hourly rates received in contingent and non-contingent fee litigation, including the annual rate survey conducted by the National Law Journal ("NLJ"). Based on data published by the National Law Journal, Class Counsel's rates are commensurate with hourly lawyers of similar experience handling complex litigation on a national basis. *See, e.g.,* 12/7/2009 N.L.J. 14. For example, three labor/employment law firms handling wage and hour cases, including defense counsel in this case, reported billing ranges that are comparable to those submitted here: Jackson Lewis (top range of $715); Littler Mendelson, (top range of $685); and Winston & Strawn, defense counsel in this case ($400-$995 for partners). *See also, e.g., Hopson v. Hanesbrands, Inc.,* 08-0844, 2009 WL 928133, *12 (N.D. Cal. April 3, 2009) (awarding lodestar rates of up to $675 per hour for top billing partner in wage and hour litigation).

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 19th Day of May 2011.

_/s/ George A. Hanson_
George A. Hanson